QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Research America, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES, CO., LTD., et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>                    Defendants.<br>_____<br><br>SAMSUNG ELECTRONICS CO., LTD. &<br>SAMSUNG ELECTRONICS AMERICA, INC.<br><br>                    Counterclaim-Plaintiffs,<br><br>          v.<br><br>HUAWEI TECHNOLOGIES, CO., LTD,<br>HUAWEI DEVICE USA, INC., HUAWEI<br>TECHNOLOGIES USA, INC., & HISILICON<br>TECHNOLOGIES CO., LTD.<br><br>                    Counterclaim-Defendants. | CASE NO. 16-cv-02787-WHO<br><br>**DEFENDANTS' AND COUNTERCLAIM PLAINTIFFS' MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS**<br><br>Date: April 19, 2017<br>Time: 2:00 p.m.<br>Place: Courtroom 2, 17th Floor<br>Judge: Hon. William H. Orrick |

## TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ...................................................................................................................1

I.      INTRODUCTION ...............................................................................................................1

II.     FACTUAL BACKGROUND ..............................................................................................2

        A.      October 25, 2016 — Samsung timely serves its Patent L.R. 3-1 and 3-2
                disclosures on Huawei................................................................................................2

        B.      January 20, 2017 — The parties timely exchange Patent L.R. 3-3 and 3-4
                disclosures. ................................................................................................................3

        C.      January 25, 2017 — Samsung notifies Huawei of its intention to add
                accused instrumentalities............................................................................................3

        D.      January 12- February 14, 2017 — Samsung locates and reviews additional
                inventor documents. ...................................................................................................4

        E.      February 15, 2007 — Samsung notifies Huawei. ......................................................4

        F.      March 2, 2007 — Lead counsel meet and confer.......................................................4

III.    LEGAL STANDARD .........................................................................................................5

IV.     ARGUMENT ......................................................................................................................6

        A.      Good cause exists for—and Huawei does not oppose—Samsung's motion
                to add the additional instrumentalities. .....................................................................6

        B.      Good cause exists for Samsung's motion to amend its conception dates. .................8

V.      CONCLUSION .................................................................................................................10

1

**<u>TABLE OF AUTHORITIES</u>**

2

**Page**

3

**<u>Cases</u>**

4

*Altera Corp. v. PACT XPP Technologies, AG,*
No. 14-CV-02868-JD, 2015 WL 928122 (N.D. Cal. Feb. 19, 2015) ..........................................7

5

*Apple Inc. v. Samsung Elecs. Co.,*
No. CV 12-00630 LHK, 2012 WL 5632618 (N.D. Cal. Nov. 15, 2012) ...............................6, 7

6

7

*Blue Spike, LLC v. Adobe Systems, Inc.,*
No. 14-01647, 2015 WL 335842 (N.D. Cal. Jan. 26, 2015) ................................................ 2-3

8

*Comcast Cable Commc'ns Corp., LLC v. Finisar Corp*
No. C 06-04206 WHA, 2007 WL 716131 (N.D. Cal. Mar. 2, 2007) ........................................6

9

10

*DCG Sys. v. Checkpoint Techs., LLC,*
No. C 11-03792 PSG, 2012 WL 1309161 (N.D. Cal. Apr. 16, 2012) .......................................6

11

*Gen. Atomics v. Axis-Shield ASA,*
No. C 2006 WL 2329464 (N.D. Cal. Aug. 9, 2006) ..............................................................10

12

13

*Harvatek Corporation v. Cree, Inc.,*
No. C 14-05353 WHA, 2015 WL 4396379 (N.D. Cal. July 17, 2015)......................................2

14

*LG Elecs. Inc. v. Q-Lity Computer Inc.,*
211 F.R.D. 360 (N.D. Cal. 2002) ...........................................................................................6

15

16

*Life Techs. Corp. v. Biosearch Techs., Inc.,*
No. C 12-00852-WHA, 2012 WL 1831595 (N.D. Cal. May 18, 2012)......................................8

17

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,*
467 F.3d 1355 (Fed. Cir. 2006) ..............................................................................................9

18

19

*OpenTV, Inc. v. Apple Inc.,*
No. 15-CV-02008-EJD (NC), 2016 WL 3196643 (N.D. Cal. June 9, 2016).............................3

20

*Positive Techs., Inc. v. Sony Elecs., Inc.,*
No. C 11-2226 SI, 2013 WL 322556 (N.D. Cal. Jan. 28, 2013) .........................................7, 8

21

22

*The Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.,*
No. C 05-04158 MHP, 2008 WL 624771 (N.D. Cal. Mar. 4, 2008) ......................................10

23

*Word to Info, Inc. v. Google Inc.,*
No. 15-CV-03486-WHO, 2016 WL 3648605 (N.D. Cal. July 8, 2016) ....................................9

24

25

*Yodlee, Inc. v. CashEdge, Inc.,*
No. C 05-01550 SI, 2007 WL 1454259 (N.D. Cal. May 17, 2007) .......................................6, 8

26

27

28

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on April 19, 2017, at 2:00 p.m., or as soon as the matter may be heard by the Honorable William H. Orrick in Courtroom 2, 17th Floor, United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively, "Samsung") shall and hereby do move for leave to amend their Infringement Contentions under Patent L.R. 3-1 to (1) identify additional accused products and (2) identify new conception dates for Samsung's U.S. Patent Nos. 8,228,827 and RE44,105.  Pursuant to Patent L.R. 3-6, there is good cause for Samsung to amend its Infringement Contentions in both respects because Samsung has been diligent in its discovery efforts, and because Plaintiffs/Counterclaim-Defendants Huawei Technologies Co., Ltd., Huawei Device USA, Inc., and Huawei Technologies USA, Inc., and Counterclaim-Defendant HiSilicon Technologies Co., Ltd. (collectively, "Huawei") will not suffer any prejudice thereby.

Counsel for both parties have met and conferred on the issues.  Huawei does not oppose the supplementation to add accused instrumentalities but opposes the identification of new conception dates for Samsung's U.S. Patent Nos. 8,228,827 and RE44,105.

Samsung's Motion is based on this Notice, the attached Memorandum of Points and Authorities in support thereof, the Declaration of Iman Lordgooei [1] in support thereof, the pleadings and papers on file in this action, and such other and further matters as the Court deems appropriate.

## REQUESTED RELIEF

An order granting Samsung leave to amend its Infringement Contentions under Patent L.R. 3-1 to (1) identify additional accused products and (2) identify new conception dates for Samsung's U.S. Pat. Nos. 8,228,827 and RE44,105.

---

[1]   Unless otherwise indicated, all exhibits are attached to the Declaration of Iman Lordgooei.

DATED:  March 13, 2017                    Respectfully submitted,

                                          QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP

                                          By  */s/ Victoria F. Maroulis*
                                              Charles K. Verhoeven
                                              Kevin P.B. Johnson
                                              Victoria F. Maroulis
                                              David A. Perlson

                                              *Attorneys for Samsung Electronics Co., Ltd.,*
                                              *Samsung Electronics America, Inc., and*
                                              *Samsung Research America, Inc.*

SAMSUNG'S MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS

## I.     INTRODUCTION

Samsung respectfully requests leave to amend its Infringement Contentions in two respects.  *First*, Samsung seeks to amend its Infringement Contentions to include additional infringing instrumentalities based on information received in the course of discovery and from Huawei.  *Second*, Samsung seeks to amend the conception dates identified with respect to Samsung's U.S. Pat. Nos. 8,228,827 and RE44,105 in Samsung's initial Patent L.R. 3-1 disclosures based on the recent location and review of additional materials evidencing earlier conception of those patents.  Pursuant to Patent L.R. 3-6, there is good cause for Samsung to amend its Infringement Contentions because Samsung has been diligent in its discovery efforts, and because Huawei will not suffer any prejudice.

Samsung has exercised careful diligence in seeking leave to amend its Infringement Contentions.  With regard to Samsung's unopposed request to add additional instrumentalities, Samsung's initial Infringement Contentions were based on publicly available information regarding the compliance of certain Huawei products with LTE or UMTS cellular networks.  In response to discovery served by Samsung, Huawei identified additional compliant instrumentalities that in turn led Samsung to identify even more instrumentalities, including those released subsequent to Samsung's initial contentions.  Samsung diligently apprised Huawei of the discrepancy between those instrumentalities identified as standard-compliant and those listed in Samsung's infringement contentions, and immediately informed Huawei that it would be amending its contentions to include those newly identified instrumentalities.

With regard to Samsung's request to amend the identified conception dates for the '827 Patent and RE'105 Patent, despite diligent document collection and discovery efforts, Samsung did not locate, and was consequently unable to review, certain documents supporting the earliest conception dates Samsung now seeks to identify.  Promptly after Samsung's review of those documents, Samsung notified Huawei that it would be seeking to amend those two conception dates accordingly.

Not only was Samsung diligent in seeking to amend its infringement contentions in both respects, the substance and timing of the proposed amendments removes any question about

prejudice to Huawei.   The additional instrumentalities are not transformative to existing infringement theories, and Huawei has agreed that it would not be prejudiced by their addition to the case.

Moreover, Huawei will suffer no prejudice by Samsung's amendment to the disclosed conception dates.  Samsung has already agreed that Huawei may amend its invalidity contentions to the extent it believes that they would be impacted by this amendment, removing any possible prejudice.  This case is still in its earliest stages, with claim construction briefing yet to begin, and the amended infringement contentions do not alter any deadlines in the case.

Under these circumstances, where Samsung has been diligent in its discovery efforts and Huawei does not suffer any prejudice through the amendment of infringement contentions, Samsung should be permitted leave to amend its infringement contentions.

## II.     FACTUAL BACKGROUND

### A.     October 25, 2016 — Samsung timely serves its Patent L.R. 3-1 and 3-2 disclosures on Huawei.

On October 25, 2016, Samsung served Huawei its Patent L.R. 3-1 infringement contentions, setting forth Samsung's contentions regarding Huawei's infringement of U.S. Patent Nos. 8,228,827 ("the '827 patent"), 8,315,195 ("the '195 patent"), RE44,105 ("the RE'105 patent"), 8,457,588 ("the '588 patent"), 8,509,350 ("the '350 patent"), 9,113,419 ("the '419 patent"), 8,619,726 ("the '726 patent"), 8,761,130 ("the '130 patent"), and 9,288,825 ("the '825 patent") (collectively, "Samsung's Patents-in-Suit").  (Ex. 1).  Samsung also served its document production under Patent L.R. 3-2.  (Lordgooei Decl. ¶ 2).  In response to correspondence from Huawei (Ex. 2), Samsung served supplemental infringement contentions on December 2, 2016.  (Lordgooei Decl. ¶ 5; Ex. 3).  Although not explicitly called for by the N.D. Cal. Patent Local Rules, Samsung specified conception dates for each of Samsung's Patents-in-Suit in these supplemental infringement contentions.[2]

---

[2]   Samsung notes that the parties disagree regarding whether Patent L.R. 3-1 requires specific identification of a conception date as opposed to identification of a priority date.  *See* [Huawei Letter] (Ex. 2) (citing *Harvatek Corporation v. Cree, Inc.*, No. C 14-05353 WHA, 2015 WL 4396379, *2-*3 (N.D. Cal. July 17, 2015); *Blue Spike, LLC v. Adobe Systems, Inc.*, No. 14-01647,

1    On January 10, Samsung notified Huawei that it would be relying on a conception date of

2    January 26, 2007 for the '827 patent, clarifying its previous identification of January 2007 in the

3    supplemental infringement contentions.   (Ex. 4 at 1.)   Huawei's December 15, 2016

4    correspondence on this issue noted that Huawei "agree[d] that neither party will be required to

5    seek leave to amend their respective infringement contentions in this instance." (Ex. 5.)

6    **B.    January 20, 2017 — The parties timely exchange Patent L.R. 3-3 and 3-4**
       **disclosures.**

7

8    In accordance with the case schedule, and Patent L.R. 3-3 and 3-4, the parties exchanged

9    invalidity contentions and accompanying document productions on January 20, 2017.  In those

10   contentions, with respect to the '827 patent, Huawei asserted that Samsung is not entitled to a

11   priority date of February 2007, the date of an earlier Korean application, for the asserted claims of

12   the '827 patent. (*See* Ex. 6 at 90.)  Huawei also disclosed allegedly invalidating prior art that it

13   claims was available as early as December 2005, and as late as January 5, 2010. (*Id.* at 27.)  With

14   respect to the RE'105 patent, Huawei asserted that Samsung is not entitled to a priority date of

15   April 6, 2005, the filing date of the provisional to which the RE'105 patent claims priority. (*See*

16   *id.* at 97.)  Huawei also disclosed allegedly invalidating prior art that it claims was available as

17

18   early as 1999, and as late as June 8, 2009.  (*Id.* at 32-33.)

19   **C.    January 25, 2017 — Samsung notifies Huawei of its intention to add accused**
       **instrumentalities.**

20

21   On January 25, 2017, Samsung notified Huawei that Samsung would be supplementing its

22   infringement contentions to include instrumentalities identified for the first time in Huawei's

23   November 28, 2016 First Supplemental Interrogatory Responses, as well as products that

24   Samsung's ongoing investigation uncovered as being sold in the United States. (Ex. 7.)  Samsung

25   2015 WL 335842, at *7 (N.D. Cal. Jan. 26, 2015)).  The Patent Local Rules only explicitly require
     disclosure of a priority date. *See, e.g.*, *OpenTV, Inc. v. Apple Inc.*, No. 15-CV-02008-EJD (NC),

26   2016 WL 3196643, at *2 (N.D. Cal. June 9, 2016).  And in each of the cases cited by Huawei,
     corresponding discovery requests—not present here—mandated disclosure of the information

27   sought.  In any event, Samsung agreed to provide the conception date information requested by
     Huawei and good cause exists for Samsung's amendments to its conception date disclosures even

28   assuming such were required by the Patent Local Rules.

also sought confirmation that Huawei would not oppose a motion for leave to so supplement its

infringement contentions. (*Id.*)

### D.   January 12- February 14, 2017 — Samsung locates and reviews additional inventor documents.

Though Samsung was diligent in searching for, reviewing, and producing documents

related to its Patent L.R. 3-2 obligations, documents from archival resources including those

associated with a prior litigation involving different counsel of record were located after that date.

(Lordgooei Decl. ¶ 3.)  In accordance with its ongoing discovery obligations, Samsung promptly

and diligently reviewed those documents and accordingly produced responsive, non-privileged

information. (*Id.*)  In connection with that review, Samsung identified documentation supporting

a conception date of January 22, 2007 for the '827 patent and March 30, 2005 for the RE'105

patent, preceding Samsung's earlier identified conception dates by 4 and 7 days, respectively.

(Exs. 1, 3, 4.)

### E.   February 15, 2007 — Samsung notifies Huawei.

On February 15, 2007, Samsung emailed Huawei a copy of Samsung's draft supplemental

Patent L.R. 3-1 disclosures, adding the earlier conception dates and additional Huawei products.

(Ex. 9 at 1.)  Samsung asked that Huawei state by February 17, 2017 whether it would oppose

Samsung's supplementation. (*Id.*)  Receiving no response, Samsung emailed Huawei on February

22, 2017 asking Huawei to confirm by February 24, 2017 whether they oppose Samsung's

supplementation. (Ex. 8.)  Huawei responded that it would not oppose the revisions to the list of

accused instrumentalities but that it would oppose any revisions to the claimed conception dates.

(Ex. 9.)

### F.   March 2, 2007 — Lead counsel meet and confer.

On February 27, 2017, in response to Huawei's correspondence, Samsung requested a lead

counsel meet and confer to discuss Huawei's opposition to Samsung's anticipated motion. (Ex.

10.)   In connection with that request, Samsung offered, as a compromise, a draft stipulation granting Samsung leave to serve supplemental Patent L.R. 3-1 disclosures with the revised conception dates and, in exchange, Huawei leave to serve supplemental invalidity contentions in response thereto within 30 days (*i.e.*, only to identify any additional prior art pre-dating the new conception dates).  (*Id.*)

On the meet and confer, Huawei requested additional information regarding the good cause for Samsung's proposed amendment and Samsung explained that it proposed the amendments as a result of newly found information.  (Ex. 11 at 2-3.)  Samsung also stated its preference to avoid motion practice, and asked Huawei to explain how it would be prejudiced by an amendment so early in the case.  (*Id.*)  Huawei did not identify any specific prejudice but said that it would discuss and consider Samsung's proposal.  (*Id.*)

On March 3, 2017, Huawei indicated that it "continue[d] to oppose Samsung's request to change its conception dates" but also requested that Samsung provide Huawei with the documents corroborating the amended conception dates.  (Ex. 11 at 2.)  On March 8, 2017, Samsung provided Huawei with a non-privileged document supporting Samsung's proposed amendment, as well as a privilege log for a privileged document supporting earlier conception of the RE'105 patent.  (Ex. 11 at 1.)  Also attached to that correspondence was a redline version showing the proposed amendments to Samsung's Infringement Contentions.  (Ex. 12.)  On March 9, 2017, Huawei confirmed that it "maintains its objection to Samsung's motion for leave to amend its conception dates."  (Ex. 11.)

## III.   LEGAL STANDARD

Amendment of infringement contentions "may be made only by order of the Court upon a timely showing of good cause."  Patent L.R. 3-6.  "[A] two-step analysis is required to determine if good cause exists: first, the court must determine whether the moving party was diligent in amending its contentions; second the court must determine whether the non-moving party would

suffer undue prejudice if the motion to amend were granted." *DCG Sys. v. Checkpoint Techs., LLC*, No. C 11-03792 PSG, 2012 WL 1309161, at *3 (N.D. Cal. Apr. 16, 2012).   Diligence notwithstanding, a court may find good cause to grant leave to amend if there would be no undue prejudice to the non-moving party.  *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *5-6 (N.D. Cal. Nov. 15, 2012).  "The rules are designed to require parties to crystalize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed . . . ." *LG Elecs. Inc. v. Q–Lity Computer Inc.*, 211 F.R.D. 360 (N.D. Cal. 2002) (internal quotation marks omitted).  However, "the rule is not a straitjacket into which litigants are locked from the moment their contentions are served." *Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. C 06-04206 WHA, 2007 WL 716131, at *2 (N.D. Cal. Mar. 2, 2007).

Indeed, even leave to amend to add entirely new claims may be granted when there is "ample time left on the pretrial clock" such that there is sufficient time for an opposing party to respond to new claims "without any undue prejudice." *Apple*, 2012 WL 5632618, at *6.  Such requests may also be allowed where they "do[] not appear to be motivated by gamesmanship." *Yodlee, Inc. v. CashEdge, Inc.*, No. C 05-01550 SI, 2007 WL 1454259, at *2 (N.D. Cal. May 17, 2007).

**IV.   ARGUMENT**

There is good cause for Samsung to amend its Infringement Contentions because Samsung has been diligent in its discovery efforts, and because Huawei will not suffer any prejudice.  Huawei does not oppose the addition of the new instrumentalities and Samsung's offer to permit amendment to Huawei's invalidity contentions cures any possible real or perceived prejudice as to the new conception dates.  Moreover, this case is still in its earliest stages—claim construction has just begun, and the close of fact discovery is a minimum of six months away.

**A.   <u>Good cause exists for—and Huawei does not oppose—Samsung's motion to add the additional instrumentalities.</u>**

Samsung has been diligent in amending its Infringement Contentions to add the new instrumentalities.   "[T]he diligence required for a showing of good cause has two phases: (1)

diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Positive Techs., Inc. v. Sony Elecs., Inc*., No. C 11-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013).  Samsung has met both.

Samsung was diligent in discovering the basis for its amendment.  "In considering the party's diligence [in discovery], the critical question is whether the party could have discovered the new information earlier had it acted with the requisite diligence." *Apple*, 2012 WL 5632618, at *2.  Samsung's amendments are based on Huawei's discovery responses, which in turn led Samsung to additional information regarding potentially infringing instrumentalities.  Given the conflicting nature of the publicly available information regarding model numbers and their compliance with various standards, it was reasonable that Samsung needed to rely on Huawei's discovery responses in identifying all accused instrumentalities.  Samsung's amendments also add certain Huawei products that were first released or offered for sale in the United States only after service of Samsung's initial infringement contentions.  Samsung could not have included these products in its original contentions.  In any event, Huawei has not made any claim that Samsung did not act with diligence and Huawei has stated that it will not oppose Samsung's addition of new instrumentalities.

Moreover, even if the Court were to find that Samsung has not demonstrated the requisite diligence under the Patent L.R. 3-6, the Court should nevertheless grant leave to amend because Huawei will suffer no prejudice if Samsung is granted leave to amend.  In considering prejudice to defendants, courts consider whether the defendant will have time to adequately respond to the amendments.  *See Apple*, 2012 WL 5632618, at *5-6 (granting leave to add additional claims to infringement contentions several months after invalidity charts had been served, even though court found plaintiff failed to establish diligence, because defendant had "ample" time to respond).  The length of time before discovery closes is an important factor in this analysis.  *See Altera Corp. v. PACT XPP Technologies, AG,* No. 14-CV-02868-JD, 2015 WL 928122, at *2 (N.D. Cal. Feb. 19, 2015) (granting leave to amend after noting that the length of time until close of discovery is greater than in other Northern District cases granting leave to amend).

1    Samsung provided Huawei with its amended Infringement Contentions more than six

2    weeks before the joint claim construction statement was due, more than three months before

3    Huawei's first claim construction brief is due, and four months before the claim construction

4    hearing itself—giving Huawei ample time to investigate Samsung's infringement theories with

5    regard to the additional accused instrumentalities and prepare its defenses accordingly.  *See Life*

6    *Techs. Corp. v. Biosearch Techs., Inc*., No. C 12-00852-WHA, 2012 WL 1831595, at *2 (N.D.

7    Cal. May 18, 2012) (permitting amendments two months before close of fact discovery); *see also*

8    *Yodlee,* 2007 WL 1454259, at *3 (finding that two months before the close of fact discovery was

9    "ample time").  This case in still in its relatively early stages and this amendment would have no

10   effect on the trial schedule or any other dates in this case.

11   Furthermore, the change here is additive, not transformative.  This is not a "shifting sands"

12   approach to patent litigation, where infringement theories are being changed throughout the case.

13   Samsung is maintaining its infringement theories asserted in its original infringement contentions.

14   **B.**   **Good cause exists for Samsung's motion to amend its conception dates.**

15   Samsung similarly meets the requirements for diligence with respect to its efforts to amend

16   its conception dates.  Samsung was diligent both in discovering the basis for amendment and in

17   seeking the amendment itself.  *Positive Techs.*, 2013 WL 322556, at *2.

18   Though Huawei opposes Samsung's amendment, as of this time, Huawei has made no

19   contention that Samsung failed to exercise diligence in locating and reviewing the documents

20   corroborating the earlier conception dates.   Discovery is still in its early stages and, though

21   Samsung searched for and produced documents in connection with its Patent L.R. 3-2 obligations,

22   Samsung was only recently able to locate these additional documents.  (Lordgooei Decl. ¶ 3.)

23   There are multiple inventors listed on each of the asserted patents, complicating Samsung's

24   document collection efforts.  And certain of the documents were only maintained in connection

25   with other litigations, necessitating separate search and review of archival resources.  (*Id.*)

26   Moreover, Samsung was also diligent in seeking to amend its contentions, notifying

27   Huawei of Samsung's intention to supplement its infringement contentions within days of

28

Samsung's review of the relevant documents.   Any delay in seeking the Court's assistance to resolve this matter can be attributed to the parties' efforts to avoid resorting to motion practice.

Even assuming *arguendo* Samsung did not exercise the requisite diligence, the lack of prejudice to Huawei counsels in favor of permitting Samsung's requested amendment, which seeks to move two conception dates by less than a week.   Huawei's invalidity contentions themselves identify prior art references not only prior to Samsung's updated conception dates for the RE'105 and '827 patents, but also identify references dated years after Samsung's initially proposed conception (and priority) dates.   Huawei further alleged that neither patent is entitled to the priority date claimed by virtue of earlier applications, which again is reflected in Huawei's identification of prior art.   (Ex. 11 at 90, 97.)   Therefore, it follows that Huawei's search for prior art, and invalidity positions, would have been no different, regardless of Samsung's amendment. Indeed, during the meet and confer process, Huawei was unable to identify any prejudice it might suffer by Samsung's amendment.

Further mitigating any possible prejudice to Huawei, Samsung has agreed to provide Huawei ample time to amend its invalidity contentions to add any additional prior art it deems necessary to address Samsung's conception dates for the '827 and RE'105 patents.   The thirty days offered by Samsung—which is in addition to the time Huawei has already had since receiving notice of the earlier conception dates—is more than sufficient to allow Huawei to revisit its prior art search (which on it s face did not rely on Samsung's alleged conception dates), and would not otherwise alter other deadlines in this matter.   Any amendments to Huawei's contentions would be complete well before the parties submit their opening claim construction briefs on May 19, 2017.

Finally, to the extent Huawei may take the position that Samsung's proposed amendments would be "futile," such a contention is, at best, premature.   Patent Local Rule 3 serves a notice function that is "designed to provide structure to discovery and to enable the parties to move efficiently toward claim construction and the eventual resolution of their dispute."   *Word to Info, Inc. v. Google Inc.*, No. 15-CV-03486-WHO, 2016 WL 3648605, at *3 (N.D. Cal. July 8, 2016) (internal citations omitted); *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d

1355, 1365-66 (Fed. Cir. 2006) ("The local patent rules in the Northern District of California [require] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery.").   Accordingly, Samsung's Patent L.R. 3-1 disclosures, and the proposed amendments thereto, serve to notify Huawei of those theories that Samsung may ultimately pursue at trial.   Whether Samsung ultimately prevails on those theories, or Huawei is successful at proving otherwise, is a question for a later date.  *See, e.g.*, *The Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, No. C 05-04158 MHP, 2008 WL 624771, at *4 (N.D. Cal. Mar. 4, 2008) ("Though Roche may argue [futility of amendment] in a summary judgment motion, ***the good cause requirement does not require the court to analyze the strength of plaintiff's infringement contentions***.") (emphasis added); *Gen. Atomics v. Axis-Shield ASA*, No. C05-04074SI, 2006 WL 2329464, at *2 (N.D. Cal. Aug. 9, 2006) ("General Atomics also argues that Axis Shield's motion should be denied because the new theory of infringement set forth in Axis Shield's proposed amendment is futile. The Court cannot agree that Axis Shield's new theory of infringement can be disposed of so easily.  Rather, the Court finds that the theory raises factual issues that are best addressed on summary judgment.").

## V.     CONCLUSION

Samsung has been diligent in seeking leave to amend its Infringement Contentions and Huawei will not be prejudiced by Samsung's amendments.  Under Patent L.R. 3-6 and applicable case law, good cause exists.  Samsung therefore respectfully seeks the Court's leave to amend its Infringement Contentions.

DATED:  March 13, 2017                    Respectfully submitted,

                                          QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP

                                          By   /s/ Victoria F. Maroulis
                                             Charles K. Verhoeven
                                             Kevin P.B. Johnson
                                             Victoria F. Maroulis
                                             David A. Perlson

                                             *Attorneys for Samsung Electronics Co., Ltd.,*
                                             *Samsung Electronics America, Inc., and*
                                             *Samsung Research America, Inc.*