UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUAWEI TECHNOLOGIES, CO, LTD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO, LTD., et al., <br><br> Defendants. | Case No. 3:16-cv-02787-WHO <br><br> **ORDER GRANTING SAMSUNG LEAVE TO AMEND INFRINGEMENT CONTENTIONS** <br><br> Re: Dkt. No. 116 |

## INTRODUCTION

Counterclaim-plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") seek to amend their infringement contentions to (1) include additional infringing instrumentalities and (2) change the conception dates with respect to Samsung's U.S. Patent Number 8,228,827 ("'827 Patent") and RE44,105 ("'105 Patent"). Counterclaim-defendants Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc. and HiSilicon Technologies Co. Ltd. (collectively, "Huawei") do not oppose the first request, but contend that Samsung's second request should be denied because Samsung has not been diligent and Huawei will be prejudiced if Samsung is permitted to amend the conception dates at this time. Because Samsung has been at least marginally diligent and I do not see prejudice to Huawei, Samsung's motion to amend the conception dates is GRANTED.

## BACKGROUND

Huawei initiated this action on May 24, 2016; Samsung answered and filed counterclaims on August 22, 2016. *See* Compl. (Dkt. No. 1); Answer, Third Party Complaint, and Counterclaims (Dkt. No. 42[redacted], Dkt. No. 41-3[under seal]).

On October 25, 2016, Samsung served its infringement contentions and document

productions as dictated by Patent Local Rules 3-1 and 3-2. Lordgooei Decl. ¶ 2 (Dkt. No. 116-1); *see* Samsung's Disclosure of Asserted Claims and Infringement Contentions (*Id.*, Ex. 1, Dkt. No. 116-2; Huawei's Partial Opp'n to Samsung's Mot. ("Opp'n"), Ex. A, Dkt. No. 120-3).[1] But it did not identify specific conceptions dates for four of Samsung's nine asserted patents, including the '827 and '105 patents. *See* Samsung's Disclosure at 8. Rather, it disclosed priority dates of "at least" February 9, 2007 for the '827 patent and "at least" April 6, 2005 for the '105 patent. *Id.*

On November 7, 2016, Huawei wrote to Samsung to address deficiencies in its contentions, including Samsung's failure to identify specific dates of conception for each asserted patent. 11/7/16 Letter to Samsung (Opp'n, Ex. B, Dkt. No. 120-3). It specifically requested confirmation that Samsung would not rely on any conception dates earlier than the priority dates disclosed. *Id.* at 1. Samsung did not immediately respond and Huawei sent another letter on November 30, 2016. 11/30/16 Letter to Samsung (Opp'n, Ex. C, Dkt. No. 120-3; Lordgooei Decl., Ex. 2, Dkt. No. 116-3). Samsung responded on December 2, 2016, disputing that it was required to identify specific conception dates (as opposed to priority dates), but providing supplemental infringement contentions that identified additional conception dates "in an effort to resolve potential disputes between the parties[.]" 12/2/16 Letter to Huawei (Opp'n, Ex. D, Dkt. No. 120-3); *see* Samsung's First Supplemental Disclosure of Asserted Claims and Infringement Contentions (Opp'n, Ex. E, Dkt. No. 120-3; Lordgooei Decl., Ex. 3, Dkt. No. 116-4). It also stated its understanding that "neither party will be required to seek leave to amend their respective infringement contentions" and "reserve[d] the right to update these dates as additional information

---

[1] Samsung filed an administrative motion to file under seal information that has been designated by Huawei as confidential. Samsung's Administrative Mot. (Dkt. No. 115). Since Huawei does not seek to seal that information (Dkt. No. 119), the motion is DENIED. Huawei filed an administrative motion to file under seal information designated by Samsung as Highly Confidential, including portions of its partial opposition and Exhibit M attached thereto. Huawei's Administrative Mot. (Dkt. No. 120). Samsung filed a declaration in support of sealing, seeking to maintain the confidentiality of Exhibit M (internal meeting minutes) and nine lines from Huawei's Opposition referencing portions of Exhibit M. Lordgooei Decl. ISO Administrative Mot. to File Under Seal ¶¶ 4–5 (Dkt. No. 122). Because Samsung's request is narrowly tailored to seal only highly confidential business information, it meets the good cause standard for sealing non-dispositive motions and related materials. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006) ("A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions."). Huawei's administrative motion to file under seal is GRANTED.

becomes available." 12/2/16 Letter to Huawei. Samsung identified "April 6, 2005" as the conception date for the '105 patent and "January 2007" as the conception date for the '827 patent. Samsung's First Supp. Infr. Contentions at 8. Huawei accepted the conception date for the '105 patent, but notified Samsung that it had to identify a specific date, not just a month and year, for the '827 patent. 12/15/16 Letter to Samsung (Opp'n, Ex. F, Dkt. No. 120-3). It also disputed Samsung's contention that it could amend without seeking leave because "Huawei is relying on these dates to develop invalidity contentions[,]" and "[a]ny changes could negatively impact Huawei's ability to put forth an invalidity defense." *Id*.

Although Samsung continued to disagree that the Patent Local Rules required disclosure of a specific date, it amended its conception date for the '827 patent to "January 26, 2007." 1/10/17 Letter to Huawei (Opp'n, Ex. G, Dkt. No. 120-3; Lordgooei Decl., Ex. 4, Dkt. No. 116-5). Ten days later on January 20, 2017, the parties exchanged invalidity contentions and accompanying document productions. Huawei contended that Samsung was not entitled to a priority date of February 2007 for the '827 asserted claims, nor a priority date of April 2005 for the '105 asserted claims. Huawei's Invalidity Contentions at 90 (Opp'n, Ex. H, Dkt. No. 120-3; Lodgooei Decl., Ex. 6, Dkt. No. 116-7). For the '827 patent, Huawei disclosed allegedly invalidating prior art that it claims was available as early as December 2005 and as late as January 5, 2010. *Id*. at 27; *see* Samsung's Mot. to Amend Infr. Contentions at 3 ("Mot.")(Dkt. No. 116).[2] And for the '105 patent, Huawei disclosed allegedly invalidating prior art that it claims was available as early as 1999, and as late as June 8, 2009. Huawei's Invalidity Contentions at 32–33; *see* Mot. at 3. According to Huawei, it relied upon the conception dates provided by Samsung to locate key prior art references. *See* Opp'n at 4 (citing to Huawei's Invalidity Contentions).

Between January 12 and February 14, Samsung identified documents supporting a conception date of January 22, 2007 for the '827 patent, and March 30, 2005 for the '105 patent.[3]

---

[2] These dates are not included in the prior art references in Huawei's infringement contentions. They are only mentioned in Samsung's motion. *See* Mot. at 3.

[3] Samsung contends that the archived documents were associated with prior litigation involving different counsel. Lordooei Decl. ¶ 3.

3

1   Lordgooei Decl. ¶ 3. Samsung produced the responsive, non-privileged information on February
2   14, 2017. *Id*.

The next day, Samsung sent Huawei an email with proposed second supplemental infringement contentions attached. 2/15/17 Email to Huawei with Supplemental Infringement Contentions Attachment (Opp'n, Ex. I, Dkt. No. 120-3). The supplemental contentions identified additional infringing products based on Huawei's supplemental interrogatory responses, and proposed changes to two conception dates: from January 26 to January 22, 2007 for the '827 patent, and from April 6 to March 30, 2005 for the '105 patent. *Id*. Huawei responded that it did not oppose Samsung's revisions to the list of accused products but did oppose the revisions to its claimed conception dates. 2/22/17 Email to Samsung (Opp'n, Ex. J, Dkt. No. 120-3; Lordgooei Decl., Ex. 9, Dkt. No. 116-10). Samsung then requested a meet and confer and, as a compromise, proposed a stipulation to grant Samsung leave to serve disclosures with the revised conception dates and allow Huawei 30 days to respond to identify any additional prior art pre-dating the new conception dates. 2/27/17 Email to Huawei (Lordgooei Decl., Ex. 10, Dkt. No. 116-11).

After the meet and confer, Huawei requested that Samsung identify the documents supporting its revised conception dates. 3/8/17 Email to Samsung (Opp'n, Ex. K, Dkt. No. 120-3; Lordgooei Decl., Ex. 11, Dkt. No. 116-12). For the '827 patent, Samsung identified a document it had produced on February 14, 2017, and for the '105 patent, Samsung cited a draft privilege log entry. *See* Opp'n, Ex. L, Dkt. No. 120-3. After reviewing the documents, Huawei maintained its objection to Samsung's motion for leave to amend its conception dates. On March 13, 2017, Samsung filed its motion. Dkt. No. 116.

**LEGAL STANDARD**

Pursuant to the Patent Local Rules for the Northern District of California, a party claiming infringement must submit infringement contentions within fourteen days of the parties' initial Case Management Conference. Patent L.R. 3-1. These must include, among other things, "each accused apparatus, product, device, process, method, act, or other instrumentality ('Accused Instrumentality') of each opposing party of which the party is aware," and must "be as specific as possible." Patent L.R. 3-1(b). Rule 3-1(f) requires parties to provide, "[f]or any patent that claims

4

priority to an earlier application, the priority date to which each asserted claim allegedly is entitled."

Patent Local Rule 3-2 governs "Document Production Accompanying Disclosure," which must accompany the Rule 3-1 disclosures. This must contain documents that relate to the sale or other use of the claimed invention, as well as "[a]ll documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Patent L.R. 3-1(f), whichever is earlier." Patent L.R. 3-2(a)-(b). A defendant must serve invalidity contentions and document production no later than 45 days after it is served with the infringement contentions. Patent L.R. 3-3, 3-4.

The court may allow a party to amend its infringement contentions only "upon a timely showing of good cause." Patent L.R. 3-6. The Patent Local Rules supply several circumstances that support a finding of good cause, provided there is no prejudice to the non-moving party. *Id.* These include "[a] claim construction by the Court different from that proposed by the party seeking amendment," and "[r]ecent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." *Id.*

The patent local rules were designed to require parties to crystallize their theories of infringement early in litigation, and to adhere to such theories. *Apple Inc. v. Samsung Elecs. Co.*, No. 12-CV-0630-LHK PSG, 2013 WL 3246094, at *1 (N.D. Cal. June 26, 2013). In determining whether a party has good cause to amend, courts will first look to see whether the moving party has good cause, which requires that it act with diligence, and then to whether the non-moving party will suffer prejudice. *Id.* The focus of this inquiry is on the moving party's reasons for seeking amendment. *Id.* The moving party bears the burden of establishing diligence. *Id*. "Only if the moving party is able to show diligence may the court consider the prejudice to the non-moving party." *Id*.

"[T]he philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *Atmel Corp. v. Info. Storage*

5

*Devices Inc.*, No. C 95-1987 FMS, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998); *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006). The Federal Circuit has recognized that the local rules simultaneously require parties to provide early notice of invalidity and infringement contentions, while proceeding with diligence in amending those contentions. *O2 Micro*, 467 F.3d at 1365-66. They "thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *Id.* at 1366.

**DISCUSSION**

**I. THE PATENT LOCAL RULES AND DISCLOSURE OF SPECIFIC CONCEPTION DATES**

The parties devote a portion of their briefing to whether the Patent Local Rules require parties to disclose specific conception dates when serving infringement contentions. *See* Mot. at 2 n.2; Opp'n at 7; Reply at 2, 4 (Dkt. No. 123). Although not dispositive of Samsung's motion, the answer to this question determines the boundaries by which to measure Samsung's diligence.[4] Huawei cites to several Northern District cases reiterating that "Patent L.R. 3–l(f) particularly requires a patent holder to assert a specific date of conception, not a date range, and Patent L.R. 3–2(b) requires the proactive and expedient production of evidence of that conception date." *Harvatek Corp. v. Cree, Inc.*, No. C 14-05353 WHA, 2015 WL 4396379 (N.D. Cal. July 17, 2015); *see also Thought, Inc. v. Oracle Corp.*, No. 12-CV-05601-WHO, 2015 WL 5834064 (N.D. Cal. Oct. 7, 2015)(following *Harvatek*); *OpenTV, Inc. v. Apple Inc.*, No. 15-CV-02008-EJD (NC), 2016 WL 3196643, at *2 (N.D. Cal. June 9, 2016)("The Court agrees with Judge Orrick's reasoning in *Thought* that OpenTV had an obligation to disclose its conception date and the relevant documents to support the conception date under the Patent Local Rules.").

Samsung argues that the rules only explicitly require disclosure of a priority date, as opposed to a conception date, and it distinguishes Huawei's cases by highlighting the corresponding discovery requests that mandated disclosure of the conception dates. Mot. at 2 n.2.

---

[4] To this point, Samsung insists, "the question before the Court is whether Samsung exercised diligence in seeking to supplement its December 2, 2016 Infringement Contentions[,]" as opposed to its October 25, 2016 Infringement Contentions. Reply at 5.

But I previously agreed with the reasoning in *Harvatek Corporation* that finds the obligation stems from the rules, not discovery requests, and while some of my colleagues disagree, I have not been persuaded to change my mind.[5] *See Thought, Inc.*, 2015 WL 5834064, at *5 (following the reasoning in *Harvatek*). Moreover, Samsung was clearly on notice that Huawei sought specific conception dates,[6] so its diligence should be marked from the date of its initial infringement contentions.

## II.  MOTION FOR LEAVE TO AMEND

Samsung insists that there is good cause for amendment because it has been diligent in its discovery efforts and Huawei will not suffer any prejudice.[7] Mot. at 6 (Dkt. No. 116). Since Huawei does not object to the addition of new instrumentalities, that portion of Samsung's motion is GRANTED without discussion. Huawei, however, argues that Samsung has failed to demonstrate the requisite diligence, and allowing Samsung to amend its conception dates would

---

[5] The *Harvatek* court found,

> Those rules are in place to require patent holders to "crystallize their theories of the case early in the litigation," which heads off the possibility of abuse in the form of theories contrived to get behind later-disclosed prior art. This poses a minimal burden for a patent holder, who should already know the conception date of a patented invention prior to commencing litigation.

2015 WL 4396379, at *3.

[6] And arguably, that the Patent Local Rules required it. *See Harvatek*, 2015 WL 4396379, at *3 ("Patent L.R. 3–l(f) particularly requires a patent holder to assert a specific date of conception, not a date range, and Patent L.R. 3–2(b) requires the proactive and expedient production of evidence of that conception date.")

[7] Samsung cites to *Apple Inc. v. Samsung Elecs. Co.* for the proposition that "a court need not find diligence before finding good cause to grant leave to amend if there would be no prejudice to the non-moving party." Reply at 3–4; *see* No. CV 12-00630 LHK, 2012 WL 5632618, at *5 (N.D. Cal. Nov. 15, 2012)("[E]ven if the movant was arguably not diligent, the court may still grant leave to amend."). But those amendments pertained to Apple's mistaken omission of certain claims charts that were mentioned in its summary chart. *Id.* That is an entirely different scenario from that presented here. *See id.* ("Here, it appears that Apple's omission of the second set of charts was due to an honest mistake. … The omission, though careless, does not appear to be motivated by gamesmanship. Precluding Apple from bringing these claims because of an administrative mistake would be an unnecessarily harsh result."). Moreover, the Federal Circuit has stated its "agree[ment] with the Northern District of California that "good cause" requires a showing of diligence[,]" *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006), which seems to undercut Samsung's argument.

7

cause prejudice because Huawei relied on those dates in its prior art investigation.[8]

### A. Diligence

"[T]he diligence required for a showing of good cause has two phases: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. C 11-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013). Huawei does not appear to challenge the latter, so I will focus on Samsung's diligence in discovering the basis for the proposed amendment. "In considering the party's diligence, the critical question is whether the party could have discovered the new information earlier had it acted with the requisite diligence." *Apple Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012)(internal quotation marks and alterations omitted). Although the issue is close, Samsung was diligent enough to warrant my review of prejudice to Huawei.

Samsung asserts that, despite diligent effort, it only recently located the documents corroborating new conception dates for the two patents, and it notified Huawei within days of discovering the documents.[9] Mot. at 8. It states that "multiple inventors listed on each of the asserted patents[] complicat[ed] Samsung's document collection efforts[,]" and some of the documents came from archival resources from a prior litigation with different counsel. Mot. at 8; Lordgooei Decl. ¶ 3. Huawei highlights that "Samsung does not explain why it waited to investigate its own prior document productions and contentions from that [prior] litigation until six

---

[8] Huawei also points to the inadequacy of the documents allegedly corroborating Samsung's new conception dates, while Samsung argues that it is too early to discuss the futility of the proposed amendments. Mot. at 10; Opp'n at 11–13. "[T]he good cause requirement does not require the court to analyze the strength of plaintiff's infringement contentions." *The Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, No. C 05-04158 MHP, 2008 WL 624771, at *4 (N.D. Cal. Mar. 4, 2008). But Huawei is not asking me to assess the strength of Samsung's infringement contentions. Rather, Huawei points to the fact that the produced documents fail to adequately corroborate Samsung's new proposed conception dates. See APtent L. R. 3-2. Nonetheless, I agree that it is premature to determine whether Samsung can prove its asserted conception dates.

[9] Samsung's apparent attempts to shift the burden to Huawei to contend that Samsung has *failed* to exercise the requisite diligence is improper. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)("The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence.")

8

months after asserting that patent in this litigation and after its conception dates were due."[10] Opp'n at 8. It contends that Samsung's delay and lack of explanation suggests some gamesmanship because Samsung waited until after it received Huawei's invalidity contentions "before finally settling on its new dates."[11] *Id*. Samsung's reply offers little in the way of explanation,[12] and most of the argument pertains to the prejudice analysis, not diligence. *See* Reply at 5–6.

Samsung's cases are not particularly helpful. *See Altera Corp. v. PACT XPP Techs., AG*, No. 14-CV-02868-JD, 2015 WL 928122, at *3 (N.D. Cal. Feb. 19, 2015)(granting defendant's motion to amend when just over two months elapsed between Altera's initial production and PACT's motion to amend its infringement contentions); *Delphix Corp. v. Actifio, Inc.*, No. 13-CV-04613-BLF-HRL, 2015 WL 5693722, at *2 (N.D. Cal. Sept. 29, 2015)(granting defendant's motion to amend when based exclusively on information learned from plaintiff); *Personalweb Techs., LLC v. Github, Inc.*, No. 5-16-CV-01267-EJD-HRL, 2016 WL 3519292, at *2 (N.D. Cal. June 28, 2016)(granting plaintiff's motion to amend after the court provided claim construction different than that proposed by the plaintiff); *ZiLOG, Inc. v. Quicklogic Corp.*, No. C03-03725 JW, 2006 WL 563057, at *1 (N.D. Cal. Mar. 6, 2006)(granting plaintiff's motion to amend, filed after USPTO decision invalidating certain claims). Only the first one even mentions conception dates, and the basis for amending the conception dates is not clear from the order. *See Altera*, 2015 WL 928122, at *3 (declining to resolve the issue of whether the patent local rule's reference to "priority date" meant only the priority date of an earlier application and not the date of conception). The cases may support the timelines at issue here, if considering the date of Samsung's supplemental disclosure, but that alone does not establish Samsung's diligence,

---

[10] Huawei surmises that the "prior litigation" may refer to the U.S. International Trade Commission Investigation in which Samsung asserted the '827 patent. Opp'n at 8.

[11] As an example, Huawei states that "Samsung also does not explain why it was able to claim a January 26, 2007 conception date for the '827 patent on January 10, 2017 but was not able to claim a January 22, 2007 conception date until after invalidity contentions had been served." Opp'n at 8 n.4.

[12] "Simply because Samsung continued to search for responsive materials and located documents in archival document repositories in no way supports Huawei's speculations… ." Reply at 5.

9

especially when the documents were in its possession the entire time.

Samsung insists that its "continued [] search for responsive materials" does not mean that it failed to exercise the requisite diligence, nor does it suggest that Samsung is participating in gamesmanship. Reply at 5. It seems clear that Samsung could have discovered this new information sooner, since the information was in its own possession. *See Apple Inc.*, 2012 WL 5632618, at *2 (noting the "critical question is whether the party could have discovered the new information earlier"). But it maintains that it did search the archival database, but only discovered the documents in January 2017. There is no evidence of gamesmanship regarding the timing of the discovery of the documents.

The *Harvatek* court rejected the plaintiff's reasons for delay, which included "language and geographic barriers," and "the fact that some evidence [was] in the possession of third parties[.]" *Harvatek*, 2015 WL 4396379, at *2. The court stated that a patent holder "should already know the conception date of a patented invention prior to commencing litigation," and, even if plaintiff did not intend abuse, "the rules must have teeth if they are to have any effect." *Id.* at *3. Samsung attempts to distinguish *Harvatek* by pointing to defendant's interrogatories specifically requesting conception dates, plaintiff's reliance on a "miscommunication" in failing to produce corroborating documents, and the summary judgment motion that was stayed pending resolution of plaintiff's motion to amend. None of those facts help Samsung establish its own diligence. At the same time, it appears that Samsung was at least marginally diligent in attempting to respond to Huawei's repeated requests, so I will proceed to a discussion of prejudice. *See Apple, Inc.*, 2012 WL 5632618, at *2 ("If the court finds that the moving party was not diligent in amending its infringement contentions, there is no need to consider the question of prejudice to the non-moving party, although a court in its discretion may elect to do so.").

**B.     Prejudice**

Samsung contends that even if it did not exercise the requisite diligence, Huawei has not suffered any prejudice because Huawei's invalidity contentions identify prior art predating

Samsung's updated conception dates and,[13] moreover, Huawei contests Samsung's priority dates based on earlier applications. Mot. at 9. Thus Samsung insists that "Huawei's search for prior art, and invalidity positions, would have been no different, regardless of Samsung's amendment." *Id*. To further alleviate any perceived prejudice, Samsung offered to allow Huawei 30 days to revisit its prior art search, if its motion is granted. *Id*.

Huawei insists that its prior art investigation relied on the conception dates, in part by minimizing the need to find 102(b) art, once 102(a) art was located. Opp'n at 3. It also alleges that if Samsung's motion is granted, it will have to obtain third-party discovery to corroborate invention dates for certain references. *Id*. But any prejudice here is minimal at best. Samsung's new conception dates differ from its previous conception dates by one week or less, and Huawei has already identified prior art references that predate Samsung's new conception dates for each of the patents. Huawei highlights four prior art references that would be lost if Samsung is permitted to amend, but indicated that it may be able to rehabilitate those references as 102(g) prior art through third party discovery. If this proves true, the only prejudice to Huawei would be the resources expended in additional prior art investigations.[14] Considering the broader goal of patent litigation to reach the "right" result, I find this type of prejudice insignificant in the wider scheme. *See Apple Inc.*, 2012 WL 5632618, at *6 ("[I]nvalidity claims should stand or fall regardless of another party's theory of claim or scope, even if that party is the patentee.").

### III. SCOPE OF PATENTS AND CLAIMS AT ISSUE

The parties submitted a Claim Construction Statement prior to the hearing on Samsung's motion. Dkt. No. 124. During the hearing, we discussed how this case can proceed on a manageable scale. I directed the parties to file joint or competing proposals by Wednesday, May 3, 2017.

---

[13] Specifically, Samsung states that Huawei included 14 references that predate Samsung's proposed conception date for the '105 patent, and 9 references for the '827 patent. Reply at 8.

[14] Huawei argues that it would be "extra prejudiced" in allowing Samsung to rely on a privilege log entry in asserting a new conception date for the '105 patent. *See* Opp'n at 12. I agree that this type of disclosure appears inadequate. The parties should meet and confer to resolve the issue and send me a joint letter describing any disagreement.

11

# CONCLUSION

In accordance with the foregoing, Samsung's motion for leave to amend its infringement contentions is GRANTED.

**IT IS SO ORDERED.**

Dated: April 27, 2017

William H. Orrick
United States District Judge