QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and
Samsung Research America, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants. | CASE NO. 16-cv-02787-WHO <br><br> **SAMSUNG'S CASE MANAGEMENT PROPOSAL** |
| SAMSUNG ELECTRONICS CO., LTD. & SAMSUNG ELECTRONICS AMERICA, INC. <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> HUAWEI TECHNOLOGIES CO., LTD, HUAWEI DEVICE USA, INC., HUAWEI TECHNOLOGIES USA, INC., & HISILICON TECHNOLOGIES CO., LTD. <br><br> Counterclaim-Defendants. | |

1    Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and

2  Samsung Research America, Inc. (collectively, "Samsung") respectfully submit this Case

3  Management Proposal.  Although Samsung had assumed throughout the meet and confer process

4  that the parties would submit a joint proposal[1], Huawei's demand late this afternoon that its

5  portion of the joint submission include a nine-page brief that reargues the merits of its request for

6  bifurcation—in direct violation of the Court's instructions—left Samsung with no choice but to

7  submit its own proposal separately.

8                                   **SAMSUNG'S PROPOSAL**

9    Samsung proposes the following procedures, which are based on the case narrowing

10  procedures implemented by Judge Koh in *Apple Inc. v. Samsung Electronics Co., Ltd. et al.*,

11  5:12-cv-630-LHK.  *See* 5:12-cv-630-LHK, Dkt. 394, 471.  At the time Judge Koh implemented

12  the case narrowing order (Dkt. 471), the case involved 16 patents, including both SEPs (as here)

13  and non-SEPs, as well as breach of contract, FRAND, and antitrust claims, just like this case.

14  *See id.* at Dkt. 1, 107, 194.  Samsung's proposal indisputably meets the Court's goal to "reduce

15  claims and prior art references" as requested during the April 19, 2017 hearing.  *See* April 19,

16  2017 Hrg. Tr. at 22:23-23:12.

17

| Date | Narrowing Procedure |
|---|---|
| 10 days after claim construction order | The parties will narrow the patent claims to 22 claims per side and 22 accused products per side.[2] |
| One week after fact discovery cutoff | The parties will be required to dismiss without prejudice 4 to 6 patents (if not already dismissed), so that neither side |

22  _____

23    [1]  Minute Entry (Dkt. 126) ("The Court directs that counsel confer further in an attempt to
   reach agreements which will limit the scope of trial. In two weeks counsel should submit a joint
24  proposal or competing proposals for the Court's consideration."); Order at 11 (Dkt. 130) ("During
   the hearing, we discussed how this case can proceed on a manageable scale. I directed the parties
25  to file joint or competing proposals by Wednesday, May 3, 2017.").

26    [2]  Huawei mentions a "representative products stipulation" in its Case Management Proposal,
   but fails to point out that the parties in *Apple v. Samsung* did not agree on a representative
27  products stipulation, and Judge Koh did not require one.  The only products in the case were the
   products selected by the parties during the case narrowing process.

28

| | will be asserting more than six patents. In addition, the parties will be required to limit their asserted claims to 15 per side, and limit their accused products to 18 per side. |
|---|---|
| Two weeks after fact discovery cutoff | The parties will be required to reduce their invalidity references/systems/combinations[3] to 45 per side. |
| One week after close of expert discovery | The parties will be required to dismiss without prejudice one patent from the case (if not already dismissed) so that neither side will be asserting more than five patents. In addition, the parties will be required to limit their asserted claims to 10 per side and limit their accused products to 15 per side. |
| Two weeks after close of expert discovery | The parties will be required to reduce their invalidity references/systems/combinations to 25 per side. |
| July 20, 2018 (approximately one month prior to the final pre-trial conference) | The parties will be required to limit their asserted claims to 5 per side and limit their accused products to 10 per side. |
| July 27, 2018 (approximately three weeks prior to the final pre-trial conference) | The parties will be required to reduce their invalidity references/systems/combinations to 15 per side. |

The parties' non-patent infringement claims, including antitrust, FRAND, and breach of contract, will proceed in parallel with the patent claims and will be tried at the same time as the patent claims.[4]

### SAMSUNG'S ATTEMPTS TO MEET AND CONFER

At no time during the meet and confer process did Huawei reveal that it intended to submit a full brief as its part of the "Joint Case Management Proposal" that would reargue bifurcation in blatant disregard of the Court's instructions not to re-argue Huawei's earlier request for bifurcation. *See* Hrg. Tr. at 23:18-22 ("Assume that this judge is going to make us try the case the way that he set it out. I'm not going to do FRAND first. We're just going to do

---

[3] Each 35 U.S.C. § 102 reference/system, or § 103 combination counts as a single "invalidity reference/system/combination."

[4] Samsung understands that the Court's preference is to try this case in a single, two-week trial. To the extent the Court determines additional days of trial are appropriate, Samsung has no objection to additional days for a single trial.

1   this case that's in front of us.  What is the most efficient way that we can try the case in two

2   weeks?"); *id.* 24:10-14 ("[W]hy don't you in two weeks give me your proposal on how you're

3   going to reduce claims and try the case without doing FRAND first.  Just you can footnote that

4   you think it's a terrible idea, but give me otherwise your best idea.")

5          Samsung shared its proposal on April 28 and repeatedly reminded and requested Huawei

6   to send its portion of the proposal so that the parties could assess whether there were any areas

7   of agreement.  *See* Declaration of Marissa Ducca in Support of Samsung's Case Management

8   Proposal ("Ducca Decl."), ¶¶2-4, 6-9.  But Huawei inexplicably failed to do so, ignoring

9   Samsung's requests that the parties discuss the kinds of case-narrowing options that the Court

10  had asked the parties to consider, and instead offering only a bifurcation proposal.  *See id.* at

11  ¶¶5, 10.  At 4 p.m. PDT today—the day the submission was due—Huawei sprang its portion of

12  the Joint Case Management Proposal on Samsung.  Contrary to the Court's instructions, and

13  without previously revealing its intent to do so, Huawei chose to include what is essentially a 9-

14  page brief that reargues the merits of bifurcation.[5, 6]

15         Huawei's actions are contrary to the Court's express instructions and particularly unfair

16  given that its late disclosure left Samsung with no time to address the specifics of Huawei's

17  positions in time to complete the meet and confer and submit the required proposal by the

18  Court's deadline.  Samsung understands that Huawei is submitting its own Case Management

19  Proposal tonight.  *See* Ex. J, May 3, 2017, 4:35 p.m. PDT, Ducca Email.  To the extent that

20  proposal includes the late-disclosed arguments on bifurcation, although Samsung believes those

21  arguments do not merit further consideration, Samsung will respond to them within a reasonably

22  practicable time in a further written submission.

23  _____

24     [5]  The Ducca Decl., submitted herewith, sets forth in detail the full chronology of the parties'
     attempt to meet and confer on these issues.

25

26     [6]  Huawei also included a counter-proposal to Samsung's case management proposal, which
     Samsung saw for the first time at 4 p.m. PDT.  Samsung maintains that its proposal is more
     appropriate for a trial with limited time, as it was used in *Apple v. Samsung*.  Like with Huawei's
27   bifurcation issues, Samsung has not had the chance to explain the reasoning underlying its
     proposal in a brief.  Samsung will respond within a reasonable time in a further written
28   submission.

1    DATED:  May 3, 2017                    Respectfully submitted,

2                                           QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
3

4                                           By   /s/ Victoria F. Maroulis
                                               Charles K. Verhoeven
5                                              Kevin P.B. Johnson
                                               Victoria F. Maroulis
6                                              David A. Perlson

7                                              *Attorneys for Samsung Electronics Co., Ltd.,*
                                               *Samsung Electronics America, Inc., and*
8                                              *Samsung Research America, Inc.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28