1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   David A. Perlson (Bar No. 209502)
3  davidperlson@quinnemanuel.com
   50 California Street, 22nd Floor
4  San Francisco, California 94111
   Telephone: (415) 875-6600
5  Facsimile: (415) 875-6700

6  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
7  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
8  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065
9  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and
Samsung Research America, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>        Defendants. | CASE NO. 3:16-cv-02787-WHO<br><br>**SAMSUNG'S SUPPLEMENTAL CASE MANAGEMENT STATEMENT** |
| SAMSUNG ELECTRONICS CO., LTD. & SAMSUNG ELECTRONICS AMERICA, INC.<br><br>        Counterclaim-Plaintiffs,<br><br>   v.<br><br>HUAWEI TECHNOLOGIES CO., LTD, HUAWEI DEVICE USA, INC., HUAWEI TECHNOLOGIES USA, INC., & HISILICON TECHNOLOGIES CO., LTD.<br><br>        Counterclaim-Defendants. | |

| | |
|---|---|
| 1 | Although the Court asked the parties to address "how . . . to reduce claims and try the |
| 2 | case without doing FRAND first," (Apr. 19, 2017 Hrg Tr. at 24), Huawei ignored the Court's |
| 3 | instructions, devoting nine pages of its case management statement to reargue why the Court |
| 4 | should try the FRAND claims first.  Indeed, rather than follow the Court's suggestion to simply |
| 5 | include a footnote expressing that preference, Huawei set forth in detail why the Court should |
| 6 | "try the parties' FRAND claims first" and why Samsung's proposal to comply with the Court's |
| 7 | order was "unworkable and unfair."  Dkt. 131 at 2, 7.  Because Samsung did not have time to |
| 8 | prepare a detailed response to the nine-pages of argument Huawei circulated at 4 p.m. on May 3, |
| 9 | Samsung respectfully requests that the Court consider this supplemental statement.  Samsung |
| 10 | also respectfully requests that the Court strike Huawei's filing, reject Huawei's repeated requests |
| 11 | for bifurcation and adopt Samsung's case management proposal. |

## I. THE COURT SHOULD DISREGARD HUAWEI'S BIFURCATION ARGUMENTS

At the outset of the case, the Court stated that it is "not inclined to bifurcate on the FRAND issues," although it did permit Huawei to brief the issue.  Sept. 16, 2016 Hrg. Tr. at 4:13-14; *see also id*. at 20:15 and 22:11-13 ("Let's set a schedule as if contingent on my continuing to think that bifurcation is not going to happen.").  In the brief it submitted, Huawei argued that the Court should either bifurcate the case or phase the trial such that the FRAND claims would be tried first and referenced "recently developed jurisprudence in this area" that it claimed supported its proposal, including *Realtek Semiconductor Corp. v. LSI Corp*., Case No. 12-cv-3451-RMW, 2014 WL 2738216 (N.D. Cal. June 16, 2014), and 2014 WL 2738226 (N.D. Cal. June 16, 2014); and *Microsoft Corp. v. Motorola, Inc.*, 2013 WL 2111217 (W.D. Wash. Apr. 25, 2013).[1]  *See* Dkt. 84. at 2-3, 5.

Opposing the motion, Samsung explained that bifurcation is infeasible and would cause piecemeal and sequential litigation given that, as Huawei admitted (Dkt. 84 at 4), deciding

---

[1] *Compare* Dkt. 131 at 3-4, 6, 10 (citing same cases in support of bifurcation).  This is not the only example of Huawei's filing rehashing old ground.  *Compare* Dkt. 131 at 4 (citing *TCL Communication Technology Holdings Ltd. v. Ericsson Inc.*, No. 14-cv-341 (C.D. Cal.) and *In re Innovatio IP Ventures, LLC,* No. 11-cv-9308 (N.D. Ill.)) *with* Dkt. 67 at 4 (citing same cases in Joint Case Management Statement in support of bifurcation).

FRAND claims requires examination of the validity and essentiality of the patents. *See* Dkt. 85 at 2-4. As Samsung pointed out, the cases Huawei cited in its bifurcation brief, and again in its case management proposal, are inapposite because none of those cases involved the scope of "the worldwide patents that are here" and were not subject to parallel proceedings throughout the "different courts or jurisdictions around the world." *See* Apr. 19, 2017 Hrg. Tr. at 19:21-24.

At the hearing, the Court indicated its preference not to bifurcate, explicitly instructing the parties to submit a case narrowing proposal that did not provide for FRAND to go first. *See* Apr. 19, 2017 Hrg. Tr. at 23:18-21 ("Assume that this judge is going to make us try the case the way that he set it out. I'm not going to do FRAND first."). Although the Court permitted Huawei to include a "footnote"[2] noting its disagreement with that approach, Huawei unilaterally opted to include nine pages of argument addressing why the Court's decision was "a terrible idea" in its proposal. *See id*. at 24:9-14. Putting aside that the Court implicitly ruled against Huawei's bifurcation request by not changing the schedule since Huawei submitted its brief in September, Huawei's filing amounts to an improper motion for reconsideration in violation of the Local Rules. *See* L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court"); *Morse v. ServiceMaster Glob. Holdings Inc.*, No. C 09-05152 SI, 2011 WL 3476525, at *1 (N.D. Cal. Aug. 9, 2011) ("In the Northern District of California, no motion for reconsideration may be brought without leave of court.").

Huawei also disregarded the Court's request to outline how the case could be "tr[ied] in a couple of weeks." Apr. 19, 2017 Hrg Tr. at 23 :11. The Court acknowledged that it may be difficult to narrow all the claims into a roughly two-week trial, but given that counsel "have experience" with patent cases and "should know better than anybody else how to simplify this," the Court asked the parties at the very least, if unable to compress the claims down to two weeks of triable material, to "give [the Court the parties'] proposal on how [the parties are] going to

---

[2] *Id*. at 24:9-14 ("But if you can't — so I want you to try to do that. If you can't do it within two weeks — why don't you in two weeks give me your proposal on how you're going to reduce claims and try the case without doing *FRAND* first. Just you can footnote that you think it's a terrible idea, but give me otherwise your best idea.")

1 | reduce claims and try the case without doing FRAND first." *Id.* at 24:9-12.  Rather than do so,

2 | Huawei steadfastly asserts that two separate trials, with "the FRAND trial preced[ing] the patent

3 | trial," are required.  Dkt. 131 at 7.  That is not the submission the Court invited.

## II. HUAWEI'S PROPOSAL ADDS NOTHING NEW TO JUSTIFY BIFURCATION

The vast majority of Huawei's submission simply reasserts that holding initial proceedings on FRAND issues would "moot the patent infringement claims" and thus serve judicial economy.  *Compare* Dkt. 131 at 5-6 *with* Dkt. 84 at 4-5 ("Trying the FRAND claims first would also be efficient and economical because the implicitly necessary determination of FRAND terms is likely to lead to a cross-license that would moot patent infringement damages"); *see also* Dkt. 67 (Huawei portion of Case Management Statement asserting that "once the terms of such a FRAND cross-license have been determined, the parties' remaining claims and counterclaims — including their numerous respective infringement claims — will either be mooted or readily resolved").  As Samsung explained in its opposition, this approach would ignore the "critical predicate" that the FRAND obligation arises where patents are "valid, infringed, enforceable, and essential to the relevant ETSI standard."  Dkt. 85 at 2.  Though Huawei has repeatedly claimed that "Samsung is required to offer Huawei a license on FRAND terms," Dkt. 131 at 6 n.5, and that the parties "claimed to be willing to take such a license, and acknowledged a contractual obligation to grant such a license," Dkt. 84 at 1, that claim is belied by Huawei's Answer to Samsung's Counterclaims, as Huawei has repeatedly denied that Samsung's asserted patents, which Huawei contends are subject to FRAND obligations, are in fact essential to practicing 3GPP standards.  *See, e.g.*, Dkt. 98 at 11 ("32. The use of mandatory portions of the LTE standard infringes the '827 patent.  RESPONSE TO PARAGRAPH 32: Denied"); *id.* at 33 ("RESPONSE TO PARAGRAPH 117: Counterclaim-Defendants deny that the use of mandatory portions of the LTE standard infringes the '588 patent.").

Huawei's filing now tries to justify bifurcation by arguing a two-week trial would provide "inadequate time" to present evidence based on Huawei's cherry-picked data points of trial lengths from other cases.  These data points are nothing but a red herring, and do not justify departure from the Court's order that the parties offer proposals to narrow the patent claims in

3  Case No. 16-cv-02787-WHO
SAMSUNG'S SUPPLEMENTAL CASE MANAGEMENT STATEMENT

this case to a single trial. On the contrary, it is common for courts to order the parties to reduce the number of claims in patent cases to fit trials within manageable time limits. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd. et al.*, 5:12-cv-630-LHK (N.D. Cal.), Dkt. 394 at 2 (stating that "[a]s [the] case proceeds, the Court will require the parties to streamline the issues raised in [the] action significantly"); *Unified Messaging Solutions, LLC, v. Facebook, Inc. et al.*, 6:11-cv-120-LED (E.D. Tex.), Dkt. 372 at 2 (ordering the parties to narrow the claims and stating that, "[s]hould the parties fail to narrow the issues; the Court will impose its own limits."). *See also General Order* No. 13-20 (E.D. Tex. Oct. 29, 2013).

Huawei fails to explain why its Appendix of cases is representative of FRAND claims involving the technology in this case, and why this case will likely require a similar time period. Unlike here, the FRAND cases that Huawei references in its submission are those where agreements are reached by the parties to try specific issues. *See Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1038 (9th Cir. 2015) (defendant "expressed its consent to a bench trial on the RAND rate"); *In re Innovatio IP Ventures, LLC Patent Litig.*, No. 11 C 9308, 2013 WL 5593609, at *1 (N.D. Ill. Oct. 3, 2013) ("[t]he court and all parties agreed" to have fact finder determine a FRAND rate before determining invalidity and infringement); *TCL Commc'ns Tech. Holdings Ltd v. Telefonaktenbologet LM Ericsson*, No. SACV1400341JVSANXw, 2016 WL 4150033, at *2 (C.D. Cal. July 25, 2016) ("the Court and the parties recognize" need for jury to determine a RAND rate). Indeed, each of the trials cited by Huawei involves different parties, different circumstances, different patents and different claims. Trial lawyers are trained to develop their case, including choosing witnesses and evidence to present, based on the time allotted for the case. Frankly speaking, if lawyers are given two weeks to present evidence, they will present evidence in two weeks. If lawyers are given two months to present the same evidence, they will take the entire two months. Huawei does not and cannot point to anything in the cases it cites to demonstrate the necessity of a certain amount of time for the claims.

Furthermore, Huawei's calls for bifurcation as the only option for this case is belied by its representation in the Case Management Statement that "Huawei estimated that the expected length of trial for the patent infringement issues is 12 days." Dkt. 67 at 25. But now, when

faced with the prospect of having to narrow its claims, Huawei claims that the case must take *4 weeks* (2 weeks for FRAND – despite previously proposing 5 days, and 2 weeks for the patent claims). Dkt, 131 at 7. Therefore, Huawei's argument that the case cannot be tried in two weeks (or a reasonable time around two weeks) is nothing more than self-serving rhetoric in an attempt to justify its repeated bifurcation requests.

By contrast, Samsung's proposal (the only proposal offered that jointly tries FRAND and patent issues pursuant to the Court's instructions) better supports the Court's goals, by requiring the Parties to narrow the claims to a small number that can reasonably be tried before a jury. Huawei's complaints that it can't try the entire case in two weeks is exacerbated by its argument that Samsung's proposal to narrow the case to 44 patent claims after a claim construction order is "unduly restrictive," Dkt. 131 at 7. On the contrary, such case narrowing is just a first step to reaching a reasonable-sized case that can be tried. Huawei's argument that the Court should not order reduction of accused products also belies its complaints that the case can't be tried in a reasonable-timed single trial. Indeed, the parties in *Apple v. Samsung* disagreed and ultimately did not use representative products, and the Court still required the parties to reduce the number of accused products, allowing the trial to proceed reasonably. If the parties do not narrow the products and claims needing to be tried, trial will require proving infringement by a large number of products (approximately 125 products between both parties), which will be cumbersome and not further the Court's desire for a manageable trial. It was this large number that compelled Judge Koh to require reducing the number of products.

Accordingly, Samsung requests that the Court strike Huawei's filing and adopt Samsung's proposal for case narrowing.

DATED: May 9, 2017                  Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Victoria F. Maroulis*
    Charles K. Verhoeven
    Kevin P.B. Johnson
    Victoria F. Maroulis
    David A. Perlson

    *Attorneys for Samsung Electronics Co., Ltd.,
    Samsung Electronics America, Inc., and
    Samsung Research America, Inc.*