UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUAWEI TECHNOLOGIES, CO, LTD, et al., <br><br>    Plaintiffs, <br><br>    v. <br><br> SAMSUNG ELECTRONICS CO, LTD., et al., <br><br>    Defendants. | Case No. 3:16-cv-02787-WHO <br><br> **ORDER REGARDING CASE MANAGEMENT PROPOSALS** <br><br> Re: Dkt. Nos. 131, 132, 133, 138 |

At the last hearing, I directed the parties to meet and confer and propose "the most efficient way that we can try the case in two weeks[.]" Hr'g Tr. at 23:21–22 (Dkt. No. 129). The parties were unable to submit a joint proposal, but submitted competing proposals (Dkt. Nos. 131, 132), and Samsung followed up with a Supplemental Statement (Dkt. No. 138).[1]

Huawei's proposal reiterated its arguments in support of bifurcation, *see* Huawei's Case Management Proposal at 2–7 (Dkt. No. 131), ignoring my direction to merely footnote its preference for bifurcation, *see* Hr'g Tr. at 24:11–14 ("[G]ive me your proposal on how you're going to reduce claims and try the case without doing FRAND first. Just you can footnote that you think it's a terrible idea, but give me otherwise your best idea."). Then, once it moved past its bifurcation arguments, it indicated that it "generally agrees with a phased narrowing approach, and is prepared to work with Samsung to reach agreement on the precise schedule and terms narrowing patent issues." Huawei's Case Management Proposal at 7.

No agreement has been reached, so I have considered the competing proposals. *See* Hr'g Tr. at 24:15 ("[E]ither you've agreed or I'll try and sort it out… ."). I will follow the narrowing

---

[1] Huawei's Motion for Leave to File the Bettinger Declaration (Dkt. No. 133) is GRANTED. The declaration and attached exhibits were considered as part of this Order.

procedures implemented by the Hon. Lucy Koh in *Apple Inc. v. Samsung Electronics Co., Ltd. et al*.,, 5:12-cv-630-LHK, Dkt. 394, 471, rather than the E.D. Texas Model Order, because of the general similarities between *Apple v Samsung* and this case. I adopt the following schedule:

| Date | Narrowing Procedure |
|---|---|
| 10 days after claim construction order | The parties will narrow the patent claims to 22 claims per side and 22 accused products per side. |
| One week after fact discovery cutoff | The parties will be required to dismiss without prejudice four to six patents (if not already dismissed), so that neither side will be asserting more than six patents. In addition, the parties will be required to limit their asserted claims to 15 per side, and limit their accused products to 18 per side. |
| Two weeks after fact discovery cutoff | The parties will be required to reduce their invalidity references/systems/combinations[2] to 45 per side. |
| One week after close of expert discovery | The parties will be required to dismiss without prejudice one patent from the case (if not already dismissed) so that neither side will be asserting more than five patents. In addition, the parties will be required to limit their asserted claims to 10 per side and limit their accused products to 15 per side. |
| Two weeks after close of expert discovery | The parties will be required to reduce their invalidity references/systems/combinations to 25 per side. |
| July 20, 2018 (approximately one month prior to the final pre-trial conference) | The parties will be required to limit their asserted claims to five per side and limit their accused products to 10 per side. |
| July 27, 2018 (approximately three weeks prior to the final pre-trial conference) | The parties will be required to reduce their invalidity references/systems/combinations to 15 per side. |

The discovery schedule will be set upon entry of the Claims Construction Order, and the pretrial schedule remains as follows.

| Event | Date |
|---|---|
| Dispositive Motions Heard By | May 2, 2018 |
| Pretrial Conference | August 20, 2018 |
| Trial | September 17, 2018 |

Huawei has indicated that "a two-week trial on all issues is not workable and would prejudice Huawei's ability to fairly present evidence supporting its claims[,]" and insisted that "a

---

[2] Each 35 U.S.C. § 102 reference/system, or § 103 combination counts as a single "invalidity reference/system/combination."

2

combined trial to resolve all the claims and counterclaims in this case … would take at least four weeks." Huawei's Case Management Proposal at 5; *see id.* at 7 ("[A] single two-week trial on all issues is neither sensible nor realistic."). Its contention is undermined by Huawei's prior estimate that FRAND-related issues could be tried in five days and patent infringement issues in 12 days. 9/6/16 Joint Case Management Statement at 25 (Dkt. No. 67).[3] Given that these estimates were based on the full scope of the case prior to any narrowing of patent issues, it seems plausible that the parties could present both patent and FRAND-related issues in a two-week trial. However, the Court will review concerns about the length of the trial closer to trial.[4]

**IT IS SO ORDERED.**

Dated: June 2, 2017



William H. Orrick
United States District Judge

---

[3] At this time, Samsung estimated 12 days to hear all issues. *Id*.

[4] Judge Koh also limited the number of experts, expert reports, *Daubert* motions, and testifying experts in *Apple v Samsung*. I am considering those limitations for this case. After the tutorial on August 7, 2017, I will solicit the parties' views on whether I should impose them.