# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., and HUAWEI TECHNOLOGIES USA, INC., <br><br> Plaintiff(s)/Counterclaim Defendants, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD, SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants / Counterclaim-Plaintiffs, <br><br> and <br><br> SAMSUNG RESEARCH AMERICA, INC., <br><br> Defendant, <br><br> v. <br><br> HISILICON TECHNOLOGIES CO., LTD., <br><br> Counterclaim-Defendant. | Case Number: 3:16-cv-2787-WHO <br><br> **REQUEST TO THE CENTRAL AUTHORITY IN FINLAND FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS** |

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office
ATTEST:
SUSAN Y. SOONG
Clerk, U.S. District Court
Northern District of California
By_____ Jean Davis
Deputy Clerk
Date: 10-3-2017

THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA requests international assistance to compel Nokia Corporation and Nokia Technologies OY (collectively, "Nokia") to give evidence to be used in a civil proceeding before this Court in the above-captioned matter.

I.   **APPLICANT – REQUESTING JUDICIAL AUTHORITY**

The Honorable William H. Orrick
United States District Judge
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

II.   **CENTRAL AUTHORITY OF THE REQUESTED STATE**

Street Address:
Ministry of Justice
Eteläesplanadi
10 FIN-00130
Helsinki FINLAND

Postal Address:
PL 25
00023 VALTIONEUVOSTO
FINLAND

III.   **PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED**

Nathan A. Greenblatt, Esquire
Sidley Austin LLP
1001 Page Mill Road, Bldg. 1
Palo Alto, CA 94304

IV.   **SPECIFICATION OF THE DATE BY WHICH THE REQUESTING AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST**

As soon as practicable.

V.   **NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES**

  A. **Plaintiffs and Representatives:**

  Plaintiffs:

  Huawei Technologies Co., Ltd.
  Huawei Device USA, Inc.
  Huawei Technologies USA, Inc.
  HiSilicon Technologies Co., Ltd. (counterclaim-defendant)

  Represented by:

  David T. Pritikin, Esquire
  David C. Giardina, Esquire
  Douglas I. Lewis, Esquire
  John W. McBride Esquire
  Sidley Austin LLP
  One South Dearborn
  Chicago, Illinois 60603

  Michael J. Bettinger, Esquire
  Irene Yang, Esquire
  Sidley Austin LLP
  555 California Street, Suite 2000
  San Francisco, California  94104

  Nathan A. Greenblatt, Esquire
  Sidley Austin LLP
  1001 Page Mill Road, Bldg. 1
  Palo Alto, CA  94304

  B. **Defendants and Representatives:**

  Defendants:

  Samsung Electronics Co., Ltd.
  Samsung Electronics America, Inc.
  Samsung Research America, Inc.

  Represented by:

  Charles K. Verhoeven, Esquire
  David A. Perlson, Esquire
  Quinn Emanuel Urquhart & Sullivan, LLP
  50 California Street, 22nd Floor
  San Francisco, CA 94111

Kevin P.B. Johnson, Esquire
Victoria F. Maroulis, Esquire
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

## VI. NATURE AND SUMMARY OF THE PROCEEDINGS

The pending action *Huawei Technologies Co., Ltd. et al v. Samsung Electronics Co., Ltd. et al* (Case No. 3:16-cv-02787-WHO) is a civil lawsuit between Plaintiffs and Counterclaim-Defendants Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., and HiSilicon Technologies Co., Ltd. (collectively, "Huawei") and Defendants and Counterclaim-Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America, Inc. (collectively, "Samsung") in the United States District Court for the Northern District of California. This action began on May 24, 2016 and was assigned to The Honorable William H. Orrick. Huawei and Samsung both allege patent infringement and the breach of a contractual obligation to grant licenses to their patent portfolios.

In its complaint, Huawei alleged that Samsung breached its obligations to grant Huawei a license on fair, reasonable, and non-discriminatory ("FRAND") terms and conditions. Huawei also sought a declaratory judgment setting the respective FRAND terms and conditions for both companies' standard-essential patents ("SEPs"). In addition, Huawei alleged that Samsung infringes eleven of its patents: U.S. Patent Nos. 8,369,278; 8,416,892; 8,483,166; 8,812,848; 8,644,239; 8,885,587; 8,885,583; 8,639,246; 8,412,197; 8,996,003; and 8,724,613. The Samsung products that Huawei accuses of infringement are mobile phones that are compliant with the Long-Term Evolution ("LTE") standard.

In Samsung's answer and counterclaims to Huawei's complaint, Samsung alleged that Huawei breached its FRAND obligations to grant Samsung a license on FRAND terms and conditions. Samsung further alleged that Huawei violated United States antitrust laws by breaching its FRAND obligations and by improperly pressuring Samsung to take a license. In addition, Samsung alleged that Huawei infringes nine of its patents: U.S. Patent Nos. 8,228,827; 8,315,195; RE44,105; 8,457,588; 8,509,350; 9,113,419; 8,619,726; 8,761,130; and 9,288,825. The Huawei

1  products that Samsung accuses of infringement are mobile phones that allegedly are compliant with
2  the LTE standard.
3        Both Huawei and Samsung deny that they have breached their obligations to grant a license
4  on FRAND terms and conditions.  Huawei denies that it has violated United States antitrust laws.
5  Both Huawei and Samsung deny that they infringe the patents asserted against them and contend that
6  the patents asserted against them are invalid.  Under United States law, a patent can be proved
7  invalid in a civil lawsuit if prior art exists that anticipates the patented claims or renders the patented
8  claims obvious.  Huawei has alleged that certain asserted Samsung patents are invalid due to prior
9  art originally assigned to, and still owned by, Nokia.  The named inventors on the prior art were
10 employees of Nokia at the time of the invention, and still remain employees of Nokia today.
11       In the pending action, a claim construction hearing was held on August 18, 2017.  Fact
12 discovery is expected to close in December 2017.  Trial is currently scheduled to begin on
13 September 17, 2018.
14 **VII.   EVIDENCE TO BE OBTAINED**
15       Huawei seeks to obtain documents from Nokia.  It is also respectfully requested that the
16 attorneys for Huawei be permitted to question the witnesses listed in Part XI below regarding the
17 subject matter described in Part XII, and that answers to those questions be recorded by a court
18 reporter.  The purpose of preparing deposition transcripts of the witnesses listed in Part XI is to
19 enable use of the deposition testimony of the witnesses at trial in the pending action, if the witness is
20 unavailable to attend trial and if the other requirements of U.S. Federal Rule of Civil Procedure 32
21 are met.  To ease the burden on witnesses, it is respectfully requested that Nokia and/or the
22 individuals listed in Part XI assist in selecting the two most knowledgeable witnesses for initial
23 examination, and that further examinations be scheduled thereafter, if necessary, as requested by
24 representatives for the parties.
25       It is additionally requested that the Competent Authority of Finland compel Nokia
26 Corporation and Nokia Technologies OY to make available at least one of the individuals listed in
27
28

Part XI to testify on behalf of Nokia Corporation and Nokia Technologies OY regarding the deposition topics set forth in Exhibit B.

### VIII. PURPOSE OF THE EVIDENCE

Samsung alleges that Huawei infringes nine of its patents, one of which is U.S. Patent No. 8,228,827. On January 20, 2017, Huawei disclosed invalidating prior art to Samsung's U.S. Patent No. 8,228,827. One such prior art reference is U.S. Patent No. 8,897,276, titled "Collision Detection for Random Access Procedure," and issued on November 25, 2014 ("the '276 Patent"). The '276 Patent was originally assigned to Nokia Corporation and is now assigned to Nokia Technologies OY. The named inventors of the '276 Patent are Karri Ranta-Aho, Harri Holma, Jeroen Wigard, Antti Toskala, and Juho Pirskanen. The '276 Patent has a priority date of January 25, 2007. At the time that Huawei disclosed the '276 Patent to Samsung, Samsung asserted that the conception date of U.S. Patent No. 8,228,827 was January 26, 2007.

On March 13, 2017, Samsung filed a motion that sought to change the alleged conception date of U.S. Patent No. 8,228,827 from January 26, 2007 to January 22, 2007. On April 27, 2017, Samsung's motion was granted. As a result, the '276 Patent potentially lost its status as prior art under 35 United States Code § 102(e).

The discovery that Huawei now requests from Nokia seeks to determine if the '276 Patent qualifies as a prior art reference under a different section of the United States Patent laws, 35 United States Code § 102(g). The requested discovery seeks to determine whether the inventions disclosed in Nokia's '276 Patent were invented prior to January 22, 2007, and otherwise qualify as prior art to Samsung's U.S. Patent No. 8,228,827 pursuant to the requirements of 35 United States Code § 102(g).

IX. **ENTITY FROM WHOM DOCUMENTARY EVIDENCE IS REQUESTED**

Nokia Corporation
Karaportti 3
Espoo, FI-02610
Finland

Nokia Technologies OY
Karaportti 3
Espoo, FI-02610
Finland

X. **STATEMENT OF THE SUBJECT MATTER OF THIS DOCUMENTARY REQUEST**

See Exhibit A for a list of document requests.

XI. **IDENTITY AND ADDRESS OF THE WITNESSES TO BE ORALLY EXAMINED**

Karri Ranta-Aho
Karaportti 3
Espoo, FI-02610
Finland

Harri Holma
Karaportti 3
Espoo, FI-02610
Finland

Antti Toskala
Karaportti 3
Espoo, FI-02610
Finland

Juho Pirskanen
Karaportti 3
Espoo, FI-02610
Finland

XII. **STATEMENT OF THE SUBJECT MATTER ABOUT WHICH THEY ARE TO BE EXAMINED**

See Exhibit C for a statement of examination subject matter.

XIII. **SPECIAL METHODS OR PROCEDURES TO BE FOLLOWED**

A. This Court respectfully requests that the Competent Authority of Finland cause the appropriate order to issue requiring and directing the above-listed individuals to

provide testimony under penalty of perjury upon their oath or affirmation that they will tell the truth. In the event this procedure cannot be used, this Court respectfully requests that the Competent Authority of Finland require the witnesses to provide testimony after being instructed of the consequences for giving knowingly false or untruthful testimony under the laws of Finland.

B. The above-listed individuals may refuse to provide testimony and to answer any question propounded by a representative of the parties if their answer thereto (1) would subject them to a real and appreciable danger of criminal liability in the United States, (2) would disclose the substance of a privileged communication between them and their attorneys, or (3) is protected from disclosure under any applicable privilege, protection or immunity under the laws of Finland.

C. This Court respectfully requests the Competent Authority of Finland to permit:

   i. the parties' representatives or their designees and a stenographer to be present, via video link or otherwise, during the examination;

   ii. the examination of the individual witnesses to be conducted by representatives for the parties;

   iii. the examination to be conducted with representatives for Huawei asking questions first, followed by any questions on the same subject matter by representatives for Samsung (if necessary);

   iv. the representatives for the parties who conduct the examination to show each witness documents and materials exchanged between the parties prior to the examination in the course of the legal proceedings; and

   v. the testimony to be recorded verbatim by a stenographer and/or videographer retained and paid for by the parties, and thereafter authenticated by seal or in such other manner as is customary in the jurisdiction in which the witnesses are examined.

## XIV. SPECIFIC REQUESTS

A. It is requested that should any portion of this request be denied, on legal grounds, that such denial not affect the remainder of this request. In accordance with Article 13 of the Hague Convention No. 20, it is further requested that the above-designated representative, and this Court, be immediately informed of any such refusal and the associated legal grounds.

B. It is requested that the judicial authorities of Finland issue an order for the requested documents (attached as Exhibit A) to be produced as quickly as possible.

C. In accordance with Article 9 of Hague Convention No. 20, it is requested that the appropriate authority in Finland provide to this Court and the representatives for the parties, as soon as convenient, all information regarding decisions made relating to the acquisition of evidence from Nokia.

D. It is requested that any documents and evidence produced be properly sealed and authenticated by the appropriate authority for, and in accordance with the laws of, Finland and returned to this Court for examination and use in this case.

E. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by the parties, as they may agree or as may be ordered by this Court.

WITNESS, the Honorable William H. Orrick, United States District Judge of the United States District Court for the Northern District of California, on this 3rd day of October, 2017.

Respectfully submitted,

*[signature]*

Hon. William H. Orrick
United States District Court Judge

[SEAL]

In testimony whereof, I sign my name and affix the seal of this Court, on this 3rd day of October, 2017.

*Jean Davis, Deputy Clerk*
for Clerk of the Court  Susan Soong