**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., and HUAWEI TECHNOLOGIES USA, INC., <br><br> Plaintiffs / Counterclaim-Defendants, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants / Counterclaim-Plaintiffs, <br><br> and <br><br> SAMSUNG RESEARCH AMERICA, <br><br> Defendant, <br> v. <br><br> HISILICON TECHNOLOGIES CO., LTD., <br><br> Counterclaim-Defendant. | Case No. 3:16-cv-2787-WHO <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> Date:      January 19, 2018 <br> Time:     2:00 p.m. <br> Dept.:    Courtroom G, 15th Floor <br> Judge:   Honorable Joseph C. Spero <br> Trial Date:  December 3, 2018 |

Pursuant to the Court's "Notice of Reference and Order re Discovery and Case Management Procedures" (Dkt. 189), Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9(a), and the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, Plaintiffs/Counterclaim-Defendants Huawei Technologies Co., Ltd., Huawei Device USA, Inc., and Huawei Technologies USA, Inc., and Counterclaim-Defendant Hi-Silicon Technologies Co. Ltd. (collectively, "Huawei") and Defendants/Counterclaim-Plaintiffs Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc., and Defendant Samsung Research America (collectively "Samsung") jointly submit this Case Management Statement.

The Court ordered the parties to submit an updated joint case management conference statement on January 12, 2018, to address at least the issue of case narrowing. *See* Dkt. 207 at 1.

/ / /

/ / /

## I. NARROWING OF ACCUSED PRODUCTS, AS REQUIRED BY JUDGE ORRICK

### 1. Joint Statement

The parties have reached agreement, subject to the Court's approval, on how to proceed with narrowing of accused products for trial. This agreement resolves the parties' dispute about how to count a "product" for purposes of case narrowing.

| Date | Current Court Language | Agreed Revision |
|---|---|---|
| Now | No more than 22 products | No more than 32 models |
| 03/16/18 (after fact discovery) | No more than 18 products | No more than 27 models |
| 06/15/18 (after expert discovery) | No more than 15 products | No more than 23 models |
| 10/19/18 (before pretrial) | No more than 10 products | No more than 15 models |

In addition, the parties have agreed that, should the Court permit the Samsung Galaxy Note 8 to be added to the case, it will be counted as a single model on the four carrier networks to which Huawei has limited its claims for trial based on the fact that all of those models use the same baseband processor (which is also used in the Samsung Galaxy S8 and S8+) and all have the same build ID.

### 2. Huawei's Statement Regarding Representative Products

Huawei believes that—pending the outcome of discovery—it is likely to be appropriate for the parties to enter into representative products stipulation (or for the Court to enter an order) providing, for example, that an adjudication of infringement with respect to any given model would be deemed to apply to any other models that utilize the same baseband processor. Huawei believes that this approach would address Judge Orrick's primary goal of simplifying the trial without unjustifiably limiting the extent to which the trial will actually resolve the parties' overall dispute.

### 3. Samsung's Further Statement

Samsung disagrees that the Parties need to enter into a representative products stipulation. The Court's Case Narrowing Order (Dkt. 143) was set forth to specifically address the issues of simplifying this case for trial. The Court's Order set forth a case narrowing schedule that permits both parties to present their claims and defenses in a two-week trial. (*See* Dkt. 143 ("Given that these estimates were based on the full scope of the case prior to any narrowing of patent issues, it seems plausible that the parties could present both patent and FRAND-related issues in a two-

week trial.").) A representative products stipulation in this case is not necessary in light of this Order.

## II. ADDITIONAL INFORMATION REQUIRED BY THE DISTRICT'S STANDING ORDER

The parties previously submitted a Joint Case Management Conference Statement (Dkt. 67) that includes additional information required by the District's Standing Order, such as the basis for jurisdiction, the factual background for this case, and the principal disputed legal issues. The parties update this information as follows:

<u>Motions</u>. There are no pending motions. The parties submitted a joint letter brief on January 9, 2018 regarding addition of the Samsung Galaxy Note 8 smartphone to Huawei's infringement contentions and narrowed list of accused Samsung products.

Huawei plans to file a motion for clarification, or in the alternative seek leave for reconsideration, of the Court's construction of one claim term (Dkt. 168).

Huawei would like to discuss with Judge Spero at the Case Management Conference the Court's preferences and procedures for a potential motion to amend infringement contentions to include additional information learned during fact discovery.

<u>Discovery Status</u>. The parties have propounded and answered interrogatories and requests for production. Depositions and other discovery, including discovery from third parties, are ongoing.

| | | |
|---|---|---|
|1| Dated:  January 12, 2018 | Respectfully Submitted, |
|2| By:  */s/ Michael J. Bettinger* | By: */s/ Charles K. Verhoeven* |

3   Michael J. Bettinger (SBN 122196)              Charles K. Verhoeven (Cal. Bar No. 170151)
    *mbettinger@sidley.com*                        *charlesverhoeven@quinnemanuel.com*
4   Irene Yang (SBN 245464)                        David A. Perlson (Cal. Bar No. 209502)
5   *irene.yang@sidley.com*                        *davidperlson@quinnemanuel.com*
    SIDLEY AUSTIN LLP                              QUINN EMANUEL URQUHART &
6   555 California Street, Suite 2000              SULLIVAN, LLP
7   San Francisco, CA  94104                       50 California Street, 22nd Floor
    415-772-1200 – Telephone                       San Francisco, CA  94111
8   415-772-7400 – Facsimile                       415-875-6600 – Telephone
                                                   415-875-6700 – Facsimile
9   David T. Pritikin (*pro hac vice*)
    *dpritikin@sidley.com*                         Kevin Johnson (Cal. Bar No. 177129)
10  David C. Giardina (*pro hac vice*)             *kevinjohnson@quinnemanuel.com*
11  *dgiardina@sidley.com*                         Victoria Maroulis (Cal. Bar No. 202603)
    Douglas I. Lewis (*pro hac vice*)              *victoriamaroulis@quinnemanuel.com*
12  *dilewis@sidley.com*                           QUINN EMANUEL URQUHART &
    John W. McBride (*pro hac vice*)               SULLIVAN, LLP
13  *jwmcbride@sidley.com*                         555 Twin Dolphin Drive, 5th Floor
    SIDLEY AUSTIN LLP                              Redwood Shores, CA  94065
14  One South Dearborn                             650-801-5000 – Telephone
15  Chicago, IL  60603                             650-801-5100 – Facsimile
    312-853-7000 – Telephone
16  312-853-7036 – Facsimile                       *Attorneys for Samsung Electronics Co., Ltd.,
                                                   Samsung Electronics America, Inc., and
17  *Attorneys for Huawei Technologies Co., Ltd.,  Samsung Research America, Inc.*
    Huawei Device USA, Inc., Huawei
18  Technologies USA, Inc., and HiSilicon
19  Technologies Co., Ltd.*

20
21
22
23
24
25
26
27
28

# ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatories above.

Dated:  January 12, 2018          By: */s/ Michael J. Bettinger*
          Michael J. Bettinger
          *Attorneys for Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., and HiSilicon Technologies Co. Ltd.*