QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Cal. Bar No. 209502)
davidperlson@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and
Samsung Research America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD. & SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>HUAWEI TECHNOLOGIES CO., LTD, HUAWEI DEVICE USA, INC., HUAWEI TECHNOLOGIES USA, INC. & HISILICON TECHNOLOGIES CO., LTD.,<br><br>Counterclaim-Defendants. | CASE NO. 16-cv-02787-WHO<br><br>**DECLARATION OF DR. SONG LIANBING IN SUPPORT OF SAMSUNG'S MOTION TO ENJOIN HUAWEI FROM ENFORCING THE INJUNCTION ISSUED BY THE INTERMEDIATE PEOPLE'S COURT OF SHENZHEN**<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

I, Song Lianbing, declare as follows:

1. I am Professor of Law and Doctor's Tutor on the Faculty of International Law at China University of Political Science and Law in Beijing, China. I have held this position since 2012. I submit this declaration in support of Samsung's Motion to Enjoin Huawei from Enforcing the Injunction Issued by the Intermediate People's Court of Shenzhen. I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

**Academic and Professional Qualifications**

2. I have attached my current curriculum vitae as Exhibit A. I received my L.L.M. from Wuhan University Law School in 1993, and my Doctor of Law from Wuhan University Law School in 1999. I have been a member of the Chinese Society of International Law since 1992 and a member of the China Law Society since 1996. Since 2001, I have served as Standing Board Member and Deputy Secretary General of the Chinese Society of Private International Law. I have served as an academic advisor to the Journal of Beijing Arbitration since 2002, and as academic advisor to the Journal of Arbitration Study since 2012.

3. I have published over 100 research and thesis papers on international law, Chinese civil law, private international law, and arbitration law. I am a co-author of Methodology of Legal Education, published by Wuhan University Press in 2009, as well as of Treatise of Arbitration Law, 1st, 2nd and 3rd editions, published by China University of Political Science and Law Press in 1997, 1999, 2002, 2007, and 2008. I am also a co-author of Private International Law, published by Hunan People's Publishing House in 2003. I have also co-translated numerous academic publications, including Information Technology Law, published by Press of Wuhan University in 2004, and Selected Materials on International Commercial Arbitration, published by Intellectual Property Press in 2004.

**Appellate Procedure with Respect to the Shenzhen Court's Injunction Order**

4. On January 11, 2018, the Shenzhen Intermediate People's Court ("Shenzhen Court") found that Samsung's Chinese affiliates infringed Chinese Patent Nos. 201010137731.2 and 201110269715.3, and issued an injunction barring Samsung from manufacturing, selling, and

offering to sell certain smartphones in China.

5. I have reviewed the Shenzhen Court's order ("injunction order") in Chinese and a certified translation to English, and have been asked by counsel for Samsung to provide this declaration regarding the appellate procedure with respect to the order.

6. The injunction order states:

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████████████████
█
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
█████████████████████

7. ████████████████████████████████
████████████████████████████████ Moreover, provided one or both parties appeal, the injunction order will not be enforced until after the appeal concludes. ████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████e.

8. On January 26, 2018, Samsung filed a notice of appeal of the Shenzhen Court's judgment. That appeal will give the Guangdong High Court the opportunity to review *de novo* the procedural and substantive determinations made by the Shenzhen Court. The parties can submit additional evidence during the appeal, and the Guangdong High Court may hold an additional

1  evidentiary hearing.

2      9.    The appeal is expected to conclude within months.  Huawei can withdraw its lawsuits against Samsung at any time during the appeal to the Guangdong High Court.  Alternately, Huawei can request a stay of the appeal pending resolution of its claims before this Court, and the Guangdong High Court can grant such a stay in its discretion.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.  Executed February 1, 2018, in Beijing, China.

*[signature]*

Dr. Song Lianbing

-3-    CASE NO. 16-cv-02787-WHO

DECLARATION OF DR. SONG LIANBING ISO SAMSUNG'S MOTION FOR ANTISUIT INJUNCTION