1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   David A. Perlson (Bar No. 209502)
3  davidperlson@quinnemanuel.com
   50 California Street, 22nd Floor
4  San Francisco, California 94111
   Telephone: (415) 875-6600
5  Facsimile: (415) 875-6700

6  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
7  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
8  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
9  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
10
   Attorneys for Samsung Electronics Co., Ltd.,
11 Samsung Electronics America, Inc., and
   Samsung Research America, Inc.
12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                         SAN FRANCISCO DIVISION

16 | HUAWEI TECHNOLOGIES CO., LTD., et al.,        | CASE NO. 16-cv-02787-WHO

17 |         Plaintiffs,                            | **DECLARATION OF SAM STAKE IN SUPPORT OF SAMSUNG'S MOTION TO ENJOIN HUAWEI FROM ENFORCING THE INJUNCTION ISSUED BY THE INTERMEDIATE PEOPLE'S COURT OF SHENZHEN**
18 |    v.                                         |
19 | SAMSUNG ELECTRONICS CO., LTD., et al.,        |
20 |         Defendants.                            |

21 | SAMSUNG ELECTRONICS CO., LTD. &
22 | SAMSUNG ELECTRONICS AMERICA, INC.,

23 |         Counterclaim-Plaintiffs,

24 |    v.

25 | HUAWEI TECHNOLOGIES CO., LTD.,
   | HUAWEI DEVICE USA, INC., HUAWEI
26 | TECHNOLOGIES USA, INC. & HISILICON
   | TECHNOLOGIES CO., LTD.,
27
   |         Counterclaim-Defendants.
28

I, Sam Stake, declare as follows:

1. I am an attorney at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Defendants and Counterclaim-Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Defendant Samsung Research America, Inc. (collectively, "Samsung"). I submit this declaration in support of Samsung's Motion to Enjoin Huawei from Enforcing the Injunction Issued by the Intermediate People's Court of Shenzhen ("Shenzhen Court"). I have personal knowledge of the facts set forth in this declaration, and, if called upon as a witness, I could and would testify to such facts under oath.

2. Attached hereto as Exhibit 1 is a true and correct copy of a certified translation of the transcript of a speech given by Ding Jianxin, Vice President of Huawei Technologies Co., Ltd., at the 2016 China Competition Policy Forum.

3. Attached hereto as Exhibit 2 is a true and correct copy of the publication titled "United States Standards Strategy" issued by the American National Standards Institute ("ANSI") on December 8, 2005.

4. Attached hereto as Exhibit 3 is a true and correct copy of the publication titled "Study Into the Impact of Standardization" issued by the Impacts of Standards Users Group in April 2002 as a final report to the Directorate General of Enterprise and Industry for the European Commission.

5. Attached hereto as Exhibit 4 is a true and correct copy of the "Why we need standards" web page on the ETSI website, as it existed on January 21, 2018 at http://www.etsi.org/standards/why-we-need-standards.

6. Attached hereto as Exhibit 5 is a true and correct copy of the "Bring benefits to society" web page on the European Committee for Standardization ("CEN") website, as it existed on January 21, 2018 at https://www.cen.eu/about/RoleEurope/Society/Pages/default.aspx.

7. Attached hereto as Exhibit 6 is a true and correct copy of a paper titled "The Economics of Standardization," authored by Peter Swann at the Manchester Business School at the University of Manchester, and issued as a final report on December 11, 2000 for the Standards

and Technical Regulations Directorate of the Department of Trade and Industry ("DTI") of the United Kingdom.

8. Attached hereto as Exhibit 7 is a true and correct copy of the publication titled "Economic benefits of standardization" issued by the German Institute for Standardization ("DIN") in April 2000.

9. Attached hereto as Exhibit 8 is a true and correct copy of an article in Volume 85 of the Texas Law Review titled "Patent Holdup and Royalty Stacking," authored by Mark A. Lemley and Carl Shapiro, and published in 2007.

10. Attached hereto as Exhibit 9 is a true and correct copy of a "Policy Statement on Remedies for Standards-Essential patents Subject to Voluntary F/RAND Commitments" issued by the U.S. Department of Justice and the U.S. Patent & Trademark Office on January 8, 2013.

11. Attached hereto as Exhibit 10 is a true and correct copy of document titled "Brief of Amicus Curiae Federal Trade Commission Supporting Neither Party" submitted to the United States Court of Appeals for the Federal Circuit in *Apple Inc. and NeXt Software, Inc. v. Motorola, Inc. and Motorola Mobility, Inc.*, Nos. 2012-1548, 2012-1549, on December 14, 2012 as Document No. 104.

12. Attached hereto as Exhibit 11 is a true and correct copy of the Compliant issued by the U.S. Federal Trade Commission on July 23, 2013, as Document No. C-4410 in the proceeding titled *In the Matter of Motorola Mobility LLC and Google Inc.*, File No. 121-0120.

13. Attached hereto as Exhibit 12 is a true and correct copy of a transcript of the address titled "Standard-Essential Patents and Licensing: An Antitrust Enforcement Perspective" given by U.S. Federal Trade Commission Chairwoman Edith Ramirez at the 8th Annual Global Antitrust Enforcement Symposium at Georgetown University Law Center in Washington, DC, on September 10, 2014.

14. Attached hereto as Exhibit 13 is a true and correct copy of an article titled "What Is 'FRAND' All About?: The Licensing of Patents Essential to an Accepted Standard," authored by Jeffrey I.D. Lewis, published on June 11, 2014, and available online at https://cardozo.yu.edu/what-%E2%80%9Cfrand%E2%80%9D-all-about-licensing-patents-

1  essential-accepted-standard.

2      15.    Attached hereto as Exhibit 14 is a true and correct copy of an article in Volume 90
3  of the California Law Review titled "Intellectual Property Rights and Standard-Setting
4  Organizations," authored by Mark A. Lemley, and published in 2002.

5      16.    Attached hereto as Exhibit 15 is a true and correct copy of the "Mobile
6  Communications" web page on the ETSI website, as it existed on January 22, 2018 at
7  http://www.etsi.org/technologies-clusters/technologies/mobile.

8      17.    Attached hereto as Exhibit 16 is a true and correct copy of a press release issued by
9  Nokia on July 13, 2016, titled "Nokia and Samsung expand their intellectual property cross
10  license" and available at https://www.nokia.com/en_int/news/releases/2016/07/13/nokia-and-
11  samsung-expand-their-intellectual-property-cross-license.

12      18.    Attached hereto as Exhibit 17 is a true and correct copy of a press release issued by
13  Samsung on January 27, 2014, titled "Samsung and Google Sign Global Patent License
14  Agreement" and available at https://news.samsung.com/global/samsung-and-google-sign-global-
15  patent-license-agreement.

16      19.    Attached hereto as Exhibit 18 is a true and correct copy of a letter sent by Dr. Song
17  Liuping to Dr. Oh-Hyun Kwan, dated March 2, 2015, and produced in this case bearing Bates
18  numbers HW_Samsung_00231024 – HW_Samsung_00231025.

19      20.    Attached hereto as Exhibit 19 is a true and correct copy of presentation slides from
20  a March 2012 meeting between Huawei and Samsung that were produced in this case bearing
21  Bates numbers HW_Samsung_00131187 – HW_Samsung_00131198.

22      21.    Attached hereto as Exhibit 20 is a true and correct copy of an email sent by
23  Yooseok Kim to Xuxin Cheng on July 20, 2012 and produced in this case bearing Bates numbers
24  HW_Samsung_00130694 – HW_Samsung_00130696.

25      22.    Attached hereto as Exhibit 21 is a true and correct copy of an email chain produced
26  in this case bearing Bates numbers HW_Samsung_00131554 – HW_Samsung_00131565, the
27  most recent message of which was sent by Ilseok Jang to Xuxin Cheng on May 30, 2013.

28      23.    Attached hereto as Exhibit 22 is a true and correct copy of an email chain produced

3    CASE NO. 16-cv-02787-WHO
SAM STAKE DECLARATION ISO SAMSUNG'S MOTION FOR ANTISUIT INJUNCTION

1  in this case bearing Bates numbers HW_Samsung_00229986 – HW_Samsung_00229989, the
2  most recent message of which was sent by Bryan Xu to Daniel Ko and Hojin Chang on October
3  23, 2013.

4    24. Attached hereto as Exhibit 23 is a true and correct copy of an email chain produced
5  in this case bearing Bates numbers HW_Samsung_00230922 – HW_Samsung_00230933, the
6  most recent message of which was sent by Bryan Xu to Hojin Chang and Ilseok Jang on March 7,
7  2014.

8    25. Attached hereto as Exhibit 24 is a true and correct copy of an email chain produced
9  in this case bearing Bates numbers HW_Samsung_00230982 – HW_Samsung_00230993, the
10 most recent message of which was sent by Hojin Chang to Xuxin Cheng on February 3, 2015.

11   26. Attached hereto as Exhibit 25 is a true and correct copy of an email chain produced
12 in this case bearing Bates numbers HW_Samsung_00231077 – HW_Samsung_00231082, the
13 most recent message of which was sent by Xuxin Cheng to Hojin Chang on April 16, 2015.

14   27. Attached hereto as Exhibit 26 is a true and correct copy of an email chain produced
15 in this case bearing Bates numbers HW_Samsung_00231145 – HW_Samsung_00231147, the
16 most recent message of which was sent by Xuxin Cheng to Hojin Chang and Ilseok Jang on May
17 22, 2015.

18   28. Attached hereto as Exhibit 27 is a true and correct copy of presentation slides from
19 an August 12, 2015 meeting between Huawei and Samsung that were produced in this case
20 bearing Bates numbers SAMSUNG-HNDCA-000394001 – SAMSUNG-HNDCA-000394009.

21   29. Attached hereto as Exhibit 28 is a true and correct copy of an email chain produced
22 in this case bearing Bates numbers SAMSUNG-HNDCA-000394015 – SAMSUNG-HNDCA-
23 000394019, the most recent message of which was sent by Xuxin Cheng to Hojin Chang on
24 September 23, 2015.

25   30. Attached hereto as Exhibit 29 is a true and correct copy of an email chain, the most
26 recent message of which was sent by Hojin Chang to Bryan Xu and Xuxin Cheng on November
27 19, 2015.

28   31. Attached hereto as Exhibit 30 is a true and correct copy of a draft license agreement

1  that Huawei sent to Samsung, dated April 7, 2013 and produced in this case bearing Bates
2  numbers HW_Samsung_00131518 – HW_Samsung_00131531.

3       32.   Attached hereto as Exhibit 31 is a true and correct copy of a draft license agreement
4  that Huawei sent to Samsung and that was produced in this case bearing Bates numbers
5  SAMSUNG-HNDCA-000393987 – SAMSUNG-HNDCA-000394000.

6       33.   Attached hereto as Exhibit 32 is a true and correct copy of a letter sent by Huawei
7  to Dr. Seong-Ho Ahn and Hojin Chang, dated December 31, 2015, and produced in this case
8  bearing Bates numbers HW_Samsung_00000002 – HW_Samsung_00000003.

9       34.   Attached hereto as Exhibit 33 is a true and correct copy of a letter sent by Hojin
10 Chang to Xuxin Cheng, dated August 24, 2016.

11      35.   Attached hereto as Exhibit 34 is a true and correct copy of a letter sent by Hojin
12 Chang to Xuxin Cheng, dated December 13, 2016.

13      36.   Attached hereto as Exhibit 35 is a true and correct copy of a letter sent by Hojin
14 Chang to Xuxin Cheng, dated July 13, 2016.

15      37.   Attached hereto as Exhibit 36 is a true and correct copy of a certified English
16 translation of the Civil Judgment issued by the Shenzhen Intermediate People's Court on January
17 11, 2018.

18      38.   Attached hereto as Exhibit 37 is a true and correct copy of Microsoft's Motion for a
19 Temporary Restraining Order and Preliminary Injunction, filed as Dkt. 210 in *Microsoft Corp. v.*
20 *Motorola Inc.*, No. C10-1823-JLR (W.D. Wash. Mar. 28, 2012).

21      39.   Attached hereto as Exhibit 38 is a true and correct copy of Microsoft's Reply in
22 Support of Its Motion for a Temporary Restraining Order and Preliminary Injunction, filed as Dkt.
23 257 in *Microsoft Corp. v. Motorola Inc.*, No. C10-1823-JLR (W.D. Wash. Apr. 9, 2012).

24      40.   Attached hereto as Exhibit 39 is a true and correct copy of Defendants' Opposition
25 to Microsoft's Motion for a Temporary Restraining Order and Preliminary Injunction, filed as Dkt.
26 244 in *Microsoft Corp. v. Motorola Inc.*, No. C10-1823-JLR (W.D. Wash. Apr. 6, 2012).

27      41.   Attached hereto as Exhibit 40 is a true and correct copy of the Order re Motions
28 issued as Dkt. 279-1 in *TCL Communication Technology Holdings, Ltd. v. Telefonaktienbolaget*

*LM Ericsson*, No. 8:14-cv-00341-JVS-DFM (CD. Cal. June 29, 2015).

42. Attached hereto as Exhibit 41 is a true and correct copy of the Judgment issued by the UK High Court of Justice in *Unwired Planet International Ltd. v. Huawei Technologies Co., Ltd.*, [2017] EWHC 711 (Pat).

43. Attached hereto as Exhibit 42 is a true and correct copy of Defendants' Opening Brief in Support of Motion for Expedited Discovery and Expedited Trial on FRAND Counterclaims, filed as Dkt. 17 in *InterDigital Communications, Inc. v. Huawei Technologies Co., Ltd.*, No. 1:13-cv-00008-RGA (D. Del. Feb. 11, 2013).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed February 1, 2018, in San Francisco, California.

*/s/ Sam Stake*
Sam Stake

**ATTESTATION**

I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to file the above Declaration.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Sam Stake has concurred in the aforementioned filing.

*/s/ Victoria F. Maroulis*
Victoria F. Maroulis