Michael J. Bettinger (SBN 122196)
mbettinger@sidley.com
Irene Yang (SBN 245464)
irene.yang@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
(415) 772-1200 – Telephone
(415) 772-7400 – Facsimile

David T. Pritikin (*Pro Hac Vice*)
dpritikin@sidley.com
David C. Giardina (*Pro Hac Vice*)
dgiardina@sidley.com
SIDLEY AUSTIN LLP
Douglas I. Lewis (*Pro Hac Vice*)
dilewis@sidley.com
John W. McBride (*Pro Hac Vice*)
jwmcbride@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000 – Telephone
(312) 853-7036 – Facsimile

*Attorneys for Huawei Technologies Co., Ltd.,
Huawei Device USA, Inc., Huawei Technologies
USA, Inc., and HiSilicon Technologies Co. Ltd.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., and HUAWEI TECHNOLOGIES USA, INC.,<br><br>Plaintiffs / Counterclaim-Defendants,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants / Counterclaim-Plaintiffs,<br><br>and<br><br>SAMSUNG RESEARCH AMERICA,<br><br>Defendant,<br>v.<br><br>HISILICON TECHNOLOGIES CO., LTD.,<br><br>Counterclaim-Defendant. | Case No. 16-cv-02787-WHO<br><br>**DECLARATION OF XIAOWU ZHANG IN SUPPORT OF HUAWEI'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS OPPOSITION TO SAMSUNG'S MOTION TO ENJOIN HUAWEI FROM ENFORCING THE INJUNCTION ISSUED BY THE INTERMEDIATE PEOPLE'S COURT OF SHENZHEN, DECLARATIONS IN SUPPORT THEREOF, AND EXHIBITS THERETO** |

I, Xiaowu Zhang, declare as follows:

1. I am a citizen of the People's Republic of China over 18 years of age. I submit this declaration on behalf of Plaintiffs and Counterclaim-Defendants Huawei Technologies Co., Ltd., Huawei Device USA, Inc., and Huawei Technologies USA, Inc., and Counterclaim-Defendant HiSilicon Technologies Co., Ltd. (collectively, "Huawei"). I have personal knowledge of the facts set forth in this declaration, and, if called upon as a witness, I could and would testify to such facts under oath.

2. I am employed by Huawei as Deputy Director of Huawei's IP Litigation Department. In my capacity as Deputy Director, I have been involved on behalf of Huawei in patent license negotiations with current and prospective licensees, including Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America (collectively, "Samsung").

3. Pursuant to Civil L.R. 7-11 and 79-5(d)(1)(A), I submit this declaration in support of Huawei's Administrative Motion to File Under Seal Portions of Its Opposition to Samsung's Motion to Enjoin Huawei from Enforcing the Injunction Issued by the Intermediate People's Court of Shenzhen, Declarations in Support Thereof, and Exhibits Thereto.

4. I have reviewed the portions of Huawei's Opposition to Samsung's Motion to Enjoin Huawei from Enforcing the Injunction Issued by the Intermediate People's Court of Shenzhen ("Huawei's Opposition"); the declaration of Bin Wang in support thereof, and Exhibits 8-36 thereto that contain or suggest confidential information.

5. Some of the portions of Huawei's Opposition that Huawei seeks to seal contain information that is subject to a claim of confidentiality by the Intermediate People's Court of Shenzhen ("Shenzhen Court") or Samsung[1]. Other portions that Huawei seeks to seal contain

---

[1] The Shenzhen Court has not yet issued a public version of its decision. I understand that the Shenzhen Court has asked

certain information about license negotiations between Huawei and Samsung, which were conducted pursuant to a non-disclosure agreement. Huawei considers this information highly confidential and does not disclose it to the public. Disclosure of this information to the public would harm Huawei's competitive standing by giving competitors insight into Huawei's past licensing positions and practices, which could be used to Huawei's disadvantage. For example, competitors and/or potential licensing partners could gain unfair insight and leverage in licensing discussions that Huawei would lack, thereby creating an asymmetry of information and bargaining power that would otherwise not exist but for the disclosure of the above confidential information. This would create a serious risk of competitive injury to Huawei. Further, Huawei has a strong business interest in maintaining the confidentiality of the above licensing-related information. Within Huawei, access to such confidential information is restricted. Not everyone in Huawei's IP Department has access to such information, not to mention the other employees in other departments. The employees of Huawei's IP Department that have access to the information understand the sensitive nature of such information, and understand their duty to not disclose the information outside of Huawei without legal protections against dissemination. Redaction of the information is necessary to avoid placing Huawei at a significant business disadvantage vis-à-vis its competitor sand potential licensing partners.

6. The portions of the Declaration of Bin Wang that Huawei seeks to seal contain information that is subject to a claim of confidentiality by the Shenzhen Court[2].

---

Huawei and Samsung to provide redacted versions for the decision separately, and may decide at its own discretion what redactions will be made in the public version of the decision. The portion of Huawei's Opposition that Huawei seeks to be filed under seal is subject to a claim of confidentiality related to the current non-public decision by the Shenzhen Court.

[2] As explained in footnote 1, the Shenzhen Court has not yet issue a public version of its decision. I understand that the Shenzhen Court has asked Huawei and Samsung to provide redacted versions for the decision separately, and may decide at its own discretion what redactions will be made in the public decision. The portion of the Declaration of Bin Wang that Huawei seeks to be filed under seal is subject to a claim of confidentiality related to the current non-public decision by the Shenzhen Court.

7. Exhibits 8-36 to the declaration of Nathan Greenblatt in Support of Huawei's Opposition are documents that Huawei produced in discovery and designated "CONFIDENTIAL" pursuant to the applicable Protective Order (Dkt. 110). These exhibits reveal information about licensing negotiations between Huawei and Samsung, which were conducted pursuant to a non-disclosure agreement. As described above, Huawei considers this information highly confidential and does not disclose it to the public. Disclosure of this information to the public would harm Huawei's competitive standing by giving competitors insight into Huawei's past licensing positions and practices. Huawei does not have access to similar information about its competitors, which could result in an information asymmetry in future licensing negotiations, placing Huawei at a disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed electronically on February 20, 2018 in Chicago, Illinois.

_____
Xiaowu Zhang