REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

Michael J. Bettinger (SBN 122196)
*mbettinger@sidley.com*
Irene Yang (SBN 245464)
*irene.yang@sidley.com*
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California  94104
(415) 772-1200 – Telephone
(415) 772-7400 – Facsimile

David T. Pritikin (*Pro Hac Vice*)
*dpritikin@sidley.com*
David C. Giardina (*Pro Hac Vice*)
*dgiardina@sidley.com*
Douglas I. Lewis (*Pro Hac Vice*)
*dilewis@sidley.com*
John W. McBride (*Pro Hac Vice*)
*jwmcbride@sidley.com*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois  60603
(312) 853-7000 – Telephone
(312) 853-7036 – Facsimile

*Attorneys for Huawei Technologies Co., Ltd.,*
*Huawei Device USA, Inc., Huawei Technologies*
*USA, Inc., and HiSilicon Technologies Co. Ltd.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., and HUAWEI TECHNOLOGIES USA, INC.,<br><br>    Plaintiffs / Counterclaim-Defendants,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants / Counterclaim-Plaintiffs,<br><br>and<br><br>SAMSUNG RESEARCH AMERICA,<br><br>    Defendant,<br><br>v.<br><br>HISILICON TECHNOLOGIES CO., LTD.,<br><br>    Counterclaim-Defendant. | Case No. 16-cv-02787-WHO<br><br><br>**DECLARATION OF BIN WANG IN SUPPORT OF HUAWEI'S OPPOSITION TO SAMSUNG'S MOTION TO ENJOIN HUAWEI FROM ENFORCING THE INJUNCTION ISSUED BY THE INTERMEDIATE PEOPLE'S COURT OF SHENZHEN** |

I, Bin Wang, declare as follows:

1.      I am a Senior Legal Counsel of the IP Litigation Department at Huawei Technologies Co., Ltd. I have worked on the litigation between Huawei and its affiliates (collectively "Huawei") and Samsung Electronics Co., Ltd. and its affiliates (collectively "Samsung"). I have personal knowledge of the matters set forth in this declaration.

2.      There are a total of 42 patent infringement suits and 1 rate-setting and royalty payment suit between Huawei and Samsung in China, including 27 standard-essential patent ("SEP") infringement suits and 15 non-standard-essential patent ("NSEP") infringement suits. Each patent infringement suit only includes one patent in China, therefore 42 patent infringement suits correspond to 42 patents.

3.      Huawei first filed 8 SEP infringement suits and 2 NSEP infringement suits in the Shenzhen Intermediate People's Court ("Shenzhen Court") on May 25, 2016 and May 27, 2016, 1 NSEP infringement suit in the Guangzhou Intellectual Property Court ("Guangzhou Court") on May 25, 2016, and 1 NSEP infringement suit in the Quanzhou Intermediate People's Court ("Quanzhou Court") on June 29, 2016. In response to the infringement suits filed by Huawei, Samsung filed 8 SEP infringement suits and 2 NSEP infringement suits in the Shenzhen Court on July 8, 2016, 1 NSEP infringement suit in the Guangzhou Court on July 12, 2016, and 1 NSEP infringement suit in the Quanzhou Court on August 8, 2016. In these infringement suits, Huawei and Samsung requested the same remedies from the courts. More specifically, in the SEP infringement suits, Samsung also requested the Shenzhen Court enjoin Huawei's alleged infringement, and did not seek damages.

4.      Samsung first filed 4 SEP infringement suits and 2 NSEP infringement suits in the Beijing Intellectual Property Court ("Beijing Court") on July 8, 2016, and 2 SEP infringement suits and 2 NSEP infringement suits in the Xi'an Intermediate People's Court ("Xi'an Court") on

DECLARATION OF BIN WANG ISO HUAWEI'S OPPOSITION TO SAMSUNG'S MOTION FOR ANTISUIT INJUNCTION
CASE 16-CV-02787-WHO

July 8, 2016. In response to the infringement suits filed by Samsung, Huawei filed 5 SEP infringement suits and 1 NSEP infringement suit in the Beijing Court on September 8, 2016, and 2 NSEP infringement suits in the Xi'an Court on October 28, 2016. In these infringement suits, Huawei and Samsung requested same remedies from the courts. In those SEP infringement suits, Samsung requested the Beijing Court and Xi'an Court enjoin Huawei's alleged infringement, and did not seek damages.

5.    The table below summarizes the infringements suits between Huawei and Samsung in five courts.

| | Huawei's suits against Samsung: 20 | | Samsung's suits against Huawei: 22 | |
|---|---|---|---|---|
| | SEP: 13 | NSEP: 7 | SEP: 14 | NSEP: 8 |
| Shenzhen Court | 8 | 2 | 8 | 2 |
| Beijing Court | 5 | 1 | 4 | 2 |
| Xi'an Court | 0 | 2 | 2 | 2 |
| Quanzhou Court | 0 | 1 | 0 | 1 |
| Guangzhou Court | 0 | 1 | 0 | 1 |

6.    In parallel with the patent infringement proceedings before the courts, all 42 patents also underwent invalidation procedures at the Patent Reexamination Board ("PRB") of China's State Intellectual Property Office. The table below summarizes the result of the invalidation procedures at the PRB, and shows that the rate of invalidation of Samsung's Chinese patents was much higher than Huawei's.

| | | Numbers of Patents in Suit | Maintained (incl. partial maintenance) | Invalidated All Claims | Ratio of Patent Invalidation |
|---|---|---|---|---|---|
| Huawei Patents | SEP | 13 | 12 | 1 | 8% |
| | Non-SEP | 7 | 3 | 4 | 57% |
| Samsung Patents | SEP | 14 | 9 | 5 | 36% |
| | Non-SEP | 8 | 0 | 8 | 100% |

7.    According to Chinese civil procedure, a patent that is invalidated on all claims as decided by the PRB needs to be withdrawn from court or dismissed by court. To date, 17 of the 18 infringement suits related to invalid patents have been withdrawn or dismissed; only 1 NSEP

3

infringement suit filed by Samsung before the Quanzhou Court has not yet been withdrawn or dismissed. During the lawsuit proceedings, Samsung also voluntarily withdrew 2 SEP infringement suits in the Shenzhen Court and 1 SEP infringement suit in the Beijing Court due to issues related to a 3G pass-through license from Qualcomm.

8.   The table below summarizes the remaining infringements suits between Huawei and Samsung in five courts as of now.

| | Huawei Remaining Infringement Suits: 15 | | Samsung Remaining Infringement Suits: 8 | |
|---|---|---|---|---|
| | SEP: 12 | NSEP: 3 | SEP: 7 | NSEP: 1 |
| Shenzhen Court | 7 | 0 | 3 | 0 |
| Beijing Court | 5 | 0 | 2 | 0 |
| Xi'an Court | 0 | 1 | 2 | 0 |
| Quanzhou Court | 0 | 1 | 0 | 1（Patent is invalided, but Samsung has not yet withdrawn） |
| Guangzhou Court | 0 | 1 | 0 | 0 |

9.   To date, there have been substantial developments in the remaining infringement suits. In the NSEP infringement suit filed by Huawei in the Quanzhou Court, Huawei has won the second instance decision that the patent is infringed by Samsung's Chinese affiliates. Additionally, in 2 of the remaining 7 SEP infringement suits filed by Huawei in the Shenzhen Court, Huawei has won the first instance decision that the patents are infringed by Samsung's Chinese affiliates, and Samsung has appealed the decisions to the Guangdong High People's Court. In 2 of the 3 SEP infringement suits filed by Samsung in the Shenzhen Court, 12-day trials in June and July of 2017 have been held, and the Shenzhen Court has noticed the parties to participate in a further continuation of the trial from February 27-28, 2018; the parties are currently awaiting first instance decisions in these two suits. In the other 5 SEP infringement suits filed by Huawei and the remaining SEP infringement suit filed by Samsung in the Shenzhen Court, the parties have exchanged evidence, but have not yet had a hearing. The Beijing Court

has arranged for the parties to exchange evidence for all 7 remaining SEP suits brought before

that court and written opinions for evidence of SEP infringement suits filed by Samsung;

evidence exchange has been completed for 6 of the 7 SEP suits, and will be completed on the

remaining SEP suit on March 12, 2018 according to the Beijing Court's schedule. The Xi'an

Court has arranged the parties to exchange evidence for all 3 remaining suits brought before that

court and has scheduled to hold a hearing for the NSEP infringement suit filed by Huawei.

10.     In the two SEP cases brought by Huawei and decided by the Shenzhen Court to date,

the Court held a total of 18 days of trial to address both FRAND issues and technical issues.

Trial on the FRAND issues was held on December 19-22, 2016 and January 12-13, 2017. The

technical portion of the trial was held on December 23, 2016, January 5-6, 2017, January 9-11,

2017, February 4, 2017, and February 6-10, 2017. During June and July of 2017, the same Court

held 12-day trials to address both FRAND issues and technical issues for 2 of the SEP

infringement actions Samsung brought against Huawei.

11.     During the trials of all of the SEP infringement suits held to date, the agents

representing the parties were provided with full opportunities to express their opinions and

argument, and could provide written submissions during or after the trials. ████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████

12.     ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

[1] I note that Samsung has submitted only the translation of the Shenzhen Court's decision in case number 840 with its current motion, but in fact seeks to prevent enforcement of the injunctive relief Huawei obtained in case numbers 840 and 816. The FRAND issues contemplated, evidence and expert opinion presented, and Court's decision were substantively the same in both the 840 and 816 cases.

DECLARATION OF BIN WANG ISO HUAWEI'S OPPOSITION TO SAMSUNG'S MOTION FOR ANTISUIT INJUNCTION
CASE 16-CV-02787-WHO



14.     Also in the Shenzhen SEP infringement actions brought by Huawei, the defendants, Samsung (China) Investment Co., Ltd. and Huizhou Samsung Electronics Co., Ltd., submitted several groups of evidence to the Court in order to prove its allegation that Huawei failed to comply with FRAND obligations and there was no evidence on the fault of the defendant's parent company Samsung Electronics Co., Ltd. during the licensing negotiations. *See* 840 Decision at 18-26. Below I have compiled the categories of evidence presented by Samsung related specifically to the parties' FRAND compliance:



15.     In deciding Huawei's SEP infringement allegations against Samsung, the Shenzhen Court considered two issues: (1) whether the parties had complied with their FRAND obligations (including by assessing the negotiation history, patent strengths, and judging whether the parties offers—sometimes translated as "quotations"—complied with FRAND principles), and (2) technical issues regarding whether Samsung infringed Huawei's asserted patent. *See* 840 Decision at 177.

16.     Upon evaluation of the evidence and arguments presented by both parties, the Court's ultimate finding , set forth in pages 176-209 of the decision, were as follows:

- ███████████████████████████████████████
  █████████████████████████████████████████
  ███████████████████████████████████████
  ████████████████████
  - ███████████████████████████████████
    ████████████████████████████
    - ███████████████████████████████████████
      ██████████████████████████████████
      ████████████████████████████
      ████████████████████████
    - ███████████████████████████████
      ██████████████████████████████████
      ██████████████████████████████████
      ███████████████████
    - ███████████████████████████████████████
      ██████████████████████████████



DECLARATION OF BIN WANG ISO HUAWEI'S OPPOSITION TO SAMSUNG'S MOTION FOR ANTISUIT INJUNCTION
CASE 16-CV-02787-WHO

1

2

3

4

5

6

17. Based on the above findings made by the Shenzhen Court, the Court concluded as

follows (840 Decision at 209):

18.     As can be seen from the above findings and conclusion, the Shenzhen Court was

presented with evidence of the parties' global patent license negotiations, the relative strength of

the parties' global SEP portfolios, and the parties' global SEP licensing offers.  The Court's findings with respect to FRAND issues were not restricted to the asserted patents or the parties' China SEP portfolios.

19. ██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

1

2

3

4

5

6

7

8        I declare under penalty of perjury under the laws of the United States of America that the

9    foregoing is true and correct to the best of my knowledge.

10

11        Executed on February 14, 2018 in Shenzhen.

12

13

14                                                             Bin Wang

15

16

17

18

19

20

21

22

23

24

25

26

27

28