UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUAWEI TECHNOLOGIES, CO, LTD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO, LTD., et al.,<br><br>Defendants. | Case No. 3:16-cv-02787-WHO<br><br>**ORDER ON HUAWEI'S MOTION FOR CLARIFICATION, OR IN THE ALTERNATIVE, RECONSIDERATION OF CLAIM CONSTRUCTION ORDER**<br><br>Re: Dkt. No. 225 |

On January 12, 2018, plaintiffs Huawei Technologies Co., Ltd., Huawei Device USA, Inc. and Huawei Technologies USA, Inc. (collectively, "Huawei") moved for clarification or reconsideration of the August 31, 2017 Claim Construction Order (Dkt. No. 168), specifically the term "first P-temporary Mobile Station Identity (P-TMSI) in an access message," appearing in Huawei's U.S. Patent No. 8,483,166 ("the '166 Patent"). Mot. for Clarification or, in the Alternative, Leave to File a Partial Mot. for Reconsideration ("Mot.")(Dkt. No. 225). I requested a response from Samsung prior to ruling (Dkt. No. 230), and Samsung filed its opposition on February 1, 2018. Opp'n/Response to Mot. ("Response")(Dkt. No. 233).

I construed the term "first P-temporary Mobile Station Identity (P-TMSI) in an access message" to mean "a P-temporary Mobile Station Identity (P-TMSI) field in an access message." Claim Construction Order at 11. Huawei asserts that this construction is correct "[o]n its face," but an issue arises in my discussion of this term because I reference a "restriction [that] is not literally present in the [] construction[.]" Mot. at 2. Huawei also insists that the concept of restricting the first P-TMSI to the "access stratum" portion of the access message first arose at oral argument and was not discussed in the parties' briefing. *Id*. That misstates the record. From its opening brief Huawei understood that Samsung would argue that "a P-TMSI 'field' must be

'contained directly in an access message.'" Huawei Opening Br. at 15 (quoting Dkt. No. 124 at 32 – Term No. 20)(Dkt. No. 141). Samsung's responsive brief confirmed the scope of the dispute— "Huawei argues that the claim 'first P-TMSI' can correspond to either of the two P-TMSIs described in the patent specification: *i.e.*, the P-TMSI in the access message *or* the P-TMSI in the NAS message."[1] Samsung's Responsive Br. at 18–19 (emphasis in original)(citing Huawei's Opening Br. at 15). And I squarely addressed the dispute in the Claim Construction Order when I explained that "the reference to 'a first P-[TMSI] in an access message' must reference the P-TMSI in the access stratum portion of the access message whether or not there are one or two P-TMSIs." Claim Construction Order at 13–14.

What Huawei really means is that Samsung argued for the first time at the hearing that "the invention won't work" if the first P-TMSI is located in NAS portion of the access message. 8/18/17 Tr. at 35:10–12 (Dkt. No. 167); *id*. at 38:5–7 ("[A] first P-TMSI in an access message … can't be located in the NAS portion of that access message. If it is, it would render this invention inoperable."). Huawei insists that this "inoperable" argument "directly contradicts the '166 Patent specification, the information presented at the technology tutorial, and even Samsung's own briefing." Mot. at 4–5. It also cites to the inventor's testimony (taken after the claim construction briefing) to support its contention that the invention operates with only one P-TMSI located in the NAS portion of the access message. *Id*. at 5 (citing Guo Dep. at 216:9–217:21, 245:2–247:9, 248:11–249:6; McBride Decl. ¶ 2; *id*., Ex. A; Dkt. No. 225-2).

The scope of the dispute was clear from the beginning, and the reasoning of the Claim Construction Order clearly resolved the dispute in Samsung's favor. What is unclear is whether I was correct. Samsung urges that Huawei's motion, to the extent it is interpreted as one for reconsideration, could be denied on procedural grounds for failure to comply with Civil Local Rule 7-9. Response at 2. Samsung contends that Huawei failed to demonstrate reasonable diligence by waiting more than four months after the Claim Construction Order, failed to establish

---

[1] Huawei notes that the P-TMSI in the NAS message is itself within the access message, Mot. at 4, but it must have understood what Samsung intended to reference the access *stratum*, as opposed to message.

2

one of the reasons identified in Rule 7-9(b), and repeated the arguments from the claim construction proceedings thereby violating Rule 7-9(c). *Id*. But Huawei insisted that it was reasonably diligent "[g]iven the case's complexity and extended schedule," and it justified reconsideration by citing Rule 7-9(b)(3), a "manifest failure by the Court to consider material facts or dispositive legal arguments… ." Mot. at 3, 5. Under these circumstances, I will not deny the motion on procedural grounds.

Huawei insists that "claim construction is an ongoing process," Mot. at 5, and notes that the Federal Circuit has explicitly authorized a "rolling claim construction, in which the [district] court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves." *Jack Guttman, Inc. v. Kopykake Enterprises, Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002). The court indicated that "[t]his is particularly true where issues involved are complex, either due to the nature of the technology or because the meaning of the claims is unclear from the intrinsic evidence." *Id*. By noting that "these difficulties may be even more acute in the preliminary injunction context than at later stages in the litigation[,]" the court seemed to suggest that "rolling claim construction" might not be limited to a district court "revisit[ing]" its tentative construction in the preliminary injunction context. *Id*. Indeed, other courts in this district have applied *Guttman*'s instruction to other phases of litigation. *See, e.g.*, *Fujitsu Ltd. v. Belkin Int'l, Inc.*, No. 10-CV-03972-LHK, 2012 WL 4497966, at *19 (N.D. Cal. Sept. 28, 2012)(revisiting a "plain meaning" construction on a motion for summary judgment given a clear dispute concerning the scope of the term); *NobelBiz, Inc. v. LiveVox, Inc.*, No. 13-CV-1773-YGR, 2015 WL 225223, at *3 (N.D. Cal. Jan. 16, 2015)(noting in a Claim Construction Order that "the Court remains able to revise these constructions as its understanding of the technology changes.").

Given that the overall goal of "rolling claim construction" is to get to the "right" construction, Huawei has convinced me that reconsideration of the Claim Construction Order is appropriate and that my reasoning in construing the "first P-TMSI" term was wrong. The claim language of "first" and "second" should not have imposed a locational limitation. *Compare* Claim Construction Order at 13 (imposing spatial limitation), *with Free Motion Fitness, Inc. v. Cybex Int'l, Inc.*, 423 F.3d 1343, 1348 (Fed. Cir. 2005)("'First' does not denote spatial location… ."), *and*

3

*3M Innovative Props. Co. v. Avery Dennison Corp.,* 350 F.3d 1365, 1371 (Fed. Cir. 2003)("The use of the terms 'first' and 'second' is a common patent-law convention to distinguish between repeated instances of an element or limitation."). My construction effectively and incorrectly inserted a narrower requirement from a dependent claim into an independent claim. *See Nikon Corp. v. ASM Lithography B.V.*, Case Nos. 01-5031-MHP, 02-5081-MHP, 02-5601-MHP, 308 F. Supp. 2d 1039, 1090 (N.D. Cal. 2004)("[I]mport[ing] a limitation from a *dependent* claim gets claim differentiation doctrine precisely backwards."). Such a restriction is not present in independent claims 1 and 12, which only recite a "first P-TMSI."

Samsung relied only on attorney argument to insist that a construction allowing the first P-TMSI to be located in the NAS portion of the access message "would render this invention inoperable." 8/18/17 Tr. at 38:4–7. To the extent it contends that argument holds true, it can raise it in summary judgment with the proper support. But the claim language itself does not require the locational limitation of "first." The specification provides an embodiment where the UE transitions from an evolved network to a legacy network even when its P-TMSI is contained within the NAS portion of the access message. *See* '166 patent at 5:58–6:5. And the inventor has testified that the invention will operate with the first P-TMSI in the NAS portion of the access message. These facts, along with my unsound application of claim construction tenets, have forced me to reconsider my ruling in the Claim Construction Order.

Accordingly, I find it unnecessary to construe the term "a first P-temporary Mobile Station Identity (P-TMSI) in an access message." It will be given its plain and ordinary meaning to a person of skill in the art, meaning that the "first P-TMSI" of the '166 patent, claims 1 and 12, can be located *anywhere* in an access message.

**IT IS SO ORDERED.**

Dated: March 1, 2018

William H. Orrick
United States District Judge

4