| | |
|---|---|
| Michael J. Bettinger (SBN 122196) | David T. Pritikin (*Pro Hac Vice*) |
| *mbettinger@sidley.com* | *dpritikin@sidley.com* |
| Irene Yang (SBN 245464) | David C. Giardina (*Pro Hac Vice*) |
| *irene.yang@sidley.com* | *dgiardina@sidley.com* |
| SIDLEY AUSTIN LLP | Douglas I. Lewis (*Pro Hac Vice*) |
| 555 California Street, Suite 2000 | *dilewis@sidley.com* |
| San Francisco, California  94104 | John W. McBride (*Pro Hac Vice*) |
| (415) 772-1200 – Telephone | *jwmcbride@sidley.com* |
| (415) 772-7400 – Facsimile | SIDLEY AUSTIN LLP |
| | One South Dearborn |
| *Attorneys for Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., and HiSilicon Technologies Co. Ltd.* | Chicago, Illinois  60603 |
| | (312) 853-7000 – Telephone |
| | (312) 853-7036 – Facsimile |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., and HUAWEI TECHNOLOGIES USA, INC., | Case Number: 3:16-cv-2787-WHO |
| Plaintiff(s)/Counterclaim Defendants, | **DECLARATION OF NATHAN A. GREENBLATT IN SUPPORT OF HUAWEI'S LETTER BRIEF** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD, SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendants / Counterclaim-Plaintiffs | |
| and | |
| SAMSUNG RESEARCH AMERICA, INC., | |
| Defendant, | |
| v. | |
| HISILICON TECHNOLOGIES CO., LTD., | |
| Counterclaim-Defendant. | |

GREENBLATT DECLARATION ISO HUAWEI'S LETTER BRIEF

I, Nathan A. Greenblatt, declare:

1. I am a member of the State Bar of California, admitted to practice before this Court, and an attorney at the law firm of Sidley Austin LLP, counsel for Plaintiffs Huawei Technologies Co., Ltd., Huawei Device USA, Inc. and Huawei Technologies USA, Inc., and Counterclaim-Defendant HiSilicon Technologies Co., Ltd. (collectively, "Huawei"). I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify thereto.

2. Attached hereto as **Exhibit 1** is Huawei's 30(b)(6) Notice of Deposition to Samsung dated June 15, 2017.

3. Attached hereto as **Exhibit 2** is an email dated February 19, 2018 in which Samsung designated its witness JP Hong on Huawei 30(b)(6) topic 143.

4. Attached hereto as **Exhibit 3** is an email February 26, 2018 in which Samsung stated that "Mr. Hong is no longer designated for topics 1-143…"

5. Attached hereto as **Exhibit 4** is an email dated October 20, 2017 in which Samsung designated YoungSeok Jung to testify on certain source code-related topics on behalf of Samsung.

6. Attached hereto as **Exhibit 5** is a chart provided by Samsung on February 11, 2018, pursuant to the parties' agreement, identifying certain pages of printed source code about which YoungSeok Jung was designated to testify.

7. Attached hereto as **Exhibit 6** are excerpts of YoungSeok Jung's testimony from his deposition transcripts dated Feb. 21-22, 2018.

8. Attached hereto as **Exhibit 7** is a condensed version of the deposition of YoungSeok Jung dated February 21, 2018.

9. Attached hereto as **Exhibit 8** is a condensed version of the deposition of YoungSeok Jung dated February 22, 2018.

10. Attached hereto as **Exhibit 9** are Huawei's First Set of Requests for Production to Samsung (Nos. 1-128) dated August 30, 2016.

11. Attached hereto as **Exhibit 10** is an email dated November 16, 2017, in which Huawei requested that Samsung produce approximately 18 specific documents from the Apple/Samsung litigations.

12.     Attached hereto as **Exhibit 11** is an email dated November 29, 2017, in which Samsung stated that "[r]egarding the requested documents from *Apple v. Samsung*, …. We will try to get materials produced as quickly as possible."

13.     Attached hereto as **Exhibit 12** is an email chain containing various emails dated between January 31, 2018 and February 9, 2018, in which Huawei's counsel inquired of Samsung's counsel as to the status of Samsung's production of the requested documents from the Apple/Samsung litigations.  In the email dated January 31, 2018, I specifically asked Samsung's counsel whether any third parties objected.  In response, Samsung's counsel informed me only that Apple had objected.  I spoke to Samsung's counsel Sam Stake of Quinn Emanuel on several occasions regarding the same issue, and he assured me that the production was on track pending only resolution of Apple's objection.  Currently, based on a conversation with Apple's counsel Hannah Cannom, it is my understanding that Apple has lifted its objections to either all or all but one document that Huawei requested.

14.     Attached hereto as **Exhibit 13** is an email dated March 6, 2018, in which Huawei requested that Samsung provide an update on the status of its production of the Apple/Samsung litigation documents.

15.     Attached hereto as **Exhibit 14** is an email chain including an email dated July 31, 2017, in which Nokia's counsel Randall Allen consented on behalf of Nokia to the production of certain materials from the Nokia/Samsung arbitration.

16.     Attached hereto as **Exhibit 15** is an email dated March 12, 2018 from Huawei's lead counsel Mike Bettinger to Samsung's lead counsel Charles Verhoeven, regarding Samsung's production of "365,000 pages of documents at 10:40 pm PT on Friday, 80 minutes before the close of discovery."

17.     Attached hereto as **Exhibit 16** are Samsung's responses to Huawei's Fifth Set of Requests for Production (Nos. 142-170) dated February 5, 2018.

18.     Attached hereto as **Exhibit 17** is an email chain including an email from Samsung's counsel dated Friday, January 19, 2018, in which Samsung demanded that Huawei supplement certain interrogatory responses.

19. Attached hereto as **Exhibit 18** is an email dated March 13, 2018, in which Huawei provided its proposed compromise positions in response to certain discovery complaints raised by Samsung.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 19, 2018 in Palo Alto, California.

*/s/ Nathan A. Greenblatt*
Nathan Greenblatt