| | |
|---|---|
| Michael J. Bettinger (SBN 122196) | David T. Pritikin (*Pro Hac Vice*) |
| mbettinger@sidley.com | dpritikin@sidley.com |
| Irene Yang (SBN 245464) | David C. Giardina (*Pro Hac Vice*) |
| irene.yang@sidley.com | dgiardina@sidley.com |
| SIDLEY AUSTIN LLP | Douglas I. Lewis (*Pro Hac Vice*) |
| 555 California Street, Suite 2000 | dilewis@sidley.com |
| San Francisco, California  94104 | John W. McBride (*Pro Hac Vice*) |
| (415) 772-1200 – Telephone | jwmcbride@sidley.com |
| (415) 772-7400 – Facsimile | SIDLEY AUSTIN LLP |
| | One South Dearborn |
| | Chicago, Illinois  60603 |
| | (312) 853-7000 – Telephone |
| | (312) 853-7036 – Facsimile |

*Attorneys for Huawei Technologies Co., Ltd.,
Huawei Device USA, Inc., Huawei Technologies
USA, Inc., and HiSilicon Technologies Co. Ltd.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., and HUAWEI TECHNOLOGIES USA, INC., <br><br> Plaintiffs / Counterclaim-Defendants, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants / Counterclaim-Plaintiffs, <br><br> and <br><br> SAMSUNG RESEARCH AMERICA, <br><br> Defendant, <br><br> v. <br><br> HISILICON TECHNOLOGIES CO., LTD., <br><br> Counterclaim-Defendant. | Case No. 3:16-cv-02787-WHO <br><br> **HUAWEI'S MOTION FOR A STAY OF SAMSUNG'S INFRINGEMENT CLAIM FOR THE '588 PATENT** <br><br> DATE:  TBD <br> TIME:  TBD <br> JUDGE:  HON. JOSEPH C. SPERO |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., and HiSilicon Technologies Co. Ltd. (collectively "Huawei"), by and through its attorneys, hereby respectfully move the Court for an Order partially staying the proceedings in this case. In particular, Huawei seeks a stay of proceedings for U.S. Patent No. 8,457,588 ("the '588 Patent") on the grounds that all asserted claims of the '588 Patent are subject to an instituted *inter partes* review before the Patent Trial and Appeal Board ("PTAB").

This motion is made upon this notice, the attached memorandum of points and authorities, all records, papers, and pleadings on file in this action, and all further evidence as may be presented prior to or after the filing of the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

When the PTAB institutes *inter partes* review on all asserted patent claims pending in a district court action, those claims should be stayed upon request by the party accused of infringement. *See, e.g., Hewlett-Packard Co. v. ServiceNow, Inc.*, No. 14-CV-00570-BLF, 2015 WL 5935368, at *3 (N.D. Cal. Oct. 13, 2015) (staying IPR-instituted claims while allowing unaffected claims to continue). In the case before this Court, Samsung has asserted claims 6, 7, 8 and 9 of the '588 Patent. Given the PTAB's institution of an IPR on each of these asserted claims, Huawei respectfully requests that this Court stay Samsung's '588 Patent infringement case. Under Judge Orrick's scheduling order, the parties were required to narrow their cases to no more than six asserted patents per side by March 16, 2018. As of that date, all IPR institution decisions had issued. But rather than select only patents that were not subject to any *inter partes* review for continued assertion in this litigation, Samsung included the '588 Patent in its narrowed list, and indicated that it would assert claims 6, 7, 8, and 9, each of which is subject to an *inter partes* review. Continued assertion of the '588 Patent in this case wastes party and Court resources and duplicates work already being performed before the PTAB. Therefore, the Court should stay the '588 Patent infringement case pending completion of the *inter partes* review proceeding and any appeals.

## II. BACKGROUND

On August 22, 2017, Huawei filed a timely petition for *inter partes* review before the PTAB, challenging claims 6, 7, 8 and 9 of the '588 Patent. On March 15, 2018, the PTAB instituted *inter partes* review of each of these claims.[1] The next day, the parties filed case narrowing statements to reduce their asserted patents to no more than six and their asserted claims to no more than 15, as required by Judge Orrick's and Judge Spero's orders. Dkt. Nos. 143, 207. Huawei selected six patents, and ten claims, none of which is subject to *inter partes* review. Despite knowing that the PTAB had instituted *inter partes* review on claims 6, 7, 8 and 9 of the '588 Patent, Samsung elected the '588 patent as one of its six remaining patents, and identified those claims as four of its fifteen narrowed claims. This amounts to one quarter of Samsung's total claims at issue.

## III. LEGAL AUTHORITY

Courts in this District routinely stay infringement claims pending *inter partes* review, especially when a majority of the asserted claims are subject to review. *Brixham Solutions Ltd. v. Juniper Networks, Inc.*, No. 13-CV-00616-JCS, 2014 WL 1677991, *2 (N.D. Cal. April 28, 2014); *Personal Web Techs. LLC v. Apple, Inc.*, 69 F. Supp. 3d 1022, 1027 (N.D. Cal. 2014); *Williamson v. Google Inc.,* No. 15-CV-00966-BLF, 2015 WL 10890658, at *1 (N.D. Cal. Oct. 8, 2015). A stay is further justified "where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were cancelled in the reexamination, would eliminate the need to try the infringement issue."[2] *PersonalWeb*, 69 F. Supp. at 1027 (citing *In re Cygnus Telecomms. Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)). Courts will implement partial stays of a case that halt infringement claims subject to *inter partes* review, while allowing unaffected claims to continue unabated. *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-4613-BLF, 2014 WL 6068407, at *4 (N.D. Cal. Nov. 23, 2014); *Hewlett-Packard Co. v. ServiceNow, Inc.*, No. 14-CV-00570-BLF, 2015 WL 5935368, at *3 (N.D. Cal. Oct. 13, 2015).

---

[1] *See* PTAB'*s* Institution Decision attached as Appendix A.
[2] Although many decisions rely on blackletter law relating to *inter partes* reexamination, the decision itself relates to an *inter partes* review.

When evaluating a request to stay litigation pending an IPR, this Court considers three factors: (1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and whether a trial date is set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Brixham Solutions Ltd.*, 2014 WL 1677991, at *1. In addition to these three factors, the totality of the circumstances governs. *Netlist, Inc. v. Smart Storage Sys., Inc.*, No. 13-CV-5889-YGR, 2014 WL 4145412, at *1 (N.D. Cal. Aug. 21, 2014).

IV.   ARGUMENT

   A.   Staying Samsung's '588 Patent infringement claims will simplify the case.

This case is complex, and there is no reason to unnecessarily complicate matters by engaging in parallel efforts before this Court and the PTAB. Staying the '588 Patent will streamline upcoming expert discovery and motion practice, including infringement expert reports, invalidity expert reports, damages expert reports, expert depositions, dispositive motions, *Daubert* motions, and pre-trial proceedings. Granting the stay will save Huawei and Samsung, and ultimately the Court, from investing time and money going full-bore through expert discovery and dispositive motion practice on asserted patent claims that the PTAB has already determined are likely invalid. Courts regularly find that staying proceedings on patent claims that are subject to an instituted *inter-partes* review will simplify the scope of the case. *Williamson*, 2015 WL 10890658, at *1; *Evolutionary Intelligence LLC v. Yelp Inc.*, No. C–13–03587 DMR, 2013 WL 6672451, at *6 (N.D. Cal. Dec. 18, 2013) ("Should the PTAB cancel or narrow any of the asserted claims of the Asserted Patents, the scope of this litigation may be significantly simplified."); *see also Core Optical Techs., LLC v. Fujitsu Network Inc.*, No. SAC-V1600437-AGJ-PRX, 2016 WL 7507760, at *2 (C.D. Cal. Sept. 12, 2016); ("If the PTAB cancels or narrows a portion of the asserted claims the scope of this litigation may be significantly reduced."). They do so even if the result is just a partial stay, allowing claims unaffected by the *inter partes* review to go on. *Delphix Corp.*, 2014 WL 6068407, at *4; *Hewlett-Packard*, 2015 WL 5935368, at *3. And the rationale for stay is an especially "strong factor" where the PTAB instituted on "a majority of the total claims" of a patent. *Williamson*, 2015 WL 10890658,

at * 3.  Here, the PTAB has instituted review on not just a majority, but on *all* asserted claims for the '588 Patent, making the case for a stay even stronger.  *Id.*

### B. The time remaining for expert discovery, dispositive motions, and trial weigh in favor of granting the partial stay.

The second factor likewise favors a stay, given (1) the significant expert discovery and case activities remaining, and (2) *inter partes* review institution and Samsung's narrowing occurred less than a week ago.  Fact discovery formally closed on March 9 but the parties have continued to take depositions through March 21, 2018.  Expert discovery has just begun.  A substantial amount of work must still be done by the parties and the Court, including expert discovery, the construction of additional claim terms as necessary, and the submission and resolution of dispositive motions.  Courts have stayed patent infringement claims in cases at similar stages, often staying cases even more advanced than this one.  *Personal Web Techs., LLC v. Facebook, Inc.*, No. 5:13-CV-01356-EJD, 2014 WL 116340, at *3 (N.D. Cal. Jan. 13, 2014) (staying case near close of fact discovery where expert reports, summary judgment, and trial laid ahead); *SSL Servs., LLC v. Cisco Sys., Inc*, No. 2:15-CV-433-JRG-RSP, 2016 WL 3523871, at *3 (E.D. Tex. June 28, 2016) (granting motion to stay during expert discovery); *see NetJumper Software, LLC v. Google, Inc.*, No. 04–70366, 2008 WL 2761022, at *1–3 (E.D. Mich. July 15, 2008) (granting a stay when motion was filed less than two months before trial and after the defendant had already lost a motion for summary judgment); *eSoft, Inc. v. Blue Coat Sys., Inc.*, 505 F. Supp. 2d 784, 788 (D. Colo. 2007) (granting a motion to stay "at or near completion" of discovery).  Nor should the December 2018 trial date preclude a stay, as it makes no sense to litigate a patent through trial when it is very likely to be invalidated or narrowed.  Given the runway remaining in this case, the second factor weighs in favor of a stay.

### C. There is no prejudice to Samsung because it still may elect five patents for the FRAND trial.

The third factor, prejudice to Samsung, also weighs in favor of granting the stay.  This case is fundamentally a FRAND dispute concerning agreements to license hundreds or thousands of standard essential patents, and resolving any single infringement claim is much less consequential than in a typical infringement case.  Staying the '588 Patent claims is unlikely to have any actual

effect on resolving the core FRAND dispute—aside from further streamlining the case. Samsung also suffers no prejudice because it will have the opportunity to go forward with its five remaining elected patents. Under Judge Orrick's case-narrowing order, Samsung will be required to drop one of its six elected patents at the close of expert discovery, to get down to a total number of no more than five patents and five claims for trial. Without the '588 Patent, Samsung is still in position to go to trial on five patents not tainted with an *inter partes* review on all asserted claims, while saving the parties from the time and effort of chasing down expert discovery and dispositive motion practice on a potentially futile issue.

Any arguable prejudice to Samsung is of its own making. Samsung elected to go forward on the '588 Patent *after* the PTAB's institution decision. Samsung could have elected another patent—one not subject to *inter-partes* review on all asserted claims—but it chose not to. As a result, there is no unfair prejudice to Samsung, and this third factor weighs in favor of granting the motion to stay.

## V.   CONCLUSION

For all these reasons, the Court should stay the '588 Patent pending conclusion of the PTAB's review and any subsequent appeals.

| | |
|---|---|
| Dated: March 20, 2018 | Respectfully submitted, |
| | SIDLEY AUSTIN LLP |
| David T. Pritikin (*Pro Hac Vice*) | |
| *dpritikin@sidley.com* | */s/ Michael J. Bettinger* |
| David C. Giardina (*Pro Hac Vice*) | |
| *dgiardina@sidley.com* | Michael J. Bettinger (SBN 122196) |
| Douglas I. Lewis (*Pro Hac Vice*) | *mbettinger@sidley.com* |
| *dilewis@sidley.com* | Irene Yang (SBN 245464) |
| John W. McBride (*Pro Hac Vice*) | *irene.yang@sidley.com* |
| *jwmcbride@sidley.com* | SIDLEY AUSTIN LLP |
| SIDLEY AUSTIN LLP | 555 California Street, Suite 2000 |
| One South Dearborn | San Francisco, California 94104 |
| Chicago, Illinois 60603 | (415) 772-1200 – Telephone |
| (312) 853-7000 – Telephone | (415) 772-7400 – Facsimile |
| (312) 853-7036 – Facsimile | |
| | *Attorneys for Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., and HiSilicon Technologies Co. Ltd.* |