UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUAWEI TECHNOLOGIES, CO, LTD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO, LTD., et al., <br><br> Defendants. | Case No. 3:16-cv-02787-WHO <br><br> **ORDER GRANTING STAY OF INFRINGEMENT CLAIM FOR '588 PATENT PENDING INTER PARTES REVIEW** <br><br> Re: Dkt. No. 260, 261 |

Plaintiffs Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., and HiSilicon Technologies Co. Ltd. (collectively "Huawei") filed a motion to stay infringement claims of U.S. Patent No. 8,457,588 ("the '588 patent") on the grounds that all asserted claims of the '588 patent are under *inter partes* review before the Patent Trial and Appeal Board ("PTAB"). Mot. to Stay ("Mot.")(Dkt. No. 260).[1] Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America, Inc. (collectively, "Samsung") allege infringement of the '588 patent in its counterclaims (Am. Counterclaims ¶¶ 113–138, Dkt. No. 91), and selected claims 6, 7, 8, and 9 of the '588 patent (Samsung's Case Narrowing St., Dkt. No. 256) as part of the case narrowing required by the court's scheduling orders (Order Regarding Case Management Proposals, Dkt. No. 143; Am. Civil Minute Order, Dkt. No. 207; Civil Pretrial Order, Dkt. No. 208).

On August 22, 2017, Huawei filed a timely petition for *inter partes* review before PTAB, challenging all of the claims of the '588 patent. On March 15, 2018, the PTAB determined that Huawei "has shown a reasonable likelihood that it would prevail in establishing the

---

[1] Huawei's Motion to Shorten Time is DENIED AS MOOT. Dkt. No. 261.

unpatentability of claims 1–4, 6–10, and 12 of the '588 patent." Decision, Institution of Inter Partes Review at 2 (citing 35 U.S.C. § 314(a))(Mot., Ex. A, Dkt. No. 260-1).[2] Notwithstanding this decision, the next day Samsung included the '588 patent claims in its case narrowing statement.

"Courts in this District examine three factors when determining whether to stay a patent infringement case pending review or reexamination of the patents: '(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.'" *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014)("*PersonalWeb II*"). Courts decide stay requests on a case-by-case basis. *Id*.

Each factor supports staying the '588 patent infringement claims.

First, the case is in the midst of discovery and trial is more than eight months away.[3] While the parties have completed fact discovery, "a substantial portion of the work—expert discovery, summary judgment, pre-trial preparation, and trial itself—lies ahead." *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 5:13-CV-01356-EJD, 2014 WL 116340, at *3 (N.D. Cal. Jan. 13, 2014)("*PersonalWeb I*"). The *PersonalWeb I* court found that "this case is not so far advanced that a stay would be improper." *Id*. at *4. Numerous courts have likewise granted stays at similar stages in the proceedings. *See, e.g.*, *Williamson v. Google Inc.*, No. 15-CV-00966-BLF, 2015 WL 10890658, at *2 (N.D. Cal. Oct. 8, 2015)(finding this factor weighed in favor of stay where "the parties have engaged in some discovery, [but] discovery is far from complete."); *PersonalWeb II*, 69 F. Supp. 3d at 1027 (finding this factor weighed in favor of stay where "already the parties have undertaken significant work, but the Court has not set a trial date and several costly stages of discovery remain.").

---

[2] It declined to initiate review of claims 5 and 11 of the '588 patent.

[3] Fact discovery is closed, but expert discovery has just begun. Opening expert reports are due on April 13, 2018, rebuttal expert reports are due on May 11, 2018, expert depositions must be completed by June 8, 2018, and dispositive motions must be filed by July 5, 2018. Civil Pretrial Order at 1 (Dkt. No. 208).

2

Second, staying the '588 patent infringement claims will simplify the case, especially considering PTAB has initiated review on all of the asserted claims of the '588 patent. "A stay pending reexamination is justified where 'the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue.'" *Evolutionary Intelligence, LLC v. Apple, Inc.*, No. C 13-04201 WHA, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014)(quoting *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998)). The parties and the court will save time and money going through expert discovery and dispositive motion practice with patent claims that PTAB has already determined are likely invalid. Courts routinely stay claims when the PTAB has instituted *inter partes* review. *See, e.g.*, *Evolutionary*, 2014 WL 93954, at *3 (N.D. Cal. Jan. 9, 2014)(finding that "[t]his action may benefit from the PTAB's decision" and "[t]here is also little benefit to be gained from having two forums review the validity of the same claims at the same time.").

Finally, there is no undue prejudice to Samsung in light of ongoing process to narrow and focus the claims in this matter. I have appointed Chief Magistrate Judge Joseph C. Spero to work with the parties in this regard and leave to him to determine whether any adjustments should be made in light this Order.

Huawei's motion to stay the '588 infringement claims pending IPR is GRANTED.

**IT IS SO ORDERED.**

Dated: March 26, 2018

William H. Orrick
United States District Judge