UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUAWEI TECHNOLOGIES, CO, LTD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO, LTD., et al.,<br><br>Defendants. | Case No. 3:16-cv-02787-WHO<br><br>**ORDER TO FILE SUPPLEMENTAL DECLARATIONS IN SUPPORT OF SEALING BRIEFS AND EXHIBITS ASSOCIATED WITH SAMSUNG'S MOTION TO ENJOIN**<br><br>Re: Dkt. No. 234, 240, 244 |

Samsung filed an administrative motion to file under seal portions of its motion to enjoin Huawei from enforcing the injunction issued by the Intermediate People's Court of Shenzhen "Shenzhen Court"), and exhibits thereto (Dkt. No. 234). It relies on the declaration of Cole Malmberg in support. Malmberg Decl. (Dkt. No. 234-1). Samsung indicates that some of the information it seeks to seal concerns its business operations in China and around the world, which it considers highly confidential and does not disclose. *Id*. ¶ 4. It attests that disclosure of this information would harm its competitive standing. *Id*. It also filed an administrative motion to seal portions of its reply (Dkt. No. 244), and attached the declaration of Mark Gray in support (Dkt. No. 244-1).

Huawei filed an administrative motion to file under seal portions of its opposition to Samsung's motion, and exhibits thereto (Dkt. No. 240). It submits the declaration of Xiaowu Zhang in support. Zhang Decl. (Dkt. No. 240-1).

Both parties seek to seal information concerning the licensing negotiations between them, which is protected by a non-disclosure agreement. Malmberg Decl. ¶¶ 4, 8–10 ; Zhang Decl. ¶¶ 5, 7; Gray Decl. ¶ 5. They indicate disclosure of this information would harm each party's competitive standing by giving competitors insight into each party's licensing positions and

practices, providing an unfair competitive advantage. Malmberg Decl. ¶ 4; Zhang Decl. ¶¶ 5, 7.

Both parties also seek to seal material contained in or referencing the opinion issued by the Shenzhen Court concerning Huawei's Chinese patents and the parties' FRAND obligations because that opinion is subject to "a claim of confidentiality" by the Shenzhen Court.[1] Malmberg Decl. ¶¶ 4, 11; Zhang Decl. ¶¶ 5–6; Gray Decl. ¶ 4.

Federal courts recognize "a strong presumption in favor of access to court records … based on the need for [the] courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016)(citation omitted). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). It must support compelling reasons with "specific factual findings." *Id*. (quoting another source). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court[,]'" and includes "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097.

The Ninth Circuit has "carved out an exception," *Folz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003), "for sealed materials attached to a discovery motion unrelated to the merits of a case[.]" *Ctr. for Auto Safety*, 809 F.3d at 1097. "Under this exception, a party need only satisfy the less exacting 'good cause' standard." *Id*. In *Center for Auto Safety*, the Ninth Circuit rejected the "mechanical classifications" of "dispositive" and "nondispositive" when determining whether a party must articulate "compelling reasons" over the "less exacting 'good cause' standard" for sealing documents submitted and considered with respect to a motion for preliminary injunction. *See id.* at 1097–1101. "Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case." *Id*. The *Center for Auto Safety* court "conclude[d] that plaintiffs' motion for preliminary injunction [was] more than tangentially

---

[1] Huawei indicates that the Shenzhen Court has not yet issued a public redacted version of the opinion, but will do so. Zhang Decl. ¶ 5 n.1.

2

related to the merits." *Id*. at 1102.

As in *Center for Auto Safety*, Samsung's antisuit injunction motion is a motion for preliminary injunction "more than tangentially related to the merits." Determination of the motion depends in part on whether "the parties and the issues are the same in both the domestic and foreign actions, and whether or not the first action is dispositive of the action to be enjoined." *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 881 (9th Cir. 2012). The parties must, therefore, satisfy the "compelling reasons" standard.

Both parties, however, have inappropriately relied on the "good cause" standard in their requests for sealing. *See* Samsung's Admin. Mot. to Seal at 2 (Dkt. No. 234); Huawei's Admin. Mot. at 3 (Dkt. No. 240); Samsung's Admin. Mot. to Seal at 1 (Dkt. No. 244). Nonetheless, some of their justifications satisfy the more stringent "compelling reasons" standard. For this reason, I intend to grant Samsung's request to seal information concerning its business operations,[2] and both parties' requests to seal information regarding their license negotiations as that information discloses "sources of business information that might harm a litigant's competitive standing." *See Ctr. for Auto Safety*, 809 F.3d at 1097.

With respect to the information regarding the Shenzen Court's opinion, the parties have not demonstrated compelling justifications for sealing that information. The opinion is under a "claim of confidentiality" of the Shenzhen Court, at least pending its disclosure of a redacted version, but that does not meet the compelling justification standard here. *See* Malmberg Decl. ¶¶ 4, 11; Zhang Decl. ¶¶ 5–6; Gray Decl. ¶ 4. By April 4, 2018, the parties must file supplemental declarations offering specific facts why the Shenzhen Court's opinion and reference to information contained in that opinion should be sealed. The parties must show that disclosure of the information about and contained in the Shenzhen Court's opinion could cause a party significant competitive harm.

---

[2] In support of its motion to enjoin Huawei, Samsung submitted the declaration of Tony Wang, an Executive Vice President at Samsung, and it seeks to seal this entire document. Samsung's Admin. Mot. at 1; Malmberg Decl. ¶ 7. But this request is not narrowly tailored in accordance with the local rules. Civil. L. R. 79-5(b). It should resubmit a properly redacted version of this declaration.

3

I recognize that by seeking to file the Shenzhen Court's opinion and references to the information contained in that opinion in their pleadings under seal, the parties were likely attempting to comply with the "claim of confidentiality" asserted by the Shenzhen Court. However, for purpose of ruling on this motion, I assume the Shenzhen Court's confidentiality concerns are based on protecting the sensitive business information *of the parties*. If there are governmental or court interests, separate from the parties' business interests, that motivated the Shenzhen Court's claim of confidentiality, the parties may explain that in their supplemental declarations in support of sealing.

**IT IS SO ORDERED.**

Dated: March 28, 2018



William H. Orrick
United States District Judge