Michael J. Bettinger (SBN 122196)
*mbettinger@sidley.com*
Irene Yang (SBN 245464)
*irene.yang@sidley.com*
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
(415) 772-1200 – Telephone
(415) 772-7400 – Facsimile

David T. Pritikin (*Pro Hac Vice*)
*dpritikin@sidley.com*
David C. Giardina (*Pro Hac Vice*)
*dgiardina@sidley.com*
Douglas I. Lewis (*Pro Hac Vice*)
*dilewis@sidley.com*
John W. McBride (*Pro Hac Vice*)
*jwmcbride@sidley.com*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000 – Telephone
(312) 853-7036 – Facsimile

*Attorneys for Huawei Technologies Co., Ltd.,
Huawei Device USA, Inc., Huawei Technologies
USA, Inc., and HiSilicon Technologies Co. Ltd.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., and HUAWEI TECHNOLOGIES USA, INC.,<br><br>Plaintiffs / Counterclaim-Defendants,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants / Counterclaim-Plaintiffs,<br><br>and<br><br>SAMSUNG RESEARCH AMERICA,<br><br>Defendant,<br>v.<br><br>HISILICON TECHNOLOGIES CO., LTD.,<br><br>Counterclaim-Defendant. | Case No. 16-cv-02787-WHO<br><br>**HUAWEI'S NOTICE OF MOTION AND FRCP 59(e) MOTION TO ALTER OR AMEND THE COURT'S APRIL 13, 2018 ORDER GRANTING SAMSUNG'S MOTION FOR ANTISUIT INJUNCTION, OR, IN THE ALTERNATIVE, L.R. 7-9 MOTION FOR LEAVE TO FILE SAME**<br><br>Hearing Date: June 6, 2018<br>Time: 2:00 P.M. Courtroom 2, 17th Floor<br>Judge: Hon. William H. Orrick |

**TABLE OF CONTENTS**

I.  INTRODUCTION ..........................................................................................................1

II. APPLICABLE LAW .....................................................................................................2

III. ARGUMENT .................................................................................................................3

    A.    The Order Rests on a Manifest Factual Error Concerning the Relationship Between this Case and the Shenzhen Actions. ...................................................3

        1.    Any Overlapping Issue Comes from Samsung's August 2016 Counterclaims, Not From Huawei's May 2016 Complaint. .......................3

        2.    The Shenzhen Actions Were Filed Months Before Samsung's August 2016 Counterclaims. ................................................................................4

        3.    The Order's Factual Error Magnifies an Intolerable Impact on Comity. ....5

    B.    The Order Rests on a Manifest Legal Error Because it Fails to Apply the Supreme Court's Winter Test for Preliminary Injunctions. ....................................6

IV. CONCLUSION ..............................................................................................................8

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Alliance for the Wild Rockies v. Pena*,
   865 F.3d 1211 (9th Cir. 2017) ........................................................................................................7

*Allstate Ins. Co. v. Herron*,
   634 F.3d 1101 (9th Cir. 2011) ........................................................................................................2

*E. & J. Gallo Winery v. Andina Licores S.A.*,
   446 F.3d 984 (9th Cir. 2006) ..................................................................................................6, 7, 8

*Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*,
   335 F.3d 357 (5th Cir. 2003) ..........................................................................................................7

*Laker Airways Ltd. v. Sabena, Belgian World Airlines*,
   731 F.2d 909 (D.C. Cir. 1984) ........................................................................................................5

*Microsoft Corp. v. Motorola, Inc.*,
   696 F.3d 872 (9th Cir. 2012) ..................................................................................................5, 7, 8

*Thomas v. County of Sonoma*,
   No. 17-cv-00245-LB, 2017 WL 2500886 (N.D. Cal. June 9, 2017) ..............................................1

*Winter v. Nat. Res. Def. Council, Inc.*,
   555 U.S. 7 (2008) ...............................................................................................................2, 6, 7, 8

*Zhang v. Safeco Ins. Co. of Am., Inc.*,
   No. C 12-1430 CW, 2013 WL 6058307 (N.D. Cal. Nov. 14, 2013) ..............................................1

**Statutes**

28 U.S.C. § 1292(a)(1) ..........................................................................................................................2

**Rules**

Fed. R. App. P. 4(a) ..............................................................................................................................1

Fed. R. Civ. P. 54(a) .............................................................................................................................2

Fed. R. Civ. P. 59(e) ....................................................................................................................1, 2, 8

L.R. 7-9 .............................................................................................................................................1, 2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 6, 2018 at 2:00 P.M., or as soon thereafter as convenient for the Court, at the United States Courthouse for the Northern District of California, San Francisco, California, Plaintiffs Huawei Technologies Co., Ltd., Huawei Device USA, Inc. and Huawei Technologies USA, Inc. (collectively, "Huawei") shall and hereby do move pursuant to Federal Rule of Civil Procedure 59(e) for this Court to Alter or Amend its Order Granting Samsung's Antisuit Injunction (Dkt. No. 281, the "Order"). In the alternative, Huawei moves pursuant to L.R. 7-9(a), (b)(3) for leave to file a motion for reconsideration of the Order.[1]

This motion is supported by the Memorandum of Points and Authorities in Support of the Motion and related exhibits filed concurrently, and any evidence or argument that is presented to the Court before or at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Court's Order granting Samsung's motion for an anti-suit injunction rests on factual and legal errors that this Court should correct. Under a correct view of the facts and law, Samsung's motion should be denied.

First, the Order fails to recognize that the only potential overlap between this case and the infringement cases Huawei filed in the Intermediate People's Court of Shenzhen (the "Shenzhen Actions") arises from Samsung's counterclaims—not Huawei's complaint. That matters, because

---

[1] By granting a preliminary injunction, the Order is an appealable order, and Huawei's time to file a notice of appeal runs from its entry on April 13, 2018. *See* Fed. R. App. P. 4(a)(1)(A). With the filing of a motion under Fed. R. Civ. P. 59(e), Huawei's time to file a notice of appeal (if necessary) will run from the entry of an order resolving that motion. *See* Fed. R. App. P. 4(a)(4)(iv). A motion pursuant to L.R. 7-9 alone would not delay Huawei's time to appeal, *see* Fed. R. App. P. 4(a)(4), and Huawei may be required to file a notice of appeal before the Court has had the chance to consider and rule on the issues presented herein. This District's practices concerning this situation are not entirely uniform. *Compare Zhang v. Safeco Ins. Co. of Am., Inc.*, No. C 12-1430 CW, 2013 WL 6058307, at *2 (N.D. Cal. Nov. 14, 2013) (denying L.R. 7-9 motion but reaching merits of independently-filed motion seeking relief under Fed. R. Civ. P. 59(e) and 60(b)) *with Thomas v. County of Sonoma*, No. 17-cv-00245-LB, 2017 WL 2500886, at *2 (N.D. Cal. June 9, 2017) (L.R. 7-9 applies to motions for reconsideration under Fed. R. Civ. P. 59(e)). Accordingly, in order to preserve its right to appeal the Order while presenting these issues to this Court in the first instance, Huawei respectfully moves for relief pursuant to Fed. R. Civ. P 59(e), and in the alternative for reconsideration under L.R. 7-9(b)(3). Huawei has shown diligence by seeking relief one week following entry of the Order. L.R. 7-9(b).

1  Samsung's counterclaims were filed in August 2016, months after Huawei filed the Shenzhen
2  Actions in May 2016. Thus, although Huawei's *complaints* in the two cases were filed
3  simultaneously, the relevant pleading in this case—Samsung's *counterclaim*—in fact makes this the
4  second-filed case for purposes of Samsung's motion and the Court's Order. Under Ninth Circuit
5  law, the timing of the relevant domestic and foreign filings is crucial, and when the facts with regard
6  to timing are properly considered, the entire basis for Samsung's argument, and the Order's
7  conclusion, that the question whether Huawei is entitled to injunctions on its standard-essential
8  patents must be resolved by this Court ahead of all others, evaporates. This manifest error of fact
9  resulted in the Order improperly treating the Shenzhen Actions as a nullity, compounding a grave
10 offense to comity.

11 Second, the Order rests on a manifest error of law by granting Samsung's motion for a
12 preliminary injunction where Samsung failed even to argue that the Supreme Court's four-factor test
13 for preliminary injunctions is satisfied. That test must be satisfied whenever preliminary injunctive
14 relief, of any kind, is at issue. The Order's conclusion that it "need not analyze the traditional
15 *Winter* factors for obtaining a preliminary injunction," Order at 8, is contrary to Supreme Court law.

16 Accordingly, Huawei respectfully requests that this Court, pursuant to Fed. R. Civ. P. 59(e),
17 alter or amend the Order to deny Samsung's motion for an anti-suit injunction.

18 **II.   APPLICABLE LAW**

19 Relief under Fed. R. Civ. P. 59(e) is warranted where necessary to correct manifest errors of
20 law or fact that form the basis for a judgment.[2] *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th
21 Cir. 2011). Rule 59(e) relief is warranted here. In the alternative, errors of fact or law also provide
22 the basis for a motion for reconsideration pursuant to L.R. 7-9(b)(3).

---

[2] The Order grants an injunction and is therefore an appealable order. *See* 28 U.S.C. § 1292(a)(1). Accordingly, the Order is a "judgment" because it is "any order from which an appeal lies." Fed. R. Civ. P. 54(a). Rule 59(e) provides for motions "to alter or amend" a judgment.

## III. ARGUMENT

### A. The Order Rests on a Manifest Factual Error Concerning the Relationship Between this Case and the Shenzhen Actions.

The Court found that "[b]oth parties have presented me with a breach of contract claim based on the other's alleged failure to abide by its commitments to ETSI," and that "the availability of injunctive relief for each party's SEPs depends on the breach of contract claims." Order at 13. That accurately describes the parties' claims, but it ignores how those claims relate to Samsung's request for an anti-suit injunction and the differences in when the claims were filed. That error undermines three of the Order's findings: (1) that this case would "dispose of" the Shenzhen Actions; (2) that one *Unterweser* factor is satisfied; and (3) that the anti-suit injunction would not offend comity.

#### 1. Any Overlapping Issue Comes from Samsung's August 2016 Counterclaims, Not From Huawei's May 2016 Complaint.

As the Order recognizes, Samsung's counterclaims include a request for "an order enjoining Huawei from pursuing injunctive relief for infringement of patents, including those asserted here and in the parallel Chinese actions." Order at 4 n.4 (quotation marks omitted). Accordingly, as the Order notes, "the availability of injunctive relief … depends on" Samsung's counterclaims, Order at 13—it does not depend on Huawei's claims.

But in finding that this case could "dispose of" the Shenzhen Actions, the Order confused Samsung's counterclaim with Huawei's claims:

> The appropriate remedy for *Huawei's breach of contract claim* may very well be the injunctive relief issued by the Shenzhen court. But I must have the opportunity to adjudicate that claim without Samsung facing the threat of the Shenzhen court injunctions.

Order at 15 (emphasis added). That is incorrect. Huawei's breach of contract claim would at most bar Samsung from obtaining injunctive relief on Samsung's patents. It would not entitle Huawei to injunctive relief on its patents and certainly would not impact injunctive relief barring Samsung's continued infringement of Huawei's Chinese patents. That is relief Huawei sought (and could only seek) by filing infringement suits in China.

Huawei's declaratory judgment claim in this case seeking a determination of the FRAND terms of a cross-license to the parties' 3G and 4G SEPs, which Samsung maintains the Court is

powerless to resolve, likewise does not implicate the availability of injunctive relief for Samsung's infringement of Huawei's SEPs. In any event, there is now even less overlap between this action and the issues litigated in China. On April 16, 2018, consistent with prior representations, including those made at the hearing on Samsung's motion (*see* Dkt. No. 240 at 9 n.10; Dkt. No. 254, 3/14/2018 Hearing Tr. at 14:25-15:4, 15:10-14), Huawei confirmed by letter to Samsung that it will ask this Court for a declaration of the FRAND terms for a cross-license of only the parties' *United States* 3G and 4G SEPs. *See* Ex. B (4/16/2018 Letter from D. Giardina to T. Pease).

**2. The Shenzhen Actions Were Filed Months Before Samsung's August 2016 Counterclaims.**

It is only Samsung's counterclaim that seeks injunctive relief with respect to enforcement of Huawei's patents, and that counterclaim was filed well after Huawei's infringement suits in China. Huawei filed this case and the Shenzhen Actions on May 24 and May 25, 2016. Order at 3-4. As the Order recognizes, and as Samsung already acknowledged, the different dates reflect the time difference between the United States and China, so the actions were simultaneous. *See* Order at 4 n.5. Samsung's *counterclaims* were filed much later, on August 22, 2016. (*See* Dkt. No. 41-3 at 87-120 (Counts XII and XIII).) The question whether Huawei could and should be barred from pursuing injunctive relief anywhere in the world (including China) arose only from Samsung's August 2016 counterclaims. *See* Ex. A (Huawei's 3/14/2018 Hearing Presentation at 3).[3] Huawei's complaint did *not* place that question before the Court.

That means that the question this Court found it must have the ability to determine "in the first instance" under *Unterweser*, Order at 17—the propriety of injunctive relief for Samsung's infringement of Huawei's Chinese patents—was in fact first presented in the Shenzhen Actions in May 2016, months before Samsung's counterclaim raised it in this proceeding in August 2016. As the Order recognizes, Samsung had a "full opportunit[y] to present [its] evidence and argument" to the Shenzhen Court. Order at 4. And the Shenzhen Court resolved the question of Huawei's

---

[3] In fact, Samsung's counterclaims came a month after Samsung sued Huawei in China, seeking injunctions for alleged infringement of Samsung's Chinese SEPs—exactly the same conduct it asked this Court to enjoin. *See* Ex. A at 3.

entitlement to an injunction on its Chinese SEPs by examining the parties' licensing conduct and finding that Huawei had "complied with FRAND principles."[4] Order at 5. Samsung's later-filed August 2016 counterclaims cannot cut off the Shenzhen Court's right to adjudicate the dispute properly placed before it in May 2016. *See Laker Airways Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 927 (D.C. Cir. 1984) ("The mere filing of a suit in one forum does not cut off the preexisting right of an independent forum to regulate matters subject to its prescriptive jurisdiction.").

### 3. The Order's Factual Error Magnifies an Intolerable Impact on Comity.

The Order also errs in finding a tolerable impact on comity because "this action preceded the Chinese actions—if only by one day." Order at 20. Again, that factual predicate is incorrect (and not only because Huawei's case here and the Shenzhen Actions were simultaneous). The only potential overlap with the Shenzhen Actions comes from Samsung's counterclaims, filed three months *after* the Shenzhen Actions. Consideration of the "order in which the domestic and foreign suits were filed," *see Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 887 (9th Cir. 2012) ("*Microsoft II*"), weighs heavily against an anti-suit injunction because Samsung's counterclaims did not "precede[ ] the Chinese actions"—they came months later.

Correction of this error is critical because the Order's potential impact on comity is especially grave. The Shenzhen Court had every right to resolve the dispute Huawei properly placed before it beginning in May 2016. The Order acknowledges that the Shenzhen Court investigated whether Huawei was entitled to an injunction on its Chinese SEPs by examining each party's compliance with FRAND obligations, and that Samsung had a full opportunity to present its own evidence and argument. Order at 4-5. Yet the Order maintains that this Court is entitled to resolve that dispute instead, "in the first instance," Order at 17, by treating Samsung's counterclaims as if they were filed one day before the Shenzhen Actions, when in fact they were filed three months later.

---

[4] In addition to finding that Huawei had complied with FRAND, the Shenzhen Court found that Samsung's misconduct (including its improper delay of negotiations during court-ordered mediation) frustrated Huawei's efforts to resolve the parties' licensing dispute by negotiation, arbitration or other methods, and concluded that an injunction was thus warranted. (Dkt. 234, Ex. 36 at 209.)

Viewed in light of how this case actually unfolded, the Order endorses Samsung's tactic of raising counterclaims in this Court months after Huawei filed suit in China, and using those later-filed claims to evade the outcome of the Shenzhen Actions. The Order preempts fairly and fully adjudicated relief awarded to Huawei by a competent court. The Order harms Huawei by depriving it of its legitimate rights, and by providing Samsung with further means to delay or deny reasonable compensation for its use of Huawei's SEPs. As explained above, Samsung's later-filed counterclaim cannot justify this Court's effective overruling of the Shenzhen Court's decision. And the Order does not provide any other reason why this Court should set aside the Shenzhen Decision in order to resolve the propriety of injunctive relief on Huawei's Chinese patents itself. Unfortunately, counsel for Samsung attempted to inject illegitimate reasons for this Court to grant its motion and block the outcome of the Shenzhen Actions:

> The Chinese court system, as Your Honor I'm sure knows, is antithetical to the United States judicial system. It's an inquisitorial judicial system where the judge is -- *sua sponte* will ask for witnesses, ask for things, be the investigator. And there's no due process requirements like they are in this country. . . . We have a right to a jury trial in this country. We have a right to have counsel present at all times in this country, which was not the case in the Chinese action. So there's -- the notion that there's a full and fair FRAND determination is factually incorrect.

(Dkt. No. 254, 3/14/2018 Hearing Tr. at 20:1-16.) That troubling record, coupled with the Order's factual error, sends a signal that U.S. courts may simply refuse to recognize the outcomes of full and fair proceedings in Chinese courts. Even if the outcome of the Shenzhen Actions ultimately affects this Court's ability to adjudicate the propriety of injunctive relief raised by Samsung's counterclaim, that would only reflect the fact that the Shenzhen court has already decided that precise question, in a suit filed months before Samsung's counterclaim here.

**B.   The Order Rests on a Manifest Legal Error Because it Fails to Apply the Supreme Court's *Winter* Test for Preliminary Injunctions.**

In granting Samsung's motion, the Order looks solely at the *Gallo* test, holding that the Court "need not analyze the traditional *Winter* factors for obtaining a preliminary injunction." Order at 8. That is a manifest error of law, because the *Winter* test applies to every case in which injunctive relief is sought. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

An anti-suit injunction is a form of preliminary injunction. *See E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006); *Microsoft II*, 696 F.3d at 883-84 (reviewing a "preliminary injunction [that] is also a foreign anti-suit injunction"). *See also Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,* 335 F.3d 357, 364 (5th Cir. 2003) ("a foreign antisuit injunction [is] a particular subspecies of preliminary injunction"). The Supreme Court has held that

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Winter*, 555 U.S. at 20. *See Alliance for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017).[5] In *Winter*, the Supreme Court emphasized that these factors must be analyzed in every case. Specifically, the Court held that "*[i]n each case*, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." 555 U.S. at 24 (emphasis added and quotation marks omitted); *see also id.* at 32 ("the balance of equities and consideration of the public interest [ ] are pertinent in assessing the propriety of *any injunctive relief*") (emphasis added). The Supreme Court emphasized that courts "should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id.* at 24. And the Court criticized the district court for addressing the balance of equities and the public interest "in only a cursory fashion," such that the district court's "discretion was barely exercised." *Id.* at 26-27.

In *Microsoft II*, the Ninth Circuit supplemented the *Winter* standard for cases involving anti-suit injunctions: "[W]hen a preliminary injunction is also a foreign anti-suit injunction, the likelihood-of-success aspect of the traditional preliminary injunction test is replaced by the *Gallo* test." 696 F.3d at 883-84. The Ninth Circuit did *not* hold that the *Gallo* test replaces the *Winter* factors in the context of anti-suit injunctions, but only that *Gallo* can serve as a proxy for one prong of the *Winter* test—likelihood-of-success—in such cases. The fact that the Ninth Circuit in

---

[5] Alternatively, a preliminary injunction may still issue where the plaintiff makes a lesser showing of likelihood of success on the merits if the balance of hardships factor "tips sharply in the plaintiff's favor," and the other *Winter* factors are satisfied. *Alliance for the Wild Rockies*, 865 F.3d at 1217.

*Microsoft* did not discuss the other *Winter* factors in detail is not a holding that they can be ignored, and as this Court recognized, the district court in *Microsoft* addressed the complete set of *Winter* factors. Order at 7. To read the Ninth Circuit's holding that this decision by the district court was not an abuse of discretion as a holding that *Gallo* replaces the entire *Winter* test, as Samsung urged, cannot be reconciled with the Ninth Circuit's actual decision, and would be directly contrary to *Winter* itself.

Based on its misstatement of the law, Samsung did not even attempt in its motion to satisfy the *Winter* factors. Samsung failed to argue (much less establish) that it would be irreparably harmed, or that the balance of equities and the public interest favored the extraordinary remedy of a preliminary injunction. (*See* Dkt. Nos. 234-235.) Even in its reply brief, Samsung addressed the other *Winter* factors only in a footnote, with a single conclusory sentence devoted to each. (Dkt. No. 244-3 at 4 n.3.) That cursory analysis could not support a finding under any of those *Winter* factors, and Samsung failed to respond to any of the *Winter* arguments Huawei advanced in its opposition. (*See* Dkt. No. 240 at 23-25.) In particular, it is not correct that Samsung faces a "risk of harm to [its] operations in China," Order at 1-2, because Samsung can avoid any possibility of an injunction by agreeing to a FRAND determination by a neutral third party. (*See* Dkt. 240-3 at 21; Dkt. 254 at 12:3-7).[6] Huawei therefore respectfully requests that the Court, pursuant to Fed. R. Civ. P. 59(e), modify the Order to deny Samsung's motion.

## IV. CONCLUSION

For all of the foregoing reasons, Huawei respectfully requests that this Court alter and/or amend the Order under Fed. R. Civ. P. 59(e) to deny Samsung's motion for an anti-suit injunction.

---

[6] For the same reason, the statement in the Order that the "Chinese injunctions would likely force [Samsung] to accept Huawei's licensing terms," Order at 17, is also incorrect. Samsung could accept Huawei's offer (which the Shenzhen Court determined was consistent with FRAND) or it could agree to a neutral, third-party FRAND determination.

Dated: April 20, 2018

Respectfully submitted,

SIDLEY AUSTIN LLP

*/s/ Michael J. Bettinger*
Michael J. Bettinger (SBN 122196)
*mbettinger@sidley.com*
Irene Yang (SBN 245464)
*irene.yang@sidley.com*
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California  94104
(415) 772-1200 – Telephone
(415) 772-7400 – Facsimile

David T. Pritikin (*Pro Hac Vice*)
*dpritikin@sidley.com*
David C. Giardina (*Pro Hac Vice*)
*dgiardina@sidley.com*
Douglas I. Lewis (*Pro Hac Vice*)
*dilewis@sidley.com*
John W. McBride (*Pro Hac Vice*)
*jwmcbride@sidley.com*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois  60603
(312) 853-7000 – Telephone
(312) 853-7036 – Facsimile

*Attorneys for Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., and HiSilicon Technologies Co. Ltd.*