QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and
Samsung Research America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD. & SAMSUNG ELECTRONICS AMERICA, INC.<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., HUAWEI TECHNOLOGIES USA, INC., & HISILICON TECHNOLOGIES CO., LTD.<br><br>Counterclaim-Defendants. | CASE NO. 16-cv-02787-WHO<br><br>**SAMSUNG'S OPPOSITION TO HUAWEI'S MOTION AND FRCP 59(e) MOTION TO ALTER OR AMEND THE COURT'S APRIL 13, 2018 ORDER GRANTING SAMSUNG'S MOTION FOR ANTISUIT INJUNCTION, OR, IN THE ALTERNATIVE, L.R. 7-9 MOTION FOR LEAVE TO FILE SAME**<br><br>**Hearing Date: June 6, 2018**<br>**Time: 2:00 p.m.**<br>**Place: Courtroom 2, 17th Floor**<br>**Judge: Hon. William H. Orrick** |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................1

II. APPLICABLE LAW ...........................................................................................................3

III. HUAWEI'S MOTION SHOULD BE DENIED BECAUSE ITS PURPORTED "FACTUAL ERROR"—THAT ITS FRAND CONDUCT WAS NOT AT ISSUE UNTIL SAMSUNG FILED ITS COUNTERCLAIMS—IS INCORRECT .........................4

IV. HUAWEI'S MOTION SHOULD BE DENIED BECAUSE HUAWEI COULD HAVE, BUT FAILED TO, RAISE ITS NEW COUNTERCLAIM TIMING ARGUMENT PRIOR TO THE COURT'S ORDER GRANTING INJUNCTIVE RELIEF ................................................................................................................................7

V. HUAWEI'S MOTION SHOULD BE DENIED BECAUSE THE TIMING OF SAMSUNG'S COUNTERCLAIMS IS IMMATERIAL TO THE COURT'S *GALLO* ANALYSIS ............................................................................................................8

    A. Huawei Fails To Identify Any Impact On the Court's "Identity of Issues" Analysis .....................................................................................................8

    B. Huawei Fails To Identify Any Impact On the Court's *Unterweser* Analysis ............8

    C. Huawei Fails To Identify Any Impact On the Court's Comity Analysis .................10

VI. HUAWEI'S PURPORTED LEGAL ERROR AMOUNTS TO NOTHING MORE THAN REPETITION OF ARGUMENTS EXPRESSLY ARGUED AND REJECTED BY THE COURT ......................................................................................11

VII. CONCLUSION .................................................................................................................12

# TABLE OF AUTHORITIES

**Page**

**Cases**

*AES P.R., L.P. v. Alstom Power, Inc.*, 429 F.Supp.2d 713 (D. Del. 2006) ..................................... 5

*Allstate Ins. Co. v. Herron*,
    634 F.3d 1101 (9th Cir. 2011) ............................................................................................ 3, 4

*Applied Med. Distribution Corp. v. Surgical Co. BV*,
    587 F.3d 909 (9th Cir. 2009) ................................................................................................. 10

*Carroll v. Nakatani*,
    342 F.3d 934 (9th Cir. 2003) ................................................................................................ 3, 7

*Garcia v. City of Napa*,
    Case No. 13-cv-3886, 2014 WL 342085 (N.D. Cal. Jan. 28, 2014) ..................................... 7

*Interior Glass Sys., Inc. v. United States*,
    Case No. 13-cv-5563, 2017 WL 1153012 (N.D. Cal. Mar. 28, 2017) .............................. 4, 7

*Kona Enters., Inc. v. Estate of Bishop*,
    229 F.3d 877 (9th Cir. 2000) ............................................................................................... 4, 7

*Laker Airways Ltd. v. Sabena, Belgian World Airlines*,
    731 F.2d 909 (D.C. Cir. 1984) ............................................................................................... 9

*Lenk v. Monolithic Power Sys., Inc.*,
    Case No. 16-cv-02625, 2018 WL 1000632 (N.D. Cal. Feb. 21, 2018) ............................ 4, 7

*MDY Indus., LLC v. Blizzard Ent., Inc.*,
    629 F.3d 928 (9th Cir. At 2010) ............................................................................................ 5

*Microsoft Corp. v. Motorola, Inc.*,
    696 F.3d 872 (9th Cir. 2012) ...................................................................................... 8, 10, 12

*Rishor v. Ferguson*,
    822 F.3d 482 (9th Cir. 2016) .................................................................................................. 4

*Stonington Partners, Inc. v. Lernout & Hauspie Speech Products N.V.*,
    310 F.3d 118 (3d Cir. 2002) ................................................................................................. 12

*Thompson v. JPMorgan Chase Bank, N.A.*,
    Case No. 16-cv-06134, 2017 WL 3059390 (N.D. Cal. July 19, 2017) ................................ 8

**Rules and Regulations**

Fed. R. Civ. P. 59(e) ........................................................................................................................ 1

Local Rule 7-9(b)(3) .................................................................................................................. 3, 4

## I. INTRODUCTION

Huawei's motion for reconsideration should be denied because its alleged "manifest factual error" is, itself, factually incorrect. The facts show definitely that Huawei put its FRAND conduct at issue when it filed its initial Complaint. Huawei identifies a single allegedly "manifest factual error": That the court failed to consider that the only "overlap" between this action and the Shenzhen injunction actions arose after Samsung filed its breach of contract counterclaims (the "counterclaim timing" argument). But the premise of this alleged "failure to consider" is itself in error. It cannot be disputed that it was Huawei's own cause of action for breach of contract (Count I) *in its May 2016 Complaint* that first put Huawei's FRAND behavior at issue.

For Huawei to prevail on its breach of contract claim, Huawei must prove that it satisfied all conditions precedent. Here, as pleaded, condition precedents of Huawei's breach of contract claim include proof that Huawei itself was willing to license Samsung to its SEPs on FRAND terms and conditions and that it negotiated in good faith in an attempt to reach agreement on a FRAND cross license for those SEPs. ETSI's IPR policy expressly provides that a party's FRAND undertaking "may be made subject to the condition that those who seek licenses agree to reciprocate." Ex. 1 (ETSI IPR Policy).[1] As a matter of course, Samsung invokes this reciprocity condition in its ETSI FRAND undertakings—as exemplified in the Samsung IPR declaration that Huawei filed as an attachment to its Complaint. *See, e.g.*, Dkt. 1 ("Compl.") Ex. 3.11 at 1 ("This undertaking is made subject to the condition that those who seek licenses agree to reciprocate the same in respect of the STANDARD in accordance with Clause 6.1 of the ETSI IPR Policy.").

Huawei knows this too. That is why Huawei's breach of FRAND claim pleads detailed allegations that:

- "Huawei has at all times been willing (and obliged under its own declarations to ETSI) to reciprocate, i.e., to grant to Defendants a license to Huawei's UMTS and LTE SEP portfolio on FRAND terms and conditions." Compl. ¶ 56; and

---

[1] "Ex." Refers to exhibits to the Declaration of Sam Stake in opposition to Huawei's FRCP 59(e) Motion To Alter or Amend the Court's April 13, 2018 Order Granting Samsung's Motion for Antisuit Injunction, or, in the alternative, L.R. 7-9 Motion for Leave to File Same.

- "For its part, Huawei . . . has negotiated in good faith with Samsung and has attempted to reach agreement on FRAND terms and conditions for a cross-license. Huawei has made an offer for a cross-license on FRAND terms and conditions. . . ." Compl. ¶58.

A determination that Huawei failed itself to comply with its FRAND obligations will be dispositive of Huawei's breach of contract cause of action. It will also be dispositive of Huawei's ability to seek injunctive relief against Samsung on its SEPs in China. Because the alleged "manifest factual error" that the Court allegedly did not consider—the counterclaim timing argument—is itself factually incorrect, Huawei's motion should be denied.

Huawei's reconsideration motion should also be denied because Huawei could have—but did not—assert its counterclaim timing argument before the Court issued its Order. The reconsideration rules under both Rule 59(e) and L.R. 7-9(b)(3) prohibit attempts to inject new arguments or legal theories that reasonably could have been raised earlier. Not once in its opposition to the underlying motion or at the hearing regarding the antisuit injunction did Huawei make its new counterclaim timing argument, or argue that the Court's *Gallo* analysis turned on a three-month gap. Because Huawei could have but failed to raise this argument, Huawei is now barred from offering it as a basis for reconsideration.

More fundamentally, Huawei's motion should be denied because nothing in it calls into question the Court's analysis of the three *Gallo* factors, which formed the basis for the Court's Order. Huawei's counterclaim timing argument does not affect the Court's conclusion that there is an identity of issues and parties between this action and the Chinese litigations. Dkt. 281 (Order Granting Samsung's Motion for Antisuit Injunction ("Order")) at 10-15. Nor does it conflict with the Court's analysis under the *Unterweser* factors. Regardless of when Samsung filed its counterclaims, Huawei is improperly using injunctive relief as a "bargaining chip" and the Shenzhen Orders threaten to compromise the ability of the Court to "reach a just result" and inhibit this Court's "ability to determine the proprietary of injunctive relief." Order at 17. Likewise, the counterclaim timing argument is irrelevant to the Court's conclusion that numerous factors minimize the Order's impact on comity. The timing of the counterclaims is not relevant to the fact that Huawei and

Samsung are engaged in a private contractual dispute unlikely to raise international issues, that the injunction only restrains Huawei, not the Shenzhen Court, and that the scope of the antisuit injunction is limited because this action will likely proceed to trial in six months.  Order at 19-20.

As for Huawei's argument that the Court committed a manifest legal error, that too fails.  Huawei made the exact same argument in its briefing, and the Court already considered and rejected it.  Huawei's reconsideration motion simply parrots the legal argument it previously made in its opposition brief, namely that "Samsung must also establish the other, traditional elements of a preliminary injunction."  Dkt. 240-3 (Huawei's Br. in Opp. to Samsung's Mot. for Antisuit Injunction ("Antisuit Opp Br.")) at 13.  Samsung explained in its reply brief why this is not so, pointing to the Ninth Circuit's analysis in *Microsoft* confirming that the three-part *Gallo* test is the exclusive test for assessing the propriety of an antisuit injunction.  Dkt. 244-2 (Samsung's Reply Br. in Supp. of Samsung's Mot. for Antisuit Injunction) at 4.  The Court properly reached the same conclusion.  Indeed, at the outset of the hearing on Samsung's motion, the Court indicated that it was inclined to reject this very argument, stating "[i]t does seem to me that the Gallo test applies," and after outlining its application of the three-part test, stated it was "inclined to" grant the Motion.  Dkt. 254 (Transcript of March 14, 2018 Hearing) ("Antisuit Tr.") at 3-4.  Nowhere in its argument at the hearing did counsel for Huawei challenge or even address the Court's tentative rejection of its argument that Samsung must prove the "traditional" elements of a preliminary injunction.  Having foregone an opportunity to challenge the Court's reasoning at oral argument, Huawei cannot be heard now to seek reconsideration of that very argument.

Because Huawei has failed to meet the demanding standards for reconsideration required by Rule 59(e) and L.R. 7-9(b)(3), its motion should be rejected.

## II.     APPLICABLE LAW

Huawei cites Federal Rule 59(e) ("Altering or Amending a Judgment") and Local Rule 7-9(b)(3) ("Motion for Reconsideration") as alternate grounds for relief.  Federal Rule 59(e) limits relief, in pertinent part, to "manifest errors of law or fact upon which the judgment rests."  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  The rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v.*

1  *Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citations and quotations omitted).  Local Rule
2  7-9(b)(3) similarly requires a movant seeking leave for reconsideration to demonstrate a "manifest
3  failure by the Court to consider material facts or dispositive legal arguments which were presented
4  to the Court before such interlocutory order."  Both rules require Huawei to identify factual errors
5  that, if corrected, would alter the outcome of the judgment or interlocutory order in question.  *See*
6  *Allstate Ins. Co.*, 634 F.3d at 1111 (manifest error of fact must be one "upon which the judgment
7  rests"); L.R. 7-9(b)(3) (the Court must have failed to consider "material" facts).

8        When presenting purported factual errors, Huawei is barred under both Rule 59(e) and L.R.
9  7-9 from presenting new arguments against the antisuit order that it could reasonably have raised
10 before.  *See Interior Glass Sys., Inc. v. United States*, Case No. 13-cv-5563, 2017 WL 1153012, at
11 *3 (N.D. Cal. Mar. 28, 2017) ("A Rule 59(e) motion may not be used to raise arguments or present
12 evidence for the first time when they could reasonably have been raised earlier in the litigation")
13 (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)); *Rishor v.*
14 *Ferguson*, 822 F.3d 482, 492 (9th Cir. 2016) ("We have also held that a Rule 59(e) motion may not
15 be used to 'raise arguments or present evidence for the first time when they could reasonably have
16 been raised earlier in the litigation'"); s*ee Lenk v. Monolithic Power Sys., Inc.*, Case No. 16-cv-
17 02625, 2018 WL 1000632, at *1 (N.D. Cal. Feb. 21, 2018) (explaining that "new arguments do not
18 justify a reconsideration of issues presented to the Court" under L.R. 7-9); L.R. 7-9(b)(3) ("A
19 manifest failure by the Court to consider material facts or dispositive legal arguments *which were*
20 *presented to the Court before such interlocutory order*,") (emphasis added).

21 **III.   HUAWEI'S MOTION SHOULD BE DENIED BECAUSE ITS PURPORTED "FACTUAL ERROR"—THAT ITS FRAND CONDUCT WAS NOT AT ISSUE**
22 **UNTIL SAMSUNG FILED ITS COUNTERCLAIMS—IS INCORRECT**

23       It cannot be disputed that it was Huawei's own cause of action for breach of contract, filed
24 on May 24, 2016, that first raised the dispositive issue of Huawei's FRAND conduct.  Compl. ¶¶
25 53-60.  A condition precedent of Huawei's breach of contract claim is proof that Huawei itself was
26 a willing licensee and did not itself violate FRAND.  ETSI's IP policy expressly provides that a
27 party's FRAND undertaking "may be made subject to the condition that those who seek licences
28 agree to reciprocate" Ex. 1.  Samsung invokes this reciprocity condition in its ETSI FRAND

undertakings as a matter of course—including in the Samsung IPR declaration that Huawei filed as an attachment to its Complaint. *See, e.g.*, Compl. Ex. 3.11 at 1 ("This undertaking is made subject to the condition that those who seek licences agree to reciprocate the same in respect of the STANDARD in accordance with Clause 6.1 of the ETSI IPR Policy."); Compl. Ex. 3.12 at 1 ("This irrevocable undertaking is made subject to the condition that those who seek licenses agree to reciprocate."); Compl. Ex. 3.13-3.53 at 1 (same). This means that in order for Huawei to prevail on its breach of contract claim, Compl. ¶¶ 53-60, Huawei must prove it has been a willing licensor of its own patents to Samsung and has complied with its own FRAND obligations including the duty to negotiate in good faith.[2] *See, e.g.*, Ex. 2 (Final Jury Instructions, *Apple v. Samsung* 11-CV-01846-LHK (N.D. Cal.)). Indeed, in its initial Complaint, Huawei specifically avers that it satisfied this condition. In the averments under its Cause of Action I for breach of contract, Huawei devoted several full paragraphs to arguing it satisfied its own FRAND obligations. Compl. ¶ 56 ("Huawei has at all times been willing (and obliged under its own declarations to ETSI) to **reciprocate**, i.e., to grant to Defendants a license to Huawei's UMTS and LTE SEP portfolio on FRAND terms and conditions."); ¶ 58 ("For its part, Huawei, on behalf of itself and its affiliates, including Huawei Device and Huawei Tech. USA, has **negotiated in good faith with Samsung** and attempted to reach agreement on FRAND terms and conditions for a **cross-license**.") (emphasis added). Thus, Huawei's central argument that the Court made a manifest error by failing to consider that the "overlap" between this case and Shenzhen injunction actions only occurred upon the filing of Samsung's counterclaims is fully without merit. Huawei's own conduct has been at issue since May 24, 2016, when it filed its initial Complaint.

---

[2] Both parties agree that French law governs the breach of contract claims. Compl. ¶ 30; Dkt. 91 (Samsung's Answer and A. Countercls) ¶¶ 537-546 (citing the ETSI IPR Policy). Huawei's demonstration of its own compliance with FRAND principles as part of its breach of contract claim is at least analogous to the requirement to satisfy all conditions precedent under United States contract law. *See, e.g.*, *MDY Indus., LLC v. Blizzard Ent., Inc.*, 629 F.3d 928, 939 (9th Cir. At 2010) ("A condition precedent is an act or event that must occur before a duty to perform a promise arises.") (citing *AES P.R., L.P. v. Alstom Power, Inc.*, 429 F.Supp.2d 713, 717 (D. Del. 2006) and Restatement [Second] of Contracts § 224 (non-occurrence of condition)).

Huawei points to no factual error in the Court's Order. The only portion of the Order Huawei cites in support of its claim of "manifest factual error" is the following:

> The appropriate remedy for *Huawei's breach of contract claim* may very well be the injunctive relief issued by the Shenzhen court. But I must have the opportunity to adjudicate that claim without Samsung facing the threat of the Shenzhen court injunctions.

Mot. at 3 (citing Order at 15) (emphasis in Huawei's motion). First, these two sentences cannot constitute "manifest factual error" because they are not factual findings. Rather, the first constitutes speculation by the Court as to what "[t]he appropriate remedy" "may very well be," and the second constitutes an expression of the Court's desire, or need, to "adjudicate" Huawei's claims "without Samsung facing the threat of the Shenzhen court injunctions." Order at 15.

Second, these two sentences are not taken from the Court's analysis of whether this case would be dispositive of the Shenzhen injunction request, but rather from a paragraph in which the Court addresses equitable estoppel. The Court correctly rested its identity of issues/dispositive findings on its observations, earlier in the Order, that *each party* asserts a "breach of contract claim based on the other's alleged failure to abide by its commitments to ETSI," that "the availability of injunctive relief for *each party*'s SEPs depends on the breach of contract claims," and that, as in *Microsoft*, "*[t]he contractual umbrella* over the patent claims controls." Order at 13 (emphasis added). Rather than addressing the identity of issues factor, the passage quoted by Huawei relates to the Court's conclusion—repeated throughout its Order—that the Shenzhen orders threaten to deprive the Court of the "opportunity to adjudicate" this suit *at all*. Order at 1 ("[The injunction] orders could render meaningless the proceedings here."), 17 ("The Chinese injunctions would likely force it to accept Huawei's licensing terms, before any court has an opportunity to adjudicate the parties' breach of contract claims.").

Third, the Court's statements are correct for the same reason that Huawei's counterclaim timing argument is not well taken. Again, Huawei's breach of contract claim will requires a finding that Huawei itself complied with FRAND as a condition precedent. Without that finding, injunctive relief is not an available remedy under its worldwide ETSI undertakings. On the flip side, should

1  Huawei establish it did satisfy its FRAND obligations, then, as the Court notes, injunctive relief in
2  Shenzhen may be an appropriate remedy.[3]

### IV. HUAWEI'S MOTION SHOULD BE DENIED BECAUSE HUAWEI COULD HAVE, BUT FAILED TO, RAISE ITS NEW COUNTERCLAIM TIMING ARGUMENT PRIOR TO THE COURT'S ORDER GRANTING INJUNCTIVE RELIEF

Huawei's counterclaim timing argument should also be rejected because Huawei improperly waited until now to raise it for the first time. In determining Rule 59(e) motions and motions for leave pursuant to Civ. L. R. 7-9(b), courts consistently reject parties' attempts to inject new arguments or legal theories that they reasonably could have raised earlier. *See, e.g.*, *Kona Enters*, 229 F.3d at 890; *Caroll*, 342 F.3d 934 at 945; *Lenk*, 2018 WL 1000632, at *1; *Interior Glass Sys., Inc.*, 2017 WL 1153012, at *3 (N.D. Cal. Mar. 28, 2017); *Garcia v. City of Napa*, Case No. 13-cv-3886, 2014 WL 342085, at *1 (N.D. Cal. Jan. 28, 2014). Huawei made ***no attempt*** either in its opposition to Samsung's antisuit motion or at the hearing on the motion to argue that the timing of Samsung's counterclaims warranted denying the motion. Antisuit Opp Br., *passim*; Antisuit Tr., *passim*. Nor does Huawei in its current reconsideration motion identify any reasonable excuse for omitting this argument from its brief or at the hearing. Mot., *passim*.[4] Accordingly, the Court should thus deny Huawei's request that the Court reconsider Huawei's newly presented factual arguments.

---

[3] Huawei's suggestion that it would limit its rate setting cause of action to the US is a red herring. For one, the Court's analysis of the *Gallo* factors concerned the parties' breach of contract claims—not Huawei's separate rate setting claim. The Court addressed issues concerning the rate setting claim in the context of considering estoppel. Order at 13-15. Huawei has not sought to alter the scope or description of its breach of contract claim and admitted in its latest correspondence that the breach of FRAND claims still turn on whether Samsung failed "to offer or grant a license ***worldwide*** on FRAND terms and conditions." Dkt. 285-3 (Ex. B - Letter from David Giardina to Thomas Pease) (emphasis added). Although Huawei did purport to inform Samsung by letter, sent just days before expert reports were due, that it had unilaterally decided to treat the worldwide rate setting claim that had been in the case for nearly two years as a US rate setting claim, Samsung has questioned that decision and is evaluating its options. Mot. at 4 (citing Giardina Letter); *see also* Ex. 3 (April 17, 2018 correspondence from Thomas Pease to David Giardina).

[4] Samsung objects should Huawei provide a purported explanation for the first time in its reply papers. Because the law clearly requires a party seeking reconsideration to explain why new arguments could not have reasonably been made earlier, it was incumbent upon Huawei to provide

### V. HUAWEI'S MOTION SHOULD BE DENIED BECAUSE THE TIMING OF SAMSUNG'S COUNTERCLAIMS IS IMMATERIAL TO THE COURT'S *GALLO* ANALYSIS

Even if Huawei had timely identified a factual error by the Court, the timing of Samsung's counterclaims is not one "upon which the judgment rests," and thus Huawei's motion should be denied. *See, e.g., Thompson v. JPMorgan Chase Bank, N.A.*, Case No. 16-cv-06134, 2017 WL 3059390, at *2 (N.D. Cal. July 19, 2017) (rejecting Motion for Reconsideration when the movant did not show how cited evidence would alter "any aspect of the Court's order"). As set forth below, the Court's three-part *Gallo* analysis stands ***irrespective*** of the timing of Samsung's counterclaims.

#### A. Huawei Fails To Identify Any Impact On the Court's "Identity of Issues" Analysis

The timing of Samsung's counterclaims is irrelevant to the issue of whether the "parties and the issues are the same." Order at 9. Both sides agreed the parties are the same. Order at 10. The Court further observed in its Order the issues are the same because "[b]oth parties have presented me with a breach of contract claim based on the other's alleged failure to abide by its commitments to ETSI," and "the availability of injunctive relief for each party's SEPs depends on the breach of contract claims." Order at 13. As in *Microsoft*—binding Ninth Circuit precedent—the Court concluded the parties' global breach of FRAND claims created a "contractual umbrella" over all patent claims, including the Chinese patents at issues in the injunction orders. Order at 13. None of these rationales—which are the basis for the Court's conclusion that there is an identity of issues—turn on the timing of Samsung's counterclaims.

#### B. Huawei Fails To Identify Any Impact On the Court's *Unterweser* Analysis

The alleged "manifest factual error" in timing raised by Huawei is also immaterial to the Order's *Unterweser* analysis. As recognized by the Ninth Circuit, an antisuit injunction order is appropriate when at least one of the *Unterweser* factors applies. *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 881 (9th Cir. 2012). Huawei cannot demonstrate that the timing of Samsung's

---

any such explanation in its opening papers. Having failed to do so, Huawei should not be permitted proffer an excuse for the first time on reply.

counterclaims upsets the Court's analysis of *any* (let alone all) of the *Unterweser* factors found to support the antisuit injunction.

The Court's *Unterweser* analysis concluded that "domestic policy" and "other equitable considerations" supports the antisuit injunction. Order at 16. The Order noted that the "bulk of precedent" supported Samsung's policy concerns about patent hold-up and the threat that Huawei would use its SEPs as a "bargaining chip." Order at 16-17. The Order further explained that the Shenzhen injunction orders threaten "the court's ability to reach a just result in the case before it free of external pressure on [Samsung] to enter into a holdup settlement before the litigation is complete." Order at 17. Thus, according to the Court, an antisuit injunction preserves the "integrity of this action," Order at 17, and ensures the Shenzhen order will not "render meaningless the proceedings here." Order at 1.

These policy goals and equitable considerations forcefully apply regardless of when Samsung filed its counterclaims. Regardless of when Samsung filed its counterclaims, Huawei is improperly using injunctive relief as a "bargaining chip," and the Shenzhen Orders threaten to compromise the ability of the Court to "reach a just result" and inhibit this Court's "ability to determine the proprietary of injunctive relief." Order at 17-18. Huawei has therefore failed to identify any factual error warranting reconsideration of the *Unterweser* factors.

Huawei's only legal support for the proposition that Huawei's novel timing argument may be relevant to the Court's *Unterweser* analysis is dicta from *Laker Airways*—a 1984 out-of-circuit case where the court *granted* an antisuit injunction. That case does not support the proposition that U.S. courts should defer to earlier filed foreign actions, as argued by Huawei. Mot. at 5. It instead states that parallel proceedings "should ordinarily be allowed to proceed simultaneously, at least until a judgment is reached in one which can be pled as res judicata in the other." *Laker Airways Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 926-27 (D.C. Cir. 1984). Huawei is therefore mistaken that the timing of Samsung's counterclaims disturbs the Court's analysis of the *Unterweser* factors.

### C. Huawei Fails To Identify Any Impact On the Court's Comity Analysis

Huawei ignores the Court's detailed analysis of numerous factors independent of timing that support its conclusion that the impact on comity is tolerable. First, the Order explained that "comity is less likely to be threatened in the context of a private contractual dispute than in a dispute implicating public international law or government litigants." Order at 19-20 (citing *Microsoft*). Moreover, the injunction is only against Huawei, not the Shenzhen Court. The Shenzhen action may continue to proceed in parallel, and Huawei may still litigate its damages claims in Shenzhen. *Id*. The injunction also has a limited temporal scope, lasting less than six months, Order at 20, and the antisuit injunction is limited to two patents and a specific form of relief. *Id*. Ultimately, the impact on comity is "negligible" here. *Id.* Huawei's counterclaim timing argument is irrelevant to all of these factors.

While Huawei correctly identifies that the order in which the domestic and foreign suits were filed may be "relevant" to the comity inquiry—*see Microsoft* 696 F.3d at 887—Huawei fails to explain *why* the order of suits is sometimes relevant. Specifically, the timing of filing is relevant to the comity analysis when a defendant files a later action ***in a foreign court***. If the ***foreign action*** were filed later than the domestic action that might indicate the defendant is "attempting to evade the rightful authority ***of the district court***." *Id.* at 887 (citing *Applied Med. Distribution Corp. v. Surgical Co. BV*, 587 F.3d 909, 921 (9th Cir. 2009). In such circumstances the impact of an injunction on comity is lessened. *Id.*

Huawei's citation to this order-of-suits consideration is misplaced. Huawei declares without analysis that, because Samsung's counterclaims were filed after the Chinese actions, "the impact on comity is especially grave" and that this "weighs heavily against an anti-suit injunction." Mot. at 5. But Huawei completely ignores the fact that Huawei itself filed the present lawsuit here in this Court. Indeed, Huawei asked ***this Court*** to decide a worldwide breach of contract claim and to ban Samsung from seeking SEP injunctions anywhere in the world. Compl. ¶¶ 53-60, Prayer for Relief, E. Although Samsung has filed later, defensive actions in China, Huawei does ***not*** allege these foreign actions impact comity. Rather, according to Huawei, the later-filed action impacting comity is the counterclaims Samsung chose to file ***in this very Court***. By filing its counterclaim here, rather than

in a foreign court, Samsung is doing the *opposite* of evading the rightful authority of this court. Huawei provides no authority whatsoever for its apparent contention that a defendant's decision to file claims *in the same district court and before the same judge where Huawei chose to file its Complaint* could possibly have any bearing on the Court's comity analysis.

In any event, as stated *supra* at III, Huawei itself put the dispositive issue of the FRAND "contractual umbrella" before this Court when it filed its initial Complaint. Order at 10-15. By doing so, it was Huawei—not Samsung—who first placed its FRAND conduct before the Court. Thus, it is Huawei's initial breach of contract claim—and its necessary requirement that Huawei prove compliance with FRAND—that is dispositive the Shenzhen injunction issue. Samsung's election to later file its own breach of contract claim on the same issues before the same US district court in no way impacts comity.

## VI. HUAWEI'S PURPORTED LEGAL ERROR AMOUNTS TO NOTHING MORE THAN REPETITION OF ARGUMENTS EXPRESSLY ARGUED AND REJECTED BY THE COURT

Huawei argues that the Order rests on a "manifest legal error" because the Order did not analyze the traditional *Winter* factors for obtaining a preliminary injunction. Mot. at 6-7. Huawei made precisely this argument in its opposition brief, where it argued a party seeking an antisuit injunction must meet the four traditional factors for preliminary injunctive relief under *Winter*. *See* Antisuit Opp Br. at 12 ("An anti-suit injunction is a form of preliminary injunction."). The Court already considered and rejected this argument and held that Ninth Circuit law provides the three-part *Gallo* test is sufficient to resolve antisuit motions. Order at 6-7. Motions for Reconsideration should not be used to rehash prior arguments. L.R. 7-9(c) ("Prohibition Against Repetition of Argument" stating that any party who violates this rule "shall be subject to appropriate sanctions").

Moreover, Huawei had an opportunity to challenge the Court's application of the *Gallo* test at the hearing and chose not to do so. At the outset of the hearing, the Court stated "[i]t does seem to me that the Gallo test applies," and, after outlining its application of the three-part test, stated it was "inclined to" grant the Motion. Antitrust Tr. At 3-4. Nowhere in its argument at the hearing did counsel for Huawei challenge or even address the Court's tentative conclusion that the three-part *Gallo* test applies and that it need not address additional *Winter* preliminary injunction factors.

1  Antisuit Tr., *passim*.  Having foregone an opportunity to challenge the Court's reasoning at oral
2  argument, Huawei cannot be heard now to argue there was a "manifest legal error."  Mot. at 6.
3        In any event, the Court correctly concluded the *Gallo* factors are sufficient.  In particular, as
4  explained by the Court, the Ninth Circuit applies the three-part *Gallo* test to reviews of orders on
5  antisuit injunctions, including in the *Microsoft* decision affirming the Western District of
6  Washington's antisuit injunction.  Order at 7-8.  Moreover, at least the Third Circuit has also
7  "explicitly replaced" the *Winter* factors with the three-part *Gallo* test for antisuit injunction.  Order
8  at 7; *see Stonington Partners, Inc. v. Lernout & Hauspie Speech Products N.V.*, 310 F.3d 118, 128–
9  29 (3d Cir. 2002).  The Supreme Court has never called into question the adequacy of the *Gallo* test.
10 Huawei is thus mistaken that the Court has committed legal error.

**VII.  CONCLUSION**

      For the foregoing reasons, Huawei's motion to alter or amend the Order, or in the alternative for leave to seek reconsideration, should be denied.

| | |
|---|---|
| 1  DATED: May 3, 2018 | Respectfully submitted, |
| 2 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 4 | By   */s/ Thomas D. Pease*<br>Charles K. Verhoeven<br>Kevin P.B. Johnson<br>Victoria F. Maroulis<br>Thomas D. Pease<br>David A. Perlson |
| 8 | *Attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America, Inc.* |

## ATTESTATION

I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to file the above Opposition. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Thomas D. Pease has concurred in the aforementioned filing.

                                      */s/ Victoria F. Maroulis*
                                      Victoria F. Maroulis