| | |
|---|---|
| Michael J. Bettinger (SBN 122196) | David T. Pritikin (*Pro Hac Vice*) |
| mbettinger@sidley.com | dpritikin@sidley.com |
| Irene Yang (SBN 245464) | David C. Giardina (*Pro Hac Vice*) |
| irene.yang@sidley.com | dgiardina@sidley.com |
| SIDLEY AUSTIN LLP | Douglas I. Lewis (*Pro Hac Vice*) |
| 555 California Street, Suite 2000 | dilewis@sidley.com |
| San Francisco, California 94104 | John W. McBride (*Pro Hac Vice*) |
| (415) 772-1200 – Telephone | jwmcbride@sidley.com |
| (415) 772-7400 – Facsimile | SIDLEY AUSTIN LLP |
| | One South Dearborn |
| | Chicago, Illinois 60603 |
| | (312) 853-7000 – Telephone |
| | (312) 853-7036 – Facsimile |

*Attorneys for Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., and HiSilicon Technologies Co. Ltd.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., and HUAWEI TECHNOLOGIES USA, INC., <br><br> Plaintiffs / Counterclaim-Defendants, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants / Counterclaim-Plaintiffs, <br><br> and <br><br> SAMSUNG RESEARCH AMERICA, <br><br> Defendant, <br> v. <br><br> HISILICON TECHNOLOGIES CO., LTD., <br><br> Counterclaim-Defendant. | Case No. 16-cv-02787-WHO <br><br> **HUAWEI'S REPLY IN SUPPORT OF ITS FRCP 59(e) MOTION TO ALTER OR AMEND THE COURT'S APRIL 13, 2018 ORDER GRANTING SAMSUNG'S MOTION FOR ANTISUIT INJUNCTION, OR, IN THE ALTERNATIVE, L.R. 7-9 MOTION FOR LEAVE TO FILE SAME** <br><br><br> Hearing Date: June 6, 2018 <br> Time: 2:00 P.M. Courtroom 2, 17th Floor <br> Judge: Hon. William H. Orrick |

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT .........................................................................................................................2

    A. The Order Rests on a Factual Error Concerning the Timing of Samsung's Counterclaims. ...........................................................................................................2

    B. Huawei Has Not Waived Its Argument Regarding the Timing of Samsung's Counterclaims. ...........................................................................................................3

    C. The Error Concerning the Timing of Samsung's Counterclaims Undermines Three Key Portions of the Order. ..............................................................................4

    D. The Order Rests on a Manifest Legal Error Because it Fails to Apply the Supreme Court's *Winter* Test for Preliminary Injunctions. .....................................6

III. CONCLUSION .....................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstate Ins. Co. v. Herron*,
  634 F.3d 1101 (9th Cir. 2011) ..................................................................................................6

*Laker Airways Ltd. v. Sabena, Belgian World Airlines*,
  731 F.2d 909 (D.C. Cir. 1984) ..................................................................................................5

*Microsoft Corp. v. Motorola, Inc.*,
  696 F.3d 872 (9th Cir. 2012) ........................................................................................1, 4, 5, 7

*Stonington Partners, Inc. v. Lernout & Hauspie Speech Prods., N.V.*,
  310 F.3d 118 (3d Cir. 2002) .....................................................................................................7

*Winter v. Nat. Res. Def. Council, Inc.*,
  555 U.S. 7 (2008) ...........................................................................................................1, 6, 7

## I. INTRODUCTION

As Huawei explained in its motion (and at the hearing), the anti-suit injunction entered by this Court cannot properly be justified by the counterclaims filed by Samsung, months after the Shenzhen action. That would be inconsistent with governing U.S. law and principles of international comity since a later-filed U.S. action cannot take precedence over an earlier-filed foreign action. Samsung's Response tacitly concedes that this would be legal error, and Samsung therefore tries to confuse the issue by arguing that even though the Court based its anti-suit injunction on the later-filed Samsung counterclaims, the Court could just as well have based it on Huawei's original complaint.

Samsung tells the Court that Huawei's original complaint raised the issue of Huawei's compliance with FRAND and that that is sufficient for the Court to enjoin enforcement of the Shenzhen injunction. But that is not correct, and it is not the basis on which the Court entered its Order. As *Microsoft II* makes clear, and as this Court noted in the Order, the test is not whether the issues between the relevant U.S. and foreign actions are "the same" in some general sense, but whether "the first action is dispositive of the action to be enjoined." (Dkt. No. 280 ("Order") at 6, citing *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 881 (9th Cir. 2012) ("*Microsoft II*").) Under no conceivable scenario could the action defined by Huawei's complaint in this Court determine whether Huawei can pursue infringement claims in China and seek injunctive relief on those claims. That issue, and with it the potential for this case to even arguably be dispositive of the Shenzhen action, was not made part of this case until Samsung filed its counterclaims months later.

It is clear that the Court's error concerning the timing of the relevant actions led directly to the erroneous determinations that this action was filed first for anti-suit injunction purposes, that at least one *Unterweser* factor was satisfied, and that an injunction would not offend comity. Beyond that, Samsung's assertion of waiver—that Huawei failed to raise the timing problem prior to filing its Rule 59 motion—both ignores the relevant context and is simply false.

Finally, Samsung fails to mount any serious defense of the Order's legal conclusion that the Supreme Court's *Winter* decision does not apply. *Winter* requires consideration of all four injunction factors before any form of injunctive relief can be granted, and the Ninth Circuit's

1

HUAWEI'S REPLY IN SUPP. OF FRCP 59(e) MOTION TO ALTER OR AMEND THE COURT'S APRIL 13, 2018 ORDER GRANTING SAMSUNG'S MOTION FOR ANTISUIT INJUNCTION, CASE 16-cv-02787-WHO

decision in *Microsoft II* neither could nor did change that requirement. Samsung failed to address the *Winter* factors in its motion, it again fails to address them in its response, and they are not satisfied in this case. Under the correct view of the facts and law, Samsung's motion for an injunction should have been denied, and Huawei respectfully requests that this Court grant Huawei's motion to alter or amend the Order.

## II.   ARGUMENT

### A.   The Order Rests on a Factual Error Concerning the Timing of Samsung's Counterclaims.

According to Samsung, there was no timing error here, because Huawei's complaint "first raised the dispositive issue of Huawei's FRAND conduct." (Dkt. No. 287 ("Rule 59 Opp.") at 4-6.) That is because, Samsung says, Huawei could prevail on the claim that Samsung breached its FRAND obligations stated in its complaint only if Huawei established that it had complied with its own FRAND obligations—the "reciprocity" mantra Samsung invokes for the very first time.[1] That may be true, but it is entirely irrelevant. Had there been no counterclaims, nothing in the Court's eventual ruling on *Huawei's* complaint would have resulted in this Court adjudicating whether Huawei could obtain injunctive relief in other forums. Win or lose on the claims presented by its complaint, Huawei's ability to take action in other jurisdictions would be unaffected. Its complaint sought relief only against Samsung, and could not have resulted in an order precluding it from acting elsewhere. Huawei's ability to seek relief elsewhere was first, and only, presented to this Court by Samsung's later-filed counterclaims—a critical point that the Court overlooked in its Order, as Huawei's Rule 59 motion explained.

The Order makes this clear because it does not rely on or even mention any notion of so-called "reciprocity." That is hardly surprising, given that Samsung's anti-suit motion and reply did not mention reciprocity, and Samsung's argument that reciprocity somehow supports an anti-suit injunction is raised for the first time in its Rule 59 opposition. The Order, however, focused on Samsung's breach of contract counterclaim and the remedies Samsung seeks on that counterclaim

---

[1] "Reciprocity," as Samsung uses the term, refers to the ability under the ETSI IPR Policy of an SEP holder like Samsung to condition its commitment to license its SEPs on FRAND terms on the would-be licensee's willingness to license its SEPs back to Samsung on FRAND terms as well.

concerning "the availability of injunctive relief." (Rule 59 Opp. at 6, quoting Order at 13.) For the reasons explained in Huawei's Rule 59 motion, that led the Court to err by failing to recognize that Samsung's later-filed counterclaim cannot support the Order's findings (1) that this case would "dispose of" the Shenzhen Actions; (2) that one *Unterweser* factor is satisfied; and (3) that the anti-suit injunction would not offend comity. (*See* Dkt. No. 285 ("Rule 59 Mot.") at 3-6.)

Samsung also repeats the Order's additional error that the Shenzhen Action could "force" Samsung "to accept Huawei's licensing terms." (Rule 59 Opp. at 6, quoting Order at 17.) That is not correct. As Huawei explained, Samsung could accept Huawei's offer, which the Shenzhen Court determined was consistent with FRAND, or it could agree to a neutral, third-party FRAND determination. (Rule 59 Mot. at 8 & n.6.) In neither circumstance would Samsung be forced to accept non-FRAND terms. (*See* Dkt. No. 254 (March 14, 2018 Hearing Tr.) ("Tr.") at 29:1-11.)

### B. Huawei Has Not Waived Its Argument Regarding the Timing of Samsung's Counterclaims.

Samsung's injunction motion largely ignored its counterclaims and focused entirely on Huawei's complaint. As a result, Huawei had no reason to address the timing of Samsung's counterclaims in its opposition brief. Samsung repeatedly and explicitly directed the Court to Huawei's decision to file suit here, and urged that Huawei's action, not Samsung's counterclaims, supported an anti-suit injunction. (*See*, *e.g.*, Dkt. No. 234 ("Anti-Suit Mot.") at 1 (issues "that Huawei chose to put before ***this Court***," "Huawei chose to initiate that strategy in this Court"); *id*. at 2 ("Huawei filed this contract action," "worldwide FRAND claims that Huawei first presented here"); *id*. at 3 ("Huawei chose to present the global contract issues…to this Court").) Samsung's emphasis on Huawei's complaint was no accident: had it relied on its counterclaims to support an anti-suit injunction, it would have been forced to confront the fact that its counterclaims were filed months after the Shenzhen actions. And because Samsung did not rely on its counterclaims, the fact that they were filed months later was irrelevant to Huawei's response to Samsung's motion as filed.

It was not irrelevant, however, to the Court's subsequent reasoning. The Order, as Huawei explained, conflates Huawei's complaint with Samsung's counterclaims, yet acknowledges that only the later-filed counterclaims specifically seek to prevent Huawei from pursuing or enforcing

3

HUAWEI'S REPLY IN SUPP. OF FRCP 59(e) MOTION TO ALTER OR AMEND THE COURT'S APRIL 13, 2018 ORDER GRANTING SAMSUNG'S MOTION FOR ANTISUIT INJUNCTION, CASE 16-cv-02787-WHO

injunctive relief against Samsung in China.  (*See* Rule 59 Mot. at 3, citing Order at 4 n.4, 13, 15.) The Order then relies on the remedy sought by Samsung's counterclaims as the central basis for finding an anti-suit injunction appropriate, while failing to recognize that the now-crucial counterclaims were filed months after the Shenzhen Action.  (*See* Rule 59 Mot. at 3-6.)  Huawei could not have responded to that reasoning until the Court set it forth in the Order.

Regardless, Samsung's argument that Huawei never pointed out the timing of Samsung's counterclaims is incorrect.  Huawei presented a timeline to the Court clearly showing Samsung's August 2016 counterclaims coming months after Huawei's Shenzhen complaints.  (Rule 59 Mot. Ex. A at 3.)  At argument (and in reference to that timeline), counsel for Huawei explained that "the lawsuit," *i.e.*, the counterclaims, "that is the basis of the anti-suit injunction before the Court was filed in this [C]ourt in August of 2016, after these Chinese cases seeking injunctions were already in the works and in progress."  (Tr. at 5:7-10.)  Huawei thus properly presented the facts concerning the timing of Samsung's counterclaims to the Court well before the Court ruled on Samsung's motion.

### C. The Error Concerning the Timing of Samsung's Counterclaims Undermines Three Key Portions of the Order.

The fact that Samsung's counterclaims are the basis for the anti-suit injunction, and that it was filed months after the now-enjoined Shenzhen Action, directly undermines three grounds on which the Order granted the anti-suit injunction.  Samsung's arguments to the contrary are unavailing.

*First*, as noted above, the key legal requirement under *Gallo*, *Microsoft*, and other anti-suit injunction cases is not whether the "issues are the same" in some general sense, but whether the first-filed domestic action would be dispositive of the later-filed foreign suit.  Here, the only aspect of this case that could even arguably "dispose of" the Shenzhen Action is Samsung's later-filed counterclaims and the remedy Samsung seeks barring Huawei from obtaining injunctions.[2]  (*See* Rule 59 Mot. at 3-4.)  Those counterclaims were filed months after the Shenzhen complaints, which means that there is no first-filed domestic claim that would be dispositive of the foreign action.

---

[2] It would be premature to conclude now that any adverse ruling on Samsung's counterclaims would necessarily support an order barring Huawei from pursuing or enforcing injunctive relief in China or elsewhere.

***Second***, with respect to the *Unterweser* factors, Samsung ignores what the Order actually found: that "the policy that is undermined is this court's ability to determine the propriety of injunctive relief *in the first instance.*" (Order at 17 (emphasis added).)  As Huawei explained, that finding is erroneous because the availability of injunctive relief for Samsung's infringement of Huawei's SEPs in China was placed before the Shenzhen Court "in the first instance," and was placed before this Court only months later, in Samsung's counterclaims.  (*See* Rule 59 Mot. at 4-5.)  Samsung then inaccurately cites to the Court's discussion of using SEPs as a "bargaining chip" as being part of the Court's analysis of domestic policy and equitable considerations on pages 16 and 17 of the Order.  (*See* Rule 59 Opp. at 9 ("… the threat that Huawei would use its SEPs as a 'bargaining chip.' Order at 16-17").)  But the Court referred to a potential "bargaining chip" *only* when discussing whether the separate "vexatious or oppressive" *Unterweser* factor was present, and concluded that it was not.  (Order at 18-19.)  The "bargaining chip" comment—which was perfectly benign (*see* Dkt. No. 240 ("Anti-Suit Opp.") at 21 n.18)—had nothing to do with the Court's conclusion that an *Unterweser* factor was present.

Samsung urges the Court to ignore *Laker Airways Ltd. v. Sabena, Belgian World Airlines,* 731 F.2d 909 (D.C. Cir. 1984), a foundational anti-suit injunction opinion that the Ninth Circuit has repeatedly cited (*e.g.*, *Microsoft Corp. v. Motorola Inc.*, 696 F.3d 872, 886 (9th Cir. 2012).)  But Samsung does not dispute the central principle of that case—that parallel proceedings "should ordinarily be allowed to proceed simultaneously, at least until a judgment is reached in one which can be pled as res judicata in the other."  (Rule 59 Opp. at 9, quoting *Laker Airways*.)  As Huawei argued, the Shenzhen Court has already evaluated the parties' FRAND conduct and determined that Huawei is entitled to an injunction. (Anti-Suit Opp. at 17 n.15.)  That Shenzhen Action commenced *before* Samsung's counterclaims were filed, demonstrating the error in the Order's "in the first instance" *Unterweser* analysis.

***Third***, Samsung's comity arguments only underscore the serious error in the Order.  Samsung explains that "the timing of filing is relevant to the comity analysis when a defendant files a later action ***in a foreign court***," and argues that "[i]f the ***foreign action*** were filed later than the domestic action that might indicate that the defendant is 'attempting to evade the rightful authority

5

*of the district court*.'" (Rule 59 Opp. at 10, emphasis in original.)  This reasoning applies precisely to Samsung's conduct, and makes the offense to comity clear.  Huawei filed suit in Shenzhen in May 2016.  Samsung responded with a "later action in a foreign court"—its counterclaims in this Court, which explicitly seek relief barring Huawei's earlier-filed Shenzhen Action.  When the Shenzhen Court ruled against Samsung, Samsung sought its anti-suit injunction here.  Samsung's attempt to use its "later action" in this Court "to evade the rightful authority" of the Shenzhen Court could not be more plain.

As Huawei explained, the Shenzhen Court had every right to adjudicate the dispute Huawei placed before it in May 2016.  (Rule 59 Mot. at 5.)  Samsung does not argue otherwise, and does not dispute that it had a full and fair opportunity to present its own evidence and argument concerning the parties' FRAND compliance.  (*See* Rule 59 Opp. at 10-11.)  There is no basis for this Court to use Samsung's later-filed counterclaims to set aside the judgment of a full and fair proceeding in a Chinese court, in order to replace that court's judgment with its own.

### D. The Order Rests on a Manifest Legal Error Because it Fails to Apply the Supreme Court's *Winter* Test for Preliminary Injunctions.

As Samsung concedes, Huawei argued in its opposition that *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), applies to this case and that Samsung had not and could not satisfy that test.  (*See* Rule 59 Opp. at 11.)  Instead of addressing the *Winter* factors and determining whether they were satisfied, the Order held that *Winter* does not apply.  (Order at 8.)  Samsung's bizarre suggestion that Huawei cannot raise that legal error in a Rule 59 motion (*see* Rule 59 Opp. at 11, suggesting "appropriate sanctions") makes no sense.  Rule 59(e) relief is appropriate where "necessary to correct manifest errors of law or fact upon which the judgment rests." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  As Huawei explained, the Order's conclusion that *Winter* does not apply meets this standard.  (Rule 59 Mot. at 6-8.)

Samsung attempts a waiver argument, suggesting that Huawei somehow passed on the opportunity to address the Court's *Winter* conclusions at the March 14 hearing.  (Rule 59 Opp. at 11-12.)  Samsung is wrong.  The Court stated at the outset of the hearing that "the *Gallo* test applies." (Tr. at 3:12.)  No party disputed that the *Gallo* test "applies"—only whether it displaced the entire

set of *Winter* factors. The Court did not suggest at the hearing that it had determined that *Winter* could be ignored. To the contrary, the Court asked about potential harm to Samsung, and in response Huawei explicitly addressed the lack of irreparable harm (*id.* at 11:8-12:7), an inquiry required by *Winter*, not *Gallo*. Samsung's suggestion that Huawei somehow gave up its argument that *Winter* applies is baseless.

Finally, Samsung again fails to address *Winter* itself, and offers no response to Huawei's explanation that based on the Supreme Court's decision, the *Winter* factors must be analyzed "in each case" when considering "any injunctive relief." (Rule 59 Mot. at 7, quoting *Winter*, 555 U.S. at 24, 32.) Samsung also ignores that *Microsoft II* never held that *Winter* was entirely displaced by *Gallo*, and that instead the Ninth Circuit explicitly stated that the *Gallo* test stands in for only one of the *Winter* factors. (*See* Rule 59 Mot. at 7.) Samsung cites *Stonington Partners, Inc. v. Lernout & Hauspie Speech Prods., N.V.*, 310 F.3d 118, 128-29 (3d Cir. 2002), a Third Circuit opinion issued six years **before** *Winter*. *Stonington Partners* cites no Supreme Court cases and provides no basis for ignoring the Supreme Court's 2008 direction in *Winter* that **all** preliminary injunction factors must be addressed in any case awarding such relief. The Order did not do that here, and that is a manifest error of law warranting Rule 59 relief.

## III. CONCLUSION

For the foregoing reasons, and for those set forth in Huawei's memorandum in support of its motion, Huawei respectfully requests that this Court alter and/or amend the Order under Fed. R. Civ. P. 59(e) to deny Samsung's motion for an anti-suit injunction.

7

HUAWEI'S REPLY IN SUPP. OF FRCP 59(e) MOTION TO ALTER OR AMEND THE COURT'S APRIL 13, 2018 ORDER GRANTING SAMSUNG'S MOTION FOR ANTISUIT INJUNCTION, CASE 16-CV-02787-WHO

Dated: May 10, 2018

Respectfully submitted,

SIDLEY AUSTIN LLP

David T. Pritikin (*Pro Hac Vice*)
dpritikin@sidley.com
David C. Giardina (*Pro Hac Vice*)
dgiardina@sidley.com
Douglas I. Lewis (*Pro Hac Vice*)
dilewis@sidley.com
John W. McBride (*Pro Hac Vice*)
jwmcbride@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois  60603
(312) 853-7000 – Telephone
(312) 853-7036 – Facsimile

*/s/ Michael J. Bettinger*
Michael J. Bettinger (SBN 122196)
mbettinger@sidley.com
Irene Yang (SBN 245464)
irene.yang@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California  94104
(415) 772-1200 – Telephone
(415) 772-7400 – Facsimile

*Attorneys for Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., and HiSilicon Technologies Co. Ltd.*