# EXHIBIT A



# Huawei Presentation

## Hearing on Samsung's Motion for Anti-Suit Injunction

*Huawei Techs. Co., LTD v. Samsung Elecs. Co., LTD*

No. 16-cv-02787-WHO

March 14, 2018

# Standard for a Preliminary Anti-Suit Injunction

- Party seeking a preliminary injunction must show
  - Likelihood of success on the merits;
  - Likelihood of irreparable harm in the absence of preliminary relief;
  - Balance of equities tips in its favor; and
  - Injunction is in the public interest.

  *Alliance for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017)

- For an anti-suit injunction, "likelihood of success" prong is replaced by *Gallo* test:
  - Whether or not the parties and the issues are the same in both the domestic and foreign actions, and whether or not the first action is dispositive of the action to be enjoined.
  - Whether one or more *Unterweser* factors apply—whether the foreign litigation would
    - frustrate a policy of the forum issuing the injunction;
    - be vexatious or oppressive;
    - threaten the issuing court's in rem or quasi in rem jurisdiction; or
    - where the proceedings prejudice other equitable considerations.
  - Whether the injunction's impact on comity is tolerable.

  *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 881-82 (9th Cir. 2012)



# Huawei's Shenzhen and U.S. Cases Were Filed Simultaneously

- U.S. case 5/24/2016; Shenzhen SEP case 5/25/2016 (China is a day ahead of the U.S.)

- Samsung's Answer acknowledged that the cases were "simultaneous"

> 340.  Yet simultaneous with its filing of this action, Huawei filed eight actions against Samsung in China based on Huawei's declared essential patents, seeking only injunctions as relief for Samsung's alleged infringement (the "Chinese actions").

(Dkt. 91, Samsung's Answer and Am. Countercl. ¶ 340)

SIDLEY AUSTIN LLP

4

# Samsung Admitted That Huawei Submitted the FRAND Issue to the Shenzhen Court

**Samsung Brief at 15**

As a predicate for its requests for injunctive relief, Huawei asked the Shenzhen Court to resolve whether its licensing efforts with respect to its Chinese SEPs were FRAND, and whether Samsung refused FRAND offers and breached its own FRAND obligations.

**Samsung Reply at 5**

Indeed, that court had no reason to conduct a rigorous FRAND analysis because Huawei did not ask for one—Huawei only sought injunctive relief to get its "bargaining chip" as fast as possible.

## The Shenzhen Court Conducted a Thorough and Detailed FRAND Analysis

| | Pages |
|---|---|
| **Evidence presented on FRAND** | **8-122** |
| Overview | 8-23 |
| Negotiation correspondence and meetings | 31-66 |
| Huawei's six pre-suit licensing offers and mediation offers | 66-100 |
| Samsung's mediation conduct | 100-104 |
| SEP portfolio strength and industry royalty rates | 104-120 |
| Other evidence (license agreements, EU and ITC positions) | 120-122 |
| **Findings & Conclusions** | **178-210** |
| Samsung's negotiation conduct | 178-190 |
| Evaluation of parties' relative SEP portfolio strength | 192-199 |
| Evaluation of Huawei's pre-suit offers | 201-203 |
| FRAND conclusion | 209 |

(Ex. 36 to Samsung's motion)

# Extensive FRAND Evidence Presented in Shenzhen Court

- Negotiation correspondence
- All of Huawei's pre-suit licensing offers, including royalty rates and structures
- Expert reports from both parties
  - Huawei: Prof. Zhi Ding (SEP portfolio strength), Dr. Xiaoru Wang (economics), Rudi Bekkers (comparability of SEP portfolios)
  - Samsung: Yvonne Verse (SEP licensing), Dr. Fei Deng (FRAND compliance)
- Fact witness testimony concerning licensing negotiations
  - Xuxin Cheng (Huawei)
  - <u>Samsung chose not to present any fact witnesses</u>
- Additional documentary evidence
  - Huawei's FRAND declarations
  - Filings and decisions in other FRAND cases, including those involving the parties
  - Huawei's historical FRAND licensing and license agreements
  - Third-party reports on SEPs

## Shenzhen Court's FRAND Conclusions: Huawei Complied with FRAND

- "Huawei had made active efforts to promote both parties to reach a SEP cross-licensing agreement.  Huawei's behaviors had been consistent with the international practices of SEP cross-licensing negotiation [and] dispute resolution." (190)
- "Huawei had not violated FRAND principles."  (191)
- "Based on the above facts, the Court believed that the above quotations made by Huawei, as the holder of SEPs, to Samsung, including the license rate and license fee of each phone, had complied with FRAND principles."  (202)
- "Samsung's refutation of 'Huawei's quotations violated the FRAND principles' failed" (203)

(Ex. 36 to Samsung's motion)

## Shenzhen Court's FRAND Conclusions: Samsung Did Not Comply with FRAND

- "Samsung had obvious fault and obviously went against FRAND principles." (178)

- "In the negotiation process, Samsung stuck to binding SEP licensing and non-SEP licensing, which violated FRAND principles for SEP cross-licensing negotiations…." (180)

- "These facts showed that Samsung had made significant mistakes during technical negotiations, seriously delayed the negotiations and clearly violated FRAND principles that it had promised to follow, directly leading to more than six years of negotiations between both parties without any progress." (185)

- Samsung's failure to make offers or counter offers indicated "Samsung's subjective fault of maliciously delaying the negotiations and violation of FRAND principles." (186)

- "Samsung had no willingness to resolve the license negotiation dispute….." (189)

- "Samsung's quotation obviously deviated from SEP strength of Huawei and Samsung, and obviously did not comply with the FRAND principles, so it could be judged that Samsung was subjectively malicious." (204)

- Samsung's only license offer to Huawei "had not complied with FRAND principles." (205)

- "To sum up, from the perspectives of procedure and substance of the SEP cross-licensing negotiations between both parties, Huawei's behaviors had complied with FRAND principles while Samsung's behaviors had not complied with FRAND principles." (205)

(Ex. 36 to Samsung's motion)

# This Case Is Not *Microsoft v. Motorola*

| Microsoft | Samsung |
| --- | --- |
| Agreed not to dispute essentiality to obtain a FRAND license | Insists on litigating infringement and validity patent-by-patent before reaching FRAND |
| Agreed the U.S. Court could set a portfolio FRAND rate | Disputes this Court's jurisdiction to set a FRAND rate other than for U.S. Patents in suit |
| Did not file foreign cases asserting SEPs against Motorola | Filed foreign suits seeking injunctions on SEPs against Huawei |
| German SEP case against Microsoft filed months after the U.S. case as an end-run around the U.S. Court | Chinese SEP cases against Samsung filed contemporaneously with this case |
| German Court entered an injunction against Microsoft without considering FRAND | Shenzhen Court enjoined Samsung only after determining that Samsung had not complied with FRAND |

# SEP Injunctions Are Available against Unwilling Licensees Under U.S. Law

## Federal Circuit, 2015

- There is no "*per se* rule that injunctions are unavailable for SEPs," and injunctions "may be justified" where standard implementer:
  - "unilaterally refuses a FRAND royalty" or
  - "unreasonably delays negotiations to the same effect."

  *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1331-32 (Fed. Cir. 2014)

## DOJ & USPTO, 2013

- Injunctions "may still be an appropriate remedy in some circumstances" where standard implementer
  - "refuses to pay what has been determined to be a F/RAND royalty" or
  - Insists "on terms clearly outside the bounds of what could reasonably be considered to be F/RAND terms in an attempt to evade the putative licensee's obligation to fairly compensate the patent holder"

  DOJ and USPTO Policy Statement on Remedies for Standard Essential Patents Subject to Voluntary F/RAND Commitments (Ex. 9 to Dkt. 235 at 7)

# Samsung Denied This Court's Authority to Determine FRAND Rates

## Samsung's Previous Statements

- "[T]he Court has no jurisdiction to 'set' FRAND terms for a general cross license."

  (Dkt. 67, Joint Case Management Conf. Statement at 7)

- "What they're saying is, well, they should be able to have the Court decide a disputed issue that the parties are negotiating a contract about. The Federal courts don't do that."

  (Dkt. 82, Tr. of 9/13/2016 Hearing at 12)

- "[T]he request under the dec relief claim, your Honor, we think makes absolutely no sense. It's not feasible. And we actually do think that there are serious issues as to whether it would be appropriate for the court to do that."

  (Dkt. 82, Tr. of 9/13/2016 Hearing at 14)

## Samsung's Anti-Suit Motion

- "Given both parties' decision to make this action the centerpiece for their worldwide contractual FRAND dispute, this Court should issue the antisuit injunction to resolve the fundamental contractual questions the parties have presented rather than allowing them to be decided piecemeal in Chinese courts based on subsets of the SEPs at issue here."

  (Samsung Brief at 17)

# Samsung Has Insisted That Breach of FRAND Requires Prior Adjudication of Patent Infringement and Invalidity

## Samsung's Previous Statements

- "In order for the Court to determine that either party has breached its FRAND obligations … a jury must first determine the disputed questions of patent validity, infringement, enforceability and essentiality to the relevant standards"

  (Dkt. 67 Joint Case Management Conf. Statement at 6)

- "[T]hese patent issues [infringement, validity, and essentiality] are inextricably intertwined with the FRAND and antitrust claims and must be resolved *before* this Court can properly address remedies…."

  (Dkt. 67 Joint Case Management Conf. Statement at 7)

## Samsung's Anti-Suit Motion

- "Courts around the world have recognized the propriety of resolving contractual FRAND issues between two parties first"

  (Samsung Brief at 16)

- "It is undisputed the parties' competing breach of contract claims require the fact finder to decide whether either party breached its global contractual FRAND licensing obligations ...."

  (Samsung Reply at 1)

- "This Court might find Huawei's global licensing offers were not FRAND ....."

  (Samsung Reply at 12)

SIDLEY AUSTIN LLP

13

## Samsung Mischaracterizes Huawei's Statements

**Samsung Br. at 15**

> Huawei has even admitted that this case will be dispositive of the Chinese actions, stating in its repeated bifurcation requests that a determination of FRAND issues here would likely "moot" patent infringement claims that have been "asserted here and abroad." Dkt. 84 at 1, 5, and assuring the Court that once the Court or an arbitrator resolved FRAND issues Huawei could comfortably "stay all other proceedings (including those in China)." Dkt. 67 at 5.

**(Dkt. 84, Huawei Br. re: Bifurcation at 4-5)**

> Trying the FRAND claims first would also be efficient and economical because the implicitly necessary determination of FRAND terms is likely to lead to a cross-license that would moot patent infringement damages if Samsung is, in fact, a willing licensee.[4]

**(Dkt. 84, Huawei Br. re: Bifurcation at 1)**

> As a result, Huawei and Samsung remain unlicensed under the other's SEP portfolio and, accordingly, both face infringement claims asserted here and abroad.

**(Dkt. 67, Joint Case Management Statement at 5)**

> Huawei has informed Samsung, Huawei is willing to enter into a license with Samsung on FRAND terms and conditions as determined by this Court (subject to its appellate rights) or a neutral arbitration tribunal, and—as it has indicated to Samsung—it is willing to stay all other proceedings (including those in China) once Samsung consents to such a binding process.

# Samsung Mischaracterizes Huawei's Statements

**Samsung Reply at 5**

> Huawei itself acknowledges that if Samsung were to prevail on its antitrust and contractual FRAND claims that this "could result in final relief enjoining Huawei from obtaining an injunction elsewhere." Opp. 17 n.15.

**Huawei Opp. at 17 n.15**

> [15] While Samsung mentions its antitrust and contractual FRAND claims in passing, it fails to articulate any likelihood of success on those claims that could result in final relief enjoining Huawei from obtaining an injunction elsewhere. (*See* Br. 12-17.) As the Ninth Circuit held in *Microsoft II*, "a ballpark, tentative assessment of the merits of the contract dispute is intrinsically bound up with the threshold anti-suit injunction inquiry." 696 F.3d at 884.

## Samsung Has Not Met the Requirements for an Injunction

- Samsung presented no evidence of irreparable harm, balance of equities, public interest
- Nature of the proceedings
  - Chinese patents can only be litigated and enforced in China
  - Samsung has challenged the authority of this Court to set any portfolio rates
  - In light of findings of Shenzhen court, no basis to conclude that Samsung would ever be entitled to relief that would bar enforcement of an injunction in China
- *Unterweser* factors cut strongly against Samsung
  - Samsung has had full and fair opportunity to present all defenses in China and has asserted parallel claims and requests for injunctive relief
  - Samsung has never given a cogent explanation of why it will not agree to have a neutral third party determine FRAND rates
  - No court has ever issued an antisuit injunction where foreign defendant had ability to assert FRAND defenses to SEPs
- Comity
  - Because the Shenzhen court decided the FRAND issues, it would offend comity for this Court to bar enforcement of the injunction on the ground that the FRAND defenses need to be adjudicated