QUINN EMANUEL URQUHART & SULLIVAN, LLP

Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and
Samsung Research America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>　　　　　Defendants.<br><hr>SAMSUNG ELECTRONICS CO., LTD. &<br>SAMSUNG ELECTRONICS AMERICA, INC.<br><br>　　　　　Counterclaim-Plaintiffs,<br><br>　　v.<br><br>HUAWEI TECHNOLOGIES CO., LTD.,<br>HUAWEI DEVICE USA, INC., HUAWEI<br>TECHNOLOGIES USA, INC., & HISILICON<br>TECHNOLOGIES CO., LTD.<br><br>　　　　　Counterclaim-Defendants. | CASE NO. 16-cv-02787-WHO<br><br>**SAMSUNG'S MOTION TO STAY HUAWEI'S INFRINGEMENT CLAIMS FOR THE '197 AND '166 PATENTS**<br><br>Date: June 20, 2018<br>Time: 2:00 pm<br>Place: Courtroom 2, 17th Floor<br>Judge: The Hon. William H. Orrick |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America, Inc. (collectively "Samsung"), by and through their attorneys, hereby respectfully move the Court for an Order partially staying this action with respect to two patents asserted by plaintiffs Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., & HiSilicon Technologies Co., Ltd. (collectively "Huawei"). Samsung notices the hearing for this motion, to the extent the Court deems one to be necessary, for June 20, 2018 at 2:00 pm PT.

Samsung seeks a stay of proceedings for U.S. Patent Nos. 8,412,197 (the "'197 Patent") and 8,483,166 (the "'166 Patent") on the grounds that all of the asserted claims of the '197 and '166 Patents are now subject to an instituted *inter partes* review before the Patent Trial and Appeal Board ("PTAB") in light of the Supreme Court's recent *SAS v. Iancu* decision. This motion is made upon this notice, the attached memorandum of points and authorities, all records, papers, and pleadings on file in this action, and all further evidence as may be presented prior to or after the filing of the motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In light of the Supreme Court's recent *SAS v. Iancu* decision, the PTAB has issued supplemental orders in the pending *inter partes* review proceedings against the '197 and '166 Patents so that all challenged claims are now subject to review, including all claims Huawei has asserted in this action. As Huawei told the Court when it filed its recent motion to stay Samsung's '588 Patent, "When the PTAB institutes *inter partes* review on all asserted patent claims pending in a district court action, those claims should be stayed upon request by the party accused of infringement." Dkt. No. 260 at 1. The Court agreed and granted Huawei's motion on the grounds that (1) trial was more than eight months away; (2) a stay would conserve resources and simplify the case because *inter partes* had been instituted against the asserted claims of the '588 Patent; and (3) Samsung would not face undue prejudice in light of the Court's case narrowing requirements. Dkt. No. 267.

The same factors warrant a stay with respect to the '197 and '166 Patents:  (1) trial is seven months away, with substantial expert discovery and dispositive motions remaining; (2) *inter partes* review has now been instituted with respect to all asserted claims of the '197 and '166 Patents and thus will simplify the issues and conserve resources that would otherwise be spent litigating those claims; and (3) Huawei will not suffer any prejudice because it will be required to continue narrowing its case no matter what. Samsung has moved expediently to request a stay after the PTAB issued its supplemental orders, thus minimizing any costs the parties would incur from ongoing work on the '197 and '166 Patents. For the reasons set forth below and consistent with the Court's reasoning in its order granting Huawei's motion to stay, Samsung respectfully requests that the Court stay this action with respect to the '197 and '166 Patents.

**II.   BACKGROUND**

On May 24, 2017, Samsung filed petitions for *inter partes* review against claims 1, 2, 5-9, and 13-15 of the '197 Patent and claims 1-5 and 12-16 of the '166 Patent. On December 5th and 8th, 2017, the PTAB instituted *inter partes* review of claims 1, 2, 5, 6, and 13 of the '197 Patent and claims 1-5 of the '166 Patent. Declaration of Cole Malmberg ("Malmberg Decl."), Exs. 1, 2. On March 16, 2018, Huawei narrowed this case to assert only claims that were not subject to the PTAB's

original institution decisions, including claim 7 of the '197 Patent and claim 13 of the '166 Patent. Dkt. Nos. 173, 255-3. On April 24, 2018, the Supreme Court issued a decision in *SAS Institute Inc. v. Iancu*, which held, "When the Patent Office institutes an *inter partes* review, it must decide the patentability of all of the claims the petitioner has challenged." 138 S.Ct. 1348, 1350 (2018). In light of the *SAS* decision, on May 8, 2018, the PTAB issued supplemental orders in the *inter partes* review proceedings for the '197 and '166 Patents to institute review against all challenged claims, including claim 7 of the '197 Patent and claim 13 of the '166 Patent that are asserted in this action. Malmberg Decl. Exs. 3, 4.

## III.   LEGAL AUTHORITY

Courts in this District routinely stay infringement claims pending *inter partes* review, especially when all of the asserted claims are subject to review. *Brixham Solutions Ltd. v. Juniper Networks, Inc.*, No. 13-CV-00616-JCS, 2014 WL 1677991, *2 (N.D. Cal. April 28, 2014); *Personal Web Techs. LLC v. Apple, Inc.*, 69 F. Supp. 3d 1022, 1027 (N.D. Cal. 2014) (*Personal Web II*); *Williamson v. Google Inc.*, No. 15-CV-00966-BLF, 2015 WL 10890658, at *1 (N.D. Cal. Oct. 8, 2015). A stay is justified "where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were cancelled in the reexamination, would eliminate the need to try the infringement issue." *PersonalWeb II*, 69 F. Supp. at 1027 (quoting *Evolutionary Intelligence LLC v. Apple, Inc.*, Case No. 13-CV-04201-WHA, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014) ("*Evolutionary Intelligence II*") (internal quotations omitted). Courts will implement partial stays of a case that halt infringement claims subject to *inter partes* review, while allowing unaffected claims to continue. *Delphix Corp. v. Actifio, Inc.*, No. 13-CV-4613-BLF, 2014 WL 6068407, at *4 (N.D. Cal. Nov. 23, 2014); *Hewlett-Packard Co. v. ServiceNow, Inc.*, No. 14-CV-00570-BLF, 2015 WL 5935368, at *3 (N.D. Cal. Oct. 13, 2015).

"Courts in this District examine three factors when determining whether to stay a patent infringement case pending review or reexamination of the patents: '(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.'" *PersonalWeb II*, 69 F. Supp. 3d 1022 at 1025.

## IV. ARGUMENT

Each of the above factors favors granting a stay of Huawei's' infringement claims for the '197 and '166 Patents.

### A. The Time Remaining for Expert Discovery, Summary Judgment, and Trial Weigh in Favor of a Stay

Trial in this case is set to begin on December 3, 2018, which is nearly seven months away. Dkt. No. 208.  While the parties have completed fact discovery, "a substantial portion of the work—expert discovery, summary judgment, pre-trial preparation, and trial itself—lies ahead." *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 5:13-CV-01356-EJD, 2014 WL 116340, at *3 (N.D. Cal. Jan. 13, 2014) ("*PersonalWeb I*").  The parties have yet to serve rebuttal expert reports, schedule and take expert depositions, or deal with related issues such as supplemental expert reports and motions to strike.  Dkt. No. 272.  Dispositive motions and *Daubert* challenges will not be heard until August 8, 2018, and trial preparations will not begin until the fall.  Dkt. No. 208.

This Court granted Huawei's motion to stay under nearly identical circumstances, just as numerous courts have done at similar stages of the litigation.  *See* Dkt. No. 267; *Personal Web I*, 2014 WL 116340, at *3 (N.D. Cal. Jan. 13, 2014) (staying case near close of fact discovery where expert reports, summary judgment, and trial remained); *SSL Servs., LLC v. Cisco Sys., Inc*, No. 2:15-CV-433-JRG-RSP, 2016 WL 3523871, at *3 (E.D. Tex. June 28, 2016) (granting motion to stay during expert discovery); *see NetJumper Software, LLC v. Google, Inc.*, No. 04–70366, 2008 WL 2761022, at *1–3 (E.D. Mich. July 15, 2008) (granting a stay when motion was filed less than two months before trial and after the defendant had already lost a motion for summary judgment); *eSoft, Inc. v. Blue Coat Sys., Inc.*, 505 F. Supp. 2d 784, 788 (D. Colo. 2007) (granting a motion to stay "at or near completion" of discovery).  Accordingly, the substantial work that lies ahead favors granting a stay of Huawei's infringement claims for the '197 and '166 Patents.

### B. A Stay Will Simplify the Case and Conserve Public and Private Resources

As Huawei argued in its motion to stay, "This case is complex, and there is no reason to unnecessarily complicate matters by engaging in parallel efforts before this Court and the PTAB." Dkt. No. 260 at 3.  Staying Huawei's infringement claims for the '197 and '166 Patents will

undoubtedly simplify this case.  It will streamline expert reports, expert depositions, dispositive motions, *Daubert* motions, motions to strike, trial preparation, and trial.  The stay will conserve private-party and judicial resources that would otherwise be expended litigating issues that will be reduced or eliminated as a result of the *inter partes* review proceedings against the '197 and '166 Patents.  This Court and others have found that staying infringement allegations for claims that are subject to *inter-partes* review will simplify the scope of the case.  *See* Dkt. 267 at 3; *Evolutionary Intelligence II*, 2014 WL 93954, at *3 ("There is also little benefit to be gained from having two forums review the validity of the same claims at the same time.").

The outcome of the *inter partes* review proceedings against the '197 and '166 Patents will "assist the court in determining patent validity" and, if the claims are canceled, "eliminate the need to try the infringement issue." *Id*.  Asserted claim 7 of the '197 Patent, which is now instituted in light of the PTAB's supplemental order, is nearly identical to claim 1 that was originally instituted.  Dkt. 1-21, claims 1 and 7.  In its institution decision, the PTAB explained that Samsung had shown a reasonable likelihood that claim 1 would have been obvious to a person or ordinary skill in the art at the time of the invention.  Malmberg Decl. Ex. 1 at 13, 16-20.  In particular, the Board found that each limitation of claim 1 was known in the prior art and there was a motivation to combine the prior art to arrive at the claimed invention.  *Id*.  The PTAB rejected Huawei's arguments that the prior art lacked certain limitations and taught away from the claimed invention.  *Id*. at 16, 20.

The PTAB's reasoning will apply equally to the subject matter of claim 7 now that it is subject to *inter partes* review.  The only difference between claims 1 and 7 is that the former recites a method while the latter recites an apparatus.  Dkt. No. 1-21, claims 1 and 7.  The PTAB originally decided not to institute review of claim 7 because it recites an "obtaining unit" that is written in means-plus-function form under 35 U.S.C. § 112, ¶ 6, and the petition did not identify corresponding structure for the claimed function.   *Id*. at 8-10.  Now, under *SAS v. Iancu*, the PTAB "must decide the patentability" of claim 7.  138 S.Ct. at 1350.  The PTAB will likely find that the "obtaining unit" limitation does not impart any patentability on the claims.  Indeed, Huawei's expert has admitted that any LTE mobile phone necessarily  includes an "obtaining unit."  Malmberg Decl. Ex. 5, ¶ 162.  Accordingly, the PTAB will likely find claim 7 obvious for the same reason as claim 1 and thus

4   Case No. 16-cv-02787-WHO
SAMSUNG'S MOTION TO STAY HUAWEI'S INFRINGEMENT CLAIMS FOR THE '197 AND '166 PATENTS

"eliminate the need to try infringement issues" for the '197 Patent. *Evolutionary Intelligence II,* 2014 WL 93954, at *2. At a minimum, the PTAB will render findings on issues such as claim interpretation, the teachings of the prior art, and motivation to combine that will "assist the court in determining patent validity." *Id. See Evolutionary Intelligence LLC v. Yelp Inc.*, No. 13-CV-03587-DMR, 2013 WL 6672451, at *6 (N.D. Cal. Dec. 18, 2013) ("Should the PTAB cancel or narrow any of the asserted claims of the Asserted Patents, the scope of this litigation may be significantly simplified.") ("*Evolutionary Intelligence I*").

The same reasoning applies for claim 13 of the '166 Patent, which is now subject to review. Claim 13 includes nearly identical subject matter as claim 2, which the PTAB found reasonably likely to be obvious in its institution decision. Malmberg Decl. Ex. 2 at 24-30; Dkt. 1-9, claims 2 and 13. Like claim 7 of the '197 Patent, the PTAB initially determined not to institute claim 13 of the '166 Patent because the presence of a means-plus-function limitation, *i.e.*, an "MME information adding module." The PTAB now "must decide the patentability" of claim 13 and will likely determine it is obvious for the same reasons as claim 2, again in light of Huawei's admission that an adding module is an inherent feature of any mobile terminal. Malmberg Decl. Ex. 6, ¶ 110.

### C. A Stay Would Not Prejudice Huawei

The third factor also weighs in favor of a stay. The Court's claim narrowing process will require Huawei to reduce the number of asserted claims in this case from ten to five. Dkt. No. 208. Requiring Huawei to select from eight claims instead of ten would not be prejudicial, particularly given the resources that would be saved by avoiding expert discovery, motion practice, and trial preparation for the '197 and '166 Patents. *See* Dkt. No. 267 (explaining that the claim narrowing process minimizes any prejudice to Samsung resulting from a stay of the '588 Patent).

Huawei may argue that granting a stay would leave it with only four remaining patents because the other seven patents that it originally asserted are all subject to *inter partes* review. Any alleged prejudice that would result from Huawei going forward with four patents rather than five would be of Huawei's own making because it chose to assert patents that are vulnerable to invalidity challenges and *inter partes* review. In any case, the alleged prejudice would be minor according to Huawei's own theory of the case. As Huawei argued in its motion to stay, "[t]his case is fundamentally a

FRAND dispute concerning agreements to license hundreds or thousands of standard essential patents, *and resolving any single infringement claim is much less consequential than in a typical infringement case*." Dkt. 260 at 4 (emphasis added).  By its own admission, Huawei will not suffer prejudice if it is required to go to trial on four patents instead of five.  Accordingly, this factor weighs in favor of a stay.

## V. CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court stay Huawei's infringement claims for the '197 and '166 Patents pending conclusion of the PTAB's review and any subsequent appeals.

DATED: May 14, 2018              Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Charles K. Verhoeven*
    Charles K. Verhoeven
    Kevin P.B. Johnson
    Victoria F. Maroulis
    Thomas D. Pease
    David A. Perlson

*Attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America, Inc.*

**ATTESTATION**

I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to file the above Motion. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Charles K. Verhoeven has concurred in the aforementioned filing.

*/s/ Victoria F. Maroulis*
Victoria F. Maroulis