Michael J. Bettinger (SBN 122196)
mbettinger@sidley.com
Irene Yang (SBN 245464)
irene.yang@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
(415) 772-1200 – Telephone
(415) 772-7400 – Facsimile

David T. Pritikin (*Pro Hac Vice*)
dpritikin@sidley.com
David C. Giardina (*Pro Hac Vice*)
dgiardina@sidley.com
Douglas I. Lewis (*Pro Hac Vice*)
dilewis@sidley.com
John W. McBride (*Pro Hac Vice*)
jwmcbride@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000 – Telephone
(312) 853-7036 – Facsimile

*Attorneys for Huawei Technologies Co., Ltd.,
Huawei Device USA, Inc., Huawei Technologies
USA, Inc., and HiSilicon Technologies Co. Ltd.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., and HUAWEI TECHNOLOGIES USA, INC., <br><br> Plaintiffs / Counterclaim-Defendants, <br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants / Counterclaim-Plaintiffs, <br><br> and <br><br> SAMSUNG RESEARCH AMERICA, <br><br> Defendant, <br> v. <br><br> HISILICON TECHNOLOGIES CO., LTD., <br><br> Counterclaim-Defendant. | Case No. 16-cv-02787-WHO <br><br> **HUAWEI'S OPPOSITION TO SAMSUNG'S MOTION TO STAY HUAWEI'S INFRINGEMENT CLAIMS FOR THE '197 AND '166 PATENTS** <br><br> Hearing Date: June 20, 2018 <br> Time: 2:00 P.M. Courtroom 2, 17th Floor <br> Judge: Hon. William H. Orrick |

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................1

II. BACKGROUND ...................................................................................................................2

III. ARGUMENT .........................................................................................................................3

    A. A Stay Will Not Conserve Resources or Simplify this Case Because Samsung's IPR Petitions Failed to Comply with the IPR Statute and PTO Regulations. ..................................................................................................................3

    B. The Schedule Does Not Weigh in Favor of a Stay. ................................................5

    C. A Stay Would Prejudice Huawei. ...........................................................................5

    D. It Is Premature to Stay the Litigation as to Claims 7 and 13. .................................6

IV. CONCLUSION......................................................................................................................7

## I. INTRODUCTION

Because of the unique circumstances faced by the PTAB in addressing two of Huawei's remaining asserted claims in this litigation – claim 7 of the '197 patent and claim 13 of the '166 patent – a stay of those claims is unwarranted here. In response to Samsung's initial petitions, the PTAB declined to institute review on claims 7 and 13, which Huawei continues to assert in this litigation, while instituting as to certain other claims. Earlier this month, the Supreme Court in *SAS Institute Inc. v. Iancu*, 138 S. Ct. 1348 (2018), ruled that if review is instituted on one claim it must be instituted on all claims challenged in the petition. Following the *SAS* decision, the PTAB instituted IPRs as to claims 7 and 13 but invited Samsung to dismiss those claims from its petitions, underscoring its original decision not to institute review of those claims. (*See* Dkt. No. 295-5 at 2; Dkt. No. 295-6 at 2.) Samsung has indicated to Huawei that it will not agree with the PTAB's suggestion.

The PTAB has already ruled that Samsung's petitions failed to carry their burden on these claims. In its initial institution decisions, the PTAB interpreted both claims 7 and 13 to contain means-plus-function limitations. Samsung bore the burden of identifying—in the IPR Petition itself—structures disclosed in the patents that correspond to the claimed functions. *See* 37 C.F.R. § 42.104(b)(3); 35 U.S.C. § 312(a)(3). Samsung's petitions challenging the '197 and '166 patents did not identify such structures. Accordingly, the PTAB will likely come to the same final conclusion as it did in its initial institution decisions: Samsung's "failure to identify the corresponding structure . . . means that [Samsung] has failed to meet its burden of showing" that the claims are unpatentable. (Dkt. No. 295-3 at 10; Dkt. No. 295-4 at 11.) There is no reason to assume the PTAB will now overlook Samsung's failure to carry its burden, or that it will now re-visit the patentability of these claims in its final written decisions.

The PTAB's decision to institute following the Supreme Court's decision in *SAS Institute* thus provides no basis for a stay of Huawei's claims of infringement on the '197 and '166 patents. This situation is fundamentally different from Huawei's pre-*SAS* motion to stay Samsung's '588 patent, where all asserted claims were found by the PTAB to have a reasonable likelihood of being found unpatentable. Moreover, in similar situations, the PTAB has elected to terminate IPR

proceedings as to claims with means-plus-function limitations. The PTAB has not yet decided how it will ultimately proceed as to claims 7 and 13, and it is premature to stay the litigation as to these claims in the meantime. Samsung's motion should be denied.

## II.   BACKGROUND

Huawei's most recent election of asserted claims includes claim 7 of the '197 patent and claim 13 of the '166 patent. (*See* Dkt. No. 255-3 at 1.) In 2017, Samsung filed *inter partes* review petitions challenging these and other claims of the '197 and '166 patents. However, in its institution decisions, the PTAB declined to institute review of these claims (as well as their challenged dependent claims).

With respect to the '197 patent, the PTAB found that claim 7 "includes an 'obtaining unit' limitation written in means-plus-function format." (Dkt. No. 295-3 at 26.) An IPR petition challenging claims written in means-plus-function format "must identify the specific portions of the specification that describe the structure . . . corresponding to each claimed function. 37 C.F.R. § 42.104(b)(3) ("Content of petition"). Samsung's petition, however, had "fail[ed] to identify the structures, materials, and acts disclosed in the specification of the '197 patent for performing the recited functions" of the "obtaining unit." (Dkt. No. 295-3 at 26.) Citing both the PTO regulation and the IPR statute (35 U.S.C. § 312(a)(3), "Requirements of Petition"), the PTAB held that Samsung had "failed to demonstrate a reasonable likelihood of showing" that claim 7 was "unpatentable as obvious." (*Id.*)

Similarly, with respect to the '166 patent, the PTAB found that claim 13 of the patent included "an MME information adding module limitation written in means-plus-function format." (Dkt. No. 295-4 at 34.) Samsung's petition "fail[ed] to identify the structures, materials, and acts disclosed in the specification [of the '166 patent] for performing the recited functions" of the "MME information adding module." (*Id.*) Accordingly, as with the claim 7 of the '197 patent, the PTAB held that Samsung had "failed to demonstrate a reasonable likelihood of showing" that claim 13 was "unpatentable as obvious." (*Id.*)

On April 24, 2018, the U.S. Supreme Court issued its decision in *SAS Institute v. Iancu*, holding that "[t]he Director [of the Patent Office] … is given only the choice 'whether' to institute

an inter partes review," and the IPR statute "anticipates a regime where a reasonable prospect of success on a single claim justifies review of all." 138 S. Ct. at 1355-56. The Director may not "select only some challenged claims for decision." *Id.* at 1358.

On May 8, 2018, the PTAB issued orders in both pending IPRs addressing the impact of the Supreme Court's *SAS Institute* decision. The PTAB modified the institution decisions to include all challenged claims (as required by *SAS Institute*), but invited the parties to voluntarily remove the added claims from the IPRs:

> As an alternative, we authorize the parties to file, within one week of the date of this Order, a Joint Motion to Limit the Petition by removing the claims and grounds upon which we did not originally institute trial. *See, e.g., Apotex Inc., v. OSI Pharms., Inc.*, Case IPR2016-01284 (PTAB Apr. 3, 2017) (Paper 19) (granting, after institution, a joint motion to limit the petition by removing a patent claim that was included for trial in the institution decision).

(Dkt. No. 295-5 at 2; Dkt. No. 295-6 at 2.) Samsung would not agree to remove these claims and grounds.

### III. ARGUMENT

**A. A Stay Will Not Conserve Resources or Simplify this Case Because Samsung's IPR Petitions Failed to Comply with the IPR Statute and PTO Regulations.**

Samsung relies on a series of decisions from this District weighing in favor of a stay where the PTAB has instituted *inter partes* review on claims asserted in district court. But none of those decisions addresses the situation here, where an intervening Supreme Court decision requires retroactive "institution" on patentability challenges the PTAB has already addressed and found lacking. That distinction is critical. The PTAB may institute an IPR only where "the information presented in the petition" (along with any response) "shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a).

For a typical claim asserted in district court litigation, such a "reasonable likelihood" determination suggests that the PTAB's final written decision on that claim may well simplify the issues in district court, justifying a stay. But here, the PTAB has made no such positive "reasonable likelihood" determination as to claims 7 and 13. To the contrary, the PTAB already determined that

Samsung's petition entirely failed to make such a showing—it concluded that certain elements of the claims were means-plus-function limitations (as urged by Samsung), but found that Samsung had failed to identify corresponding structure in its petitions, as 37 C.F.R. § 42.104(b)(3) requires. To the extent the PTAB addresses claims 7 and 13 in its final written decisions, it will do so only because of the intervening *SAS Institute* decision—not because Samsung's petitions showed a reasonable likelihood that the claims are unpatentable.

Further, the PTAB's determination that Samsung's petition fails to comply with 37 C.F.R. § 42.104(b)(3) strongly suggests that the final written decisions will not find unpatentable claims 7 and 13. Samsung's argument that these claims are similar to instituted claims, so that the PTAB might find them unpatentable as well (*see* Mot. 4-5), ignores Samsung's failure to comply with the IPR statute and regulations for elements that the PTAB interprets as means-plus-function. Without any identification of structure for these elements, Samsung cannot satisfy its burden, during trial, "of proving a proposition of unpatentability by a preponderance of the evidence" under the Board's claim interpretation. 35 U.S.C. § 316(e). Samsung provides no authority suggesting that the PTAB can or would excuse the deficiencies in Samsung's petitions and change its mind as to the patentability of claims 7 and 13.[1] The PTAB's invitation that the parties simply stipulate to remove these claims from the IPRs strongly suggests that it will not do so.[2] Thus, the IPR proceedings as to the '197 and '166 patents are unlikely to simplify the issues in the litigation as to these two claims at issue. Unlike in the typical situation where the PTAB institutes IPR proceedings on a claim based on a reasonable likelihood of unpatentability, this factor is just not met in this case.

---

[1] In fact, Federal Circuit law strongly suggests that the PTAB cannot simply ignore Samsung's failure to set forth corresponding structure for means-plus-function limitations. *See In re Donaldson Co.*, 16 F.3d 1189, 1194 (Fed. Cir. 1994) (Section 112, paragraph 6 "applies regardless of the context in which the interpretation of means-plus-function language arises, i.e., whether as part of a patentability determination in the PTO or as part of a validity or infringement determination in a court.").

[2] Samsung's suggestion that even a final written decision limited to the originally-instituted claims could justify a stay of Huawei's infringement claims (Mot. 5) is also incorrect. Samsung's remaining invalidity theories on claim 7 and claim 13 rest on printed publications that were or could have been raised in its IPRs. Accordingly, if the final written decisions repeat the PTAB's earlier conclusion (that Samsung failed to carry its burden of proof on these claims) and find the claims unpatentable, Samsung will be estopped from challenging their validity in this case. But Huawei's infringement case on those claims would not be impacted at all.

### B. The Schedule Does Not Weigh in Favor of a Stay.

This case is not in its early stages. Fact discovery is complete; expert discovery is already well underway, with opening reports served (including opening reports addressing the '197 and '166 patents) and rebuttal reports due in less than two weeks. The December 3, 2018 trial date is rapidly approaching. For the reasons noted above, it is highly unlikely that the PTAB's final written decisions in Samsung's IPRs will impact claims 7 and 13. Accordingly, given the parties' significant investments in pursuing claims and defenses on the '197 and '166 patents thus far, a stay at this stage is not warranted. *See Evolutionary Intelligence LLC v. Yelp Inc.,* Case No. C13-03587 DMR, 2013 WL 6672451, at *4 (N.D. Cal. Dec. 18, 2013) (granting stay where "only limited discovery had occurred, most of it restricted to the issue of venue; no trial date or discovery deadline has been set and only limited pretrial dates have been set...."); *Ho Keung Tse v. Apple Inc.,* No. C 06-06573 SBA, 2007 WL 2904279, at *2 (N.D. Cal. Oct. 4, 2007) ("A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery.").

Contrary to Samsung's suggestion, Huawei's March 20, 2018 motion to stay claims of the '588 patent did not present "nearly identical circumstances." (Mot. 3.) Huawei filed its motion eight weeks ago, before the close of fact discovery, shortly after the parties made their elections of narrowed asserted claims, and prior to the opening of expert discovery. Critically, Huawei's motion addressed claims of the '588 patent on which the PTAB had instituted *inter partes* review, based on a "reasonable likelihood" that Huawei would prevail in establishing that those claims are unpatentable. (*See* Dkt. No. 267 at 1-2.) In contrast, here the PTAB has found that Samsung had "failed to demonstrate a reasonable likelihood of showing" that claims 7 and 13 are unpatentable, based on the failure of Samsung's petition to comply with 37 C.F.R. § 42.104(b)(3). (Dkt. No. 295-3 at 26; Dkt. No. 295-4 at 34.)

### C. A Stay Would Prejudice Huawei.

Huawei elected to include claim 7 of the '197 patent and claim 13 of the '166 patent in its March 16, 2018 statement to narrow the case to ten asserted claims, electing only those claims on which there were no pending IPR proceedings, either because Samsung had not filed IPR petitions or because the PTAB found that Samsung's invalidity arguments did not have a reasonable likelihood

of success.  The Court's claim narrowing process allows Huawei until October 19, 2018, to reduce further its asserted claims from ten claims to five.  (Dkt. No. 208 at 1.)  Samsung's motion seeks to eliminate two of Huawei's ten claims, months before any such reduction is to be made, and to unjustifiably force Huawei to choose five claims from that reduced set.  As explained above, the PTAB record strongly suggests the final written decisions in these IPRs will leave claims 7 and 13 intact, and Huawei should have every right to assert them against Samsung if it so chooses.  Samsung's motion would "present a clear tactical disadvantage" to Huawei, weighing against a stay.  *PersonalWeb Techs. LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014).

Samsung argues that such prejudice should be ignored because Huawei "chose to assert patents that are vulnerable to invalidity challenges and *inter partes* review." (Mot. 5).  Samsung's characterization of these claims as "vulnerable to invalidity challenges" fails to recognize that if the PTAB issues a final written decision finding the claims patentable because of Samsung's failure to comply with PTAB regulations, Samsung's invalidity challenge on these claims will have failed, and it will be estopped from any advancing any further invalidity challenge in district court.  A stay would significantly prejudice Huawei because these claims have survived Samsung's one shot at establishing their unpatentability.

Finally, Samsung's attempt to twist Huawei's view of this litigation—as a FRAND dispute—against Huawei (Mot. 5-6) fails.  As this Court observed, Samsung has insisted that any FRAND issues should be reached only after determining "whether each asserted patent was valid, enforceable, infringed, and essential." (Dkt. No. 280 at 13.)

### D.   It Is Premature to Stay the Litigation as to Claims 7 and 13.

In at least two other cases in which the Board instituted on means-plus-function claims for which it later concluded there was no appropriately identified and sufficient corresponding structure, the Board terminated the IPR as to those claims without reaching a determination as to unpatentability.  *Microsoft Corp. v. Enfish, LLC*, IPR2013-00559, Paper 65 at 10-14 (March 3, 2015); *Blackberry Corp. v. Mobilemedia Ideas LLC*, IPR2013-00036, Paper 65 at 20-21 (March 7, 2014).  The PTAB has not made a decision as to how it will handle claims 7 and 13, and Samsung's

request to stay the litigation as to those claims—which Huawei was entitled to retain in the litigation following the PTAB's decision not to institute IPRs on those claims due to Samsung's failure to carry its burden—is premature.

## IV.    CONCLUSION

For the foregoing reasons, Samsung's motion for a stay of infringement claims for the '197 and '166 patents should be denied.

Dated: May 15, 2018

Respectfully submitted,

SIDLEY AUSTIN LLP

/s/ Michael J. Bettinger
Michael J. Bettinger (SBN 122196)
mbettinger@sidley.com
Irene Yang (SBN 245464)
irene.yang@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California  94104
(415) 772-1200 – Telephone
(415) 772-7400 – Facsimile

David T. Pritikin (*Pro Hac Vice*)
dpritikin@sidley.com
David C. Giardina (*Pro Hac Vice*)
dgiardina@sidley.com
Douglas I. Lewis (*Pro Hac Vice*)
dilewis@sidley.com
John W. McBride (*Pro Hac Vice*)
jwmcbride@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois  60603
(312) 853-7000 – Telephone
(312) 853-7036 – Facsimile

*Attorneys for Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., and HiSilicon Technologies Co. Ltd.*