QUINN EMANUEL URQUHART & SULLIVAN, LLP

Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and
Samsung Research America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>　　　　　　Defendants. | CASE NO. 16-cv-02787-WHO<br><br>**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO STAY HUAWEI'S INFRINGEMENT CLAIMS FOR THE '197 AND '166 PATENTS**<br><br>Date: June 20, 2018<br>Time: 2:00 pm<br>Place: Courtroom 2, 17th Floor<br>Judge: The Hon. William H. Orrick |
| SAMSUNG ELECTRONICS CO., LTD. & SAMSUNG ELECTRONICS AMERICA, INC.<br><br>　　　　　　Counterclaim-Plaintiffs,<br><br>　　v.<br><br>HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., HUAWEI TECHNOLOGIES USA, INC., & HISILICON TECHNOLOGIES CO., LTD.<br><br>　　　　　　Counterclaim-Defendants. | |

## I. INTRODUCTION

Samsung submits the following reply in response to Huawei's Opposition to Samsung's Motion to Stay Huawei's Infringement Claims for the '197 and '166 Patents. Huawei's Opposition ignores the Supreme Court's *SAS v. Iancu* decision, mischaracterizes the PTAB's supplemental orders, and contradicts the very arguments that Huawei made to this Court in support of its own motion to stay.

*First*, Huawei is incorrect that "[t]here is no reason to assume the PTAB . . . will now revisit the patentability of [claims 7 and 13]." Dkt. 296 at 1. The PTAB *must* decide the patentability of these claims in light of the Supreme Court's directive in *SAS v. Iancu*, 138 S.Ct. 1348, 1354 (2018). The decision held in no uncertain terms that when the PTAB institutes an *inter partes* review, it "*must* address *every* claim the petitioner has challenged." *Id*. Huawei's opposition completely ignores this requirement and asks the Court to assume that the PTAB will act to the contrary. As explained below, the PTAB's decision will necessarily simplify the issues in this case and conserve significant time and resources.

*Second*, the PTAB did not "invite" Samsung to dismiss claims 7 and 13. The PTAB simply authorized the parties to file a joint motion to limit the petition by removing certain claims or grounds—just as it did in every other *inter partes* review impacted by the *SAS v. Iancu* decision. *See* https://www.uspto.gov/sites/default/files/documents/20180503_PPAC_PTAB_Update.pdf at 6 ("If panel has instituted on only some challenges raised in the petition, panel may at this time . . . Receive joint request filed by the parties to terminate as to certain challenges."). The *pro forma* language in the PTAB's supplemental orders does not suggest in any way that it will violate the Supreme Court's directive and decline to decide the patentability of claims 7 and 13.

*Third*, Huawei's arguments under the stay factors contradict the representations it made to the Court in its own motion to stay. Previously, Huawei argued that the "runway remaining in this case" favored a stay, and that "[c]ourts have stayed patent infringement claims in cases at similar stages, often staying cases even more advanced than this one." Dkt. 260 at 4. Now, less than two months later, Huawei argues that trial is "rapidly approaching." Dkt. 296 at 5. Huawei previously argued that a stay "will streamline upcoming expert discovery and motion practice, including infringement expert

1                                    Case No. 3:16-cv-02787-WHO
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO STAY (DKT. 295)

reports, invalidity expert reports, damages expert reports, expert depositions, dispositive motions, *Daubert* motions, and pre-trial proceedings." Dkt. No. 260 at 3. Now it argues that "a stay will not conserve resources or simplify the case." Dkt. 296 at 3. Finally, with respect to prejudice, Huawei is now walking back its arguments that the Court's narrowing requirements and the nature of the case—which Huawei views as "fundamentally a FRAND dispute"—favor a stay.

## II. ARGUMENT

### A. Huawei Ignores the Substantial Work Remaining in the Case

When Huawei filed its motion to stay, it cited the fact that the parties and Court still had to deal with rebuttal expert reports, expert depositions, *Daubert* motions, dispositive motions, additional claim construction, trial preparation, and trial. Dkt. 260 at 3-4. All of these events remain to be litigated and therefore "a substantial portion of the work . . . lies ahead." *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 5:13-CV-01356-EJD, 2014 WL 116340, at *3 (N.D. Cal. Jan. 13, 2014). Huawei does not genuinely dispute this. Dkt. 296 at 5. It argues that expert discovery is "well underway" and trial is "rapidly approaching," but these arguments gloss over the many substantive events that remain to be litigated over the next seven months. The arguments also contradict Huawei's prior representation that these remaining events warrant a stay. Dkt. 260 at 3-4. The real focus of Huawei's argument is that the PTAB is unlikely to decide the patentability of claims 7 and 13. Dkt. 296 at 5. This argument, which is incorrect on the merits, has nothing to do with the case schedule and the issues that remain to be litigated. Accordingly, this factor favors granting Samsung's motion to stay.

### B. Huawei is Incorrect that the PTAB Will Decline to Decide the Patentability of Claims 7 and 13, and, No Matter What, the *Inter Partes* Review Proceedings Will Simplify this Case

In just the opening round of expert discovery, the parties served ***twenty six*** reports from ***nineteen*** different experts. Obviously, all of these experts will not testify in the two weeks allotted for trial. Staying Huawei's infringement claims for the '197 and '166 Patents will simplify and streamline the case now, without requiring the parties and Court to engage in expensive expert discovery, motion practice, trial preparation, and trial. *See* Dkt. 267; *Evolutionary Intelligence, LLC v. Apple, Inc.*, Case No. 13-CV-04201-WHA, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014) ("A stay

may also be granted in order to avoid inconsistent results, obtain guidance from the PTAB, or avoid needless waste of judicial resources."). Huawei's argument that the *inter partes* review proceedings will not simplify or streamline the case is based on the **incorrect assumption** that the PTAB will decline to decide the patentability of claims 7 and 13. The Court should reject this argument for the following reasons.

*First*, Huawei's assumption is based on 37 CFR § 42.104(b)(3), but this rule governs the procedural requirements of a petition—***not*** the PTAB's review on the merits after a petition has been instituted. *See* 37 C.F.R. § 42.104. These procedural requirements are now moot for the proceedings against the '197 and '166 Patents in view of the *SAS* decision and supplemental PTAB orders that instituted review against all of the challenged claims.[1]

*Second*, Huawei's assumption ignores the Supreme Court's holding in *SAS*. 138 S.Ct. at 1354. The Supreme Court did not hold that the PTAB can simply rubberstamp its prior decisions declining to institute review of certain claims or grounds. *Id*. Rather, the PTAB "*must* address *every* claim the petitioner has challenged." *Id*. Under *SAS*, the PTAB will have to decide the patentability of claims 7 and 13, and its ultimate decision will indisputably simplify the issues in this case. *See PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1027-28 (N.D. Cal. 2014) ("Either the claims, already found reasonably likely to be invalid, will become moot, or the Court will have the benefit of the PTAB's findings. Under both outcomes, the issues in question and trial of the case will be simplified.").[2]

*Third*, as Samsung explained in its Motion, claims 7 and 13 are directed to the same subject matter as the claims that were originally instituted, and for which the PTAB found a reasonable likelihood of obviousness based on Samsung's arguments concerning the teaching of the prior art and

---

[1] Huawei argues that Samsung's cited case law does not address the situation here, where an *inter partes* review proceeding is supplemented with new claims in light of a Supreme Court decision. Dkt. 296 at 3. That is not surprising because the *SAS* decision is the first time the Supreme Court weighed in on the scope of institution decisions.

[2] Huawei has informed Samsung that it intends to ask the PTAB for a five-week extension and 5000-word submission to address the newly instituted claims. This indicates that Huawei expects the PTAB to decide the patentability of these claims, not simply rubberstamp its institution decision.

motivation to combine. Dkt. 295 at 4. Huawei has not—and cannot—dispute that the same prior art and motivation to combine will apply equally when the PTAB decides the patentability of claims 7 and 13 as required under *SAS*. Dkt. 296 at 4. In this regard, Samsung intends to supplement the record in the *inter partes* review proceedings to present arguments from Huawei's experts that the specification discloses sufficient corresponding structure for the means-plus-function limitations in claims 7 and 13. Notably, Huawei does not argue that, under this alleged corresponding structure, the obviousness analysis for claims 7 and 13 is any different than for the originally instituted claims. Accordingly, the PTAB's analysis will likely "eliminate the need to try the infringement issue[s]" for claims 7 and 13. *Evolutionary Intelligence,* 2014 WL 93954, at *2.

*Fourth*, even if the PTAB disregards the *SAS* directive and declines to decide the patentability of claims 7 and 13, its analysis will still simplify the issues in this case. As discussed in Section II.D below, if the PTAB determines that the means-plus-function limitations in claims 7 and 13 cannot be construed because the patent specification lacks corresponding structure, it will assist the Court's analysis of whether the claims are indefinite under *Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015) (*en banc*). And in any case, the PTAB will render findings on claim interpretation, the teachings of the prior art, and motivation to combine for the claims that were originally instituted. This analysis will assist the Court in deciding the obviousness of claims 7 and 13, which are directed to the same subject matter. In both cases, "the issues in question and trial of the case will be simplified." *PersonalWeb*, 69 F. Supp. 3d at 1028.[3]

---

[3] Huawei is incorrect that Samsung would be estopped from raising prior art challenges in this Court if the PTAB declines to decide the patentability of claims 7 and 13. Dkt. 296 at 4 n.2. It would be an issue of first impression whether the estoppel standard is met when claims are included in an *inter partes* review, but the PTAB declines to decide their patentability. Moreover, courts in this district have found that "***statutory estoppel simplifies the issues by preventing parties from relitigating the same validity issues before the PTO and the court***." *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, Case No. 13-CV-4513-RMW, 2014 WL 819277, at *4 (N.D. Cal. Feb. 28, 2014). Thus, even under Huawei's estoppel argument, the PTAB's final written decisions will simplify the issues in this case.

### C. Huawei Does Not Identify Any Prejudice that Would Result from a Stay

The fact that Huawei elected to proceed with claims 7 and 13 does not weigh against a stay. Huawei chose these claims despite the fact that the PTAB had found a reasonable likelihood of obviousness for the originally instituted claims that are directed to the same subject matter. Huawei knew there was a risk that the PTAB's analysis of the originally instituted claims would impact this Court's analysis of claims 7 and 13, so staying claims 7 and 13 now that they are subject to *inter partes* review does create prejudice.[4]

This is also not a case, as Huawei contends, where it would face a "clear tactical disadvantage" if the Court grants a stay. Dkt. 296 at 6. First, a "clear tactical disadvantage" arises when the moving party engages in gamesmanship or undue delay—neither of which are present in this case. *PersonalWeb*, 69 F. Supp. 3d at 1029-30. Samsung acted diligently and moved for a stay within days of the PTAB issuing its supplemental orders in light of the *SAS v. Iancu* decision. Second, although the stay will require Huawei to elect from eight claims rather than ten, it will still be allowed to proceed to trial on five claims—the same number as Samsung. As Huawei told the Court when seeking its own stay, "resolving any single infringement claim is much less consequential than in a typical infringement case." Dkt. 260 at 4. Thus, Huawei cannot legitimately argue that it would be prejudiced by selecting from eight claims rather than ten.

### D. A Stay Is Not Premature

Finally, the *Microsoft v. Enfish* decision cited by Huawei *supports* granting a stay. Dkt. 296 at 6. *Microsoft v. Enfish* is a Final Written Decision where the PTAB performed a detailed analysis of means-plus-function claims and ultimately determined that the specification lacked sufficient corresponding structure for the claimed functions. *Microsoft Corp. v. Enfish, LLC*, IPR2013-00559, Paper 65, 2015 WL 1009213, at *6 (Mar. 3, 2015). Under the *SAS* directive to decide the patentability of claims 7 and 13, the PTAB will perform a similar analysis and evaluate whether the specification

---

[4] Huawei tried to have it both ways—relying on the PTAB's finding of no structure to avoid *inter partes* review, while arguing that sufficient structure exists to avoid indefiniteness and support its continued assertion of claims 7 and 13. In light of *SAS*, the PTAB will decide these issues, and it would be wasteful—not prejudicial—for the Court to decide them in parallel.

provides sufficient corresponding structure for the means-plus-function limitations.  If the PTAB determines that the limitations lack corresponding structure and cannot be construed, the resulting decision will assist this Court's analysis of whether the claims are indefinite under *Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015) (*en banc*).  If the PTAB determines that sufficient corresponding structure ***does*** exist, then it will analyze the claims under the prior art.  In either case, "[t]his action may benefit from the PTAB's decision" and "[t]here is also little benefit to be gained from having two forums review the validity of the same claims at the same time."  Dkt. 267 (citing *Evolutionary Intelligence*, 2014 WL 93954, at *3).[5]

### III.     CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant its Motion to Stay.

DATED:  May 15, 2018                          Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Charles K. Verhoeven*
    Charles K. Verhoeven
    Kevin P.B. Johnson
    Victoria F. Maroulis
    Thomas D. Pease
    David A. Perlson

*Attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America, Inc.*

---

[5] Again, Samsung intends to supplement the record in the *inter partes* review proceedings to present arguments from Huawei's experts that the specification discloses sufficient corresponding structure for the means-plus-function limitations of claims 7 and 13.  Huawei does not argue that, under this alleged corresponding structure, the obviousness analysis for claims 7 and 13 is any different than the originally instituted claims.

**ATTESTATION**

I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to file the above Motion.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Charles K. Verhoeven has concurred in the aforementioned filing.

/s/ Victoria F. Maroulis
Victoria F. Maroulis