Michael J. Bettinger (SBN 122196)
mbettinger@sidley.com
Irene Yang (SBN 245464)
irene.yang@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
(415) 772-1200 – Telephone
(415) 772-7400 – Facsimile

David T. Pritikin (*Pro Hac Vice*)
dpritikin@sidley.com
David C. Giardina (*Pro Hac Vice*)
dgiardina@sidley.com
Douglas I. Lewis (*Pro Hac Vice*)
dilewis@sidley.com
John W. McBride (*Pro Hac Vice*)
jwmcbride@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000 – Telephone
(312) 853-7036 – Facsimile

*Attorneys for Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., and HiSilicon Technologies Co. Ltd.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., and HUAWEI TECHNOLOGIES USA, INC.,<br><br>Plaintiffs / Counterclaim-Defendants,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants / Counterclaim-Plaintiffs,<br><br>and<br><br>SAMSUNG RESEARCH AMERICA,<br><br>Defendant,<br>v.<br><br>HISILICON TECHNOLOGIES CO., LTD.,<br><br>Counterclaim-Defendant. | Case No. 16-cv-02787-WHO<br><br>**DECLARATION OF XIAOWU ZHANG IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF SAMSUNG'S MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING HUAWEI'S CAUSE OF ACTION FOR DECLARATORY JUDGMENT OF FRAND TERMS AND CONDITIONS FOR A CROSS-LICENSE** |

I, Xiaowu Zhang, declare as follows:

1.     I am a citizen of the People's Republic of China over 18 years of age. I submit this declaration on behalf of Plaintiffs and Counterclaim-Defendants Huawei Technologies Co., Ltd., Huawei Device USA, Inc., and Huawei Technologies USA, Inc., and Counterclaim-Defendant HiSilicon Technologies Co., Ltd. (collectively, "Huawei"). I have personal knowledge of the facts set forth in this declaration, and, if called upon as a witness, I could and would testify to such facts under oath.

2.     I am employed by Huawei as Deputy Director of Huawei's IP Litigation Department. In my capacity as Deputy Director, I have been involved on behalf of Huawei in patent license negotiations with current and prospective licensees, including Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America (collectively, "Samsung").

3.     Pursuant to Civil L.R. 79-5(d)(1)(A), I submit this declaration in support of Samsung's Administrative Motion to File Under Seal Portions of Samsung's Motion for Judgment on the Pleadings Regarding Huawei's Cause of Action For Declaratory Judgment of FRAND Terms and Conditions for a Cross-License (Dkt. 303) ("Motion for Judgment on the Pleadings").

4.     I have reviewed the following portions of Samsung's Motion for Judgment on the Pleadings (and exhibits thereto) that contain or suggest information that Samsung had identified as confidential to Huawei:

| Document | Portions to be Filed Under Seal |
|---|---|
| Samsung Motion for Judgment on the Pleadings Regarding Huawei's Cause of Action for Declaratory Judgment of FRAND Terms and Conditions for a Cross-License | Yellow highlighted portions on the lines:<br>2:20-21<br>3:15 – 4:1<br>4:2-3<br>4:n.5<br>4:n.6<br>5:n.13<br>7:19-22 |

|  | 9:15-20 |
|---|---|
|  | 10:2-3 |
|  | 10:3-8 |
|  | 13:21 |
|  | 13:22-23 |
|  | 13:24 – 14:1 |
| Exhibit 1 | Entire document |
| Exhibit 3 | Entire document |
| Exhibit 4 | Entire document |
| Exhibit 6 | Entire document |
| Exhibit 12 | Entire document |

5. With the exception of the proposed redactions to page 5 and 7, the indicated portions of Samsung's Motion for Judgment on the Pleadings, and the excerpts of the depositions of Xuxin Cheng, Liuping Song, and Jason Ding attached as Exhibits 1, 3, 4, and 6 thereto, contain information about license negotiations between Huawei and Samsung, which were conducted pursuant to a non-disclosure agreement.  Huawei considers this information highly confidential and does not disclose it to the public. (I understand that Samsung has maintained the same position.)  Disclosure of this information to the public would harm Huawei's competitive standing by giving competitors insight into Huawei's past licensing positions and practices, which could be used to Huawei's disadvantage.  For example, competitors and/or potential licensing partners could gain unfair insight and leverage in licensing discussions that Huawei would lack, thereby creating an asymmetry of information and bargaining power that would otherwise not exist but for the disclosure of the above confidential information.  This would create a serious risk of competitive injury to Huawei.  Further, Huawei has a strong business interest in maintaining the confidentiality of the above licensing-related information.  Within Huawei, access to such confidential information is restricted.  Not everyone in Huawei's IP Department has access to such information, not to mention the other employees in other departments.  The employees of Huawei's IP Department that have access to the information

understand the sensitive nature of such information, and understand their duty to not disclose the information outside of Huawei without legal protections against dissemination. Redaction of the information is necessary to avoid placing Huawei at a significant business disadvantage vis-à-vis its competitor sand potential licensing partners.

6. The proposed redaction to page 5, footnote 13, reflects confidential information about Huawei's license agreements with third parties generally, and particularly the terms of Huawei's agreement with Apple, which, by its terms, is confidential to both Huawei and Apple. Apart from the contractual restrictions applicable to information concerning Huawei's license agreement with Apple under which Huawei is contractually obligated to maintain its terms in confidence absent Apple's consent, Huawei considers this information highly confidential and does not disclose it to the public. Disclosure of this information to the public would harm Huawei's competitive standing by giving competitors insight into Huawei's past licensing positions and practices, which could be used to Huawei's disadvantage. For example, competitors and/or potential licensing partners could gain unfair insight and leverage in licensing discussions that Huawei would lack, thereby creating an asymmetry of information and bargaining power that would otherwise not exist but for the disclosure of the above confidential information. This would create a serious risk of competitive injury to Huawei. Further, Huawei has a strong business interest in maintaining the confidentiality of the above licensing-related information. Within Huawei, access to such confidential information is restricted. Not everyone in Huawei's IP Department has access to such information, not to mention the other employees in other departments. The employees of Huawei's IP Department that have access to the information understand the sensitive nature of such information, and understand their duty to not disclose the information outside of Huawei without legal protections against dissemination. Redaction of the information is necessary to avoid placing Huawei at a significant business disadvantage vis-à-vis its competitors and potential licensing partners.

7. The proposed redaction on page 7, lines 9-12, and Exhibit 12, refer to and set forth certain content of the Expert Report of Michael J. Lasinski, which I understand to have been designated as Highly Confidential pursuant to the Protective Order based in part on the fact that

1  Mr. Lasinski's analysis relies on and reflects information concerning Huawei's license
2  agreement with Nokia, the terms of which are confidential.  Disclosure of the content of the
3  Nokia agreement reflected in Exhibit 12 would require Nokia's consent.  Moreover, Exhibit 12
4  reveals information about Mr. Lasinski's ultimate conclusions that have not been publicly
5  disclosed.  Huawei (and, I understand, Samsung) considers this information to be highly
6  confidential and does not disclose it to the public.  At least at this stage of the litigation,
7  disclosure of this information to the public would harm Huawei's competitive standing by giving
8  competitors insight into Huawei's licensing positions and practices.  Huawei does not have
9  access to similar information about its competitors, which could result in an information
10 asymmetry in future licensing negotiations, placing Huawei at a disadvantage.

12 I declare under penalty of perjury under the laws of the United States of America that the
13 foregoing is true and correct to the best of my knowledge.

15 Executed electronically on June 12, 2018 in Dallas, Texas.

_____
Xiaowu Zhang