UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUAWEI TECHNOLOGIES, CO, LTD, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO, LTD., et al.,<br><br>            Defendants. | Case No. 3:16-cv-02787-WHO<br><br>**ORDER GRANTING STAY OF INFRINGEMENT CLAIM FOR '197 AND '166 PATENTS**<br><br>Re: Dkt. No. 295 |

## INTRODUCTION

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America, Inc. (collectively, "Samsung") move to stay infringement claims of U.S. Patent Nos. 8,412,197 (the "'197 Patent") and 8,483,166 (the "'166 Patent"), specifically claim 7 of the '197 Patent and claim 13 of the '166 Patent, because those claims are now subject to an instituted *inter partes* review (IPR) before the Patent Trial and Appeal Board (PTAB) in light of the Supreme Court's recent decision in *SAS Inst., Inc. v. Iancu*, ___ U.S. ___, 138 S. Ct. 1348, 1352–54 (2018). While this situation differs from the previous circumstances in which I granted Huawei's motion for a stay of infringement claims subject to IPR proceedings, it does not dictate a different outcome. Samsung's motion is GRANTED.[1]

## BACKGROUND

On May 24, 2017, Samsung filed petitions for IPR against claims 1, 2, 5-9, and 13-15 of the '197 Patent and claims 1-5 and 12-16 of the '166 Patent. Malmberg Decl., Ex. 1. In December 2017, the PTAB instituted IPR of claims 1, 2, 5, 6, and 13 of the '197 Patent and claims

---

[1] This motion is suitable for determination without oral argument and the hearing is VACATED. Civil L. R. 7-1(b).

1-5 of the '166 Patent. Malmberg Decl., Ex. 2. On March 16, 2018, Huawei narrowed this case to assert only claims that were not subject to the PTAB's original institution decisions, including claim 7 of the '197 Patent and claim 13 of the '166 Patent. Huawei's Updated Election of Asserted Claims and Accused Products Pursuant to the Court's Case Management Orders (Dkt. No. 255-3[redacted]).

On April 24, 2018, the Supreme Court held that a PTAB decision to institute IPR under 35 U.S.C. § 314 may not institute on less than all claims challenged in the petition. *SAS Inst., Inc. v. Iancu*, ___ U.S. ___, 138 S. Ct. 1348, 1352–54 (2018). In light of this decision, on May 8, 2018, the PTAB issued Supplemental Orders to institute review against all challenged claims of the '197 and '166 patents, including claim 7 of the '197 patent and claim 13 of the '166 patent. PTAB's Supplemental Order in IPR against the '197 Patent (Malmberg Decl. ¶ 4, Ex. 3, Dkt. No. 295-5); PTAB's Supplemental Order in IPR against the '166 Patent (Malmberg Decl. ¶ 5, Ex. 4, Dkt. No. 295-6). In those Supplemental Orders, the PTAB invited the parties to voluntarily remove the added claims, for which it had previously found IPR was not warranted:

> As an alternative, we authorize the parties to file, within one week of the date of this Order, a Joint Motion to Limit the Petition by removing the claims and grounds upon which we did not originally institute trial. *See, e.g.*, *Apotex Inc., v. OSI Pharms., Inc.*, Case IPR2016-01284 (PTAB Apr. 3, 2017) (Paper 19) (granting, after institution, a joint motion to limit the petition by removing a patent claim that was included for trial in the institution decision).

Dkt. No. 295-5 at 2; Dkt. No. 295-6 at 2.

## LEGAL STANDARD

"Courts in this District examine three factors when determining whether to stay a patent infringement case pending review or reexamination of the patents: '(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.'" *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014)("*PersonalWeb II*"). Courts decide stay requests on a case-by-case basis. *Id*. Under the second factor,"[a] stay pending reexamination is justified where 'the outcome of the reexamination would be likely to assist the court in determining patent validity

and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue.'" *Evolutionary Intelligence, LLC v. Apple, Inc.*, No. C 13-04201 WHA, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014)(quoting *Slip Track Sys., Inc. v. Metal Lite, Inc.,* 159 F.3d 1337, 1341 (Fed. Cir. 1998)). "A stay may also be granted in order to avoid inconsistent results, obtain guidance from the PTAB, or avoid needless waste of judicial resources." *Id*.

**DISCUSSION**

Almost three months have passed since I issued the Prior Order granting Huawei's motion to stay Samsung's infringement claims for the '588 Patent based on PTAB's decision to institute IPR of the '588 Patent claims. Order Granting Stay of Infringement Claim for '588 Patent Pending Inter Partes Review ("Prior Order")(Dkt. No. 267). Samsung insists that the same reasoning governing the Prior Order applies to its present motion and dictates that a corresponding stay should issue. Samsung's Mot. to Stay at 5–8 (Dkt. No. 295). But it oversimplifies the analysis. Given that PTAB issued the Supplemental Orders only because of the Supreme Court's *SAS Institute* decision—not because Samsung had demonstrated a reasonable likelihood that claims 7 and 13 are unpatentable—I will begin with the glaring issue of whether a stay will simplify this case.

**I. WHETHER A STAY WILL SIMPLIFY THE ISSUES**

In its motion, Samsung neglects to directly address the differences between its present motion based on PTAB's Supplemental Orders and Huawei's previous motion based on PTAB's initial decision to institute IPR of the '588 claims. The PTAB issued the Supplemental Orders to review claim 7 of the '197 Patent and claim 13 of the '166 Patent only because the *SAS Institute* decision dictates that result—not because Samsung had demonstrated a reasonable likelihood that those claims were unpatentable on the challenged grounds. To the contrary, PTAB initially found that Samsung's patentability challenges were lacking. *See* '197 Patent PTAB 12/8/17 Decision at 26 ("Petitioner has failed to demonstrate a reasonable likelihood of showing claims 7–9, 14, and 15 are unpatentable as obvious over R2-075161 and R2-080338, with or without Eerolainen.")(Malmberg Decl. ¶ 2, Ex. 1, Dkt. No. 295-3); '166 Patent PTAB 12/5/17 Decision at 34 ("Petitioner has failed to demonstrate a reasonable likelihood of showing claims 12–14 and 16

1  are unpatentable as obvious over TS 23.236 and S2-073255, with or without Shaheen …

2  .")(Malmberg Decl. ¶ 3, Ex. 2, Dkt. No. 295-4).

Huawei urges that this distinction is critical. Opp'n at 3 (Dkt. No. 296). In the absence of a PTAB decision finding a reasonable likelihood that a claim is unpatentable, the question of whether a stay will simplify issues is not so clear. Samsung argues that claim 7 of the '197 Patent and claim 13 of the '166 Patent are similar to instituted claims, so the PTAB is likely to find them unpatentable as well. *See* Mot. at 4 ("The only difference between claims 1 and 7 [of the '197 Patent] is that the former recites a method while the latter recites an apparatus."); *id*. at 5 ("Claim 13 [of the '166 Patent] includes nearly identical subject matter as claim 2, which the PTAB found reasonably likely to be obvious in its institution decision."). But Huawei highlights reasons to question the probability of this outcome. The PTAB initially determined that Samsung had failed to comply with 37 C.F.R. § 42.104(b)(3), which provides that the petition must identify "[h]ow the challenged claim is to be construed." Under the regulation, for means-plus-function limitations, the petitioner "must identify the specific portions of the specification that describe the structure, material, or acts corresponding to each claimed function[.]" 37 C.F.R. § 42.104(b)(3). Since Samsung failed to identify the corresponding structure, Huawei argues that it will be unable to meet its "burden of proving a proposition of unpatentability by a preponderance of the evidence." 35 U.S.C. § 316(e).[2]

Samsung brushes off the regulations as mere "procedural requirements" that will have no bearing on PTAB's review on the merits. Reply at 3. According to Samsung, *SAS Institute* dictates that the PTAB "*must* address *every* claim the petitioner has challenged." 138 S. Ct. at

---

[2] Huawei cites to two decisions by the PTAB in which it instituted review on means-plus-function claims, determined there was no identified corresponding structure, and terminated review as to those claims without reaching a determination as to unpatentability. Opp'n at 6 (citing *Microsoft Corp. v. Enfish, LLC*, IPR2013-00559, Paper 65 at 10-14 (March 3, 2015); *Blackberry Corp. v. Mobilemedia Ideas LLC*, IPR2013-00036, Paper 65 at 20-21 (March 7, 2014). Samsung counters that the *Microsoft v. Enfish* decision supports granting a stay because the PTAB concluded that the specification lacked sufficient disclosure of structure, thus "the scope of the claims cannot be determined without speculation and, consequently, the differences between the claimed invention and the prior art cannot be ascertained." *Microsoft Corp., Petitioner*, IPR2013-00562, 2015 WL 1009213, at *9 (Mar. 3, 2015). Since those claims were not amenable to construction, PTAB terminated the proceeding with respect to those claims. *Id*.

1354 (emphasis in original). Samsung has indicated its intent to supplement the record in the IPR proceedings with arguments from Huawei's experts that the specifications disclose sufficient corresponding structure for the means-plus-function limitations in claims 7 and 13. And it points out that Huawei has indicated that it intends to ask the PTAB for a five-week extension and 5000-word submission to address the newly instituted claims, suggesting that "Huawei expects the PTAB to decide the patentability of these claims, not simply rubberstamp its institution decision." Reply at 3 n.2.

Samsung also contends that this case will be simplified regardless of whether the PTAB determines the patentability of claims 7 and 13 because the PTAB's "findings on issues such as claim interpretation, the teachings of the prior art, and motivation to combine … 'will assist the court in determining patent validity.'" Mot. at 5 (quoting *Evolutionary Intelligence*, 2014 WL 93954, at *2).[3] Huawei disagrees. It reasons that if the PTAB's final written decisions repeat its earlier conclusion that Samsung failed to carry its burden of proof on these claims, then Samsung will be estopped from challenging the validity of claims 7 and 13. Samsung responds that the applicability of estoppel under these circumstances would present an issue of first impression, but even if Samsung was estopped, it would "simplif[y] the issues by preventing [Samsung] from relitigating the same validity issues before the PTO and the court." *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. C-13-4513-RMW, 2014 WL 819277, at *4 (N.D. Cal. Feb. 28, 2014).

Both sides ignore the reality of this case. While a decision to stay claims 7 and 13 will reduce the list of claims available to Huawei and the corresponding scope of work in the remaining expert discovery and dispositive motions, I am unlikely to benefit from the PTAB's final findings because this case will barrel on without those claims. The breadth of this case distinguishes it from the cases analyzing the propriety of a stay under different circumstances. *Cf. PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1027–28 (N.D. Cal. 2014)("Either

---

[3] It specifically highlights that the PTAB will be deciding the obviousness of claim 1 of the '197 Patent and claims 2 of the '166 Patent, which include "nearly identical subject matter" as claims 7 and 13.

1  the claims, already found reasonably likely to be invalid, will become moot, or the Court will have
2  the benefit of the PTAB's findings. Under both outcomes, the issues in question and trial of the
3  case will be simplified.").  Yet and still, staying claims 7 and 13 would have the effect of
4  removing them from this case.  It is hard to see how this result does not simplify the case.

## II.     STAGE OF LITIGATION

Under this factor, I look to "whether discovery is complete and whether a trial date has been set… ." *PersonalWeb II*, 69 F. Supp. 3d at 1025.  In previously arguing that a stay was warranted for the '588 Patent infringement claims, Huawei highlighted that "[a] substantial amount of work must still be done by the parties and the Court, including expert discovery, the construction of additional claim terms as necessary, and the submission and resolution of dispositive motions."  Huawei's Mot. for Stay at 4 (Dkt. No. 260).  In opposing Samsung's present motion, it underscores the progression over the previous two months—its motion was filed "eight weeks ago, before the close of fact discovery, shortly after the parties made their elections of narrowed asserted claims, and prior to the opening of expert discovery."  Opp'n at 5.  Now "[f]act discovery is complete; expert discovery is already well underway, with opening reports served (including opening reports addressing the '197 and '166 patents) and rebuttal reports due in less than two weeks."  Opp'n at 5.  It insists that the "[t]he December 3, 2018 trial date is rapidly approaching."

Samsung minimizes the differences and focuses on the remaining events at the time it filed its Reply on May 15, 2018—rebuttal expert reports, expert depositions, *Daubert* motions, dispositive motions, additional claim construction, trial preparation, and trial."  Reply at 2 (Dkt. No. 297).  But rebuttal expert reports were due May 25, and expert discovery cut off is June 22, 2018.  Stipulated Request and Order to Adjust Certain Discovery Dates (Dkt. No. 272). Nonetheless, the developments since I last analyzed this issue do not alter the conclusion that "this case is not so far advanced that a stay would be improper."  Prior Order at 2 (quoting *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 5:13-CV-01356-EJD, 2014 WL 116340, at *4 (N.D. Cal. Jan. 13, 2014)).

### III. PREJUDICE TO HUAWEI

Granting a stay on claim 7 of the '197 Patent and claim 13 of the '166 Patent would leave Huawei with only four remaining patents. But Huawei does not contend that this amounts to any cognizable prejudice. Rather, it focuses on the Court's claim narrowing process, under which it has until October 19, 2018 to reduce its asserted claims from ten to five. Civil Pretrial Order at 2 (Dkt. No. 208). It argues that "Samsung's motion seeks to eliminate two of Huawei's ten claims, months before any such reduction is to be made, and to unjustifiably force Huawei to choose five claims from that reduced set." Opp'n at 6. It insists that this will result in "significant[] prejudice" because the PTAB's final written order is likely to find the claims patentable given Samsung's failure to comply with the regulations. *Id*.

Huawei may face some prejudice if the PTAB decides these claims are patentable. But, given that it will only proceed to trial on five claims, the prejudice is minimal. And as the parties sometimes acknowledge, a great deal of this case revolves around FRAND-related issues. Granting a stay of claims 7 and 13 would not "unduly prejudice or present a clear tactical disadvantage" to Huawei. *PersonalWeb II*, 69 F. Supp. 3d at 1025.

Given the unique circumstances of this case, granting a stay of claim 7 of the '197 Patent and claim 13 of the '166 patent is justified, even though the PTAB initially found that Samsung had not demonstrated a reasonable likelihood of showing these claims unpatentable as obvious.

### CONCLUSION

In accordance with the foregoing, Samsung's motion is GRANTED.

**IT IS SO ORDERED.**

Dated: June 13, 2018

William H. Orrick
United States District Judge