| | |
|---|---|
| Michael J. Bettinger (SBN 122196)<br>mbettinger@sidley.com<br>Irene Yang (SBN 245464)<br>irene.yang@sidley.com<br>SIDLEY AUSTIN LLP<br>555 California Street, Suite 2000<br>San Francisco, California 94104<br>(415) 772-1200 – Telephone<br>(415) 772-7400 – Facsimile | David T. Pritikin (*Pro Hac Vice*)<br>dpritikin@sidley.com<br>David C. Giardina (*Pro Hac Vice*)<br>dgiardina@sidley.com<br>Douglas I. Lewis (*Pro Hac Vice*)<br>dilewis@sidley.com<br>John W. McBride (*Pro Hac Vice*)<br>jwmcbride@sidley.com<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, Illinois 60603<br>(312) 853-7000 – Telephone<br>(312) 853-7036 – Facsimile |

*Attorneys for Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., and HiSilicon Technologies Co. Ltd.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., and HUAWEI TECHNOLOGIES USA, INC.,<br><br>    Plaintiffs / Counterclaim-Defendants,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants / Counterclaim-Plaintiffs,<br><br>and<br><br>SAMSUNG RESEARCH AMERICA,<br><br>    Defendant,<br>v.<br><br>HISILICON TECHNOLOGIES CO., LTD.,<br><br>    Counterclaim-Defendant. | Case No. 16-cv-02787-WHO<br><br>**HUAWEI'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF HUAWEI'S OPPOSITION TO SAMSUNG'S MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING HUAWEI'S CAUSE OF ACTION FOR DECLARATORY JUDGMENT OF FRAND TERMS AND CONDITIONS FOR A CROSS-LICENSE** |

Pursuant to Civil Local Rule 79-5, Plaintiffs and Counterclaim-Defendants Huawei Technologies Co., Ltd., Huawei Device USA, Inc., and Huawei Technologies USA, Inc., and Counterclaim-Defendant HiSilicon Technologies Co., Ltd. (collectively, "Huawei") hereby move to seal the following portions of Huawei's Opposition to Samsung's Motion for Judgment On The Pleadings Regarding Huawei's Cause of Action For Declaratory Judgment of FRAND Terms and Conditions For A Cross-License ("Huawei's Opposition").

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Huawei's Opposition | Yellow-highlighted portions (page 4, lines 11-18) | Huawei, Samsung |
| Huawei's Opposition | Green-highlighted portions (page 2, lines 3-5, 8, 10; page 3, lines 17-18, 20-22, 24-25; page 4, lines 1-8, 19-28; page 5, lines 1, 3; page 7, lines 18-22; page 9, lines 7-8, 13-14; page 13, line 9; page 14, lines 24-26; page 15, lines 1-5) | Samsung |
| Huawei's Opposition, Exhibits A-F, H-N, P-Q | Entire Document | Huawei, Samsung |
| Huawei's Opposition, Exhibits G & R | Entire Document | Samsung |

Judicial records attached to a dispositive motion may be sealed if a party presents "compelling reasons" for sealing that outweigh the public policy favoring disclosure. *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1177 (9th Cir. 2006). The Ninth Circuit has recognized that "the right to inspect and copy judicial records is not absolute" and can be overcome by a showing that public disclosure of confidential information will harm a party's "competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  For instance, the Ninth Circuit has found that license agreements are "the precise sort of information" that could affect a party's "competitive standing" if publicly disclosed.  *Id.* at 569 (finding that typical confidential licensing terms such as "pricing terms, royalty rates, and guaranteed minimum payment terms" qualified as business information affecting competitive standing).  Non-final royalty or payment terms discussed during negotiations

have been afforded the same level of protection.  *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013); *Abaxis, Inc. v. Cepheid*, No. 10-cv-02840, 2011 WL 6002522, at *1 n.1 (N.D. Cal. Nov. 30, 2011) (granting motion to seal term sheet discussed during licensing negotiations).

Here, there are compelling reasons to seal the above-listed portions of Huawei's Opposition.  As explained in the accompanying declaration of Nathan A. Greenblatt ("Greenblatt Decl."), Huawei considers and treats the terms of its patent license agreements, particularly those relating to royalties and payment structure, as sensitive and confidential.  *See* Greenblatt Decl. at ¶ 4.  Within Huawei itself, access to such confidential license information is restricted.  *Id.* ¶ 4.  The employees of Huawei's IP Department understand the sensitive nature of such information, and understand their duty to not disclose the terms of these agreements.  *Id*.  Consistent with Huawei's continuous efforts to ensure that its confidential license information is not disseminated more widely than necessary or required by law, the documents at issue here were produced as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY" pursuant to the Court's Protective Order.

Public disclosure of any royalty rates or payment terms contained in the above-listed portions of Huawei's Opposition would risk causing competitive injury to Huawei.  Public disclosure of the information would create an asymmetry of information between Huawei and its competitors and/or potential licensing partners, who could use the information to gain leverage and bargaining power in future license negotiations they would otherwise not have.  *Id*.  Future counterparties to license agreements could obtain an unfair insight into Huawei's prior royalty rates, payment terms, and license strategies.  *Id*.  This would place Huawei at a significant business disadvantage vis-à-vis its competitors and potential licensing partners, and would create a serious risk of competitive injury.  *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569; *see also Ovonic Battery Co. v. Sanyo Elec. Co.*, No. 14-cv-01637, 2014 WL 2758756, at *2-*3 (N.D. Cal. Jun. 17, 2014) (finding that disclosure of "financial and other terms of licenses" could place the plaintiff "in a diminished bargaining position in future negotiations with potential customers and competitors, thereby causing significant harm to [plaintiff's] competitive standing.").

1  Pursuant to Civil Local Rule 79-5(e), within 4 days of the filing of this Administrative
2  Motion to File Under Seal, Samsung must file a declaration as required by Civil Local Rule 79-
3  5(d)(1)(A) establishing that the confidential material listed in the above table as designated by
4  Samsung is sealable.
5  For the above reasons, Huawei respectfully requests that the Court grant this sealing motion.

Dated: June 22, 2018

Respectfully submitted,

SIDLEY AUSTIN LLP

David T. Pritikin (*Pro Hac Vice*)
dpritikin@sidley.com
David C. Giardina (*Pro Hac Vice*)
dgiardina@sidley.com
Douglas I. Lewis (*Pro Hac Vice*)
dilewis@sidley.com
John W. McBride (*Pro Hac Vice*)
jwmcbride@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois  60603
(312) 853-7000 – Telephone
(312) 853-7036 – Facsimile

/s/*Nathan A. Greenblatt*
Michael J. Bettinger (SBN 122196)
mbettinger@sidley.com
Irene Yang (SBN 245464)
irene.yang@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California  94104
(415) 772-1200 – Telephone
(415) 772-7400 – Facsimile

*Attorneys for Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., and HiSilicon Technologies Co. Ltd.*