QUINN EMANUEL URQUHART & SULLIVAN, LLP

Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and
Samsung Research America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., et al.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendant.<br><hr>SAMSUNG ELECTRONICS CO., LTD. & SAMSUNG ELECTRONICS AMERICA, INC.<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., HUAWEI TECHNOLOGIES USA, INC., & HISILICON TECHNOLOGIES CO., LTD.<br><br>Counterclaim-Defendants. | CASE NO. 16-cv-02787-WHO<br><br>**SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF SAMSUNG'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING HUAWEI'S CAUSE OF ACTION FOR DECLARATORY JUDGMENT OF FRAND TERMS AND CONDITIONS FOR A CROSS-LICENSE** |

Pursuant to Civil L.R. 7-11 and 79-5, Defendants and Counterclaim-Plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., and Defendant Samsung Research America, Inc. (collectively "Samsung") bring this administrative motion to file under seal limited portions of Samsung's Reply in Support of Its Motion for Judgment on the Pleadings Regarding Huawei's Cause of Action for Declaratory Judgment of FRAND Terms and Conditions for a Cross-License ("Reply"). Samsung certifies that it has reviewed and complied with Judge Orrick's Standing Order on Administrative Motions to File Under Seal, as well as Civil L.R. 79-5.

Samsung requests an order granting its motion to file under seal the materials in the following table:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality | Basis for Sealing |
|---|---|---|---|
| Reply | Green highlighted portions on lines:<br>1:8<br>2:12<br>5:9, 11-13, 25 | Huawei, Samsung | Declaration of Mark Gray in Support of the Administrative Motion to File Under Seal ("Gray Decl.") ¶ 4 |
| Reply | Yellow highlighted portions on lines:<br>6:3-5 | Huawei | Gray Decl. ¶ 8 |

For the convenience of the Court, material in Samsung's Reply over which Huawei maintains a claim of confidentiality is highlighted in yellow and material over which both Huawei and Samsung maintain a claim of confidentiality is highlighted in green.

Dispositive motions and related materials may be sealed in the 9th Circuit upon a showing that there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). A party has "compelling reasons" to seal information in a filing when disclosure of that information would "release trade secrets," *Kamakana*, 447 F.3d at 1179, or when the material would disclose "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In this District, Civil L.R. 79-5(b) requires that the party moving to seal "establish[] that the document, or portions

thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" and that the corresponding motion to seal "be narrowly tailored to seek sealing only of sealable material."

Samsung seeks to seal two categories of information: (1) information about the parties' negotiations positions, correspondence, and strategy, which this Court has already held are sealable under the "compelling reasons" standard, *see* Dkt. 270 at 3 (granting sealing because "information regarding [parties'] license negotiations" discloses "sources of business information that might harm a litigant's competitive standing"), and (2) material that Huawei has designated Highly Confidential – Attorneys' Eyes Only pursuant to the protective order.  Public disclosure of the first category of information would harm Samsung's competitive standing by giving asymmetrical information about Samsung's licensing strategies to other business entities.  *See* Gray Decl. ¶¶ 4-5  Huawei may also claim confidentiality over its negotiating strategies and positions for similar reasons.  Samsung expects that Huawei will file declarations supporting sealing of its negotiating positions and information, as well as discovery it has asserted is highly confidential.  Samsung therefore respectfully requests that the Court order sealed the materials identified above.

DATED:  June 29, 2018, 2018      QUINN EMANUEL URQUHART & SULLIVAN, LLP

By      */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Thomas D. Pease
David A. Perlson

*Attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America, Inc.*