Michael J. Bettinger (SBN 122196)
mbettinger@sidley.com
Irene Yang (SBN 245464)
irene.yang@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
(415) 772-1200 – Telephone
(415) 772-7400 – Facsimile

David T. Pritikin (*Pro Hac Vice*)
dpritikin@sidley.com
David C. Giardina (*Pro Hac Vice*)
dgiardina@sidley.com
Douglas I. Lewis (*Pro Hac Vice*)
dilewis@sidley.com
John W. McBride (*Pro Hac Vice*)
jwmcbride@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000 – Telephone
(312) 853-7036 – Facsimile

*Attorneys for Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., and HiSilicon Technologies Co. Ltd.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., and HUAWEI TECHNOLOGIES USA, INC.,<br><br>Plaintiffs / Counterclaim-Defendants,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants / Counterclaim-Plaintiffs,<br><br>and<br><br>SAMSUNG RESEARCH AMERICA,<br><br>Defendant,<br>v.<br><br>HISILICON TECHNOLOGIES CO., LTD.,<br><br>Counterclaim-Defendant. | Case No. 16-cv-02787-WHO<br><br>**HUAWEI'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF HUAWEI'S SUMMARY JUDGMENT AND DAUBERT MOTIONS** |

Pursuant to Civil Local Rule 79-5, Plaintiffs and Counterclaim-Defendants Huawei Technologies Co., Ltd., Huawei Device USA, Inc., and Huawei Technologies USA, Inc., and Counterclaim-Defendant HiSilicon Technologies Co., Ltd. (collectively, "Huawei") hereby move to seal the following portions of Huawei's Motion for Summary Judgment ("Huawei's MSJ") and the Declaration of John McBride in support thereof, Huawei's Daubert Motion for Technical Issues ("Huawei's Daubert Motion") and the Declaration of John McBride in support thereof, and Huawei's Motion to Preclude Samsung's FRAND Experts from Offering Improper Legal Opinions ("Huawei's Motion to Preclude") and the Declaration of Leif Peterson in support thereof.

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality | Basis for Sealing |
|---|---|---|---|
| *Sealing Requests for Huawei's MSJ and Supporting Exhibits* | | | |
| Huawei's MSJ | Yellow-highlighted portions (page 8, lines 12, 15-18; footnote 8; page 10, lines 10-11, page 14, lines 1-11, table; page 18, lines 1-27 and Figure 8; page 19, lines 1-7 including Figure, footnote 13) | Huawei, Samsung | Licensing, Product |
| Huawei's MSJ | Green-highlighted portions (page 2, lines 16-24; page 3, lines 19-25; page 4, lines 6-10; page 5, lines 3-4, 27; page 7, lines 6-8, 12-13; page 9, lines 14-15, footnote 8; page 10, lines 6-9, 12-13; page 11, line 13; page 14, table; page 25, lines 6-7, 11-15) | Samsung | 79-5(e) |
| Huawei's MSJ | Blue-highlighted portions (page 14, table; page 19, lines 8-22) | Samsung, Qualcomm | 79-5(e) |
| Huawei's MSJ, Exhibit 2 to the McBride Declaration in support thereof | Yellow-highlighted portions (page 47 lines 1-4) | Huawei | Licensing |
| Huawei's MSJ, Exhibit 8 to the McBride Declaration in support thereof | Yellow-highlighted portions (page 16, lines 18-25; page 17, lines 1 and 20-24; page 18, lines 5-24; pages 29-30) | Huawei | Licensing, Arbitration |

| | | | |
|---|---|---|---|
| Huawei's MSJ, Exhibit 9 to the McBride Declaration in support thereof | Yellow-highlighted portions (page 221, line 19; page 222, lines 21-25; page 223, lines 3-6, 10-13, 17-21; page 224, lines 6-8; page 225, lines 1-4, 7-10, 14-15, 24-25; page 226, lines 10, 16-17, 23-24) | Huawei | Licensing |
| Huawei's MSJ, Exhibits 11-16, 20 to the McBride Declaration in support thereof | Entire document | Huawei, Samsung | Licensing |
| Huawei's MSJ, Exhibit 26 to the McBride Declaration in support thereof | Yellow-highlighted portions (pages 126-27; 141-46, including all of Figure 8 on page 144 and Figure 3 on page 145; 155; 157; 158, including all of Figure 8; 159, including all of Figure 3; 160-62; 222-23; 232; 234; 274) [product information] | Huawei | Product |
| Huawei's MSJ, Exhibit 27 to the McBride Declaration in support thereof | Yellow-highlighted portions (pages 68-69; page 89, lines 13-17; page 90, lines 3-9) | Huawei | Product |
| Huawei's MSJ, Exhibit 27 to the McBride Declaration in support thereof | Blue-highlighted portions on pages 146-47, 155, 162-63 | Samsung, Qualcomm | 79-5(e) |
| Huawei's MSJ, Exhibit 29 to the McBride Declaration in support thereof | Page 3, entire page | Huawei | Product |
| Huawei's MSJ, Exhibit 29 to the McBride Declaration in support thereof | Pages 1-2, entire pages | Samsung, Qualcomm | 79-5(e) |
| Huawei's MSJ, Exhibit 36 to the McBride Declaration in support thereof | Yellow-highlighted portions (pages 119, 167-71, 180-83) | Huawei | Product |
| Huawei's MSJ, Exhibit 36 to the McBride Declaration in support thereof | Blue-highlighted portions on pages 171-74, 183-87 | Samsung, Qualcomm | 79-5(e) |

| | | | |
|---|---|---|---|
| Huawei's MSJ, Exhibit 37 to the McBride Declaration in support thereof | Yellow-highlighted portions (pages 233, 237, 282) | Huawei | Product |
| Huawei's MSJ, Exhibit 41 to the McBride Declaration in support thereof | Yellow-highlighted portions (pages 141-43, 310) (Note: Exhibit 41 contains yellow-highlighted portions on other pages, present in the original document, that Huawei does not request to seal) | Huawei | Product |
| Huawei's MSJ, Exhibit 41 to the McBride Declaration in support thereof | Blue-highlighted portions (pages 148-49) | Samsung, Qualcomm | 79-5(e) |
| Huawei's MSJ, Exhibit 42 to the McBride Declaration in support thereof | Yellow-highlighted portions (pages 56-57) | Huawei | Product |
| Huawei's MSJ, Exhibit 42 to the McBride Declaration in support thereof | Blue-highlighted portions (page 60) | Samsung, Qualcomm | 79-5(e) |
| Huawei's MSJ, Exhibits 1, 2, 7-10, 17, 19, 24-28, 30, 38, 40-43 to the McBride Declaration in support thereof | Entire document | Samsung | 79-5(e) |
| ***Sealing Requests for Huawei's Daubert Motion and Supporting Exhibits*** | | | |
| Huawei's Daubert Motion | Yellow-highlighted portions (page 20, lines 27-28; page 21, line 1; page 25, lines 1-6 | Huawei | Product |
| Huawei's Daubert Motion | Green-highlighted portions (page 2, line 28; page 3, lines 1-8, 14-15; page 7, lines 13-17; page 9, lines 6-10; page 10, lines 26-28; page 13, lines 22-28; page 14, lines 1-5; page 15, lines 3-5, 9; page 16, lines 4-9; page 17, lines 4-6; page 18, lines 19-20; page 19, lines 14-15; page 20, line 15; page 21, lines 3-5, 7; page 22, lines 25-28; page 25, lines 14-15 | Huawei | 79-5(e) |

| Huawei's Daubert Motion | Blue-highlighted portions (page 20, lines 25-27; page 25, lines 7-11) | Huawei | 79-5(e) |
|---|---|---|---|
| Huawei's Daubert Motion, Exhibits 1-2, 7-8, 10-12, 14, 17, 20, 24-25, 29-30 to the McBride Declaration in support thereof | Entire document | Samsung | 79-5(e) |
| Huawei's Daubert Motion, Exhibit 15 to the McBride Declaration in support thereof | Entire document | Samsung, Qualcomm | 79-5(e) |
| Huawei's Daubert Motion, Exhibit 11 to the McBride Declaration in support thereof | Yellow-highlighted portions (pages 165, 166-68 including Figure 8 and Figure 3, 170-76 including Figure 8, Figure 19, and Figure 21, 179-84 including Figure 8 and Figure 3) | Huawei | Product |
| Huawei's Daubert Motion, Exhibit 11 to the McBride Declaration in support thereof | Blue-highlighted portions (pages 163, 168-69, 177, 184-85) | Samsung, Qualcomm | 79-5(e) |
| Huawei's Daubert Motion, Exhibit 12 to the McBride Declaration in support thereof | Yellow-highlighted portions (pages 36, 203-05, 246) | Huawei | Product |
| Huawei's Daubert Motion, Exhibit 12 to the McBride Declaration in support thereof | Blue-highlighted portions (pages 205-07, 246-47) | Samsung, Qualcomm | 79-5(e) |
| Huawei's Daubert Motion, Exhibit 23 to the McBride Declaration in support thereof | Yellow-highlighted portions (pages 172-77, 180-81) | Huawei | Product |
| Huawei's Daubert Motion, Exhibit 23 to the McBride Declaration in support thereof | Blue-highlighted portions (pages 177-79) | Samsung, Qualcomm | 79-5(e) |
| ***Sealing Requests for Huawei's Motion to Preclude and Supporting Exhibits*** | | | |
| Huawei's Motion to Preclude | Green-highlighted portions (pages 1, lines 17-26; page 2, lines 1-2, 4-8; page 4, lines 8-9, 14-18, 20; page 5, lines 4-6) | Samsung | 79-5(e) |

| Huawei's Motion to Preclude, Exhibit 2 to the Peterson Declaration in support thereof | Yellow-highlighted portions (page 15, paragraphs 29-31) | Huawei | Licensing |
| --- | --- | --- | --- |
| Huawei's Motion to Preclude, Exhibit 3 to the Peterson Declaration in support thereof | Yellow-highlighted portions (page 13, paragraph 14) | Huawei | Licensing |
| Huawei's Motion to Preclude, Exhibits 2-5 to the Peterson Declaration in support thereof | Entire document | Samsung | 79-5(e) |

Judicial records attached to a dispositive motion may be sealed if a party presents "compelling reasons" for sealing that outweigh the public policy favoring disclosure. *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1177 (9th Cir. 2006). Judicial records attached to a non-dispositive motion may be sealed for good cause. *Id.* The Ninth Circuit has recognized that "the right to inspect and copy judicial records is not absolute" and can be overcome by a showing that public disclosure of confidential information will harm a party's "competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). For instance, the Ninth Circuit has found that license agreements are "the precise sort of information" that could affect a party's "competitive standing" if publicly disclosed. *Id.* at 569 (finding that typical confidential licensing terms such as "pricing terms, royalty rates, and guaranteed minimum payment terms" qualified as business information affecting competitive standing). Non-final royalty or payment terms discussed during negotiations have been afforded the same level of protection. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013); *Abaxis, Inc. v. Cepheid*, No. 10-cv-02840, 2011 WL 6002522, at *1 n.1 (N.D. Cal. Nov. 30, 2011) (granting motion to seal term sheet discussed during licensing negotiations).

Here, there are compelling reasons to seal the above-listed portions of Huawei's Motion for Summary Judgment, and there is good cause to seal the above-listed portions of Huawei's non-dispositive Daubert Motion and Huawei's non-dispositive Motion to Preclude. With respect to licensing-related information, as explained in the accompanying declaration of Nathan A. Greenblatt

("Greenblatt Decl."), Huawei considers and treats its license negotiations as sensitive and confidential. *See* Greenblatt Decl. at ¶ 5. Within Huawei itself, access to such confidential license information is restricted. *Id*. The employees of Huawei's IP Department understand the sensitive nature of such information, and understand their duty to not disclose the terms of these agreements. *Id*. Consistent with Huawei's continuous efforts to ensure that its confidential license information is not disseminated more widely than necessary or required by law, the documents at issue here were produced as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY" pursuant to the Court's Protective Order.

Public disclosure of the information would create an asymmetry of information between Huawei and its competitors and/or potential licensing partners, who could use the information to gain leverage and bargaining power in future license negotiations they would otherwise not have. *Id*. Future counterparties to license agreements could obtain an unfair insight into Huawei's prior royalty rates, payment terms, and license strategies. *Id*. This would place Huawei at a significant business disadvantage vis-à-vis its competitors and potential licensing partners, and would create a serious risk of competitive injury. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569; *see also Ovonic Battery Co. v. Sanyo Elec. Co.*, No. 14-cv-01637, 2014 WL 2758756, at *2-*3 (N.D. Cal. Jun. 17, 2014) (finding that disclosure of "financial and other terms of licenses" could place the plaintiff "in a diminished bargaining position in future negotiations with potential customers and competitors, thereby causing significant harm to [plaintiff's] competitive standing.").

Public disclosure of highly confidential information regarding Huawei's products accused of infringement in this case would also cause serious competitive injury to Huawei. Huawei considers such information highly confidential, does not disclose it to the public, and has implemented strict measures to protect the confidentiality of the information such as by producing source code in this case on a special source code computer with numerous safeguards against unauthorized access. *See* Greenblatt Decl., ¶ 6. Disclosure of this information to the public would harm Huawei's competitive standing by giving competitors insight into Huawei's product designs, including source code made available for inspection in this case. *Id.* Huawei's competitors could copy Huawei's product designs to improve competing products, thereby harming Huawei's competitive standing in the

1 market for the accused products. *Id.* Trade secret information concerning the design, operation, and
2 source code of products accused of patent infringement is precisely the type of information that is
3 routinely sealed by courts, and is precisely the type of information that the Federal Rules and courts'
4 protective orders and sealing orders are designed to safeguard. *See, e.g.*, Fed. R. Civ. P 26(c)(1)(G);
5 *Kamakana*, 447 F.3d at 1179.

6       With respect to information about Huawei's past arbitration proceedings, sound public
7 policy recognizes an important interest in keeping arbitration proceedings confidential, even if the
8 arbitration documents themselves do not contain trade secrets *per se*. "Courts tend to honor parties'
9 decisions to enter into confidential arbitration; thus, they keep those proceedings, including awards,
10 confidential, particularly because: (1) parties often enter into them to maintain confidentiality; and
11 (2) it promotes the voluntary execution of private arbitration agreements–a sound public policy
12 objective." *Barkley v. Pizza Hut of Am., Inc.*, No. 614CV376ORL37DAB, 2015 WL 5915817, at
13 *2 (M.D. Fla. Oct. 8, 2015). Indeed, "the federal policy in favor of arbitration is promoted by
14 permitting one of the principle advantages of arbitration-confidentiality-to be achieved. *Glob.*
15 *Reinsurance Corp.-U.S. Branch v. Argonaut Ins. Co.*, No. 07 CIV. 8196 (PKC), 2008 WL 1805459,
16 at *1 (S.D.N.Y. Apr. 21, 2008), as amended (Apr. 24, 2008); *Fireman's Fund Ins. Co. v.*
17 *Cunningham Lindsey Claims Mgmt., Inc.*, No. 03CV0531(DLI)(MLO), 2005 WL 1522783, at *3
18 (E.D.N.Y. June 28, 2005) ("There are important policy interest involved in protecting the
19 expectations of confidentiality belonging to parties who have chosen an alternative means of
20 dispute resolution. Federal policy, as evidenced by the enactment of the Alternative Dispute
21 Resolution Act of 1998 and the Federal Arbitration Act, favors alternative dispute resolution
22 ("ADR"), and particularly arbitration. Thus, protecting confidentiality agreements, such as the one
23 between Highlands and defendant, promotes federal policy and encourages ADR by ensuring that
24 parties in an arbitration proceeding get the protections for which they contracted.") (internal
25 citations omitted)

26       Courts balance parties' confidentiality interest in arbitration proceedings against the public's
27 right to access judicial records when deciding whether to permit sealing of arbitration materials.
28 *DISH Network, LLC v. WLAJ-TV*, LLC, No. CV 16-0869, 2017 WL 1333057, at *2 (W.D. La.

Apr. 3, 2017) ("In exercising its discretion to seal judicial records, a court must balance the public's common law right of access against the interests favoring nondisclosure. . . .The fact that the parties agreed to keep documents confidential is a factor that supports a sealing order."); *Seals v. Herzing lnc.-New Orleans*, 482 Fed.Appx. 893, 896 (5th Cir. 2012) (affirming district court's grant of a motion to seal in part "[i]n light of the parties' agreement to maintain confidentiality"). When arbitration materials have minimal relevance to the court's decision, courts permit sealing because the confidentiality interests easily outweigh the public's (non-)interest in accessing the materials. *See Liberty Re (Bermuda) Ltd. v. Transamerica Occidental Life Ins. Co.*, No. 04 CIV. 5044 (NRB), 2005 WL 1216292, at *6 (S.D.N.Y. May 23, 2005) ("The parties argue that their strong interest in confidentiality coupled with the federal policy of encouraging arbitration justify sealing the entire Court record.  With respect to the documents the parties submitted to this Court that do not form the basis of our opinion, we agree.  Applying the standard discussed above, the presumption of public access in these background documents is minimal, while the parties have an interest in keeping the detailed records of their arbitration from public view."); *First State Ins. Co. v. Nat'l Cas. Co.*, No. 13 CIV. 704 AJN, 2013 WL 8675930, at *3 (S.D.N.Y. Feb. 19, 2013) ("Arbitration allows confidentiality, a principle reason that parties opt for arbitration over litigation. . . . . Here, the proper balance between public access and confidentiality would allow the arbitration order to remain confidential.").

      Here, Exhibit 8 to the McBride Declaration in support of Huawei's Motion for Summary Judgment reveals details of confidential arbitrations between Huawei and third parties, which were conducted pursuant to agreements with non-disclosure agreements.  *See* Greenblatt Decl., ¶ 7. Disclosing such details publicly could potentially subject Huawei to a claim for breach of contract based on the non-disclosure agreements with those parties.  *Id.*  Moreover, the ability to conduct arbitration in private pursuant to non-disclosure agreements is one factor that motivated the parties to engage in such arbitration to resolve their disputes.  *Id.*  Requiring public disclosure of details about the arbitrations could undermine the parties' willingness to resolve their disputes using that procedure.  *Id.*  Huawei has kept information about the arbitrations confidential, pursuant to its agreements.  *Id.*

1   Finally, pursuant to Civil Local Rule 79-5(e), within 4 days of the filing of this Administrative Motion to File Under Seal, Samsung and/or Qualcomm must file a declaration as required by Civil Local Rule 79-5(d)(1)(A) establishing that the confidential material listed in the above table as designated by Samsung and/or Qualcomm is sealable.  Because the above-listed documents intermix Huawei, Samsung, and Qualcomm confidential information, Huawei respectfully requests leave to submit the appropriate portions of the sealed filing to counsel for Qualcomm prior to the August 8, 2018 hearing date for the underlying motions, rather than immediately, to permit counsel for Huawei and Samsung to confer and ensure that counsel for Qualcomm is not inadvertently provided with Huawei and/or Samsung confidential information intermixed with Qualcomm confidential information in the exhibits.

For the above reasons, Huawei respectfully requests that the Court grant this sealing motion.

Dated: July 3, 2018

Respectfully submitted,

SIDLEY AUSTIN LLP

David T. Pritikin (*Pro Hac Vice*)
dpritikin@sidley.com
David C. Giardina (*Pro Hac Vice*)
dgiardina@sidley.com
Douglas I. Lewis (*Pro Hac Vice*)
dilewis@sidley.com
John W. McBride (*Pro Hac Vice*)
jwmcbride@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois  60603
(312) 853-7000 – Telephone
(312) 853-7036 – Facsimile

/s/*Nathan A. Greenblatt*
Michael J. Bettinger (SBN 122196)
mbettinger@sidley.com
Irene Yang (SBN 245464)
irene.yang@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California  94104
(415) 772-1200 – Telephone
(415) 772-7400 – Facsimile

*Attorneys for Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., and HiSilicon Technologies Co. Ltd.*