Michael J. Bettinger (SBN 122196)
mbettinger@sidley.com
Irene Yang (SBN 245464)
irene.yang@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
(415) 772-1200 – Telephone
(415) 772-7400 – Facsimile

David T. Pritikin (*Pro Hac Vice*)
dpritikin@sidley.com
David C. Giardina (*Pro Hac Vice*)
dgiardina@sidley.com
Douglas I. Lewis (*Pro Hac Vice*)
dilewis@sidley.com
John W. McBride (*Pro Hac Vice*)
jwmcbride@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000 – Telephone
(312) 853-7036 – Facsimile

*Attorneys for Huawei Technologies Co., Ltd.,
Huawei Device USA, Inc., Huawei Technologies
USA, Inc., and HiSilicon Technologies Co. Ltd.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., and HUAWEI TECHNOLOGIES USA, INC., <br><br> Plaintiffs / Counterclaim-Defendants, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants / Counterclaim-Plaintiffs, <br><br> and <br><br> SAMSUNG RESEARCH AMERICA, <br><br> Defendant, <br> v. <br><br> HISILICON TECHNOLOGIES CO., LTD., <br><br> Counterclaim-Defendant. | Case No. 16-cv-02787-WHO <br><br> **HUAWEI'S MOTION TO PRECLUDE SAMSUNG'S FRAND EXPERTS FROM OFFERING IMPROPER LEGAL OPINIONS** <br><br> Hearing Date: August 8, 2018 <br> Time: 2:00 PM <br> Judge: Hon. William H. Orrick <br><br> **UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

Plaintiffs Huawei Technologies Co., Ltd., Huawei Device USA, Inc. and Huawei Technologies USA, Inc. (collectively, "Huawei") hereby move pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) to preclude Samsung's FRAND expert witnesses from offering improper legal opinions.

## I.  BACKGROUND.

### A.  Samsung's Expert Michael Davies' Legal Opinions.

Samsung's expert Michael Davies' report contains a section entitled "On the Nature of Standard Essential Patents and Antitrust." In it, Mr. Davies—whose background is in engineering and "strategy consulting . . . with expertise in mobile and digital businesses and technologies," Ex.[1] 1, Davies Rpt. ¶¶ 3-4, opines that "[i]f a patent holder holds patents of the type where there were a number of credible alternative implementations prior to a single implementation being selected for incorporation into the standard, the patent holder would be in violation of antitrust regulations by asking for an injunction." *Id.* ¶ 27. Mr. Davies further opines that "[a] [patent] holder should not be granted an injunction on a patent ex-post if the patent was only one of a number of equally plausible alternatives ex-ante." *Id.*

### B.  Samsung's Expert Jerry Hausman's Legal Opinions.

Samsung's expert, Dr. Jerry Hausman opines that "[m]y view is that companies with SEPs should not be able to seek an injunction (or an exclusion order from the U.S. International Trade Commission) except under exceptional circumstances. . . . barring these type of exceptional circumstances, injunctions should not be permitted because they permit the SEP patent owner to exercise monopoly power beyond what is permitted under its FRAND obligations." Ex. 2, Hausman Rpt. ¶ 57. Dr. Hausman also opines that "[f]iling for injunctions also should not be permitted because they confer a 'dangerous probability of success' for the SEP owner to exercise monopoly power beyond what is permitted under its FRAND obligations. Thus, except under exceptional circumstances SEP owners should not be permitted to file for an injunction or enforce an injunction on SEPs." *Id.* at ¶ 58. He opines further that "by seeking an injunction Huawei is seeking to exploit

---

[1] Unless otherwise indicated exhibits referenced herein are attached to the Declaration of Leif Peterson in Support of Huawei's Motion to Preclude Samsung's FRAND Experts from Offering Improper Legal Opinions ("Peterson Decl."), submitted with the instant motion.

its market power and obtain higher royalties.  These higher royalties are equivalent to higher prices than would have occurred in the absence of an injunction *and are thus a violation of Section 2*." *Id.* at ¶ 56 (emphasis added).  Dr. Hausman offers opinions encompassing those same legal conclusions elsewhere in his report and rebuttal report.  *Id.* ¶ 32 ("[T]o the extent that there are any exceptions to the general rule that a SEP owner cannot pursue injunctive relief, those exceptions do not apply here."); Ex. 3, Hausman Rebuttal Rpt. ¶ 14 ("[A]nalysis of a possible injunction should be based on economic welfare, which is similar to the Supreme Court's use of the 'public interest' as one of the factors that should determine whether an injunction should be granted.").

## II.    LEGAL STANDARDS.

Federal Rule of Evidence 702 permits expert witnesses to testify in the form of an opinion if the expert's "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a ***fact*** in issue."  *See* Fed. R. Evid. 702 (emphasis added); *Daubert*, 509 U.S. at 589-90.  "It is well-established that expert testimony is not proper for issues of law."  *Villalpando v. Exel Direct Inc.*, 161 F. Supp. 3d 873, 895 (N.D. Cal. 2016) (citation omitted) (prohibiting expert from testifying as to the state of the law); *see also Pokorny v. Quixtar Inc.*, No. 07-00201 SC, 2007 WL 1932922, at *3 (N.D. Cal. June 29, 2007) (striking declarations that contained improper legal conclusions).  "Expert testimony is not proper for issues of law.  Experts interpret and analyze factual evidence.  They do not testify about the law."  *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (citation omitted).

## III.   THE COURT SHOULD PRECLUDE SAMSUNG'S EXPERTS FROM OFFERING IMPROPER LEGAL OPINIONS AND CONCLUSIONS REGARDING THE LAW.

### A.    The Court Should Preclude Mr. Davies from Offering Legal Opinions.

Mr. Davies should be precluded from offering legal opinions concerning the conditions under pursuit of injunctive relief in connection with infringement of a standard essential patents may violate the antitrust laws at trial for three reasons.  *First*, his opinions about the legal standard for violation of antitrust regulations and the legal standard for issuance of an injunction are pure issues of law, about which experts should not be permitted to testify.  *Crow Tribe*, 87 F.3d at 1045.

*Second*, Mr. Davies did not rely upon the above statements as legal assumptions provided by

counsel, to provide a framework for his factual analysis, and Mr. Davies himself is not qualified to offer legal opinions.  *See Villalpando*, 161 F. Supp. 3d at 895 (experts can analyze factual evidence based on correct legal assumptions provided by counsel).  Mr. Davies testified at his deposition that counsel for Samsung did **not** ask him to rely on the above statements as legal assumptions.  *See* Ex. 4, Davies Dep. 132:8-15.  Mr. Davies also testified that he is not an expert in antitrust law or economics, he did not cite in his report and could not identify any authority supporting his above-quoted opinions, and he could not identify the specific "antitrust regulations" he refers to in his report or even say whether he was referring to U.S. antitrust regulations.  *See id.* at 147:18-157:10.  Further, Mr. Davies' opinions about SEPs and antitrust law have no bearing on the remainder of his report.  The technical opinions in his report do not rely on such opinions.  Therefore, Mr. Davies' unsupported and irrelevant opinions about SEPs and antitrust law would be unhelpful to the jury, even if they were otherwise permissible.  *See* Fed. R. Evid. 702(a).

*Third*, Mr. Davies misstates the law.  There is no legal authority for the rule that Mr. Davies suggests, and he cites none.   There is no *per se* rule against injunctions on standard essential patents.  *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1331 (Fed. Cir. 2014), *overruled on other grounds by Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015), ("To the extent that the district court applied a *per se* rule that injunctions are unavailable for SEPs, it erred . . . . [A]n injunction may be justified where an infringer unilaterally refuses a FRAND royalty or unreasonably delays negotiations to the same effect."); ECF No. 235-15 (U.S. Dept. of Justice and U.S. Patent & Trademark Office Policy Statement on Remedies for Standard-Essential Patents Subject to Voluntary F/RAND Commitments (Jan. 8, 2013)) at 7 (injunctive relief "may still be an appropriate remedy in some circumstances, such as where the putative licensee . . . refuses to engage in a negotiation to determine F/RAND terms.").  Indeed, the question of whether injunctions would be appropriate in this particular circumstance, based on infringement in China of Chinese declared SEPs, is a question that was considered and disposed of by the Shenzhen Court via the application of Chinese law, thus clearly contradicting Mr. Davies' unqualified (and baseless) opinion that injunctions cannot be granted on SEPs.  *See* ECF No. 283 at p. 48 (Ex. 36, Publicly Filed Version of Shenzhen Court Opinion) at 209-210.  In any event, to the extent that the antitrust laws proscribe the

conditions under which an SEP holder may seek injunctions, the relevant legal principles will be set forth in the Court's jury instructions.  Mr. Davies' uninformed opinions on the subject have no place in this case.

**B.     The Court Should Preclude Dr. Hausman from Offering Legal Opinions.**

Likewise, Dr. Hausman should be precluded from offering legal opinions on the legal rule applicable to the availability of injunctive relief and what conduct would constitute a violation of Section 2 of the Sherman Act for four reasons.  *First*, Dr. Hausman's personal "view" about when companies "should be able to seek an injunction (or an exclusion order from the U.S. International Trade Commission)" and when companies should be permitted to file for or enforce injunctions are pure legal opinions that are prohibited by black letter law.  *See* Fed. R. Evid. 702; *Crow Tribe*, 87 F.3d at 1045.  Moreover, Dr. Hausman's testimony will be of no use to the jury insofar as there is no issue in this case as to when injunctive relief should be available in the U.S.   The only injunction actions at issue are pending in China, and Dr. Hausman disclaimed any view of the applicable legal standard in China.  Ex. 5, Hausman Dep. 157:19-20 ("I have no idea what the law is in China.").

*Second*, at his deposition Dr. Hausman admitted that his personal views do not in fact reflect prevailing legal standards even in the U.S., but instead represent his ideas about what should replace prevailing legal standards.  He stated, "I think that the ITC doesn't understand the public interest [factors of issuing an injunction].  I've told them that before. . . . They are just wrong." *Id.* 47:8-48:20.  In other words, Dr. Hausman's views that injunctions should be permitted only in "exceptional" circumstances, *see* Ex. 2, Hausman Rpt. ¶¶ 32, 57-58, are based on Dr. Hausman's personal views about what the law should be.  As described above and in Huawei's prior briefing on this issue, both U.S. courts and U.S. competition regulators have acknowledged that injunctive relief on SEPs is appropriate in certain circumstances. *See, e.g.*, *Apple Inc.*, 757 F.3d at 1331, ECF No. 235-15 (DOJ and USPTO Joint Policy Statement), ECF No. 283 (Huawei's Opposition to Samsung's Motion for Antisuit Injunction) at 18-20.  In fact, when the shoe was on the other foot, Samsung has argued in favor of the pursuit of injunctive relief on SEPs, particularly in its litigations against Apple. *See, e.g.*, ECF No. 240 (Ex. 1, Complainant Samsung's Initial Submission in Response to Commission Notice of Review, Inv. NO. 337-TA-794) at 9-10 ("Nothing in any ETSI

rule or policy precludes injunctions."). As such, Dr. Hausman's personal opinions about what the law should be in this regard are irrelevant and would only confuse the jury. Such opinions have no place at trial.

*Third,* Dr. Hausman's opinion that, to the extent that Huawei's efforts to obtain injunctive relief in China would permit it to obtain higher royalties, it would violate Section 2 of the Sherman Act (Ex. 2, Hausman Rpt. ¶ 56), states an improper and unfounded legal conclusion. Dr. Hausman's suggestion that Huawei can violate the antitrust laws simply by charging "high" prices reflects a fundamental misunderstanding of the applicable antitrust laws for the reasons set forth in Huawei's accompanying motion for summary judgment. In any event, to the extent that Samsung's antitrust claim is found to be triable, the Court will instruct the jury on the applicable law. Dr. Hausman should not be permitted to usurp the Court's role by suggesting his view of the conduct that the Sherman Act proscribes.

*Finally*, to the extent that Dr. Hausman's views on the availability of injunctions suggest that a Chinese court's decision to grant an injunction may violate the U.S. antitrust laws, his opinions run afoul of the act of state doctrine, for the reasons set forth in Huawei's motion for summary judgment.

## IV.   CONCLUSION

For all of the foregoing reasons, Huawei respectfully requests this Court preclude Samsung's expert Michael Davies from offering the opinions in paragraphs 21 to 27 of his report at trial, and preclude Samsung's expert Jerry Hausman from offering the legal opinions in paragraphs 32, 56, 57 and 58 of his opening report and paragraph 14 of his rebuttal report at trial.

| | | |
|---|---|---|
| 1 | Dated: July 3, 2018 | Respectfully submitted, |
| 2 | | SIDLEY AUSTIN LLP |
| 3 | David T. Pritikin (*Pro Hac Vice*) | |
| | dpritikin@sidley.com | /s/ Michael J. Bettinger |
| 4 | David C. Giardina (*Pro Hac Vice*) | Michael J. Bettinger (SBN 122196) |
| | dgiardina@sidley.com | mbettinger@sidley.com |
| 5 | Douglas I. Lewis (*Pro Hac Vice*) | Irene Yang (SBN 245464) |
| | dilewis@sidley.com | irene.yang@sidley.com |
| 6 | John W. McBride (*Pro Hac Vice*) | SIDLEY AUSTIN LLP |
| | jwmcbride@sidley.com | 555 California Street, Suite 2000 |
| 7 | SIDLEY AUSTIN LLP | San Francisco, California 94104 |
| | One South Dearborn | (415) 772-1200 – Telephone |
| 8 | Chicago, Illinois 60603 | (415) 772-7400 – Facsimile |
| | (312) 853-7000 – Telephone | |
| 9 | (312) 853-7036 – Facsimile | |
| 10 | | *Attorneys for Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., and HiSilicon Technologies Co. Ltd.* |