Michael J. Bettinger (SBN 122196)
*mbettinger@sidley.com*
Irene Yang (SBN 245464)
*irene.yang@sidley.com*
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California  94104
(415) 772-1200 – Telephone
(415) 772-7400 – Facsimile

David T. Pritikin (*Pro Hac Vice*)
*dpritikin@sidley.com*
David C. Giardina (*Pro Hac Vice*)
*dgiardina@sidley.com*
Douglas I. Lewis (*Pro Hac Vice*)
*dilewis@sidley.com*
John W. McBride (*Pro Hac Vice*)
*jwmcbride@sidley.com*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois  60603
(312) 853-7000 – Telephone
(312) 853-7036 – Facsimile

*Attorneys for Huawei Technologies Co., Ltd.,
Huawei Device USA, Inc., Huawei Technologies
USA, Inc., and HiSilicon Technologies Co. Ltd.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., and HUAWEI TECHNOLOGIES USA, INC., <br><br> Plaintiffs / Counterclaim-Defendants, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants / Counterclaim-Plaintiffs, <br><br> and <br><br> SAMSUNG RESEARCH AMERICA, <br><br> Defendant, <br> v. <br><br> HISILICON TECHNOLOGIES CO., LTD., <br><br> Counterclaim-Defendant. | Case No. 16-cv-02787-WHO <br><br> **HUAWEI'S MOTION TO PRECLUDE SAMSUNG'S FRAND EXPERTS FROM OFFERING IMPROPER LEGAL OPINIONS** <br><br><br> Hearing Date: August 8, 2018 <br> Time: 2:00 PM <br> Judge: Hon. William H. Orrick <br><br><br> **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

1    Plaintiffs Huawei Technologies Co., Ltd., Huawei Device USA, Inc. and Huawei

2    Technologies USA, Inc. (collectively, "Huawei") hereby move pursuant to *Daubert v. Merrell Dow*

3    *Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) to preclude Samsung's FRAND expert witnesses from

4    offering improper legal opinions.

5    **I.    BACKGROUND.**

6        **A.    Samsung's Expert Michael Davies' Legal Opinions.**

7        Samsung's expert Michael Davies' report contains a section entitled "On the Nature of

8    Standard Essential Patents and Antitrust."  In it, Mr. Davies—whose background is in engineering

9    and "strategy consulting . . . with expertise in mobile and digital businesses and technologies,"

10   Ex.[1] 1, Davies Rpt. ¶¶ 3-4, opines that "[i]f a patent holder holds patents of the type where there

11   were a number of credible alternative implementations prior to a single implementation being

12   selected for incorporation into the standard, the patent holder would be in violation of antitrust

13   regulations by asking for an injunction." *Id.* ¶ 27.  Mr. Davies further opines that "[a] [patent] holder

14   should not be granted an injunction on a patent ex-post if the patent was only one of a number of

15   equally plausible alternatives ex-ante." *Id.*

16       **B.    Samsung's Expert Jerry Hausman's Legal Opinions.**

17       Samsung's expert, Dr. Jerry Hausman opines that

21                                                                                        Ex. 2, Hausman

22   Rpt. ¶ 57.  Dr. Hausman also opines that

26                    *Id.* at ¶ 58.  He opines further that

---

[1] Unless otherwise indicated exhibits referenced herein are attached to the Declaration of Leif
Peterson in Support of Huawei's Motion to Preclude Samsung's FRAND Experts from Offering
Improper Legal Opinions ("Peterson Decl."), submitted with the instant motion.

1

HUAWEI'S MOTION TO PRECLUDE SAMSUNG'S FRAND EXPERTS FROM OFFERING
IMPROPER LEGAL OPINIONS, CASE 16-CV-02787-WHO

[REDACTED]

*Id.* at ¶ 56 (emphasis added).  Dr. Hausman offers opinions encompassing those same legal

conclusions elsewhere in his report and rebuttal report. *Id.* ¶ 32 [REDACTED]

[REDACTED]

[REDACTED] ; Ex. 3, Hausman Rebuttal Rpt. ¶ 14 [REDACTED]

[REDACTED]

[REDACTED]

## II.   LEGAL STANDARDS.

Federal Rule of Evidence 702 permits expert witnesses to testify in the form of an opinion if

the expert's "scientific, technical, or other specialized knowledge will help the trier of fact to

understand the evidence or to determine a ***fact*** in issue." *See* Fed. R. Evid. 702 (emphasis added);

*Daubert*, 509 U.S. at 589-90.  "It is well-established that expert testimony is not proper for issues of

law." *Villalpando v. Exel Direct Inc.*, 161 F. Supp. 3d 873, 895 (N.D. Cal. 2016) (citation omitted)

(prohibiting expert from testifying as to the state of the law); *see also Pokorny v. Quixtar Inc.*, No.

07-00201 SC, 2007 WL 1932922, at *3 (N.D. Cal. June 29, 2007) (striking declarations that

contained improper legal conclusions).  "Expert testimony is not proper for issues of law.  Experts

interpret and analyze factual evidence.  They do not testify about the law." *Crow Tribe of Indians v.*

*Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (citation omitted).

## III.   THE COURT SHOULD PRECLUDE SAMSUNG'S EXPERTS FROM OFFERING IMPROPER LEGAL OPINIONS AND CONCLUSIONS REGARDING THE LAW.

### A.   The Court Should Preclude Mr. Davies from Offering Legal Opinions.

Mr. Davies should be precluded from offering legal opinions concerning the conditions under

pursuit of injunctive relief in connection with infringement of a standard essential patents may

violate the antitrust laws at trial for three reasons. *First*, his opinions about the legal standard for

violation of antitrust regulations and the legal standard for issuance of an injunction are pure issues

of law, about which experts should not be permitted to testify. *Crow Tribe*, 87 F.3d at 1045.

*Second*, Mr. Davies did not rely upon the above statements as legal assumptions provided by

counsel, to provide a framework for his factual analysis, and Mr. Davies himself is not qualified to

offer legal opinions.  *See Villalpando*, 161 F. Supp. 3d at 895 (experts can analyze factual evidence

based on correct legal assumptions provided by counsel).  Mr. Davies testified at his deposition that

counsel for Samsung did ***not*** ask him to rely on the above statements as legal assumptions.  *See*

Ex. 4, Davies Dep. 132:8-15.  Mr. Davies also testified that he is not an expert in antitrust law or

economics, he did not cite in his report and could not identify any authority supporting his above-

quoted opinions, and he could not identify the specific "antitrust regulations" he refers to in his

report or even say whether he was referring to U.S. antitrust regulations.  *See id.* at 147:18-157:10.

Further, Mr. Davies' opinions about SEPs and antitrust law have no bearing on the remainder of his

report.  The technical opinions in his report do not rely on such opinions.  Therefore, Mr. Davies'

unsupported and irrelevant opinions about SEPs and antitrust law would be unhelpful to the jury,

even if they were otherwise permissible.  *See* Fed. R. Evid. 702(a).

      *Third*, Mr. Davies misstates the law.  There is no legal authority for the rule that Mr. Davies

suggests, and he cites none.   There is no *per se* rule against injunctions on standard essential patents.

*Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1331 (Fed. Cir. 2014), *overruled on other grounds by*

*Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015), ("To the extent that the district

court applied a *per se* rule that injunctions are unavailable for SEPs, it erred . . . . [A]n injunction

may be justified where an infringer unilaterally refuses a FRAND royalty or unreasonably delays

negotiations to the same effect."); ECF No. 235-15 (U.S. Dept. of Justice and U.S. Patent &

Trademark Office Policy Statement on Remedies for Standard-Essential Patents Subject to

Voluntary F/RAND Commitments (Jan. 8, 2013)) at 7 (injunctive relief "may still be an appropriate

remedy in some circumstances, such as where the putative licensee . . . refuses to engage in a

negotiation to determine F/RAND terms.").  Indeed, the question of whether injunctions would be

appropriate in this particular circumstance, based on infringement in China of Chinese declared

SEPs, is a question that was considered and disposed of by the Shenzhen Court via the application of

Chinese law, thus clearly contradicting Mr. Davies' unqualified (and baseless) opinion that

injunctions cannot be granted on SEPs.  *See* ECF No. 283 at p. 48 (Ex. 36, Publicly Filed Version of

Shenzhen Court Opinion) at 209-210.  In any event, to the extent that the antitrust laws proscribe the

1    conditions under which an SEP holder may seek injunctions, the relevant legal principles will be set

2    forth in the Court's jury instructions.  Mr. Davies' uninformed opinions on the subject have no place

3    in this case.

4         **B.      The Court Should Preclude Dr. Hausman from Offering Legal Opinions.**

5         Likewise, Dr. Hausman should be precluded from offering legal opinions on the legal rule

6    applicable to the availability of injunctive relief and what conduct would constitute a violation of

7    Section 2 of the Sherman Act for four reasons.  *First*, Dr. Hausman's personal "view" about when

8    companies ███████████████████████████████████████████████

9    ████████████    and when companies should be permitted to file for or enforce injunctions are

10   pure legal opinions that are prohibited by black letter law.  *See* Fed. R. Evid. 702; *Crow Tribe*, 87

11   F.3d at 1045.  Moreover, Dr. Hausman's testimony will be of no use to the jury insofar as there is no

12   issue in this case as to when injunctive relief should be available in the U.S.   The only injunction

13   actions at issue are pending in China, and Dr. Hausman disclaimed any view of the applicable legal

14   standard in China.  Ex. 5, Hausman Dep. 157:19-20 ████████████████████████

15      *Second*, at his deposition Dr. Hausman admitted that his personal views ███████████

16   ████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████

18   ██████████████████████████████████████████        *Id.* 47:8-

19   48:20.  In other words, Dr. Hausman's views that injunctions should be permitted only in

20   ████████████  circumstances, *see* Ex. 2, Hausman Rpt. ¶¶ 32, 57-58, are based on Dr. Hausman's

21   personal views about what the law should be.  As described above and in Huawei's prior briefing on

22   this issue, both U.S. courts and U.S. competition regulators have acknowledged that injunctive relief

23   on SEPs is appropriate in certain circumstances.  *See, e.g., Apple Inc..*, 757 F.3d at 1331, ECF No.

24   235-15 (DOJ and USPTO Joint Policy Statement), ECF No. 283 (Huawei's Opposition to

25   Samsung's Motion for Antisuit Injunction) at 18-20.  In fact, when the shoe was on the other foot,

26   Samsung has argued in favor of the pursuit of injunctive relief on SEPs, particularly in its litigations

27   against Apple.  *See, e.g.*, ECF No. 240 (Ex. 1, Complainant Samsung's Initial Submission in

28   Response to Commission Notice of Review, Inv. NO. 337-TA-794) at 9-10 ("Nothing in any ETSI

4

1 rule or policy precludes injunctions."). As such, Dr. Hausman's personal opinions about what the

2 law should be in this regard are irrelevant and would only confuse the jury. Such opinions have no

3 place at trial.

4     *Third,* Dr. Hausman's opinion that, ████████████████████████

5 ████████████████████████████████████████████████████████████████

6 ██ (Ex. 2, Hausman Rpt. ¶ 56), states an improper and unfounded legal conclusion. Dr. Hausman's

7 suggestion that Huawei can violate the antitrust laws simply by charging "high" prices reflects a

8 fundamental misunderstanding of the applicable antitrust laws for the reasons set forth in Huawei's

9 accompanying motion for summary judgment. In any event, to the extent that Samsung's antitrust

10 claim is found to be triable, the Court will instruct the jury on the applicable law. Dr. Hausman

11 should not be permitted to usurp the Court's role by suggesting his view of the conduct that the

12 Sherman Act proscribes.

13     *Finally,* to the extent that Dr. Hausman's views on the availability of injunctions suggest that

14 a Chinese court's decision to grant an injunction may violate the U.S. antitrust laws, his opinions run

15 afoul of the act of state doctrine, for the reasons set forth in Huawei's motion for summary

16 judgment.

17 **IV.    CONCLUSION**

18     For all of the foregoing reasons, Huawei respectfully requests this Court preclude Samsung's

19 expert Michael Davies from offering the opinions in paragraphs 21 to 27 of his report at trial, and

20 preclude Samsung's expert Jerry Hausman from offering the legal opinions in paragraphs 32, 56, 57

21 and 58 of his opening report and paragraph 14 of his rebuttal report at trial.

1    Dated: July 3, 2018                          Respectfully submitted,

2                                                 SIDLEY AUSTIN LLP

3    David T. Pritikin (*Pro Hac Vice*)
     *dpritikin@sidley.com*                       */s/ Michael J. Bettinger*
4    David C. Giardina (*Pro Hac Vice*)           Michael J. Bettinger (SBN 122196)
     *dgiardina@sidley.com*                       *mbettinger@sidley.com*
5    Douglas I. Lewis (*Pro Hac Vice*)            Irene Yang (SBN 245464)
     *dilewis@sidley.com*                         *irene.yang@sidley.com*
6    John W. McBride (*Pro Hac Vice*)             SIDLEY AUSTIN LLP
     *jwmcbride@sidley.com*                       555 California Street, Suite 2000
7    SIDLEY AUSTIN LLP                            San Francisco, California  94104
     One South Dearborn                           (415) 772-1200 – Telephone
8    Chicago, Illinois  60603                     (415) 772-7400 – Facsimile
     (312) 853-7000 – Telephone
9    (312) 853-7036 – Facsimile
                                                  *Attorneys for Huawei Technologies Co., Ltd.,*
10                                                *Huawei Device USA, Inc., Huawei Technologies*
                                                  *USA, Inc., and HiSilicon Technologies Co. Ltd.*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HUAWEI'S MOTION TO PRECLUDE SAMSUNG'S FRAND EXPERTS FROM OFFERING
IMPROPER LEGAL OPINIONS, CASE 16-CV-02787-WHO