QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and
Samsung Research America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD. &<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>HUAWEI TECHNOLOGIES CO., LTD.,<br>HUAWEI DEVICE USA, INC., HUAWEI TECHNOLOGIES USA, INC. & HISILICON TECHNOLOGIES CO., LTD.,<br><br>Counterclaim-Defendants. | CASE NO. 16-cv-02787-WHO<br><br>**DECLARATION OF MARK GRAY IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF SAMSUNG'S MOTION TO PARTIALLY EXCLUDE THE REPORT AND TESTIMONY OF JORGE PADILLA, MICHAEL J. LASINSKI, AND CHARLES L. JACKSON AND STRIKE THE REBUTTAL OPINIONS OF JACQUES DELISLE AND ZHI DING** |

I, Mark Gray, declare as follows:

1. I am a member of the State Bar of California and an attorney at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Defendants and Counterclaim-Plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., and Defendant Samsung Research America, Inc. (collectively, "Samsung"). Except as otherwise indicated, I have personal knowledge of the facts set forth in this declaration, and, if called upon as a witness, I could and would testify to such facts under oath.

2. Pursuant to Civil L.R. 7-11 and 79-5, I make this declaration in support of Samsung's Administrative Motion to File Under Seal Portions of Samsung's Motion To Partially Exclude The Report And Testimony Of Jorge Padilla, Michael J. Lasinski, And Charles L. Jackson And Strike The Rebuttal Opinions Of Jacques deLisle And Zhi Ding ("Motion to Exclude").

3. I have reviewed the portions of Samsung's Motion to Exclude that contain or suggest confidential information. I have specifically reviewed the following portions of Samsung's motion and supporting exhibits, all of which contain information Samsung claims as confidential:

| Document | Portions to be Filed Under Seal |
|---|---|
| Exhibit 10 | Entire document |

4. Exhibit 10 is a third-party report by ABIresearch purchased by Samsung. The report reserves all rights, including the rights of reproduction and distribution. Because unauthorized disclosure of this report could result in claims against Samsung, Samsung requests the Court order this report sealed.

5. I have reviewed the portions of Samsung's Motion to Exclude that contain or suggest confidential information belonging to both Samsung and Huawei. I have specifically reviewed the following portions of Samsung's motion and supporting exhibits, all of which contain information which Samsung claims as confidential and which Huawei may claim as confidential:

| Document | Portions to be Filed Under Seal |
|---|---|
| Motion to Exclude | Green highlighted portions of Samsung's Motion filed with the Court |
| Exhibit 1 | Entire document |
| Exhibit 2 | Entire document |
| Exhibit 3 | Entire document |
| Exhibit 4 | Entire document |
| Exhibit 5 | Entire document |
| Exhibit 7 | Entire document |
| Exhibit 8 | Entire document |
| Exhibit 12 | Entire document |
| Exhibit 14 | Entire document |

6. The above exhibits to Samsung's Motion to Exclude, as well as the highlighted portions of Samsung's Motion, include testimony or expert reports reflecting negotiations correspondence and licensing offers between Huawei and Samsung, as well as reflect highly confidential patent licenses between third parties and either Samsung or Huawei. As Samsung explained in the sworn declaration of Hojin Chang, Dkt. 41-1, and the Declaration of Cole Malmberg, Dkt. 234-1, Samsung and Huawei signed a non-disclosure agreement regarding their patent licensing negotiations, and such negotiations information is treated as confidential. Samsung considers negotiation information highly confidential and does not disclose it to the public. Disclosure of negotiations positions to the public would harm Samsung's competitive standing by giving competitors insight into Samsung's past licensing positions and practices. Samsung does not have access to similar information about its competitors, which could result in an information asymmetry in future licensing negotiations, placing Samsung at a disadvantage. This is equally true for Samsung's license agreements with third parties, which Samsung has agreed to keep as confidential to prevent competitive harm to Samsung and its counterparties.

7. The Court previously ordered the parties' negotiations positions and documents reflecting those negotiations sealed at Dkt. 103 at 18-19 (finding "compelling justification" for

sealing) and Dkt. 270 at 3.  Sealing is similarly warranted here.

8. Huawei may also claim confidentiality over materials that reveal Huawei's negotiation offers and positions, as well as Huawei's patent licenses with third parties.  Samsung does not object to Huawei seeking to seal these materials, and Samsung expects that Huawei will file any supporting declarations within the timeline allowed under the Local Rules.

9. I have also reviewed the portions of Samsung's Motion to Exclude that contain or suggest information Huawei may maintain a claim of confidentiality over.  This information is reflected in the chart below:

| Document | Portions to be Filed Under Seal |
|---|---|
| Samsung's Motion to Exclude | Yellow highlighted portions of Samsung's Motion filed with the Court |
| Exhibit 6 | Entire document |
| Exhibit 11 | Entire document |
| Exhibit 16 | Entire document |
| Exhibit 19 | Entire document |
| Exhibit 20 | Entire document |
| Exhibit 23 | Entire document |

10. The above exhibits and references to them in Samsung's Motion to Exclude reflect documents, depositions, and an expert report that Huawei marked Highly Confidential – Attorneys' Eyes Only under the protective order.  To the extent Huawei maintains a claim of confidentiality over the above materials as revealing Huawei confidential business information, Samsung expects Huawei will file declarations supporting sealing within the time permitted under the Local Rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.  Executed July 3, 2018, in Redwood City, California.

1
2  /s/ Mark Gray
3  Mark Gray
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTESTATION**

I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to file the above Declaration.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Mark Gray has concurred in the aforementioned filing.

*/s/ Victoria F. Maroulis*
Victoria F. Maroulis