# EXHIBIT 16
# FILED UNDER SEAL

```
                                                                  Page 1
 1          IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
 2                SAN FRANCISCO DIVISION
 3
    HUAWEI TECHNOLOGIES CO. LTD.,     )
 4  HUAWEI DEVICE USA, INC., and      )
    HUAWEI TECHNOLOGIES USA, INC.,    )
 5                                    )
        Plaintiffs/Counterclaim       )
 6      Defendants,                   )
                                      )
 7      vs.                           ) Case No.
                                      ) 16-cv-02787-WHO
 8  SAMSUNG ELECTRONICS CO., LTD.,    )
    SAMSUNG ELECTRONICS AMERICA,      )
 9  INC.,                             )
                                      )
10      Defendants/Counterclaim       )
        Plaintiffs,                   )
11                                    )
        and                           )
12                                    )
    SAMSUNG RESEARCH AMERICA,         )
13  INC.,                             )
                                      )
14      Defendant,                    )
                                      )
15      vs.                           )
                                      )
16  HISILICON TECHNOLOGIES CO.,       )
    LTD.,                             )
17                                    )
        Counterclaim-Defendant.       )
18
19             HIGHLY CONFIDENTIAL
20   VIDEOTAPED DEPOSITION OF JACQUES deLISLE
21              Chicago, Illinois
22            Friday, June 15, 2018
23  Reported by:
24  RACHEL F. GARD, CSR, RPR, CLR, CRR
25  JOB NO. 143457
```

Highly Confidential

Page 2

                    June 15, 2018

                    8:56 a.m.

    Videotaped deposition of JACQUES deLISLE, at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 191 North Wacker Drive, Chicago, Illinois, pursuant to notice before Rachel F. Gard, Illinois Certified Shorthand Reporter, Registered Professional Reporter, Certified LiveNote Reporter, Certified Realtime Reporter.

```
 1    A P P E A R A N C E S:
 2         SIDLEY AUSTIN
 3         Attorneys for Huawei
 4              One South Dearborn
 5              Chicago, Illinois 60603
 6         BY:  DAVID GIARDINA, ESQ.
 7
 8
 9
10         QUINN EMANUEL URQUHART & SULLIVAN
11         Attorneys for Samsung
12              555 Twin Dolphin Drive
13              Redwood Shores, California 94065
14         BY:  VICTORIA MAROULIS, ESQ.
15              MICHAEL KANG, ESQ.
16
17
18
19
20
21
22
23    ALSO PRESENT:   SCOT ZIARKO, Videographer
24
25
```

1      Q.    Understood.  I wasn't asking for the
2  people who were helping you but rather what we
3  call a percipient witness.
4      A.    No.
5      Q.    Thank you.  Turning back to your
6  Exhibit B to your reports, in preparation of
7  your opinion in this case, did you review the
8  report of Dr. Jerry Hausman?
9      A.    I did not.
10     Q.    Did you review the report of
11 Dr. Greg Leonard?
12     A.    I did not.
13     Q.    Did you review the report of
14 Dr. Michael Davies?
15     A.    I did not.
16     Q.    Did you review the report of
17 Mr. Sebastien Borghetti?
18     A.    No.
19     Q.    Did you review any reports provided
20 by Huawei's experts?
21     A.    No.
22     Q.    So if I went down the list of
23 Huawei's experts, that wouldn't refresh your
24 recollection, right?
25     A.    I've heard some of those names.  But

Page 35

1    I think I heard them yesterday on a list of
2    possible expert witnesses.  I have not read any
3    of those reports.
4            Just again, in the interest of
5    completeness here, I was sent some of the
6    papers in this case, which helped me frame the
7    issues.  But I read some of them and did not
8    connect an analysis of them.
9        Q.   Are the papers you were sent in this
10   case all listed on the first page of Exhibit B?
11       A.   I think that's everything, and I
12   think one or two of those I may not have looked
13   at.  I'm not sure I looked at the hearing
14   transcript.  It was provided to me, but ...
15       Q.   Did you review deposition
16   transcripts of any Huawei or Samsung witnesses
17   in this case?
18       A.   No.  I reviewed the declaration of
19   Bin Wang, but that's the only document of that
20   type I recall looking at.
21       Q.   Did you sign a protective order in
22   this case?
23       A.   I believe I did.  I'm sure I did.
24   The reason that there's that confusion, I
25   signed a protection order in the ASUS case at

Page 70

1  from which you deduced this statement?
2       A.    I don't recall.
3       Q.    What did Huawei's counsel
4  specifically tell you about Samsung's expert's
5  opinion?
6       A.    On this particular issue, again, I
7  think not a whole lot beyond what's reflected
8  in this statement.  I understand that there's
9  been a confusing, to me, set of layers of
10 injunctions to not seek injunctions, requests,
11 things of that ilk, but I have not parsed it
12 terribly closely.
13            My opinions are really, again, as I
14 said, evaluations of Chinese court proceedings
15 and Chinese law.  My understanding is that the
16 quality or propriety of those proceedings and
17 decisions are relevant in the broader
18 litigation here because of a claim by Samsung
19 that the pursuit of injunctive relief in China,
20 which is the object and outcome in the case,
21 initial outcome in the case that I examined, is
22 problematic as a matter of U.S. law.  I would
23 characterize this as a statement of how I'm
24 informed by Huawei, Samsung -- or by Huawei's
25 counsel, Samsung views that seeking of

Highly Confidential

Page 72

1    I take all of this as basically
2    framing my task, which is again assessing the
3    quality or propriety of the Chinese action
4    seeking an injunction.  My opinions are limited
5    to that.  People seek out my opinions on these
6    things for what I assume to be purposes in
7    litigation.  It's helpful to me to know in a
8    general way what the litigation is about.  It
9    helps me to address the relevant questions.
10   But my opinions about the Chinese court and the
11   Chinese proceedings would not be affected by
12   the use to which counsel for either side wants
13   to put them.
14        Q.    So you personally don't know whether
15   any Samsung experts asserted that pursuit of
16   injunctive relief in the Chinese courts was a
17   violation of FRAND obligations, right?
18        A.    I don't think I've seen any Samsung
19   expert reports.  I don't recall what pieces fed
20   into the statement among conversations with
21   Huawei's counsel, papers that I've seen in the
22   case, and so on.
23              As I understand it, the question of
24   whether injunctions comply with FRAND is an
25   issue that is whether a party seeking an

Highly Confidential

Page 73

1  injunction is violating FRAND obligations by
2  thereby seeking to coerce or acquire a means to
3  coerce the other party.  I understand that's a
4  subject of some dispute in the U.S. litigation
5  here, but I have not looked into it.
6       Q.   Do you understand whether any
7  Samsung expert offered an opinion on the
8  quality of Chinese courts and the fairness of
9  Chinese procedure?
10      A.   I have not been told that any
11 Samsung expert has.  In my understanding, the
12 question of the quality and propriety of the
13 Chinese proceeding or seeking an injunction in
14 China is a matter for which -- let me rephrase
15 that.
16           That the -- as what I understand to
17 be Samsung's opposition or concern about
18 Huawei's having sought relief in Chinese court
19 that included an injunction, that the
20 pervasiveness or the significance of that point
21 would or at least very much could depend on a
22 judgment about what the Chinese courts did here
23 and whether it was consistent with relevant law
24 and proper application of process in China.
25      Q.   If Huawei sued Samsung for

Highly Confidential

Page 82

1  Q. Mr. deLisle, before the break, we
2  were discussing Paragraph 16 of your report.
3  Please turn to Paragraph 17. In that
4  paragraph, you identified the areas on which
5  counsel asked you to prepare opinion, correct?
6  A. Yes.
7  Q. Is it correct that Samsung's experts
8  did not offer overview of the Chinese court
9  system?
10  A. I am not aware that they have.
11  Q. Is it correct that Samsung's experts
12  did not opine on the analysis of judgment from
13  the Shenzhen court in the 840 and 816
14  decisions?
15  A. Again, not that I've been told.
16  Q. Is it correct that Samsung witnesses
17  did not opine on the Court's assessment of the
18  evidence presented by both parties, procedures
19  followed, and the law applied by the Shenzhen
20  court?
21  A. Again, I do not know in detail what
22  they've opined on. As we've discussed before,
23  I am of the understanding that Samsung's
24  objection to the seeking of injunctive relief
25  in China was a problem and, to that end, a

Page 83

1  quality of what led to that injunction is
2  something I was asked to opine on.
3      Q.   Turning to Paragraph 20 of your
4  report, you reference that certain things are
5  not consistent with a claim that the courts
6  relevant here have not or are not capable of
7  adjudicating the cases between Huawei and
8  Samsung fairly and according to law.
9           Do you see that?
10     A.   Yes, I do.
11     Q.   Again, there's no Samsung expert
12 report that posits that, correct?
13     A.   Again, I have not seen Samsung
14 expert reports.
15     Q.   Sir, is it fair to say that the
16 portion of your report entitled 3, The
17 Samsung/Huawei Litigation, Shenzhen, summarizes
18 the 840 and 816 opinions?
19     A.   That is certainly one of the things
20 it does.  And yes, it's obviously a relatively
21 short summary of a very long case.  I think
22 there are other parts of the opinion that also
23 probably address this question, but this is
24 certainly the focus of this section.
25     Q.   In fact, you were not asked to