Michael J. Bettinger (SBN 122196)
*mbettinger@sidley.com*
Irene Yang (SBN 245464)
*irene.yang@sidley.com*
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California  94104
Telephone:  (415) 772-1200
Facsimile:  (415) 772-7400

*Attorneys for Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., and HiSilicon Technologies Co. Ltd.*

David T. Pritikin (*Pro Hac Vice*)
*dpritikin@sidley.com*
David C. Giardina (*Pro Hac Vice*)
*dgiardina@sidley.com*
Douglas I. Lewis (*Pro Hac Vice*)
*dilewis@sidley.com*
John W. McBride (*Pro Hac Vice*)
*jwmcbride@sidley.com*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., and HUAWEI TECHNOLOGIES USA, INC., <br><br>Plaintiff(s)/Counterclaim Defendants, <br><br>vs. <br><br>SAMSUNG ELECTRONICS CO., LTD, SAMSUNG ELECTRONICS AMERICA, INC., <br><br>Defendants / Counterclaim-Plaintiffs <br><br>and <br><br>SAMSUNG RESEARCH AMERICA, INC., <br><br>Defendant, <br><br>v. <br><br>HISILICON TECHNOLOGIES CO., LTD., <br><br>Counterclaim-Defendant. | Case Number: 3:16-cv-2787-WHO <br><br>**DECLARATION OF CORY D. SZCZEPANIK IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS MOTION FOR SUMMARY JUDGMENT AND EXHIBITS THERETO** |

1  I, Cory D. Szczepanik declare as follows:

2  1. I am an attorney at the law firm of Sidley Austin LLP, counsel for Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., and HiSilicon Technologies Co., Ltd. (collectively, "Huawei"). I am a member in good standing of the State Bar of Texas, and I am admitted to practice in the Northern District of California. Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration, and, if called upon as a witness, I could and would testify as to these facts.

2. Pursuant to Civil Local Rule 79-5, I make this declaration in support of Samsung's Administrative Motion to File Under Seal Portions of its Motion for Summary Judgment and Exhibits Thereto (Dkt. 333). I have reviewed the portions of Samsung's Motion for Summary Judgment (and exhibits thereto) that contain information that Samsung had identified as confidential to Huawei. After review, Huawei requests that the following documents and portions of documents be filed under seal:

| Document | Portions to be Filed Under Seal |
|---|---|
| Motion for Summary Judgment | None |
| Exhibit B | Paragraph 79 |
| Exhibit C | None |
| Exhibit D | None |
| Exhibit G | None |
| Exhibit I | Paragraph 272 |
| Exhibit J | None |
| Exhibit R | Paragraphs 110-121 |
| Exhibit S | Entire document |

3. Huawei does not request that any of the green highlighted portions of the Motion for Summary Judgment be filed under seal.

4. Huawei respectfully requests that the portions of the exhibits listed in the above table be filed under seal. Paragraph 79 of Exhibit B and paragraph 272 of Exhibit I contain Huawei's confidential internal processes for patent procurement. These exhibits contain information that Huawei considers highly confidential and does not disclose to the public. Disclosure of this confidential information to the public could harm Huawei's competitive standing by giving competitors insight into Huawei's patent procurement processes, which could

be used to Huawei's disadvantage.  For example, competitors could use Huawei's confidential information to improve their own patent procurement processes.  Because Huawei would lack similar information about its competitors, this would create an asymmetry of information that would otherwise not exist but for the disclosure of the above confidential information.  This would create a risk of competitive injury to Huawei.

5.  Paragraphs 110-121 of Exhibit R and Exhibit S contain the confidential information of Motorola (now owned by Nokia) that Huawei procured in discovery via a third party subpoena.  As a condition to production of the information, Nokia insisted that the information be marked as "Highly Confidential – Attorneys Eyes Only" pursuant to the Protective Order in this case.  Mr. Ryan W. Koppelman, counsel for Nokia, previously submitted a declaration at Docket Number 182 in support of sealing the underlying document upon which Paragraphs 110-121 of Exhibit R and Exhibit S are based.  In his declaration, Mr. Koppelman stated that this document contains "sensitive, confidential business information belonging to Motorola, Inc. which was in Nokia's possession subject to a nondisclosure agreement between [Motorola and Nokia]."  He further stated that "the public disclosure of this information would reveal sensitive, confidential business information pertaining to Nokia and would create a risk of significant completive injury and particularized harm to Nokia."  The Court granted the sealing request at Docket Number 188.

6.  Huawei will work with counsel for Samsung to promptly advise counsel for Nokia of the potential need to submit an additional declaration in support of Samsung's sealing motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed electronically on the 9th day of July, 2018 in Dallas, Texas.

| | |
|---|---|
| 1 | */s/ Cory D. Szczepanik* |
| 2 | Cory D. Szczepanik |