Ryan W. Koppelman (State Bar No. 290704)
Ryan.Koppelman@alston.com
**ALSTON & BIRD LLP**
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303-2282
Telephone: 650-838-2000
Facsimile: 650-838-2001

Attorneys for Non-Party
Nokia Solutions and Networks US LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., and HUAWEI TECHNOLOGIES USA, INC.,<br><br>Plaintiff(s)/Counterclaim Defendants,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD, SAMSUNG ELECTRONICS AMERICA, INC.,<br>Defendants / Counterclaim-Plaintiffs<br><br>And<br><br>SAMSUNG RESEARCH AMERICA, INC.,<br><br>Defendant,<br><br>v.<br><br>HISILICON TECHNOLOGIES CO., LTD.,<br><br>Counterclaim-Defendant. | Case No.: 3:16-cv-2787-WHO<br><br>**DECLARATION OF RYAN W. KOPPELMAN IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL [D.I. 333]** |

1    I, Ryan W. Koppelman, declare as follows:

2    1.    I am an attorney with the law firm of Alston & Bird LLP, counsel for Non-Party Nokia Solutions and Networks US LLC ("Nokia"), in connection with the above-captioned action.  I am a member in good standing of the State Bar of California and am admitted to practice before this Court.  Except where otherwise indicated, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify thereto.  I am filing this declaration pursuant to Civil Local Rule 79-5(e)(1) in support of Samsung's "Administrative Motion To File Under Seal" filed on July 3, 2018 (D.I. 333) ("Samsung's Motion To Seal").

2.    On July 11, 2018, counsel for Samsung informed Nokia that information it produced in this case was included or discussed in certain exhibits to its motion to seal.  Nokia was not explicitly mentioned in Samsung's motion, nor did it have knowledge that its information were filed with the Court prior to this date.

3.    I have reviewed certain portions of exhibits to Samsung's Motion to Seal—specifically, paragraphs 110-121 of Exhibit R (D.I. 333-38).  These Exhibits cite repeatedly to documents and deposition testimony that were designated by Nokia as "Highly Confidential – Attorneys' Eyes Only" pursuant to Protective Order (D.I. 110).  More specifically, these Exhibits contain sensitive, confidential business information belonging to Nokia and Motorola, which was in Nokia's possession subject to a nondisclosure agreement between the Parties and as result of a subsequent acquisition by Nokia of a Motorola business unit. The deposition testimony cited is of Dr. Ghosh who is a former Motorola employee and current Nokia employee who transitioned as part of business unit acquisition.  The documents and testimony are related to Nokia's confidential business practices, including technical information that has not been publicly disclosed and details regarding its relationships with business partners.

4.    I am further informed and believe that the public disclosure of this information would reveal sensitive, confidential business information pertaining to Nokia and would create a risk of significant competitive injury and particularized harm to Nokia.  I am informed and believe that Nokia protects such information as trade secrets and does not generally disclose this information publicly

because public disclosure of this confidential information would allow Nokia's competitors to gain competitive information about Nokia's technology, business methods, and supplier relationships. Accordingly, Nokia requests the sealing of paragraphs 110-121 of Exhibit R.

5. I previously filed a declaration on behalf of Nokia in support of a motion to seal filed by Huawei, which contained similar Highly Confidential information belonging to Nokia. (D.I. 182). The Court granted that motion to seal. (D.I. 188).

6. For the foregoing reasons, Nokia requests that the Court grant Samsung's Administrative Motion to Seal with respect to the above-described exhibits.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 12th day of July, 2018 in East Palo Alto, California.

*/s/ Ryan W. Koppelman*
Ryan W. Koppelman