# EXHIBIT 13

**DECLARATION OF LEIF PETERSON IN SUPPORT OF HUAWEI'S OPPOSITION TO SAMSUNG'S MOTION TO PARTIALLY EXCLUDE AND STRIKE**

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

## Giardina, David C.

| | |
|---|---|
| **From:** | Giardina, David C. |
| **Sent:** | Monday, June 11, 2018 2:17 PM |
| **To:** | Thomas Pease; Bettinger, Mike; Yang, Irene |
| **Cc:** | QE_Huawei v. Samsung; Huawei-Samsung Sidley |
| **Subject:** | RE: Huawei/Samsung - Improper Rebuttal |

Tom –

Having not heard from you, we plan to adhere to the schedule set forth below.  We will serve the Jackson supplement later today.  We will serve the Padilla and Lasinski supplemental reports tomorrow.  We will adhere to the page limits previously discussed.

Best,
Dave


**DAVID C. GIARDINA**

**SIDLEY AUSTIN LLP**
+1 312 853 4155
dgiardina@sidley.com

---

**From:** Giardina, David C.
**Sent:** Monday, June 11, 2018 9:43 AM
**To:** Thomas Pease <thomaspease@quinnemanuel.com>; Bettinger, Mike <mbettinger@sidley.com>; Yang, Irene <irene.yang@sidley.com>
**Cc:** QE_Huawei v. Samsung <QE_Huaweiv.Samsung@quinnemanuel.com>; Huawei-Samsung Sidley <Huawei-Samsung-Sidley@sidley.com>
**Subject:** RE: Huawei/Samsung - Improper Rebuttal

Tom –

Can we close the loop on this?

Thanks,
Dave


**DAVID C. GIARDINA**

**SIDLEY AUSTIN LLP**
+1 312 853 4155
dgiardina@sidley.com

---

**From:** Giardina, David C.
**Sent:** Friday, June 08, 2018 5:56 PM

**To:** Thomas Pease <thomaspease@quinnemanuel.com>; Bettinger, Mike <mbettinger@sidley.com>; Yang, Irene <irene.yang@sidley.com>
**Cc:** QE_Huawei v. Samsung <QE_Huaweiv.Samsung@quinnemanuel.com>; Huawei-Samsung Sidley <Huawei-Samsung-Sidley@sidley.com>
**Subject:** RE: Huawei/Samsung - Improper Rebuttal

Tom -

With the data received today, we believe we now have what our experts need to replicate Dr. Leonard's analysis. Given the delay in resolving that, we propose to serve the Lasinski and Padilla supplements by June 12. We will serve the Jackson supplement by June 11. Please confirm that is acceptable.

Thanks,
Dave

Sent with BlackBerry Work
(www.blackberry.com)

---

**From:** Thomas Pease <thomaspease@quinnemanuel.com>
**Date:** Friday, Jun 08, 2018, 2:42 PM
**To:** Giardina, David C. <dgiardina@sidley.com>, Bettinger, Mike <mbettinger@sidley.com>, Yang, Irene <irene.yang@sidley.com>
**Cc:** QE_Huawei v. Samsung <QE_Huaweiv.Samsung@quinnemanuel.com>, Huawei-Samsung Sidley <Huawei-Samsung-Sidley@sidley.com>
**Subject:** RE: Huawei/Samsung - Improper Rebuttal

Dave,

We disagree about the alleged gaps in Dr. Leonard's citation analysis.  Am I correct, though, that you now have the information you asked for?

Re the supplemental reports as per below, June 11 is fine.  I take it with that change we are now in agreement with the proposal I made.   If not, please let me know at once.

We are not in a position to confirm either of the Lasinski dates you proposed.  We are trying to make them work, but haven't been able to do so, yet.  We will keep you posted on that issue.

Best,

Tom

---

**From:** Giardina, David C. [mailto:dgiardina@sidley.com]
**Sent:** Friday, June 08, 2018 3:36 PM
**To:** Thomas Pease <thomaspease@quinnemanuel.com>; Bettinger, Mike <mbettinger@sidley.com>; Yang, Irene <irene.yang@sidley.com>
**Cc:** QE_Huawei v. Samsung <QE_Huaweiv.Samsung@quinnemanuel.com>; Huawei-Samsung Sidley <Huawei-Samsung-Sidley@sidley.com>
**Subject:** RE: Huawei/Samsung - Improper Rebuttal

Tom -

I wanted to follow up on this to see if we can reach an accommodation on this. Please let us know.

Thanks,
Dave


Sent with BlackBerry Work
(www.blackberry.com)

---

**From:** Giardina, David C. <dgiardina@sidley.com>
**Date:** Wednesday, Jun 06, 2018, 8:28 PM
**To:** Thomas Pease <thomaspease@quinnemanuel.com>, Bettinger, Mike <mbettinger@sidley.com>, Yang, Irene <irene.yang@sidley.com>
**Cc:** QE_Huawei v. Samsung <QE_Huaweiv.Samsung@quinnemanuel.com>, Huawei-Samsung Sidley <Huawei-Samsung-Sidley@sidley.com>
**Subject:** RE: Huawei/Samsung - Improper Rebuttal

Tom –

Thanks for your message below.  We agree to your proposal concerning the supplemental reports, with just a couple of slight proposed modifications.  Because there continue to be gaps in the back-up to Dr. Leonard's citation analysis, on the assumption that those can be resolved today, we propose to serve the contemplated supplemental reports by June 11, rather than June 8.

As for Lasinski's deposition, it's not going to be possible to get it done the week of June 25.  I believe we could do it on June 22, if the extra day relative to our original proposal of June 21, helps.  Otherwise, we'd be looking at July 3 (assuming he's available that day, which I've not yet confirmed).

Best regards,
Dave

DAVID GIARDINA
SIDLEY AUSTIN LLP


Sent with BlackBerry Work
(www.blackberry.com)

---

**From:** Thomas Pease <thomaspease@quinnemanuel.com>
**Date:** Tuesday, Jun 05, 2018, 1:00 AM
**To:** Giardina, David C. <dgiardina@sidley.com>, Bettinger, Mike <mbettinger@sidley.com>, Yang, Irene <irene.yang@sidley.com>
**Cc:** QE_Huawei v. Samsung <QE_Huaweiv.Samsung@quinnemanuel.com>, Huawei-Samsung Sidley <Huawei-Samsung-Sidley@sidley.com>
**Subject:** Huawei/Samsung - Improper Rebuttal

Dear Dave,

This responds to your request to serve supplemental reports for Lasinski, Padilla and Jackson.

As I mentioned earlier, we disagree that there is anything improper about the arguments set forth in the Samsung expert rebuttal reports that you identified.

- Dr. Lasinski and Dr. Padilla set forth opinions on the parties' licenses (including on comparability) in their opening reports in support of Huawei's own breach of contract claim.  Dr. Leonard and Prof. Hausman both rebut these opinions.  Dr. Leonard's rebuttal analysis appears in a section of his report entitled "Mr. Lasinski's Comparable License Analysis is Fundamentally Flawed."   It is clearly rebuttal evidence.  Prof. Hausman, in turn, specifically rebuts Dr. Padilla's opening report assertion that "Huawei's conduct cannot be characterized as a refusal to license or as an attempt to obtain supra FRAND royalties."  These are rebuttal arguments and it was entirely appropriate for Dr. Leonard and Prof. Hausman to include them in their rebuttal reports.
- The same is true for Dr. Leonard's reliance on citation analysis of the Huawei and Samsung portfolios.  These opinions are set forth in the section of his rebuttal report that is entitled "If Mr. Lasinski Had Used Forward-Citations Instead of Contributions as an Indicator of Value, He Would Have Reached a Different Conclusion."  Dr. Leonard is rebutting the positions that Dr. Lasinski offered based on "his unsupported contributions measure."  This is appropriate rebuttal to the opinions that Huawei's expert offered.
- So, too, Dr. Leonard's analysis of Samsung's pre-suit offer to Huawei directly responds to Dr. Padilla's criticism of that offer.  Again, this is proper rebuttal testimony.

Samsung and Huawei both have competing breach of contract claims and presumably have the right to present their affirmative and rebuttal cases in the manner they think is best.

That being said, you are correct that each party has the obligation, as a condition precedent, to establish that it complied with its FRAND obligations.  It could, therefore, be confusing for the parties, as well as the jury and Court, if the parties maintain rigid distinctions on these overlapping claims and limit the evidence they present at various stages of the trial accordingly.  For example, if Huawei were to go first in presenting evidence of its breach of contract claim (based on its opening reports), with Samsung then presenting its rebuttal case (based on its rebuttal reports) followed by its own breach of contract and antitrust claims (based on its opening reports), with Huawei then closing things out by rebutting those claims (based on Huawei's rebuttal reports), we suspect the jury and court may not be able to keep what evidence relates to which claim straight.  We also suspect the parties may end up objecting as to the timing and limits of the evidence presented, which the Court will not like.

To remedy this, here is what we propose:

- Huawei may serve on or before June 8 supplemental reports for Lasinski (up to 20 pages); Padilla (up to 7 pages) and Jackson (up to 5 pages).
- Those reports will be limited to rebutting the alleged new arguments you identified in your email below and that I briefly addressed above.
- We'll work together to schedule Dr. Lasinski's deposition for a date on or after June 25 to ensure that Samsung has sufficient time to process the information set forth in his supplemental report.
- Samsung, at its option, will have until June 8 to serve an expert report that responds to the so-called "rebuttal" report of Jacques deLisle on Chinese law and procedure—issues that were not raised in Samsung's opening reports.
- At trial, Samsung shall be permitted to present evidence through Dr. Leonard and Prof. Hausman on Samsung's breach of contract and antitrust claims and in rebuttal to Huawei's breach of contract claims in any manner or sequence that Samsung's believes would best enable it to efficiently present evidence on these competing claims to the jury without regard to whether the opinions and underlying evidence were first set forth in an opening report or a

rebuttal report, as long as they were disclosed in one such report.  Huawei, in turn, shall be permitted to present evidence through Dr. Lasinski, Dr. Padilla, and Dr. Jackson in the manner Huawei believes would best enable it to efficiently present evidence on these competing claims to the jury without regard to whether the opinions and underlying evidence were first set forth in an opening report, a rebuttal report, or a supplemental report, as long as they were disclosed in one such report.

- Huawei will not move to strike any aspect of the Leonard and Hausman rebuttal reports on the ground that they contain opinions or evidence that should have been set forth in an opening report.
- With the exception of the ground set forth in the bullet point immediately above, both parties reserve the right to seek to challenge any aspect of any expert's report on any ground.

We welcome your thoughts.

Best,

Tom

**From:** Giardina, David C. [mailto:dgiardina@sidley.com]
**Sent:** Friday, June 01, 2018 12:33 PM
**To:** Thomas Pease <thomaspease@quinnemanuel.com>; Bettinger, Mike <mbettinger@sidley.com>; Yang, Irene <irene.yang@sidley.com>
**Cc:** QE_Huawei v. Samsung <QE_Huaweiv.Samsung@quinnemanuel.com>; Huawei-Samsung Sidley <Huawei-Samsung-Sidley@sidley.com>
**Subject:** RE: Huawei/Samsung - Improper Rebuttal

Tom –

We would expect something like the following:

Lasinski – 15-20 pages
Padilla – 5-7 pages
Jackson – 5 pages

Assuming we get Leonard's natives today, we should be able to serve the supplemental reports by no later than June 8.

Best,
Dave

**DAVID C. GIARDINA**

**SIDLEY AUSTIN LLP**
+1 312 853 4155
dgiardina@sidley.com

**From:** Thomas Pease <thomaspease@quinnemanuel.com>
**Sent:** Friday, June 01, 2018 9:28 AM
**To:** Giardina, David C. <dgiardina@sidley.com>; Bettinger, Mike <mbettinger@sidley.com>;

Yang, Irene <irene.yang@sidley.com>
**Cc:** QE_Huawei v. Samsung <QE_Huaweiv.Samsung@quinnemanuel.com>; Huawei-Samsung Sidley <Huawei-Samsung-Sidley@sidley.com>
**Subject:** RE: Huawei/Samsung - Improper Rebuttal

Dave,

We disagree with your characterization of Samsung's rebuttal reports and the alleged withholding of arguments.  Nevertheless, in the hope that we can avoid a dispute, we are looking into your request.

To help us do that, please let us know more about the limited supplemental reports that Huawei would like to serve, namely which experts would serve such reports, approximately how many pages you would expect each supplemental report to include, and when you would plan to serve them.

With that information in hand, we should be able to get back to you early evening today.

Best,

Tom

**From:** Giardina, David C. [mailto:dgiardina@sidley.com]
**Sent:** Thursday, May 31, 2018 9:24 PM
**To:** Thomas Pease <thomaspease@quinnemanuel.com>; Bettinger, Mike <mbettinger@sidley.com>; Yang, Irene <irene.yang@sidley.com>
**Cc:** QE_Huawei v. Samsung <QE_Huaweiv.Samsung@quinnemanuel.com>; Huawei-Samsung Sidley <Huawei-Samsung-Sidley@sidley.com>
**Subject:** RE: Huawei/Samsung - Improper Rebuttal

Tom –

In reviewing Samsung's rebuttal reports, it appears that Samsung withheld a number of arguments that could and should have presented in its opening reports in seeming attempt to shield those arguments from scrutiny.  We believe that Dr. Leonard and Prof. Hausman introduced, for the first time, several arguments that should have been included in Samsung's opening round of expert reports because they pertain to issues on which Samsung bears the burden of proof (specifically Samsung's breach of contract and antitrust claims).  These improper rebuttal arguments include:

- Dr. Leonard's and Prof. Hausman's FRAND opinions that are based on allegedly comparable licenses (including the ███████████████).  These licenses were produced to Samsung well before the start of the expert discovery period ████████ ████████████████████████████████████████████  The manner in which Dr. Leonard and Prof. Hausman use these license agreements (*e.g.*, in arguing that Huawei's offers have been unreasonable and discriminatory) clearly is directed to Samsung's breach of contract counterclaim, and therefore should have been raised during opening reports.
- Dr. Leonard's citation-based analysis of the Huawei and Samsung portfolios, which was omitted from Dr. Leonard's opening report despite the fact that Dr. Leonard has used a similar type of analysis in prior cases and the citation information was available to him to conduct such an analysis in his opening report in this case.  Instead, Dr. Leonard chose to use declared patent counts in his opening report, with no forward citation

6

analysis conducted on those patents (despite his ability to utilize that methodology at that stage if he chose to do so).

- Dr. Leonard's defense of Samsung's pre-suit offer to Huawei, which was not discussed in any of Samsung's opening expert reports.  In briefing to the Court related to its motion for an anti-suit injunction, Samsung argued that "[a] determination that Huawei failed itself to comply with its FRAND obligations will be dispositive of Huawei's breach of contract cause of action." Dkt. 287.  By that same token, all information regarding Samsung's compliance with its FRAND obligations should have been included in Samsung's opening reports, including a defense of Samsung's own pre-suit offer.  However there was no discussion whatsoever in defense of Samsung's July 2015 offer in Dr. Leonard's and Prof. Hausman's opening reports; rather, the defense appeared for the first time in the rebuttal stage, despite the fact that, by Samsung's reasoning, establishing its own compliance with its FRAND obligations is integral to Samsung's affirmative FRAND claims.

Because these arguments were not properly raised during Samsung's opening expert reports, Huawei's experts will be deprived of an opportunity to respond.  The lack of such a full and fair opportunity to address these arguments will prejudice Huawei. Accordingly, Huawei requests the opportunity to submit promptly limited supplemental reports addressing the points identified above.  If we cannot reach an agreement in this regard, we intend to move to strike these improper opinions from Samsung's rebuttal reports or, in the alternative, for leave to serve supplemental reports.

Given that depositions are upcoming, we would appreciate it if you could provide Samsung's position by the close of business tomorrow.  If we cannot agree on Huawei's service of limited supplemental reports, please provide Samsung's availability for a lead counsel meet and confer next week.

Thanks,
Dave

**DAVID C. GIARDINA**

**SIDLEY AUSTIN LLP**
+1 312 853 4155
dgiardina@sidley.com

****************************************************************************
***************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.

****************************************************************************
***************************