1  QUINN EMANUEL URQUHART & SULLIVAN, LLP

2  Charles K. Verhoeven (Bar No. 170151)
   charlesverhoeven@quinnemanuel.com
3  David A. Perlson (Bar No. 209502)
   davidperlson@quinnemanuel.com
4  50 California Street, 22nd Floor
   San Francisco, California 94111
5  Telephone: (415) 875-6600
   Facsimile: (415) 875-6700
6
   Kevin P.B. Johnson (Bar No. 177129)
7  kevinjohnson@quinnemanuel.com
   Victoria F. Maroulis (Bar No. 202603)
8  victoriamaroulis@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
9  Redwood Shores, California 94065-2139
   Telephone: (650) 801-5000
10 Facsimile: (650) 801-5100

11 Attorneys for Samsung Electronics Co., Ltd.,
   Samsung Electronics America, Inc., and
12 Samsung Research America, Inc.

13                UNITED STATES DISTRICT COURT

14        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., et al., | CASE NO. 16-cv-02787-WHO |
| Plaintiff, | **SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF SAMSUNG'S OPPOSITION TO HUAWEI'S MOTION TO PRECLUDE SAMSUNG'S FRAND EXPERTS FROM OFFERING IMPROPER LEGAL OPINIONS** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., et al., | |
| Defendant. | |
| SAMSUNG ELECTRONICS CO., LTD. & SAMSUNG ELECTRONICS AMERICA, INC. | |
| Counterclaim-Plaintiffs, | |
| v. | |
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., HUAWEI TECHNOLOGIES USA, INC., & HISILICON TECHNOLOGIES CO., LTD. | |
| Counterclaim-Defendants. | |

Pursuant to Civil L.R. 7-11 and 79-5, Defendants and Counterclaim-Plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., and Defendant Samsung Research America, Inc. (collectively "Samsung") bring this administrative motion to file under seal portions of Samsung's Opposition to Huawei's Motion to Preclude Samsung's FRAND Experts From Offering Improper Legal Opinions ("Opposition").  Samsung certifies that it has reviewed and complied with Judge Orrick's Standing Order on Administrative Motions to File Under Seal, as well as Civil L.R. 79-5.

Samsung requests an order granting its motion to file under seal the materials in the following table:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality | Basis for Sealing |
|---|---|---|---|
| Opposition | Blue highlighted portions at lines:<br>8:15-12:20 | Samsung | Declaration of Jocelyn Ma in Support of the Administrative Motion to File Under Seal ("Ma Decl.") ¶ 4 |
| Opposition | Yellow highlighted portions at lines:<br>13:18-24 | Huawei | Ma Decl. ¶ 8 |
| Exhibit 2 | Entire document | Samsung | Ma Decl. ¶ 4 |
| Exhibit 3 | Entire document | Samsung | Ma Decl. ¶ 4 |
| Exhibit 4 | Entire document | Huawei | Ma Decl. ¶ 8 |

All of the materials identified above for which Samsung is the party claiming confidentiality contain or reference information that Samsung has designated as "Highly Confidential – Attorneys' Eyes Only" because it is confidential, nonpublic, and competitively sensitive in nature.  *See* Ma Decl. ¶ 4.  For convenience of the Court, material in Samsung's Opposition over which Samsung maintains a claim of confidentiality is highlighted in blue and material over which Huawei maintains a claim of confidentiality is highlighted in yellow.

Dispositive motions and related materials may be sealed in the Ninth Circuit upon a showing that there are "compelling reasons" to seal the information.  *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  A party has "compelling reasons" to seal

information in a filing when disclosure of that information would "release trade secrets," *Kamakana*, 447 F.3d at 1179, or when the material would disclose "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In this District, Civil L.R. 79-5(b) requires that the party moving to seal "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" and that the corresponding motion to seal "be narrowly tailored to seek sealing only of sealable material."

      Samsung seeks to seal two categories of information: (1) excerpts of an expert report with information about and analysis of the parties' negotiations positions, correspondence, and strategy, which this Court has already held are sealable under the "compelling reasons" standard, *see* Dkt. 270 at 3 (granting sealing because "information regarding [parties'] license negotiations" discloses "sources of business information that might harm a litigant's competitive standing"), and (2) material that Huawei has designated Highly Confidential – Attorneys' Eyes Only pursuant to the protective order. Public disclosure of the first category of information would harm Samsung's competitive standing by giving asymmetrical information about Samsung's licensing strategies to other business entities. *See* Ma Decl. ¶¶ 4-5. Huawei may also claim confidentiality over its negotiating strategies and positions for similar reasons. Samsung expects that Huawei will file declarations supporting sealing of its negotiating positions and information, as well as discovery it has asserted is highly confidential. Samsung therefore respectfully requests that the Court order sealed the materials identified above.

DATED: July 17, 2018

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Victoria F. Maroulis
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Thomas D. Pease
David A. Perlson

*Attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America, Inc.*