# EXHIBIT 5

**DECLARATION OF IRENE YANG IN SUPPORT OF HUAWEI'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE PORTIONS OF HUAWEI'S EXPERT REPORTS**

| | |
|---|---|
| 1 | Michael J. Bettinger (SBN 122196) |
| | mbettinger@sidley.com |
| 2 | Irene Yang (SBN 245464) |
| | irene.yang@sidley.com |
| 3 | SIDLEY AUSTIN LLP |
| | 555 California Street, Ste. 2000 |
| 4 | San Francisco, California  94104 |
| | Telephone:  +1 415 772-1200 |
| 5 | Facsimile:  +1 415 772-7400 |

David T. Pritikin (*pro hac vice*)
dpritikin@sidley.com
David C. Giardina (*pro hac vice*)
dgiardina@sidley.com
Douglas I. Lewis (*pro hac vice*)
dilewis@sidley.com
John W. McBride (*pro hac vice*)
jwmcbride@sidley.com
Raquel Rodriguez (*pro hac vice*)
raquel.rodriguez@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois  60603
Telephone:  +1 312 853-7000
Facsimile:  +1 312 853-7036

Attorneys for Plaintiffs
HUAWEI TECHNOLOGIES CO., LTD.
HUAWEI DEVICE USA, INC., and
HUAWEI TECHNOLOGIES USA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., and HUAWEI TECHNOLOGIES USA, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,  and SAMSUNG RESEARCH AMERICA<br><br>Defendants. | Case No. 3:16-cv-02787-WHO<br><br>**HUAWEI'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS** |

**CONFIDENTIAL**

---

HUAWEI's INFRINGEMENT CONTENTIONS

1    Defendants induce infringement of the asserted claims of the '197 patent. Defendants' Accused Products as sold are specifically configured to infringe Huawei's '197 patent. Defendants actively instruct their customers on how to use their products, including through product manuals and advertising. When used as instructed, Defendants' customers use their products to practice the methods and use the apparatus of the '197 patent. Defendants' customers thereby directly infringe, either literally or under the doctrine of equivalents, the '197 patent. For example, the Accused Products practice the '197 patent when an end user is using his or her device on an LTE network in an ordinary manner and the device switches to a non-LTE network, for example, for load balancing purposes or because an LTE network is unavailable, while the device is in idle mode.  By making it possible for a device to transition from an LTE network to a non-LTE network while in the idle state, Defendants enable and induce end users to infringe the '197 patent even when located in portions of the United States without LTE coverage.  The Samsung Galaxy S7 User Manual, for instance, instructs users that the device works on LTE wireless networks. *See*, e.g., Complaint Exhibit 6 at 14, 27-28. The Samsung website also advertises that the Galaxy S7 smartphone, for instance, operates on both 3G and LTE networks.  *See* "Samsung Galaxy S7 edge," http://www.samsung.com/us/mobile/cell-phones/SMG935AZDAATT (attached hereto as Exhibit B).

   Defendants induce infringement of at least the asserted claims of the '003 patent. Defendants' Accused Products as sold are specifically configured to infringe Huawei's '003 patent. Defendants actively instruct their customers on how to use their products, including through product manuals and advertising. When used as instructed, Defendants' customers use the apparatus of the '003 patent. Defendants' customers thereby directly infringe, either literally or under the doctrine of equivalents, the '003 patent. For example, the Accused Products practice the '003 patent when an end user is using his or her device on an LTE network in an ordinary manner and the device switches to a non-LTE network, for example for load balancing purposes or because an LTE network is unavailable, while the device is in idle mode.  By making it possible for a device to transition from an LTE network to a non-LTE network while in the idle state, Defendants enable and induce end users to infringe the '003 patent even when located in portions of the United States without LTE coverage.  The Samsung Galaxy S7 User Manual, for instance, instructs users that the device works

on LTE wireless networks. *See*, e.g., Exhibit 6 at 14, 27-28. The Samsung website also advertises that the Galaxy S7 smartphone, for instance, operates on both 3G and LTE networks. *See* "Samsung Galaxy S7 edge," http://www.samsung.com/us/mobile/cell-phones/SMG935AZDAATT (attached hereto as Exhibit B).

Defendants induce infringement of the asserted claims of the '613 patent. Defendants' Accused Products as sold are specifically configured to infringe Huawei's '613 patent. Defendants actively instruct their customers on how to use their products, including through product manuals and advertising. When used as instructed, Defendants' customers use their products to practice the methods and use the apparatus of the '613 patent. Defendants' customers thereby directly infringe, either literally or under the doctrine of equivalents, the '613 patent. For example, the Accused Products practice the '613 patent when an end user uses his or her device to receive content via LTE Multimedia Broadcast Multicast Services (eMBMS), such as by watching sports broadcasts (e.g., the Super Bowl) transmitted using eMBMS.

### E. Doctrine of Equivalents

At this time, based on the information presently available to Huawei, Defendants' Accused Products literally infringe each element of the asserted claims as set forth in these contentions. To the extent any limitation is found or alleged not to be literally present following discovery, including review of relevant source code for the Accused Products and complete discovery responses from Samsung, Huawei then asserts that, if any differences between the claim elements and the accused systems and methods are found to exist, such differences are insubstantial and the accused systems and methods thus infringe under the doctrine of equivalents. Huawei further reserves the right to amend its infringement contentions to specifically assert infringement under the doctrine of equivalents in light of claim construction proceedings in this case.

### F. Priority Dates

| Patent | Priority Date Based on Earlier-Filed Applications | Conception Date |
|---|---|---|
| 8,369,278 | CN[1] – Apr. 27, 2007 | Apr. 27, 2007 |

---

[1] "CN" refers to an earlier-filed Chinese application; "PCT" refers to a Patent-Cooperation Treaty application; "JP"

| | | |
|---|---|---|
| | PCT – Apr. 28, 2008 | |
| 8,416,892 | CN – Apr. 30, 2007<br>PCT – Apr. 22, 2008 | Apr. 23, 2007 |
| 8,483,166 | CN – Nov. 1, 2007<br>PCT – Oct. 28, 2008 | Oct. 17, 2007 |
| 8,812,848 | CN – Aug. 31, 2007<br>PCT – Aug. 27, 2008 | Aug. 15, 2007 |
| 8,644,239 | CN – Mar. 7, 2007<br>PCT – Mar. 6, 2008[2] | Mar. 6, 2007 |
| 8,885,587 | CN – Dec. 3, 2009<br>PCT – Dec. 3, 2010 | Nov. 10, 2009 |
| 8,885,583 | JP – Aug. 8, 2007<br>PCT – Aug. 7, 2008 | Aug. 8, 2007[3] |
| 8,639,246 | CN – Apr. 9, 2008<br>PCT – Apr. 8, 2009 | Mar. 6, 2008 (claims 1-8, 11-18);<br>Mar. 12, 2008 (claims 9 and 19);<br>Apr. 9, 2008 (other asserted claims) |
| 8,412,197 | CN – Apr. 9, 2008<br>PCT – Apr. 8, 2009 | Mar. 6, 2008 (claims 1, 2, 7, 13, 14, 15);<br>Mar. 12, 2008 (claims 5, 8);<br>Apr. 9, 2008 (other asserted claims) |
| 8,996,003 | CN – Apr. 9, 2008<br>PCT – Apr. 8, 2009 | Mar. 6, 2008 (claims 1-8, 15-19);<br>Mar. 12, 2008 (claims 9-12, 14);<br>Apr. 9, 2008 (other asserted claims) |
| 8,724,613 | CN – Feb. 12, 2007<br>PCT – Feb. 5, 2008 | Feb. 12, 2007 |

Huawei's investigation is ongoing, and Huawei reserves the right to amend this disclosure to incorporate new information learned during the course of discovery.

**G.     Huawei Embodying Products**

Huawei identifies the following Huawei products that practice the inventions in the U.S.:

| Product | Model |
|---|---|
| Premia 4G | C8869L |
| Activa 4G | M920 |
| Vitria | Y301-A2 |
| Ascend Mate 2 | MT2-L03 |
| Y536-A1 | Y536-A1 |
| P8Youth | ALE-L04 |
| Pronto | H891L |
| Raven | H892L |
| SnapTo | G620-A2 |
| Nexus 6P | Nin-A1 |
| Y538-A1 | Y538-A1 |

---

refers to a Japanese application.
[2] The '239 patent incorrectly lists the PCT filing date as March 8, 2008.
[3] Huawei is seeking further information from Sharp about the conception and reduction to practice of the '583 patent.

- '613 patent, on or about Dec. 31, 2015.

Defendants therefore had knowledge of the foregoing patents at least as early as the above dates. Because these patents were identified by Huawei as essential to the LTE standard, Defendants likewise knew or should have known that their Accused Products infringed the patents as of the above dates. Samsung has nevertheless failed to engage in good faith licensing discussions, on its behalf or on behalf of its affiliates, and has failed to provide any FRAND counter-proposal to Huawei's proposals or any analysis purporting to show non-infringement or invalidity.

Samsung's dilatory tactics and failure to negotiate in good faith with one of the world's leading holders of LTE SEPs, while selling billions of dollars of infringing products, falls well below the standards of conduct expected of a reasonable company in the industry and renders this case exceptional under 35 U.S.C. § 285.

Huawei reserves the right to amend this identification to incorporate new information learned during the course of discovery.

## II. Document Production Accompanying Disclosure

### A. Disclosure of Inventions Prior to Patent Application Date

Documents corresponding to Patent Local Rule 3-2(a) have been produced with the following bates numbers: HW_Samsung_00078215 -251.

Pursuant to Patent Local Rule 3-2(a), Huawei's production of documents in this category is not an admission that the documents evidence or are prior art.

### B. Conception and Reduction to Practice

Documents corresponding to Patent Local Rule 3-2(b) have been produced with the following bates numbers: HW_Samsung_00005587 - HW_Samsung_00017164, HW_Samsung_00030909 - HW_Samsung_00031542, HW_Samsung_00031611 - HW_Samsung_00031677, HW_Samsung_00034735 - HW_Samsung_00035051, HW_Samsung_00045589 - HW_Samsung_00075465, HW_Samsung_00079263 - HW_Samsung_00079552.

### C. File Histories

Documents corresponding to Patent Local Rule 3-2(c) have been produced with the