QUINN EMANUEL URQUHART & SULLIVAN, LLP

Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and
Samsung Research America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>    Defendants.<br><hr>SAMSUNG ELECTRONICS CO., LTD. &<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Counterclaim-Plaintiffs,<br><br>    v.<br><br>HUAWEI TECHNOLOGIES CO., LTD.,<br>HUAWEI DEVICE USA, INC., HUAWEI<br>TECHNOLOGIES USA, INC., & HISILICON<br>TECHNOLOGIES CO., LTD.,<br><br>    Counterclaim-Defendants. | CASE NO. 16-cv-02787-WHO<br><br>**DECLARATION OF COLE MALMBERG IN SUPPORT OF HUAWEI'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF HUAWEI'S OPPOSITIONS TO SAMSUNG'S SUMMARY JUDGMENT AND DAUBERT MOTIONS** |

I, Cole Malmberg, declare as follows:

1. I am a member of the State Bar of California, admitted to practice before this Court, and an attorney at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America, Inc. (collectively, "Samsung"). Except as otherwise indicated, I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify thereto.

2. Pursuant to Civil L.R. 79-5, I make this declaration in support of Huawei's Administrative Motion to File Under Seal Portions of Huawei's Oppositions to Samsung's Summary Judgment and *Daubert* Motions (Dkt. 347).

3. I have reviewed the portions of Huawei's Opposition to Samsung's Motion for Summary Judgment ("Huawei's Opp. To Samsung's MSJ"), Huawei's Opposition to Samsung's Motion to Strike Portions of Huawei's Expert Reports ("Huawei's Opp. To Samsung's Mot. to Strike"), and Huawei's Opposition to Samsung's Motion to Partially Exclude the Reports and Testimony of Jorge Padilla, Michael J. Lasinski, and Charles L. Jackson ("Huawei's Opp. to Samsung's Mot. to Exclude"), and the exhibits to each of those motions that contain or suggest confidential information.

**Huawei's Opp. To Samsung's MSJ**

4. The green highlighted portions on pages 13-19 of Huawei's Opp. To Samsung's MSJ contain technical information about the Samsung accused products. Samsung maintains this information as a trade secret and does not disclose it to the public. Disclosure of this information to the public could harm Samsung's competitive standing by revealing information that Samsung invested substantial time and resources to develop.

5. The green highlighted portions on pages 2-3 of the Declaration of Robert Akl in Support of Huawei's Opp. To Samsung's MSJ contains technical information about the Samsung accused products. Samsung maintains this information as a trade secret and does not disclose it to the public. Disclosure of this information to the public could harm Samsung's competitive standing by revealing information that Samsung invested substantial time and resources to develop.

6. The entirety of Exhibits 3-10, 16, and 26-74 to the Declaration of Cory Szczepanik in Support of Huawei's Opp. to Samsung's MSJ contain technical information about components of the Samsung accused products. Samsung maintains this information as a trade secret and does not disclose it to the public. Disclosure of this information to the public could harm Samsung's competitive standing by revealing information that is currently a source of competitive advantage for Samsung.

7. The green highlighted portions of Exhibit 80 (paragraphs 137-236, 241, 243-46, 249-56, 257, and 267 including figures and tables adjacent to those paragraphs) to the Declaration of Cory Szczepanik in Support of Huawei's Opp. to Samsung's MSJ contain technical information about components of the Samsung accused products. Samsung maintains this information as a trade secret and does not disclose it to the public. Disclosure of this information to the public could harm Samsung's competitive standing by revealing information that is currently a source of competitive advantage for Samsung.

8. The green highlighted portions of Exhibit 81 (paragraphs 4-12 including table adjacent to paragraph 12) to the Declaration of Cory Szczepanik in Support of Huawei's Opp. to Samsung's MSJ contain technical information about components of the Samsung accused products. Samsung maintains this information as a trade secret and does not disclose it to the public. Disclosure of this information to the public could harm Samsung's competitive standing by revealing information that is currently a source of competitive advantage for Samsung.

**Huawei's Opp. To Samsung's Mot. to Strike**

9. The green highlighted portion (page 4) of Huawei's Opp. To Samsung's Mot. to Strike contains technical information about components of the Samsung accused products. Samsung maintains this information as a trade secret and does not disclose it to the public. Disclosure of this information to the public could harm Samsung's competitive standing by revealing information that is currently a source of competitive advantage for Samsung.

10. Samsung does not maintain a claim of confidentiality over Exhibits 2, 9, and 11 to the Declaration of Irene Yang in Support of Huawei's Opp. to Samsung's Mot. to Strike.

11. The entirety of Exhibits 3 and 4 to the Declaration of Irene Yang in Support of Huawei's Opp. To Samsung's Mot. to Strike contains technical information about components of the Samsung accused products. Samsung maintains this information as a trade secret and does not disclose it to the public. Disclosure of this information to the public could harm Samsung's competitive standing by revealing information that is currently a source of competitive advantage for Samsung.

12. The green highlighted portions (pages 174-75 and 185) of Exhibit 10 to the Declaration of Irene Yang in Support of Huawei's Opp. To Samsung's Mtn. to Strike contain technical information about components of the Samsung accused products. Samsung maintains this information as a trade secret and does not disclose it to the public. Disclosure of this information to the public could harm Samsung's competitive standing by revealing information that is currently a source of competitive advantage for Samsung.

**Huawei's Opp. To Samsung's Mot. to Exclude**

13. The green highlighted portions (pages 2-3, 6-7, 18-20, and 23-24) of Huawei's Opp. To Samsung's Mot. to Exclude contain highly confidential information about Samsung's manufacturing and sale of smartphones, as well as Samsung's licensing practices. Samsung maintains this information as a trade secret and does not disclose it to the public. Disclosure of this information to the public could harm Samsung's competitive standing by giving its competitors insight into Samsung's operations and finances. Samsung does not have similar access to this information about its competitors and would thus be disadvantaged in the marketplace.

14. Exhibits 3, 4, 18, and 20 to the Declaration of Leif Peterson in Support of Huawei's Opp. To Samsung's Mot. to Exclude contain highly confidential Samsung information. Exhibits 3, 4, and 6 contain highly confidential information about Samsung's manufacturing, sale of smartphones, and licensing practices. Samsung maintains this information as a trade secret and does not disclose it to the public. Disclosure of this information to the public could harm Samsung's competitive standing by giving its competitors insight into Samsung's operations and finances. Samsung does not have similar access to this information about its competitors and

would thus be disadvantaged in the marketplace.  Exhibit 18 contains technical information about components of the Samsung accused products.  Samsung maintains this information as a trade secret and does not disclose it to the public.  Disclosure of this information to the public could harm Samsung's competitive standing by revealing information that is currently a source of competitive advantage for Samsung.  Samsung does not maintain a claim of confidentiality over any other blue highlighted portions of Huawei's MSJ.  Exhibit 20 contains highly confidential information about licensing negotiations conducted between Huawei and Samsung.  Those negotiations were subject to a non-disclosure agreement and conducted confidentially.  Samsung maintains information about those negotiations as highly confidential and does not disclose it to the public.  Disclosure of such information to the public could harm Samsung's competitive standing by giving competitors access to information about Samsung's negotiating practices that Samsung does not have similar access to in return.

15. The green highlighted portions (pages 204-09) Exhibit 5 to the Declaration of Leif Peterson in Support of Huawei's Opp. To Samsung's Mot. to Exclude contain highly confidential information about licensing negotiations conducted by Samsung subject to a non-disclosure agreement and conducted confidentially.  Samsung maintains information about those negotiations as highly confidential and does not disclose it to the public.  Disclosure of such information to the public could harm Samsung's competitive standing by giving competitors access to information about Samsung's negotiating practices that Samsung does not have similar access to in return.

16. Samsung does not maintain a claim of confidentiality over Exhibit 6 to the Declaration of Leif Peterson in Support of Huawei's Opp. to Samsung's Mot. to Exclude.

17. The yellow highlighted portions (pages 6, 7, 10, and 11) of Exhibit 8 to the Declaration of Leif Peterson in Support of Huawei's Opp. To Samsung's Mot. to Exclude contain highly confidential information about licensing negotiations conducted between Huawei and Samsung.  Those negotiations were subject to a non-disclosure agreement and conducted confidentially.  Samsung maintains information about those negotiations as highly confidential and does not disclose it to the public.  Disclosure of such information to the public could harm

Samsung's competitive standing by giving competitors access to information about Samsung's negotiating practices that Samsung does not have similar access to in return.

18. The yellow highlighted portions (page 103) of Exhibit 9 to the Declaration of Leif Peterson in Support of Huawei's Opp. To Samsung's Mot. to Exclude contain highly confidential information about licensing negotiations conducted between Huawei and Samsung. Those negotiations were subject to a non-disclosure agreement and conducted confidentially. Samsung maintains information about those negotiations as highly confidential and does not disclose it to the public. Disclosure of such information to the public could harm Samsung's competitive standing by giving competitors access to information about Samsung's negotiating practices that Samsung does not have similar access to in return.

19. The yellow highlighted portions (pages 11-16) of Exhibit 10 to the Declaration of Leif Peterson in Support of Huawei's Opp. To Samsung's Mot. to Exclude contain highly confidential information about licensing negotiations conducted between Huawei and Samsung. Those negotiations were subject to a non-disclosure agreement and conducted confidentially. Samsung maintains information about those negotiations as highly confidential and does not disclose it to the public. Disclosure of such information to the public could harm Samsung's competitive standing by giving competitors access to information about Samsung's negotiating practices that Samsung does not have similar access to in return.

20. The green highlighted portions (pages 4-19, 22-26, 35-38, 40-41, and 43-47) of Exhibit 11 to the Declaration of Leif Peterson in Support of Huawei's Opp. To Samsung's Mot. to Exclude contain highly confidential information that Samsung does not disclose to the public. Some of the green highlighted portions contain information about Samsung's operations and finances. Samsung maintains this information as a trade secret and does not disclose it to the public. Disclosure of this information to the public could harm Samsung's competitive standing by giving its competitors insight into Samsung's operations and finances. Samsung does not have similar access to this information about its competitors and would thus be disadvantaged in the marketplace. The other green highlighted portions contain the results of a patent survey and related analysis that were prepared on behalf of Samsung by a third party. Samsung does not

disclose this information to the public, and public disclosure of it would allow competitors to appropriate Samsung's proprietary information.

21. Samsung does not maintain a claim of confidentiality over the green highlighted portions of Exhibit 12 to the Declaration of Leif Peterson in Support of Huawei's Opp. To Samsung's Mot. to Exclude.

22. The green highlighted portions (page 6) of Exhibit 13 to the Declaration of Leif Peterson in Support of Huawei's Opp. To Samsung's Mot. to Exclude contain highly confidential information about licensing negotiations conducted between Huawei and Samsung. Those negotiations were subject to a non-disclosure agreement and conducted confidentially. Samsung maintains information about those negotiations as highly confidential and does not disclose it to the public. Disclosure of such information to the public could harm Samsung's competitive standing by giving competitors access to information about Samsung's negotiating practices that Samsung does not have similar access to in return.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed July 23, 2018, in Redwood City, California.

 */s/ Cole Malmberg*
 Cole Malmberg

## ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), the undersigned attests that concurrence in the filing of this document has been obtained from Cole Malmberg.

                                             */s/ Victoria F. Maroulis*
                                             Victoria F. Maroulis