| | |
|---|---|
| Michael J. Bettinger (SBN 122196)<br>mbettinger@sidley.com<br>Irene Yang (SBN 245464)<br>irene.yang@sidley.com<br>SIDLEY AUSTIN LLP<br>555 California Street, Suite 2000<br>San Francisco, California 94104<br>(415) 772-1200 – Telephone<br>(415) 772-7400 – Facsimile | David T. Pritikin (*Pro Hac Vice*)<br>dpritikin@sidley.com<br>David C. Giardina (*Pro Hac Vice*)<br>dgiardina@sidley.com<br>Douglas I. Lewis (*Pro Hac Vice*)<br>dilewis@sidley.com<br>John W. McBride (*Pro Hac Vice*)<br>jwmcbride@sidley.com<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, Illinois 60603<br>(312) 853-7000 – Telephone<br>(312) 853-7036 – Facsimile |

*Attorneys for Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., and HiSilicon Technologies Co. Ltd.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., and HUAWEI TECHNOLOGIES USA, INC.,<br><br>    Plaintiffs / Counterclaim-Defendants,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants / Counterclaim-Plaintiffs,<br><br>and<br><br>SAMSUNG RESEARCH AMERICA,<br><br>    Defendant,<br>v.<br><br>HISILICON TECHNOLOGIES CO., LTD.,<br><br>    Counterclaim-Defendant. | Case No. 16-cv-02787-WHO<br><br>**HUAWEI'S REPLY IN SUPPORT OF ITS MOTION TO PRECLUDE SAMSUNG'S FRAND EXPERTS FROM OFFERING IMPROPER LEGAL OPINIONS**<br><br>Hearing Date: August 8, 2018<br>Time: 2:00 p.m.<br>Location: Courtroom 2, 17th Floor<br>Judge: Hon. William H. Orrick<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1

II. MR. DAVIES' IMPROPER LEGAL OPINIONS ARE INADMISSIBLE. ........................2

III. PROF. HAUSMAN'S IMPROPER LEGAL OPINIONS ARE INADMISSIBLE.............4

IV. CONCLUSION ......................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Crow Tribe of Indians v. Racicot*,
  87 F.3d 1039 (9th Cir. 1996) ................................................................................................... 8

*Fidelity Nat'l Fin., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
  No. 09-CV-140-GPC-KSC, 2014 WL 1286392 (S.D. Cal. Mar. 28, 2014) ....................... 1, 2, 6, 7

*Hangarter v. Provident Life and Accident Ins. Co.*,
  373 F.3d 998, 1016 (9th Cir. 2004) ...................................................................................... 1, 6

*Pokorny v. Quixtar Inc.*,
  No. 07-00201 SC, 2007 WL 1932922 (N.D. Cal. June 29, 2007) ....................................... 3, 5, 7

*U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3, AFL-CIO*,
  313 F. Supp. 2d 213 (S.D.N.Y. 2004) ..................................................................................... 5, 7

*Villalpando v. Exel Direct Inc.*,
  161 F. Supp. 3d 873 (N.D. Cal. 2016) ....................................................................................... 1

**Statutes & Rules**

Fed. R. Evid. 702 ......................................................................................................................... 2, 7

Plaintiffs Huawei Technologies Co., Ltd., Huawei Device USA, Inc. and Huawei Technologies USA, Inc. (collectively, "Huawei") hereby reply to Samsung's opposition to Huawei's Motion to Preclude Samsung's FRAND Experts From Offering Improper Legal Opinions (ECF No. 349-4) (hereafter, "Opp'n").

## I.   INTRODUCTION

To be admissible, expert testimony must not only be relevant and reliable, but the expert must also be qualified by "knowledge, skill, experience, training, or education" on the proposed subject matter. *Fidelity Nat'l Fin., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 09-CV-140-GPC-KSC, 2014 WL 1286392, at *1 (S.D. Cal. Mar. 28, 2014). In an attempt to salvage the improper legal testimony offered by Samsung's experts Michael Davies and Jerry Hausman, Samsung contends that the challenged opinions are (1) within the experts' expertise, and (2) merely articulations of the "legal framework" underlying their experts' opinions. Neither defense of the challenged testimony is accurate.

As is explained in Huawei's motion (ECF No. 329) (hereafter, "Mot."), neither Mr. Davies nor Prof. Hausman have—or claim to have—*legal* expertise in the field of antitrust, and the challenged statements made by these experts—for example, incorrect statements of the law, proposals about what the law should be, legal rules for the pursuit of injunctions on SEPs, and legal conclusions as to the outcome of Samsung's FRAND-related counterclaims—are not merely legal *assumptions* underlying their opinions, but rather the epitome of improper legal *instructions* and *conclusions* themselves. As the Ninth Circuit noted in *Hangarter v. Provident Life and Accident Ins. Co.*, a case cited in Samsung's opposition (Opp'n 12), "an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law" and "instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (citations and quotations omitted). Even if certain of Prof. Hausman and Mr. Davies' statements could be construed as merely legal assumptions underlying their opinions, those legal assumptions would need to be *correct* statements of the law in order to be admissible. *Villalpando v. Exel Direct Inc.*, 161 F. Supp. 3d 873, 895 (N.D. Cal. 2016) ("[A]n expert's reliance on *incorrect* legal assumptions would warrant exclusion . . . .").

Whatever Prof. Hausman and Mr. Davies' qualifications may be, they are not entitled to usurp the role of the Court and jury by offering Samsung's unsupported statements of the law and legal conclusions. The law is clear that improper legal opinions (like those offered by Prof. Hausman and Mr. Davies) are both unhelpful to the jury and in fact invade its province. They are therefore inadmissible under Rule 702 and should be excluded.

## II.     MR. DAVIES' IMPROPER LEGAL OPINIONS ARE INADMISSIBLE.

A central tenant of expert testimony is that it must be helpful to the trier of fact. Fed. R. Evid. 702. Opinions that (i) contain unsupported (and incorrect) statements of the law, or (ii) are irrelevant to the expert's assignment fail to meet this basic requirement. The challenged opinions of Mr. Davies fall within these categories.

Mr. Davies has opined that "[i]f a patent holder holds patents of the type where there were a number of credible alternative implementations prior to a single implementation being selected for incorporation into the standard, the patent holder would be *in violation of antitrust regulations* by asking for an injunction" and that an injunction "*should not be granted*" in such circumstances. Decl. of Sam Stake in Support of Samsung's Opp'n to Huawei's Mot. ("Stake Decl." ECF No. 351-1) Ex. 1, Davies Rpt. ¶ 27 (emphasis added), ECF No. 351-2. As explained in Huawei's motion (Mot. 3), these statements are a baseless and incorrect articulation of the legal standard governing injunctive relief on SEPs, have no utility to the jury, and in fact will only lead to needless confusion if admitted.[1]

Samsung admits in its opposition that experts "cannot invade the province of the court to instruct on the law." Opp'n 2 (quoting *Fidelity*). When an expert states legal conclusions or legal rules, the "testimony is not 'helpful' because the trial judge instructs the jury on the law." *Fidelity*, 2014 WL 1286392, at *8 (citation omitted). Nevertheless, that is exactly what Mr. Davies attempts to do in the challenged portions of his report. Whether injunctive relief on SEPs is appropriate under

---

[1] As explained in Huawei's motion, Mr. Davies' opinions will be confusing to the jury not only because they are inconsistent with relevant case law and regulatory guidance, but also because they are inconsistent with Samsung's prior positions on this very issue. For example, in litigation with Apple, Samsung itself sought injunctive relief on its SEPs and took the unqualified position that doing so was consistent with the ETSI IPR Policy. *See* Mot. 4 (quoting Samsung's argument that "nothing in any ETSI rule or policy precludes or could preclude injunctions.").

1  the antitrust laws is a "pure legal matter" on which the Court—not Mr. Davies—will instruct the
2  jury.  Moreover, Mr. Davies' opinions regarding whether Huawei's conduct violates antitrust
3  regulations or whether Huawei should be able to pursue injunctions for infringement of the SEPs in
4  its global portfolio—two of the forms of legal relief requested in Samsung's counterclaims (*see*
5  Samsung Answer and Amended Counterclaims, at Prayer for Relief C, J)—are directed to "the exact
6  legal question[s] that the Court [or jury] itself will decide." Opp'n 2 (quoting *Pokorny v. Quixtar*
7  *Inc.*, No. 07-00201 SC, 2007 WL 1932922, at *2-3 (N.D. Cal. June 29, 2007)).[2]

       Contrary to Samsung's assertions, the challenged opinions are not "well-grounded in Mr. Davies' experience" as an electrical engineer. Opp'n 1.  Samsung's recitation of Mr. Davies' professional experience and past work as an expert witness (Opp'n 2-3) is irrelevant to the instant motion directed to Mr. Davies' improper, baseless, and irrelevant legal opinions. As explained in Huawei's motion, Mr. Davies disclaims any expertise in economics or antitrust.  Mot. 3. ▆

▆

▆ All of this is unsurprising, given that Mr. Davies confirmed that his improper legal opinions were not merely legal understandings provided by counsel (and indeed the opinions are not phrased as such in his report), and Mr. Davies failed to identify a single citation in support of those opinions in his report ▆

▆ *Id.*[3]

       Finally, the challenged portions of Mr. Davies' opinions are entirely irrelevant to his assignment in this case.  Mr. Davies' assignment was to "examine several patents and to determine whether or not there were ***technically*** feasible alternatives that could have been chosen as the basis for the relevant standard." Stake Decl. Ex. 1, Davies Rpt. ¶ 21 (emphasis added). To complete that

---

[2] As noted in Huawei's motion, Huawei has not pursued injunctive relief for infringement of its U.S. SEPs asserted in this action, and the question of whether injunctive relief is appropriate for Samsung's infringement of Huawei's Chinese SEPs has already been considered and disposed of by the Shenzhen Court. Mot. 3.

[3] Mr. Davies' comments on FRAND, antitrust, and injunctive relief are also cumulative of—and often inconsistent with—the opinions offered by Samsung's other experts, Dr. Leonard, Prof. Hausman, and Prof. Borghetti. For example, while each of those experts comment on the topic of pursuing injunctive relief for infringement of SEPs, none of them seem to share Mr. Davies' view that an antitrust violation results if there were credible alternatives to the SEP at issue.

assignment, Mr. Davies assessed the patents, other technologies allegedly available at the time, and the standard itself. However, Mr. Davies' report also strays far afield of these topics, offering a stand-alone section entitled "On the Nature of Standard Essential Patents and Antitrust" that is wholly irrelevant to his assignment. Mr. Davies' statements in this section of his report on antitrust regulations and injunctions (Stake Decl. Ex. 1, Davies Rpt. ¶ 27), the "standard-setting process[,] SEPs," and "way[s] of satisfying the FRAND requirements" (Opp'n 4, 6; Stake Decl. Ex. 1, Davies Rpt. ¶¶ 22-24, 26), and "the value that a company is entitled to recover for an SEP" (Opp'n 5; Stake Decl. Ex. 1, Davies Rpt. ¶ 25) play ***no role*** in his technical assessment of feasible alternatives to the patents he reviewed in the remainder of his report.[4] Mr. Davies can testify to the jury about his technical assessment of those patents, a subject within his expertise in electrical engineering, but should not be permitted to offer his legally incorrect and extraneous commentary "On the Nature of Standard Essential Patents and Antitrust."[5]

### III. PROF. HAUSMAN'S IMPROPER LEGAL OPINIONS ARE INADMISSIBLE.

Samsung contends that Prof. Hausman's opinions are appropriately economic in nature and therefore within his expertise. But contrary to Samsung's claim, Prof. Hausman's challenged opinions are not merely "underlying" legal framework for his competitive analysis of injunctions and other economic issues. Opp'n 7, 13. Taken at face value, the challenged opinions are clearly legal in nature, opining on the ultimate legal issue of whether Huawei's conduct constitutes a violation of U.S. antitrust law and presenting—irrelevantly—Prof. Hausman's personal views on

---

[4] Samsung argues Mr. Davies is entitled to summarize the legal framework in which he "appl[ies] 'complex facts,'" (Opp'n 6), but offers no example of how Mr. Davies' assessment of technical alternatives to certain patents necessarily entails consideration of FRAND, patent valuation, injunctions, or antitrust issues. Samsung's further contention that Mr. Davies "provides technical opinions supporting Samsung's antitrust case" (Opp'n 7) does not warrant permitting Mr. Davies to testify on legal and economic issues he admits to have no expertise in. Mot. 3.

[5] Samsung's suggestion that Huawei "does not object to the correctness of any of the content" of Mr. Davies' challenged opinions (Opp'n 4-6) is incorrect. As a threshold matter, whether Huawei challenges the accuracy of Mr. Davies' improper opinions is irrelevant to the question of whether they are admissible. But moreover, in this case, Huawei has offered extensive and well-qualified expert testimony from, for example, Mr. Lasinski and Dr. Padilla on the topics of the economic interpretation of FRAND commitments, the value of SEPs, and the economics of pursuing injunctive relief on SEPs. Those experts offer opinions that contrast significantly with the improper legal opinions Mr. Davies has offered. Samsung does not contend that Mr. Davies' unqualified opinions on these issues are offered in rebuttal to Huawei's experts, and permitting Mr. Davies to testify on such topics outside his expertise would only lead to needless confusion for the jury.

what the legal rule in the United States *is or should be* with respect to injunctions on SEPs. Such opinions are inappropriate under black letter law and Prof. Hausman should be precluded from presenting them at trial because they will be confusing and unhelpful to the jury, and ultimately usurp the role of the Court and jury in deciding this case. Samsung's arguments to the contrary are unpersuasive.

There can be no doubt that Prof. Hausman's challenged statements go beyond merely "assist[ing] the jury understand [complex] facts" (Opp'n 8), and instead provide improper conclusions precisely directed the ultimate legal issues Samsung's antitrust counterclaim asks the jury and this Court to decide: whether or not Huawei has violated Section 2 of the Sherman Act, and if so, whether Huawei can obtain injunctive relief for infringement of its SEPs. *See, e.g.*, *Pokorny*, 2007 WL 1932922, at *2 (noting that an expert opinion is clearly inadmissible where "if the Court accepts [the] testimony… there is no need for inference or further analysis, as the ultimate question of law will be resolved."). Although Samsung tries to dispute this, it ultimately admits that Prof. Hausman opines "that Huawei's SEP abuses violated U.S. antitrust laws." Opp'n 13. This is made even more clear in Prof. Hausman's challenged statements, where, for example, he opines that Huawei's conduct is ███████████████ (Decl. of Leif Peterson in Support of Huawei's Mot. ("Peterson Decl." ECF No. 329-1) Ex. 2, Hausman Rpt. ¶ 56, ECF No. 327-25) and that Huawei's injunctions ████████████████████████████████████████████████████████ (*Id.* ¶ 58)—*i.e.*, "the exact legal question[s] the Court itself will decide" in this case. Opp'n 2 (quoting *Pokorny*, 2007 WL 1932922, at *2-3). Even the case law cited by Samsung (Opp'n 7) confirms that Dr. Hausman's challenged opinions must be excluded. *See, e.g.*, *U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3, AFL-CIO*, 313 F. Supp. 2d 213, 240-41 (S.D.N.Y. 2004) (holding an expert "would not be permitted to state that the defendants did or did not engage in anticompetitive conduct").

Prof. Hausman's challenged testimony is also replete with his unsupported personal views on what the legal rule *should be* in the United States with respect to injunctions on SEPs. Such views stray beyond mere "economic analysis" (Opp'n 8-11 (attempting to characterize Prof. Hausman's challenged testimony as such)) and directly into the Court's role in instructing the jury on the law.

1  For example, Prof. Hausman states that ██████████████████████████████████
2  ████████████████████████████████████████████████████████████████████████
3  ████████████████████████████████████████████████████████████████████
4  ████████████████████████████████████ Peterson Decl. Ex. 2, Hausman Rpt. ¶ 57
5  (emphasis added).  At his deposition, Prof. Hausman ████████████████████████
6  ████████████████████████████████████ Mot. 4 (quoting Prof. Hausman's deposition
7  testimony that ████████████████████████████████████████████████████████
8  ████████  This fact alone sets Prof. Hausman's opinion apart from the *Fleischman* and *Hangarter*
9  cases Samsung cites (Opp'n 12-13), where experts relied on "well accepted" economic factors and
10 merely referenced legal statutes (rather than drawing conclusions based on those statutes).  By
11 contrast in *Fidelity*, another case cited by Samsung, the court explained that an expert's opinions that
12 are in conflict with the prevailing legal standards are inadmissible because opinions about a
13 "conflicting standard would confuse the jury."  2014 WL 1286392 at *3.[6]
14      Elsewhere in his reports, Prof. Hausman misleadingly implies that his personal views are in
15 fact the law.  For example, he states that there is a ████████████████████████████
16 ████████████ Peterson Decl. Ex. 2, Hausman Rpt. ¶ 32.  But, as explained in Huawei's motion,
17 the prevailing rule articulated by the Federal Circuit, competition regulators, and even Samsung
18 itself in prior litigation is that there is **no** per se rule against injunctions on SEPs.  Mot. 3 (citing, for
19 example, *Apple v. Motorola*).
20      Although Prof. Hausman is undoubtedly a qualified expert in the field of economics, Prof.
21 Hausman's deposition testimony makes clear that he is not an expert on antitrust law, and his
22 conclusions as to antitrust law—████████████████████████████████████████
23 ████████████████████████████████████████ (Stake Decl. Ex. 3, Hausman Rpt. ¶ 8, ECF No.
24 329-10)—are therefore not within his expertise.  For example, at his deposition ████████████
25 ████████████████████████████████████████████████████████████████████████
26 ████████████████████████████████████████████████████████████████████████

---

[6] Notably, Samsung's opposition even concedes that Prof. Hausman's opinions of the type quoted in the paragraph above **are** legal in nature.  Opp'n 8-12 (noting that only the bolded statements, which in Samsung's opposition do not include the language quoted above, are "not legal in nature").

1  ██████████████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████████

3  ██████████████████████████████████████████████████

4  ████████████████████████████████████ Decl. of Leif Peterson in Support of Reply to Mot. ("Peterson Reply Decl.") Ex. 6, Hausman Dep. (June 19, 2018) 193:18-200:20.  Such a manifest misunderstanding of the law in this area makes clear that Prof. Hausman's challenged opinions on what the law is or should be in this area are affirmatively unhelpful to, and likely to confuse, the jury.  In any event, regardless of Prof. Hausman's qualifications and whether he has offered his opinions on antitrust issues in other litigation and non-litigation contexts (Opp'n 7-8), he is not qualified to offer indisputably legal opinions and conclusions to the jury in this case. *Pokorny*, 2007 WL 1932922 at *2 ("The Court need not address… concerns about [an expert's] qualifications… because his declaration offers an opinion on the exact legal question that the Court itself will decide.").  Those responsibilities are reserved for the Court and jury exclusively.[7]

Samsung's suggestion that Dr. Padilla's opinions fall victim to the same issue as Prof. Hausman's (Opp'n 13) is incorrect.  Unlike Prof. Hausman's challenged testimony, Dr. Padilla has appropriately analyzed the *economic* ramifications of the pursuit of injunctive relief on SEPs, but takes no position on whether certain conduct would or would not violate U.S. antitrust law, a question on the ultimate conclusion of Samsung's claim that—if not dismissed on summary judgment—must appropriately be left to the Court or jury, not expert witnesses.  For example, while Prof. Hausman has opined that Huawei's conduct would result in ████████████████████ ████████ (Peterson Decl. Ex. 2, Hausman Rpt. ¶ 56), the language Samsung quotes from Dr. Padilla's report makes clear that Dr. Padilla merely comments on the issue of injunctive relief "from the perspective of economic and competition policy," not as a matter of U.S. antitrust law.  Opp'n 13.  This distinction is critical.  *See, e.g.*, *Fidelity*, 2014 WL 1286392 at *8 (noting that whether expert testimony is impermissibly legal "depends upon how the expert expresses his opinion."); *U.S. Info. Sys.*, 161 F. Supp. at 240-41 (explaining the distinction between offering conclusions regarding

---

[7] Likewise, whether Prof. Hausman's *economic* opinions in other cases have been found admissible (Opp'n 13) is irrelevant to the issue of whether the improper *legal* opinions he has offered here are admissible.  They are not.

whether conduct is anticompetitive and economic analysis of factors that might indicate anticompetitive effect). As a result, Dr. Padilla's opinions are entirely appropriate under Rule 702, while Prof. Hausman's opinions must be excluded for improperly invading the province of the Court and jury.

As this distinction should make clear, Samsung's suggestion that Huawei's motion to exclude Dr. Hausman's testimony "would mean that expert economics could *never* opine as to the economic effects of an injunction" (Opp'n 13) is a strawman. Huawei does not seek to exclude Dr. Hausman's *economic* analysis, and indeed has offered economic analysis from Dr. Padilla on the topic of injunctions. Huawei merely seeks to exclude Prof. Hausman's improper *legal* opinions and conclusions, which are inadmissible under black letter law and should not be offered to the jury. *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (experts "do not testify about the law.").

## IV. CONCLUSION

For all of the foregoing reasons, and those explained in Huawei's Motion to Preclude Samsung's FRAND Experts from Offering Improper Legal Opinions, Huawei respectfully requests this Court preclude Samsung's expert Michael Davies from offering the opinions in paragraphs 21 to 27 of his report at trial, and preclude Samsung's expert Jerry Hausman from offering the legal opinions in paragraphs 32, 56, 57 and 58 of his opening report and paragraph 14 of his rebuttal report at trial.

| | | |
|---|---|---|
| Dated: July 24, 2018 | | Respectfully submitted, |
| | | SIDLEY AUSTIN LLP |

David T. Pritikin (*Pro Hac Vice*)
dpritikin@sidley.com
David C. Giardina (*Pro Hac Vice*)
dgiardina@sidley.com
Douglas I. Lewis (*Pro Hac Vice*)
dilewis@sidley.com
John W. McBride (*Pro Hac Vice*)
jwmcbride@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois  60603
(312) 853-7000 – Telephone
(312) 853-7036 – Facsimile

/s/ Michael J. Bettinger
Michael J. Bettinger (SBN 122196)
mbettinger@sidley.com
Irene Yang (SBN 245464)
irene.yang@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California  94104
(415) 772-1200 – Telephone
(415) 772-7400 – Facsimile

*Attorneys for Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., and HiSilicon Technologies Co. Ltd.*