| | |
|---|---|
| Michael J. Bettinger (SBN 122196) | David T. Pritikin (*Pro Hac Vice*) |
| mbettinger@sidley.com | dpritikin@sidley.com |
| Irene Yang (SBN 245464) | David C. Giardina (*Pro Hac Vice*) |
| irene.yang@sidley.com | dgiardina@sidley.com |
| SIDLEY AUSTIN LLP | Douglas I. Lewis (*Pro Hac Vice*) |
| 555 California Street, Suite 2000 | dilewis@sidley.com |
| San Francisco, California  94104 | John W. McBride (*Pro Hac Vice*) |
| (415) 772-1200 – Telephone | jwmcbride@sidley.com |
| (415) 772-7400 – Facsimile | SIDLEY AUSTIN LLP |
| | One South Dearborn |
| | Chicago, Illinois  60603 |
| | (312) 853-7000 – Telephone |
| | (312) 853-7036 – Facsimile |

*Attorneys for Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., and HiSilicon Technologies Co. Ltd.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., and HUAWEI TECHNOLOGIES USA, INC.,<br><br>    Plaintiffs / Counterclaim-Defendants,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants / Counterclaim-Plaintiffs,<br><br>    and<br><br>SAMSUNG RESEARCH AMERICA,<br><br>    Defendant,<br>v.<br><br>HISILICON TECHNOLOGIES CO., LTD.,<br><br>    Counterclaim-Defendant. | Case No. 16-cv-02787-WHO<br><br>**DECLARATION OF NATHAN A. GREENBLATT IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL REPLY BRIEFS (DKT. NOS. 375, 378)** |

I, Nathan A. Greenblatt, declare as follows:

1. I am a citizen of the United States over 18 years of age. I submit this declaration pursuant to Civil Local Rule 79-5, on behalf of Plaintiffs and Counterclaim-Defendants Huawei Technologies Co., Ltd., Huawei Device USA, Inc., and Huawei Technologies USA, Inc., and Counterclaim-Defendant HiSilicon Technologies Co., Ltd. (collectively, "Huawei"). I have personal knowledge of the facts set forth in this declaration, and, if called upon as a witness, I could and would testify to such facts under oath.

2. I am employed by Sidley Austin LLP, counsel for Huawei in the above-captioned matter. I have worked with Huawei's in-house counsel in this matter, and in past matters, on issues related to sealing and confidentiality, during which time I have gained an understanding of the information set forth in this declaration. I have also reviewed previous declarations submitted by Huawei's in-house counsel pertaining to the subject matter of this declaration.

3. I submit this declaration in support of:

   **(a)** Samsung's Administrative Motion to File Under Seal Portions of [its] Reply in Support of Samsung's Motion to Strike (Dkt. 375-0); and

   **(b)** Samsung's Administrative Motion to File Under Seal Portions of Samsung's Reply in Support of Its Motion to Exclude the Report and Testimony of Jorge Padilla, Michael J. Lasinski, and Charles L. Jackson and to Strike the Rebuttal Opinions of Jacques DeLisle and Zhi Ding (Dkt. 378-0).

4. Based on my review, the following is a list of the portions of the documents for which Huawei requests sealing. In the table, I indicate what category or categories the Huawei confidential information falls under. I explain the basis for sealing each category of Huawei confidential information further below.

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality | Basis for Sealing |
|---|---|---|---|
| *Sealing Requests for Dkt. 375-0* | | | |
| Reply brief (Dkt. 375-4) | Yellow-highlighted portions as follows:<br>• page 8, lines 6-7, 10-11, and 14-18<br>• page 9, lines 5-7 | Huawei | Product |
| *Sealing Requests for Dkt. 378-0* | | | |
| Reply brief (Dkt. 378-4) | Yellow-highlighted portions as follows:<br>• page 1, all highlights<br>• page 2, none<br>• page 3, all highlights<br>• page 4, all highlights<br>• page 5, lines 10-14, 16, and 19<br>• page 6, lines 27-28<br>• page 7-13, none | Huawei | Licensing |
| Exhibit 3 (Dkt. 378-10) | Entire document | Huawei, Samsung | Licensing |
| Exhibit 4 (Dkt. 378-12) | None | n/a | n/a |
| Exhibit 5 (Dkt. 378-14) | None | n/a | n/a |
| Exhibit 6 (Dkt. 378-16) | None | n/a | n/a |
| Exhibit 7 (Dkt. 378-18) | Pages 187-88, 197, 201, 214-15 | Huawei | Licensing |

5.  **Licensing Information.**  Based on my review, the portions of the documents identified above as pertaining to "licensing" reveal confidential information about Huawei's license agreements with third parties, such as the agreement terms and royalty rates.[1]  Huawei considers the foregoing licensing information highly confidential and does not disclose it to the public. Disclosure of this information to the public would harm Huawei's competitive standing by giving competitors insight into Huawei's past licensing positions and practices, which could be used to Huawei's disadvantage. For example, competitors and/or potential licensing partners could gain unfair insight and leverage in licensing discussions that Huawei would lack, thereby creating an asymmetry of information and bargaining power that would otherwise not exist but for the disclosure of the above confidential information. This would create a serious risk of competitive injury to Huawei. Further,

---

[1] I note that Exhibit 3 also contains similar information pertaining to Samsung's license agreements with third parties.

1  Huawei has a strong business interest in maintaining the confidentiality of the licensing-related
2  information. Within Huawei, access to such confidential information is restricted. Not everyone in
3  Huawei's IP Department has access to such information, not to mention the other employees in other
4  departments. The employees of Huawei's IP Department that have access to the information
5  understand the sensitive nature of such information, and understand their duty to not disclose the
6  information outside of Huawei without legal protections against dissemination.  Huawei also has
7  obligations to third parties to maintain the terms of its license agreements as confidential.

8  6. **Product Information.**  Based on my review, the portions of the documents identified
9  above as pertaining to "product" information in the above table reveal highly confidential technical
10  details about Huawei's products accused of patent infringement in this case.  Huawei considers the
11  foregoing information highly confidential, does not disclose it to the public, and has implemented
12  strict measures to protect the confidentiality of the information such as by producing source code in
13  this case on a special source code computer with numerous safeguards against unauthorized access.
14  Disclosure of this information to the public would harm Huawei's competitive standing by giving
15  competitors insight into Huawei's product designs, including source code made available for
16  inspection in this case.  Huawei's competitors could copy Huawei's product designs to improve
17  competing products, thereby harming Huawei's competitive standing in the market for the accused
18  products.  This would create a serious risk of competitive injury to Huawei.

20  I declare under penalty of perjury under the laws of the United States of America that the
21  foregoing is true and correct to the best of my knowledge.

23  Executed on July 30, 2018 in Palo Alto, California.

24                                                   */s/ Nathan A. Greenblatt*
25                                                   Nathan A. Greenblatt