*Huawei Technologies Co., Ltd., Huawei Device USA, Inc., and Huawei Technologies USA, Inc.
v. Samsung Electronics Co., Ltd, Samsung Electronics America, Inc.*
No. 16-cv-02787-WHO

**TENTATIVE RULINGS FOR AUGUST 15, 2018 HEARING**

To aid the parties in preparing for the hearing, and to narrow the issues for oral argument, below are my tentative rulings on the parties' motions. Each side will have one hour to argue, taking turns identifying the issues for argument. I would also like the parties to address the following questions:

- What is the best case for inapplicability of divided infringement theory to product/apparatus claims? If it is inapplicable as a matter of law, isn't argument properly presented in *Daubert* motion; arguing that a theory of noninfringement is inapplicable is not the same as arguing for judgment of infringement, is it?
- For '239 patent, how is the group number k allocated by the system?

**Huawei's MSJ**
   A. Samsung's Antitrust – GRANT
      1. No anticompetitive/exclusionary conduct because only based on Huawei starting negotiations as alleged non-FRAND rate
      2. No antitrust injury because only harm to Samsung, not competition
   B. Noninfringement of '350 Patent – DENY
      1. Prucnal opinion that UE's "determine cell-specific ratio" when they select quantization coefficients that correspond to the cell-specific ratio demonstrates genuine issue of material fact
   C. Noninfringement of '130 Patent – GRANT as to literal, DENY as to DOE
      1. Mapping steps must be performed in order given "remaining" language
      2. But maybe difference is "insubstantial"(?)
   D. Noninfringement of '105 Patent – DENY
      1. FT pre-coded symbols means data symbols that do not contain control info, even though this construction writes out an embodiment
      2. Prucnal points to PUSCH symbols, which contain both data and control information, but every symbol does not contain control info, so infringement sometimes creates genuine issue of material fact
   E. Noninfringement of '825 Patent – GRANT as to literal, DENY as to DOE
      1. Specification makes clear that "indicates" means "includes"
      2. But "pointing out" the IDs means the devices perform substantially the same function in substantially the same way, to get substantially the same result

**Huawei's Mot to Strike re FRAND**
   A. GRANT as to sentences with legal conclusions – Davies ¶ 27, Hausman ¶¶ 32, 56, 58
   B. DENY if no legal conclusions – Davies ¶¶ 21–26, Hausman Rebuttal ¶ 14, or remaining portions of paragraphs above

  C. *NOTE: To the extent that any opinions are based on incorrect legal assumptions or propose views that diverge from the actual law, those opinions may be excluded via motions in limine.

**Huawei's *Daubert* Mot.**
- A. '613 Patent/Samsung expert Dr. David Lyon – GRANT IN PART
   - a. "position information" – not limited to "specific frames and subframes that contain the claim service"; so strike ¶¶ 28, 59, 64, 67, 71, 81-82, 120, 141-42, 153, 159, 161
   - b. "non-zero offset" – strike sentence stating that the claims do not provide mechanism for non-zero offset because claim does not dictate this result, but keep remaining portions that opine as to noninfringement when there is a non-zero offset
   - c. divided infringement – see question
- B. '587 Patent/Samsung expert Dr. David Lyon – same divided infringement issue
- C. '105 Patent/Paul Prucnal – DENY
   - a. claims recite "at least one" of the subcarriers, not both, and the patent discloses embodiments in which two sets can undergo different IFT operations at different times
   - b. no need to limit claims, so no basis to strike
- D. '130 Patent/Dr. Nicholas Bambos – DENY
   - a. "mapping data info to remaining symbols" – Huawei's argument (that PUSCH cannot satisfy this element) equivalent to saying Bambos is wrong, attack at trial, no basis for striking
   - b. "CQI information being multiplexed with the data info" – any inconsistencies can be attacked at trial
- E. '239 Patent/ Dr. Vijay Madisetti – GRANT IN PART
   - a. "obtaining" – "obtain" not limited to "actually receiving" can mean calculating, so strike ¶¶ 64–65
   - b. "sequence" – sequences need not be equal to ZC, "correspond" can mean related to, so strike ¶¶ 92–95
   - c. "selecting n sequences" – sequences need not mean plural, so strike ¶¶ 76–77
- F. '892 Patent/Dr. Vijay Madisetti – GRANT IN PART
   - a. Ncs – claims do not require the UE to select the Ncs value, so strike ¶¶ 116 (second to last sentence), 127 (last sentence), and any other portions that imply such a narrow construction
   - b. "a set of random access preambles" – agree that selecting does not require storing, but don't see basis to strike paragraphs
- G. '825 Patent/Valenti – DENY
   - a. Agree with Huawei, but see no basis for striking paragraphs
- H. '726 Patent/Bambos – DENY
   - a. Huawei's argument depends on narrow interpretation of "association"

**Samsung's MSJ**
- A. '239 Patent
   - a. § 101 – DENY

          i. patent tied to technological improvement to telecommunications systems
    b. § 112 based on indefiniteness – DENY
          i. POSITA would know "the sequences" with reasonable certainty based on claim structure
    c. Noninfringement –GRANT?
          i. "sequences"
              1. disputed evidence that they "correspond" to ZC through extension
          ii. group number k
              1. Huawei not arguing that k = u and u+1, k always equals u+1, real issue whether UE obtains group number k because it only obtains "u+1" not "u"
              2. Huawei presents no evidence that "u+1" is "allocated by the system" – GRANT on literal
              3. Late disclosed DOE, but maybe substantial difference between "u" and "u+1" anyway?
B. '613 Patent – DENY
    a. Evidence that eMBMS service received by UEs
C. '105 Patent – GRANT IN PART
    a. Prior art based on simulations shows reduction to practice but not disclosed in invalidity contentions
    b. Inequitable conduct – Huawei admits no evidence

**Samsung's Mot. to Partially Exclude**
A. Lasinski – DENY
    a. He explained reasons for omissions in Comparable License Analysis, can attack on cross
    b. He explained methodology behind chosen indicators, establishes reliability, Samsung can attack on cross
B. Lasinski/Padilla on French Law – GRANT IN PART
    a. No legal conclusions, including whether parties acted in good faith
C. Improper Bolstering by Padilla – GRANT
    a. Huawei provides no authority for admissibility of opinions clearly vouching/bolstering another expert witness's opinions
D. Dr. Jackson's Essentiality Database – DENY
    a. Involvement sufficient enough to show reliable
    b. Challenges go to weight
E. Dr. deLisle Chinese Legal System – GRANT IN PART
    a. Admissible to "diffuse the impact" of Samsung's experts' opinions that seeking injunctions improper
    b. But no basis for admitting opinions related to integrity of Chinese court system in general
F. Dr. Ding – GRANT
    a. Rebuttal not responsive, Huawei admitted Leonard did not rely on UP patents

**Samsung's Mot. to Strike**
  A. Inequitable Conduct Defense for '105 Patent – MOOT given Huawei's withdrawal of defense
  B. Huawei's Undisclosed Invalidity Contentions for '825 Patent – GRANT IN PART
     a. Claim 4's structural elements – driven by Samsung's interpretation, so DENY
     b. Predetermined delay duration – representation that invention "would not work" under Samsung's construction enough to preserve invalidity challenge based on indefiniteness, but maybe no adequate disclosure of challenge based on written description
  C. Undisclosed Noninfringing Alternatives for Samsung's Asserted Patents – DENY
     a. Huawei reasonably interpreted request for technology that "can" serve as alternative, especially considering context of SEPs
     b. Proper subject of expert, not fact, discovery given complexity
     c. No prejudice
  D. Undisclosed Noninfringement Theories for Samsung's Asserted Patents – DENY
     a. Huawei attempted to meet and confer and provide same level of detail as Samsung, justifies certain positions unforeseeable until Samsung's opening reports
     b. Given complexity of case, reasonable that specificity of theories would develop over time
     c. Samsung could have moved to compel for more comprehensive disclosures during discovery, to the extent it was unsatisfied, moving to strike now seems like strategic move
  E. Undisclosed Noninfringing Alternatives for Huawei's Asserted Patents – DENY
     a. Huawei's response was adequate
     b. To the extent Samsung contested the adequacy, it should have moved to compel
     c. Reports identify why certain technology could not serve as feasible alternatives, not responsive to request
  F. Huawei's Omission of Priority Dates for the '587 and '892 Patents in Experts' Opening Reports – DENY
     a. Huawei disclosed in initial infringement contentions
  G. Huawei's Undisclosed DOE Theory for the '239 Patent – DENY
     a. Same "theory" ($k = u+1$) disclosed through literal infringement