1  QUINN EMANUEL URQUHART & SULLIVAN, LLP

2  Charles K. Verhoeven (Bar No. 170151)
   charlesverhoeven@quinnemanuel.com
3  David A. Perlson (Bar No. 209502)
   davidperlson@quinnemanuel.com
4  50 California Street, 22nd Floor
   San Francisco, California 94111
5  Telephone: (415) 875-6600
   Facsimile: (415) 875-6700
6
   Kevin P.B. Johnson (Bar No. 177129)
7  kevinjohnson@quinnemanuel.com
   Victoria F. Maroulis (Bar No. 202603)
8  victoriamaroulis@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
9  Redwood Shores, California 94065
   Telephone: (650) 801-5000
10 Facsimile: (650) 801-5100

11 Attorneys for Samsung Electronics Co., Ltd.,
   Samsung Electronics America, Inc., and
12 Samsung Research America, Inc.

13                 UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15                       SAN FRANCISCO DIVISION

16 | HUAWEI TECHNOLOGIES CO., LTD., et al.,

17 |         Plaintiffs,                        | CASE NO. 16-cv-02787-WHO

18 |    v.                                     | **SAMSUNG'S RESPONSE IN SUPPORT OF ITS NOTICE REGARDING TENTATIVE RULINGS FOR AUGUST 15, 2018 HEARING**

19 | SAMSUNG ELECTRONICS CO., LTD., et al.,

20 |         Defendants.

21 

22 | SAMSUNG ELECTRONICS CO., LTD. & SAMSUNG ELECTRONICS AMERICA, INC.,

23 |         Counterclaim-Plaintiffs,

24 |    v.

25 | HUAWEI TECHNOLOGIES CO., LTD.,
     HUAWEI DEVICE USA, INC., HUAWEI
26 | TECHNOLOGIES USA, INC., & HISILICON
     TECHNOLOGIES CO., LTD.,
27
   |         Counterclaim-Defendants.
28

Huawei's Response to Samsung's Notice Regarding Tentative Rulings for August 15, 2018 Hearing (Dkt. 397) ("Response") misconstrues the relevant portions of the Expert Report of David Lyon, Ph.D. Regarding Noninfringement of U.S. Patent No. 8,724,613 ("Lyon '613 Noninfringement Report"). Huawei's *Daubert* Motion sought to strike Dr. Lyon's opinions related to his application of the plain and ordinary meaning of "position information." (Dkt. 330 at 3-5.) However, Huawei's request that the Court strike the entirety of the paragraphs it seeks to strike goes beyond the issue it raised in its *Daubert* Motion—essentially stating that *anything* related to Dr. Lyon's noninfringement arguments related to "position information" must be struck, even those unrelated to the claim construction of the term. Huawei's *Daubert* Motion was only related to Dr. Lyon's application of the plain and ordinary meaning of the term "position information," and should the Court agree with Huawei, Samsung respectfully requests that it only strike those opinions that relate to the claim construction of "position information" that the Court finds incorrect.

The paragraphs that Huawei seeks to strike describe in detail the technical differences between SystemInformationBlockType2 ("SIB2") and SystemInformationBlockType13 ("SIB13"). (Dkt. 396-6 ¶¶ 28, 64, 67, 81, 120, 141-42, 159, 161.) Those paragraphs also contrast the earlier version of 3GPP TS 36.331 cited by Huawei's expert (v8.4.0), which only included SIB2, from the later versions of TS 36.331 cited by Dr. Lyon (*e.g.*, v10.0.0), which included both SIB2 and SIB13. (*Id.* ¶¶ 59, 71, 82, 153.) Dr. Lyon relies on this information to support his opinion that Huawei has not pointed to enough information to show infringement of the asserted claims, including the "position information" element. Regardless of how this Court construes "position information," it is Dr. Lyon's opinion that the fields from SIB2 (unlike the fields from SIB13) do not provide enough information to identify the subframes that may or may not contain the service (regardless of whether they actually contain the service or are just reserved to carry the service). (*See, e.g.*, Dkt. 327-10 ¶¶ 122, 144.)

The paragraphs that Huawei seeks to strike also contain information that support Dr. Lyon's opinions that are *unrelated* to his opinion on "position information," further evidencing the overbreadth of Huawei's request that goes beyond the issue it raised in its *Daubert* Motion.

Huawei's Response incorrectly alleges that the paragraphs it seeks to strike have *no* relevance other than to Dr. Lyon's opinion on "position information." Not so. By way of example, Dr. Lyon relies on these paragraphs to support his noninfringement opinions related to the claimed "time unit." (Ex. B ¶¶ 128-39.) Dr. Lyon opines that the information from SIB2 alleged by Dr. Akl to be the claimed "time unit" cannot meet that limitation, because it is not consistent with the plain and ordinary meaning of "time unit" as set forth in the asserted claims.[1] (*Id.*) To support these opinions, Dr. Lyon relies on his earlier analysis of the differences between the version of TS 36.331 cited by Dr. Akl and the later versions of TS 36.331—the exact same analysis that Huawei seeks to strike with its *Daubert* Motion. (*See id.* ¶ 133 ("RadioResourceConfigCommon as defined in TS 36.331 v8.4.0 does not satisfy the claimed 'time unit' as set forth in the claims and specification. . . . RadioResourceConfigCommon does not relate to MBMS services."); *id*. ¶ 135 ("***As I explained above***, Release 9 and later sets forth a more complete version of the standard for setting forth the requirements for MBMS. In Release 9 and later releases, the full scope of the scheduling mechanisms for MBMS was published.") (emphasis added).) Dr. Lyon also bases his opinions for "time unit" on the inadequacy of SIB2, stating that the information in SIB2 is insufficient to infringe the claimed "time unit." (*Id.* ¶ 136.)

These earlier portions of the Lyon '613 Noninfringement Report that Huawei seeks to strike are necessary to understand Dr. Lyon's analysis with respect to "time unit." That is, without understanding the differences between earlier and later versions of TS 36.331, as well as the differences between SIB2 and SIB13, one cannot understand the deficiencies in Dr. Akl's opinion with respect to the "time unit" limitation of the asserted claims. At the very least, the background information provided in the paragraphs of the Lyon '613 Noninfringement Report that Huawei seeks to strike are necessary to orient the jury so that they can understand the noninfringement

---

[1] Huawei's *Daubert* Motion did not seek to strike this opinion from the Lyon '613 Noninfringement Report, unlike the opinion on "position information."

opinions presented by Dr. Lyon (separate and apart from the opinion on "position information").[2] Accordingly, striking these paragraphs in their entirety would go above and beyond Huawei's *Daubert* Motion that was limited to Dr. Lyon's application of "position information."

In addition, during the August 15, 2018 hearing, Huawei's counsel presented no argument or objection in response to Samsung's counsel notifying the Court of the portions of the Lyon '613 Noninfringement Report that relate to Dr. Lyon's application of "position information." And at no time, even after Samsung stated that it would file its highlighted Lyon '613 Noninfringement Report, did Huawei ask the Court for an opportunity to respond. Accordingly, Huawei's Response is inappropriate and untimely. It should therefore be disregarded.

Dated: August 20, 2018

Respectfully Submitted,

By: */s/ Victoria F. Maroulis*

Charles K. Verhoeven
David A. Perlson
Kevin P.B. Johnson
Victoria F. Maroulis

*Attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America, Inc.*

---

[2] Huawei's Response raises the unfounded concern that Samsung's highlighting "signals an intent" to present Dr. Lyon's "position information" opinion in contravention of the Court's possible ruling striking it. Samsung has no such intent. It will abide by whatever the Court decides. In any event, striking information beyond Dr. Lyon's "position information" opinion is not the proper mechanism by which to enforce the Court's ruling. Such an action would instead improperly limit the opinions that Dr. Lyon can offer that are unrelated to Huawei's *Daubert* Motion.