QUINN EMANUEL URQUHART & SULLIVAN, LLP

Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and
Samsung Research America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants.<br><hr>SAMSUNG ELECTRONICS CO., LTD. & SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., HUAWEI TECHNOLOGIES USA, INC., & HISILICON TECHNOLOGIES CO., LTD.,<br><br>Counterclaim-Defendants. | CASE NO. 16-cv-02787-WHO<br><br>**DECLARATION OF JOCELYN MA IN SUPPORT OF HUAWEI'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THE DECLARATION OF DAVID C. GIARDINA IN SUPPORT OF HUAWEI'S OPPOSITION TO SAMSUNG'S MOTION FOR CLARIFICATION OF THE COURT'S SEPT. 25, 2018 DAUBERT ORDER, OR IN THE ALTERNATIVE, LEAVE TO SERVE A LIMITED SUPPLEMENTAL EXPERT REPORT** |

I, Jocelyn Ma, declare as follows:

1. I am a member of the State Bar of California, admitted to practice before this Court, and an attorney at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America, Inc. (collectively, "Samsung"). Except as otherwise indicated, I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify thereto.

2. Pursuant to Civil L.R. 79-5, I make this declaration in support of Huawei's Administrative Motion to File Under Seal Portions of the Declaration of David C. Giardina in Support of Huawei's Opposition to Samsung's Motion for Clarification of the Court's Sept. 25, 2018 Daubert Order, Or in the Alternative, Leave to Serve A Limited Supplemental Expert Report (Dkt. 428).

3. I have reviewed the exhibits to the Declaration of David C. Giardina in Support of Huawei's Opposition to Samsung's Motion for Clarification of the Court's Sept. 25, 2018 Daubert Order, Or in the Alternative, Leave to Serve A Limited Supplemental Expert Report (the "Giardina Declaration") that contain or suggest confidential information.

4. Exhibits 3, 4, and 5 to the Giardina Declaration contain information that has been designated as "Highly Confidential – Attorneys' Eyes Only" under a protective order in this Case No. 3:16-cv-02787 (N.D. Cal.). In addition, Exhibits 3, 4, and 5 to the Giardina Declaration contain information from depositions and expert reports for the *Apple v. Samsung* cases in the Northern District of California (Nos. 11-cv-01846-LHK and 12-cv-00630-LHK) and for an investigation before the International Trade Commission (No. 337-TA-794), and thus are subject to the respective protective orders in those matters, which provide for the continued protection of confidential information produced from those matters.

5. Attached hereto are versions of Exhibits 3, 4, and 5, to the Giardina Declaration that contain blue highlights denoting the portions of the exhibits which Samsung seeks to seal, yellow highlights denoting the portions of the exhibits which Huawei seeks to seal, and green highlights denoting the portions of the exhibit which both parties seek to seal.

6. The blue and green highlighted portions of paragraph 6 on pages 2-3 of the version of Exhibit 3 to the Giardina Declaration attached to this declaration contain information about licensing negotiations between Apple and Samsung. Those negotiations were subject to a non-disclosure agreement and conducted confidentially. Samsung maintains information about those negotiations as highly confidential and does not disclose it to the public. Disclosure of such information to the public could harm Samsung's competitive standing by giving competitors access to information about Samsung's negotiating practices that Samsung does not have similar access to in return.

7. The blue and green highlighted portions of paragraph 3 on page 1 and paragraph 7 on page 3 of the version of Exhibit 3 to the Giardina Declaration attached to this declaration contain information about a confidential agreement between Apple and Samsung, the substance of which the parties have mutually agreed to keep strictly confidential. These portions of Exhibit 3 to the Giardina Declaration do not concern matters of legitimate public interest. Disclosure of such information to the public would be a violation of the agreement's confidentiality terms, which the parties consider material to the agreement. Disclosure of such information to the public could harm Samsung's competitive standing by giving competitors access to information about Samsung's negotiating practices that Samsung does not have similar access to in return.

8. The blue highlighted portions of paragraph 8 on page 3, paragraph 9 on page 4, and paragraph 10 on page 5 of the version of Exhibit 3 to the Giardina Declaration attached to this declaration are references to and excerpts from fact and expert testimony regarding highly confidential information about licensing negotiations between Apple and Samsung. Those negotiations were subject to a non-disclosure agreement and conducted confidentially. Samsung maintains information about those negotiations as highly confidential and does not disclose it to the public. Disclosure of such information to the public could harm Samsung's competitive standing by giving competitors access to information about Samsung's negotiating practices that Samsung does not have similar access to in return. Moreover, the fact and expert testimony contain information from depositions and expert reports for the *Apple v. Samsung* cases in the Northern District of California (Nos. 11-cv-01846-LHK and 12-cv-00630-LHK) and for an

investigation before the International Trade Commission (No. 337-TA-794), and thus are subject to the respective protective orders in those matters, which provide for the continued protection of confidential information produced from those matters.

9. The blue highlighted portions on pages 2-9 of the version of Exhibit 4 to the Giardina Declaration attached to this declaration are references to and excerpts of fact and expert testimony and expert reports which contain highly confidential information about licensing negotiations between Apple and Samsung, as well as Samsung's negotiation strategies. Those licensing negotiations were subject to a non-disclosure agreement and conducted confidentially. Samsung maintains information about those negotiations and its negotiation strategies as highly confidential, and does not disclose them to the public. Disclosure of such information to the public could harm Samsung's competitive standing by giving competitors access to information about Samsung's negotiating practices that Samsung does not have similar access to in return. Moreover, the fact and expert testimony contain information from depositions and expert reports for the *Apple v. Samsung* cases in the Northern District of California (Nos. 11-cv-01846-LHK and 12-cv-00630-LHK) and for an investigation before the International Trade Commission (No. 337-TA-794), and thus are subject to the respective protective orders in those matters, which provide for the continued protection of confidential information produced from those matters.

10. The blue highlighted portions on pages 1-2 of the version of Exhibit 5 to the Giardina Declaration attached to this declaration are references to and excerpts of fact testimony about highly confidential business information regarding Samsung's standards contribution development and patent application practices. Public disclosure of this information would harm Samsung's competitive standing by giving its competitors access to information that Samsung does not have similar access to about its competitors. Competitors could use this information to Samsung's disadvantage in the marketplace. Moreover, the fact testimony stems from a deposition that was conducted for the *Apple v. Samsung* case in the Northern District of California (No. 12-cv-00630-LHK), and thus is subject to the protective order in that matter, which provides for the continued protection of confidential information produced from that matter.

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct.  Executed November 19, 2018, in San Francisco, California.
3
4                                                      */s/ Jocelyn Ma*
                                                       Jocelyn Ma
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), the undersigned attests that concurrence in the filing of this Declaration has been obtained from Jocelyn Ma.

                                        */s/ Victoria F. Maroulis*
                                        Victoria F. Maroulis