# EXHIBIT 3

**TO DECLARATION OF DAVID C. GIARDINA
IN SUPPORT OF HUAWEI'S OPPOSITION TO SAMSUNG MOTION FOR
CLARIFICATION OF THE COURT'S SEPT. 25, 2018 DAUBERT ORDER, OR IN THE
ALTERNATIVE, LEAVE TO SERVE A LIMITED SUPPLEMENTAL EXPERT REPORT**

**(UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED)**

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

CASE NO. 3:16-cv-02787

**HUAWEI TECHNOLOGIES CO., LTD., ET AL.**

*Plaintiffs / Counterclaim Defendants*,

v.

**SAMSUNG ELECTRONICS CO., LTD., ET AL.**

*Defendants / Counterclaim Plaintiffs*

**SECOND SUPPLEMENTAL EXPERT REPORT OF MICHAEL J. LASINSKI**

September 24, 2018

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**1. STATEMENT OF LIMITATIONS REGARDING THE USE OF THIS REPORT**

1. This report was prepared in connection with Case No. 3:16-cv-02787 (N.D. Cal.). This report may not be used for any other purpose without the express written consent of 284 Partners. Moreover, this report contains proprietary information that has been designated as "Highly Confidential – Attorneys' Eyes Only" under a protective order in connection with Case No. 3:16-cv-02787 (N.D. Cal.). Accordingly, no part of this report or its contents may be published without adherence to the applicable legal standards governing such publications.

**2. ASSIGNMENT AND INFORMATION CONSIDERED**

2. I am the same Michael J. Lasinski that filed expert reports in this matter on April 27, 2018 ("Lasinski Opening Expert Report"), May 25, 2018 ("Lasinski Rebuttal Expert Report"), and June 12, 2018 ("Lasinski Supplemental Expert Report"). I incorporate by reference the entirety of those reports and their respective appendices, including the information considered and any defined terms, in this report ("Lasinski Second Supplemental Expert Report"). I also incorporate by reference the opinions I expressed during my deposition taken in this matter on July 24, 2018.

3. I have been asked by Counsel to review and assess certain additional information produced by Samsung in connection with this matter subsequent to my supplemental report and deposition.[1] In particular, I have had the opportunity to review new information related to Samsung's multi-year patent licensing dispute with Apple, including the Apple & Samsung ███████████ ███████ and the pre-settlement testimony and opinions of the following individuals:

- Dr. Seung-Ho Ahn – head of Samsung's IP Center and most senior licensing executive at Samsung;

- Mr. Kenneth Korea – U.S. in-house IP specialist at Samsung and most senior U.S.-based Samsung executive involved in license negotiations with Apple;

- Mr. Heung-Mo Lee – Vice President at Samsung's IP Prosecution Group;

- Mr. Minhyung Chung – licensing team leader of Samsung's IP Center; and

---

[1] I have provided examples of the additional information that I have reviewed in this report; however, it is not intended to be an exhaustive list. The complete list of additional information that I have reviewed is disclosed in Appendix B to this report. My consideration of such information is consistent with the practices of valuation professionals in my field. It is important to note that the opinions and conclusions contained in this report are based on the information that has been made available to me to date and are therefore subject to change based on newly available information or further developments in, or relevant to, this case.

- Multiple expert witnesses retained by Samsung to discuss matters concerning FRAND and SEP licensing, including Prof. David J. Teece, Mr. Eric L. Stasik, Dr. James R. Kearl, and Mr. Karl H. Rosenbrock.

4. Having had the opportunity to review this new information, I find that many of the positions taken by Samsung and its experts and counsel support the opinions that I have set forth in my earlier reports, including my opinions concerning the following issues:

- Value of Huawei's expectations for ████████████

- Approved Contributions as a measure of portfolio strength;

- Use of the device average selling price as the royalty base and worldwide portfolio licenses; and

- Opening offers, headline rates, and the "economic basis" required for offers.

5. My assessment of the new information provided to me and its relevance to certain of my opinions is described below.

## 2.1. Value of Huawei's Expectations for ████████████

6. I previously addressed my understanding that Huawei expected that, by entering into its 2014 agreement with Apple, the parties would ████████████████████████████████████████████████████████████████████████████████████████[2] The new information produced by Samsung is consistent with my analysis. ████████████████████████████████████████████████████████████████ My analysis in the Lasinski Opening Expert Report demonstrated that even if ████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[2] Lasinski Opening Expert Report, April 27, 2018, Section 7.2.7.
[3] Deposition of Kenneth S. Korea taken in connection with *Apple v. Samsung*, Case No. 12-cv-00630-LHK, June 19, 2013, pp. 14 and 128. ████████████████████████████████████████████████████████ See "Pierce Declaration – Exhibit 18" filed in connection with *Apple v. Samsung,* Case No. 11-cv-01846-LHK, October 2, 2012, p. 3.

7. ███████████████████████████████████████
███████████████████████████████████████
███████ ███████████████████████████████
█████████████████████████████ █████████
███████████████████████████████████████
██████ █████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
█████████████████████████████

## 2.2. Approved Contributions as a Measure of Portfolio Strength

8.  I previously addressed my understanding that companies file patents based upon inventions related to their Approved Contributions and that many of these patents are then declared as SEPs.[8] The new information produced by Samsung is consistent with this understanding. For example, ███

[9]
███████████████████ I remain of the opinion that Approved Contributions are a highly

---

[4] Lasinski Opening Expert Report, April 27, 2018, ¶ 143 and Schedule 11.2.
[5] As I discussed in my previous expert reports, Samsung had previously been ordered to pay hundreds-of-millions of dollars in connection with these litigations. For example, May 24, 2018—one month prior to the settlement—Apple received a damages verdict of approximately $539 million against Samsung for Samsung's infringement of three of Apple's design patents and two of Apple's utility patents. See Lasinski Opening Expert Report, April 27, 2018, ¶¶ 139-141 and Lasinski Rebuttal Expert Report, May 25, 2018, footnote 40.
[6] SAMSUNG-HNDCA-000803409-412 at 409-410.
[7] SAMSUNG-HNDCA-000803409-412 at 411.
[8] Lasinski Opening Expert Report, April 27, 2018, ¶ 88-89.
[9] Deposition of Heung-Mo Lee taken in connection with *Apple v. Samsung*, Case No. 12-cv-00630-LHK, July 17, 2013, pp. 101-103. ███████████████████████████

3
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

informative metric for the purposes of assessing relative SEP portfolio strength and *value*, particularly when weighted in combination with Global Deemed SEPs.

### 2.3. Use of the Device Average Selling Price as the Royalty Base and Worldwide Portfolio Licenses

9.  When analyzing the effective rates implied by the parties' offers and comparable agreements in percentage terms in my earlier reports, I calculated effective 3G and 4G royalty rates expressed as a percentage of the parties' wholesale licensed device revenues on a worldwide basis.[10] The new information produced by Samsung is consistent with my analysis. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓"[12] I note that Huawei's historical offers to Samsung are consistent with these "common" and "typical" industry practices.

### 2.4. Opening Offers, Headline Rates, and the "Economic Basis" Required for Offers

10. I previously addressed the "economic basis" for Huawei's opening offers to Samsung – including Huawei's 1.5% "headline rate" for 4G – and the fact that Huawei reduced the 4G effective rates it sought from Samsung several times over the course of negotiations.[13] The new information produced

---

[10] Lasinski Opening Expert Report, April 27, 2018, Section 7.2.
[11] Deposition of Kenneth Korea taken in connection with *Apple v. Samsung*, Case No. 12-cv-00630-LHK, June 19, 2013, pp. 14 and 127-128. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
[12] Expert Report of Professor David J. Teece filed in connection with *Apple v. Samsung*, Case No. 11-cv-01846-LHK, March 22, 2012, p. 19. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
[13] Lasinski Rebuttal Expert Report, May 25, 2018, Section 3.1.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

by Samsung is consistent with my analysis. ███████████████████████████
████████████████████████████████████████████████████████
████████████████████████████ ███████████████████████████
███████████████████████████████████████████.[16] This is not inconsistent with Huawei's own bases for its opening offer rates to Samsung.[17] ████████
███████████████████████████████████████████████ it would not have been inconsistent with FRAND for Huawei to rely on its industry experience when establishing the bases for its offers to Samsung.[18]

## 3. SIGNATURE

Respectfully,

_[signature: Michael J. Lasinski]_                September 24, 2018

_____                    _____

Michael J. Lasinski                            Date

---

[14] Deposition of Kenneth Korea taken in connection with *Apple v. Samsung*, Case No. 12-cv-00630-LHK, June 19, 2013, pp. 121-126 and 143.
[15] SAMSUNG-HNDCA-000410118-144 at 127-128 and 139.
[16] Deposition of Minhyung Chung taken in connection with *Apple v. Samsung*, ITC Investigation No. 337-TA-794, March 16, 2012, pp. 54-56.
[17] Lasinski Rebuttal Expert Report, May 25, 2018, Section 3.1.
[18] See, for example, Deposition of Prof. David J. Teece taken in connection with *Apple v. Samsung*, ITC Investigation No. 337-TA-794, April 19, 2012, pp. 97-98.  See also, Deposition of Eric L. Stasik taken in connection with *Apple v. Samsung*, Case No. 11-cv-01846-LHK and ITC Investigation No. 337-TA-794, April 27, 2012, pp. 120-124.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

# Appendix A

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

# 284 partners

# MICHAEL J. LASINSKI
# CURRICULUM VITAE

September 2018

Michael J. Lasinski is a founding member of 284 Partners, LLC, a professional services firm focused on intellectual property (IP) valuation, litigation consulting, IP strategy, and transactional services.  Over the past twenty years, Mr. Lasinski has consulted on hundreds of engagements pertaining to IP-centric transactions, IP valuations, and IP damages analyses.

Mr. Lasinski is a recognized expert on financial aspects of intellectual property.  He is a *Past-President of the Licensing Executives Society* (LES), one of the country's largest intellectual property licensing trade organizations.  Mr. Lasinski was also named one of the *World's 300 Leading IP Strategists* by Intellectual Asset Management.  He is a past *Division Chair for the Intellectual Property Section of the American Bar Association.* He is a former *Chair of the Valuation and Taxation Committee for LES* and a former *Vice Chair of the Intellectual Property Owners' Valuation and Taxation Committee*.  Mr. Lasinski is a Certified Public Accountant and an active member of the American Institute of Certified Public Accountants (AICPA) and the Illinois CPA Society.  He is Certified in Financial Forensics by the AICPA and is a Certified Licensing Professional as initiated by the LES.

Mr. Lasinski has been retained and has testified as an expert in federal, ITC, state, tax and arbitration proceedings.  Mr. Lasinski has also been retained by a Federal Monitor to set royalty rates for a company that was subject to a deferred prosecution agreement from the Department of Justice.  He was instrumental in advising creditors and other interested parties on IP and financial issues related to the sale of Nortel's patent portfolio for more than $4.5 billion.  Mr. Lasinski's consulting experience includes a broad cross-section of industries, including the advertising, automotive, chemicals, computer hardware & software, consumer products, e-commerce, food & beverage, Internet, healthcare, life sciences, medical devices & related products, semiconductors, telecommunications, and wireless communications.

Mr. Lasinski has helped clients strategically manage their IP by creating global corporate organizations designed to maximize the current and future value of their intellectual property.  His experience includes acquisitions, divestitures, mergers, joint ventures and bankruptcy.  He has been a financial advisor to creditor committees, private equity companies, venture capitalists and Fortune 500 companies on numerous occasions.  Mr. Lasinski was selected to be one of the developers/reviewers of the American Society of Appraisers Advanced Valuation Courses.  He has lectured on intellectual property valuation for university business schools, law schools, the USPTO and other regulatory agencies.

Prior to focusing on IP, Mr. Lasinski was an automotive engineer and OEM program manager.  Mr. Lasinski developed software for remote keyless entry and anti-theft systems.  He was also responsible for airbag diagnostics, in-vehicle phone systems and other products.

VALUATION | LITIGATION | STRATEGY

284 partners

| | |
|---|---|
| **PROFESSIONAL EXPERIENCE** | Managing Director & CEO, 284 Partners, 2010 – Present |
| | Managing Director, Capstone, 2009 – 2010 |
| | Managing Director, Ocean Tomo, 2006 – 2009 |
| | Executive Director, Center for Applied Innovation, 2005 – 2006 |
| | Vice President, Charles River Associates, 2004 – 2005 |
| | Managing Director, InteCap (now Charles River Associates), 1999 – 2004 |
| | Associate, IPC Group (now Charles River Associates), 1995 – 1999 |
| | Staff Accountant, Coopers & Lybrand (now PriceWaterhouseCoopers), 1994-1995 |
| | Program Manager, Ford Motor Company, 1989 – 1993 |
| **EDUCATION / LICENSES / PROFESSIONAL ASSOCIATIONS** | M.B.A., Finance and Accounting, The University of Michigan, with High Distinction |
| | B.S.E.E., Electrical Engineering, The University of Michigan, Summa Cum Laude |
| | Licensed CPA (State of Illinois) |
| | American Institute of Certified Public Accountants |
| | Illinois CPA Society |
| | Certified in Financial Forensics (CFF) |
| | Licensing Executives Society, Past President (former Valuation and Taxation Committee Chair) |
| | Certified Licensing Professional (CLP) |
| | Intellectual Property Owners Organization, Founder and Former Vice Chair, Valuation and Taxation Committee |
| | American Bar Association, Former-Chair of the Intellectual Property Section Division, Former-Chair of the Economics of the Profession Committee |

| | |
|---|---|
| **UNIVERSITY INSTRUCTION & IP VALUATION COURSE INSTRUCTION** | Franklin Pierce Law Center |
| | John Marshall Law School |
| | University of Notre Dame, Mendoza College of Business |
| | University of Michigan, Ross School of Business |
| | US Joint Committee on Taxation, Ad-hoc group for IP valuation |
| | US Chamber & USPTO to Chinese State Intellectual Property Office |

Multiple courses for:

- Licensing Executives Society
- American Bar Association
- Intellectual Property Owners Organization
- Industrial Research Institute
- Many other IP Symposiums

**PUBLICATIONS**

**Book Chapter:** The New Role of Intellectual Property in Commercial Transactions, Cumulative Supplement, 1997, with Andrew W. Carter. "Financial Accounting and Reporting Considerations, Supplementary Material"

**Article:** "IP Survey Finds 'Gap' in Information," les Nouvelles, Volume XXXIII No. 3, September 1998, with Daniel M. McGavock.

**Book Chapter:** Intellectual Property in the Global Marketplace, Volume 1, Valuation, Protection, Exploitation, and Electronic Commerce, 2nd Edition, Melvin Simensky, Lanning Bryer and Neil J. Wilkof, September 1999, with Andrew W. Carter. Chapter 8: "Financial Accounting and Reporting Considerations"

**Book Chapter:** Intellectual Property Assets in Mergers and Acquisitions, Lanning Bryer & Melvin Simensky, December 2001. Chapter 4: "Valuation of Intellectual Property Assets in Mergers and Acquisitions"

**Article:** "Investing in IP," European CEO, November-December 2007.

**Article:** "Patent Attorney Malpractice: What's the Value of Nonexistent Patent Rights?" Landslide (a publication of the American Bar Association Section of Intellectual Property Law), January/February 2010, with Richard Conroy.

| | |
|---|---|
| **PUBLICATIONS** | **Article:** "A look at licensing in the year ahead" <u>IAM Licensing 250 2010: The World's Leading Patent & Technology Licensing Lawyers</u> (a publication of Intellectual Asset Magazine – The IP Media Group), December 2010 |

**Article:** "Introduction: A brief perspective on IP valuation" <u>IP Value 2011 – An International Guide for the Boardroom</u> (a publication of Intellectual Asset Magazine – The IP Media Group), January 2011

**Article:** *"25％ルール」を否定したUniloc判決の影響～会計・訴訟対 応の視点から～"* (Article about *Uniloc* published in Japanese) <u>Nikkei IP Awareness</u>, January 20, 2011, with Kevin Arst

**Article:** "Licensing in 2011 and Beyond: Observations on Intellectual Property Quality, Value and Sale" <u>WIPR, World Intellectual Property Review – Digest 2010</u>, February 2011

**EXPERT TESTIMONY**

*Federal Trade Commission v. Qualcomm Incorporated*
Case No. 5:17-cv-00220
Industry: Telecommunications
Venue: United States District Court, Northern District of California

*In Re: Qualcomm Antitrust Litigation*
Case No. 5:17-cv-0773
Industry: Telecommunications
Venue: United States District Court, Northern District of California

*Huawei Technologies Co., Ltd., et al. v. Samsung Electronics Co., Ltd., et al.*
Case No. 3:16-cv-02787
Industry: Telecommunications
Venue: United States District Court, Northern District of California

*Daniel Grellner v. Rodney D. Raabe et al.*
Case No. 2:15-cv-00189
Industry: Medical Implants
Venue: United States District Court, Eastern District of Washington

*The Coca-Cola Company & Subsidiaries v. Commissioner of Internal Revenue*
Tax Court Docket No. 31183-15
Industry: Food & Beverage
Venue: United States Tax Court

*Evolved Wireless, LLC v. ZTE Corporation et al.*
Case No. 1:15-cv-00546-SLR-SRF
Industry: Telecommunications
Venue: United States District Court, District Court of Delaware

VALUATION | LITIGATION | STRATEGY

284 partners

| | |
|---|---|
| **EXPERT TESTIMONY** | *Implicit, LLC v. Trend Micro, Inc. et al.*<br>Case No. 6:616-cv-00080-JRG<br>Industry: Network Security<br>Venue: United States District Court, Eastern District of Texas |

*In the Matter of: Certain Memory Modules and Components Thereof, and Products Containing the Same – SK hynix, Inc.*
Investigation No.: 337-TA-1023
Industry: Semiconductor
Venue: United States International Trade Commission

*Unwired Planet International Ltd., et al. v. Huawei Technologies Co. Ltd., et al.*
Claim No. HP-2014-000005
Industry: Telecommunications
Venue: High Court of Justice of England and Wales, Chancery Division, Patents Court

*Green Mountain Glass, LLC and Culchrome, LLC v. Saint-Gobain Containers, Inc. d/b/a Verallia North America*
Case No. 1:14-cv-00392
Industry: Glass Recycling
Venue: United States District Court, District Court of Delaware

*Quest Licensing Corporation v. Bloomberg LP, et al.*
Case No. 1:14-cv-00561
Industry: Financial Data Services
Venue: United States District Court, District Court of Delaware

*Jezign Licensing, LLC v. Skechers U.S.A., Inc.*
Case No. 8:16-cv-01193
Industry: Fashion and Retail
Venue: United States District Court, District of Maryland

*Avago Technologies U.S. Inc. et al. v. IPtronics Inc., et al.*
Case No. 5:10-cv-02863
Industry: Fiber Optic Data Communications
Venue: United States District Court, Northern District of California

*Confidential Arbitration on behalf of Huawei Technologies Co. Ltd.*
ICDR Case Number: 01-14-0002-2610
Industry: Telecommunications
Venue: International Centre for Dispute Resolution

| | |
|---|---|
| **EXPERT TESTIMONY** | *Eaton Corporation and Subsidiaries v. Commissioner of Internal Revenue*<br>Tax Court Docket No. 5576-12<br>Industry: Industrial and Residential Electrical Apparatus<br>Venue: United States Tax Court |

*Confidential Arbitration on behalf of Nokia Corporation*
Case Number: 19602/AGF
Industry: Telecommunications
Venue: International Chamber of Commerce, International Court of Arbitration

*CardioNet, Inc. v. The ScottCare Corp., et al.*
Case No. 2:12-cv-02516
Industry: Medical Devices
Venue: United States District Court, Eastern District of Pennsylvania

*Mobile Telecommunications Technologies, LLC v. United Parcel Service, Inc.*
Case No. 1:12-cv-03222-AT
Industry: Telecommunications / Shipping
Venue: United States District Court, Northern District of Georgia

*Numatics, Inc. v. Balluff, Inc. and H.H. Barnum Company*
Case No. 2:13-cv-11049-DML-MKM
Industry: Industrial Automation Equipment
Venue: United States District Court, Eastern District of Michigan

*Amazon.com, Inc. & Subsidiaries v. Commissioner of Internal Revenue*
Tax Court Docket No. 31197-12
Industry: E-Commerce
Venue: United States Tax Court

*In the Matter of: Certain Wireless Devices with 3G and/or 4G Capabilities and Components Thereof – Client ZTE Corporation*
Investigation No. 337-TA-868
Industry: Consumer Electronics
Venue: United States International Trade Commission

*NeoMedia, Inc. v. Scanbuy, Inc.*
Case No. 13 117 01730 12
Industry: Consumer Electronics
Venue: American Arbitration Association, New York

*In the Matter of: Certain Wireless Devices with 3G Capabilities and Components Thereof – Client ZTE Corporation*
Investigation No. 337-TA-800
Industry: Consumer Electronics
Venue: United States International Trade Commission

| | |
|---|---|
| **EXPERT TESTIMONY** | *Multimedia Patent Trust v. Canon, Inc., Canon U.S.A., et al.*<br>Case No. 10-cv-02618<br>Industry: Consumer Electronics<br>Venue: United States District Court, Southern District of California |

*Realtime Data d/b/a/ IXO v. MetroPCS Texas, LLC, et al.*
Case No. 1:12-cv-10204
Industry: Telecommunications
Venue: United States District Court, Eastern District of Texas

*Zecotek Imaging Systems Pte. Ltd. and Beijing Opt-Electronics Technology Co., v. Saint-Gobain Ceramics & Plastics, Inc. et al.*
Case No. 5:12-cv-01533
Industry: Medical Device Manufacturing
Venue: United States District Court, Northern District of Ohio

*Warrior Sports, Inc. v. Dickinson Wright, PLLC, et al.*
Case No. 09-cv-12102
Industry: Sports Equipment
Venue: United States District Court, Eastern District of Michigan

*In Re: Eastman Kodak Company et al.*
Case No. 1:12-cv-10204
Industry: Digital Imaging
Venue: United States Bankruptcy Court, Southern District of New York

*Procter & Gamble Company v. United States of America*
Case No. 1:08-cv-00608
Industry: Pharmaceutical & Consumer Products
Venue: United States District Court, Southern District of Ohio

*Pittsburgh Standard Spine Co. v. Lanx, Inc.*
Case No. 1:09-cv-01062
Industry: Medical Devices
Venue: United States District Court, District of Colorado

*MacroGenics, Inc. v. Centocor, Inc. and Ortho-McNeil Pharmaceutical, Inc.*
CPR File No. G-09-08
Industry: Pharmaceutical
Venue: American Arbitration Association, New York

| | |
|---|---|
| **EXPERT TESTIMONY** | ***MiraVista Diagnostics et al. v. Indiana University R&D et al.***<br>Case No. 49D04-0603-PL-009827<br>Industry: Medical Devices<br>Venue: Indiana State Court |

***Vaxiion Therapeutics, Inc. v. Foley & Lardner, LLP et al.***
Case No. 3:07-cv-00280
Industry: Pharmaceutical & Medical products
Venue: United States District Court, Southern District of California

***Schütz Container Systems, Inc. v. Mauser Corp. and National Container Group, LLC***
Case No. 1:09-cv-03609
Industry: Shipping Containers
Venue: United States District Court, Northern District of Georgia

***In re: Composite Technologies Corporation, et al. (Client Partners for Growth II, LP)***
Case No. 8:11-bk-15058
Industry: General Manufacturing
Venue: United States Bankruptcy Court, Central District of California

***Joseph Chernesky v. Ronald Epstein et al.***
Case No. 491041
Industry: Patent Monetization
Venue: Superior Court of California, County of San Mateo

***Service Employees International Union, CTW/CLC et al. v. SEIU United Healthcare Workers-West, et al.***
Case No. 3:09-cv-0404
Industry: Labor Union
Venue: United States District Court, Northern District of California

***Frank T. Shum v. Intel Corporation et al.***
Case No. 4:02-cv-03262
Industry: Telecommunications Equipment
Venue: United States District Court, Northern District of California

***DigaComm, LLC v. Vehicle Safety and Compliance, LLC et al.***
Case No. 08-338
Industry: Telecommunications Equipment
Venue: American Arbitration Association, Delaware

| | |
|---|---|
| **EXPERT TESTIMONY** | *Landmark Screens, LLC v. Pennie & Edmonds, et al.*<br>Case No. 74 194 Y 01059 60 DEAR<br>Industry: General Electronics<br>Venue: American Arbitration Association<br><br>*Simpliance, Inc., et al. v. WM. Bruce Davis, Esq.*<br>Case No. A0503866<br>Industry: Software<br>Venue: Hamilton County, Ohio Municipal Court<br><br>*Procter & Gamble Company, and Subsidiaries et al. v. United States of America*<br>Case No. 1:05-cv-00355<br>Industry: Consumer Products<br>Venue: United States District Court, Southern District of Ohio<br><br>*Tenneco Automotive Operating Company, Inc. v. Visteon Corporation*<br>Case No. 1:03-cv-01030<br>Industry: Automotive Components<br>Venue: United States District Court, District of Delaware |

VALUATION | LITIGATION | STRATEGY                                    284 partners

| **PATENTS AND APPLICATIONS** | - 7,885,897 | Intellectual Property Trading Exchange and a Method for Trading Intellectual Property Rights |
| --- | --- | --- |
| | - 7,987,142 | Intellectual Property Trading Exchange |
| | - 8,180,711 | Intellectual Property Trading Exchange |
| | - 8,355,932 | System and Method for Managing Intellectual Property-Based Risks |
| | - 8,554,687 | Intellectual Property Trading Exchange and a Method for Trading Intellectual Property Rights |
| | - Application 20090070150 | Methods and Systems for Managing the Risks of Patent Coverage |
| | - Application 20110295757 | Intellectual Property Trading Exchange |
| | - WO 2006113551 | An Intellectual Property Trading Exchange and a Method for Trading Intellectual Property Rights |
| | - WO 2012074668 | Intellectual Property Trading Exchange |
| | - WO 2011126616 | Intellectual Property Trading Exchange |

**CONTACT**

Michael J. Lasinski
CEO & Managing Director
284 Partners, LLC
215 E. Washington, Suite 201
Ann Arbor, MI 48104

(734) 369-8723 Direct
(312) 485-8500 Cell
mlasinski@284partners.com

# Appendix B

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

*Huawei Technologies, Co., LTD. et al. v. Samsung Electronics Co., LTD. et al.*
**APPENDIX B: SECOND SUPPLEMENTAL INDEX OF INFORMATION CONSIDERED**

### Deposition Transcripts & Expert Reports

| Witness | Date |
|---|---|
| David J. Teece (Expert Report) | Mar-22-2012 |
| David J. Teece | Apr-19-2012 |
| David J. Teece | Apr-20-2012 |
| Eric L. Stasik | Apr-27-2012 |
| Heung-Mo Lee | Jul-17-2013 |
| James R. Kearl | Oct-04-2013 |
| Karl Heinz Rosenbrock | Apr-20-2012 |
| Kenneth S. Korea | Mar-23-2012 |
| Kenneth S. Korea | Jun-19-2013 |
| Minhyung Chung | Mar-16-2012 |
| Seung-Ho Ahn | Mar-15-2012 |

### Bates-Numbered Documents

| Beginning Bates | Ending Bates |
|---|---|
| SAMSUNG-HNDCA-000803401 | SAMSUNG-HNDCA-000803401 |
| SAMSUNG-HNDCA-000803402 | SAMSUNG-HNDCA-000803402 |
| SAMSUNG-HNDCA-000803403 | SAMSUNG-HNDCA-000803403 |
| SAMSUNG-HNDCA-000803404 | SAMSUNG-HNDCA-000803404 |
| SAMSUNG-HNDCA-000803405 | SAMSUNG-HNDCA-000803405 |
| SAMSUNG-HNDCA-000803406 | SAMSUNG-HNDCA-000803406 |
| SAMSUNG-HNDCA-000803407 | SAMSUNG-HNDCA-000803407 |
| SAMSUNG-HNDCA-000803408 | SAMSUNG-HNDCA-000803408 |
| SAMSUNG-HNDCA-000803409 | SAMSUNG-HNDCA-000803412 |

### Public Documents Identified as a Result of Reviewing Supplemental Samsung Production

"Pierce Declaration - Exhibit 18" filed in connection with *Apple v. Samsung*, Case No. 11-cv-01846-LHK, October 2, 2012