# EXHIBIT 4

**TO DECLARATION OF DAVID C. GIARDINA
IN SUPPORT OF HUAWEI'S OPPOSITION TO SAMSUNG MOTION FOR
CLARIFICATION OF THE COURT'S SEPT. 25, 2018 DAUBERT ORDER, OR IN THE
ALTERNATIVE, LEAVE TO SERVE A LIMITED SUPPLEMENTAL EXPERT REPORT**


**(UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED)**



UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

CASE NO 16-CV-02787-WHO

IN THE MATTER OF

HUAWEI TECHNOLOGIES CO., LTD., et al.,

v.

SAMSUNG ELECTRONICS CO., LTD., et al.

# Second supplemental Expert Report

Dr Jorge Padilla

Highly Confidential – Attorneys' Eyes Only

# 1.  Introduction and Summary of Conclusions

1.      I am the same Jorge Padilla who submitted expert reports on 27 April 2018 ("Padilla 1"), on 25 May 2018 ("Padilla 2") and on 12 June 2018 ("Padilla 3").

2.      In this fourth report I have been asked to review several materials from the *Apple v Samsung* litigation that I understand were produced by Samsung after I submitted Padilla 3.  In particular, I have reviewed the deposition transcripts and/or reports (as identified in Annex A) from the following individuals:

    a.  Dr Seung-Ho Ahn, Samsung's head of licensing;

    b.  Mr Minhyung Chung, a Samsung executive who was involved in negotiations with Apple;

    c.  Dr James R Kearl, a Samsung expert on damages and FRAND issues;

    d.  Mr Kenneth S Korea, an in-house IP attorney for Samsung who was designated to testify about Samsung's negotiations with Apple;

    e.  Mr Karl Heinz Rosenbrock, a former director of ETSI who was retained by Samsung as an expert on the ETSI policy;

    f.  Mr Eric Lloyd Stasik, a Samsung expert who provided opinions on ETSI and the licensing of 3G and 4G SEPs; and

    g.  Dr David J Teece, Samsung's economic expert who provided opinions on damages and FRAND issues.[1]

3.      I find that a number of the state  ments made by Samsung's witnesses in the *Apple v Samsung* litigation support the opinions disclosed in my prior reports regarding (i) the meaning of FRAND, (ii) the estimation of FRAND rates, (iii) the role of injunctive relief and (iv) the characterization of parties as willing or unwilling. I identify these statements in this report.

# 2.  On the meaning of FRAND and estimating FRAND rates

4.      In Padilla 1, I provided my views on the meaning of FRAND. In doing so, I stated that, as a general matter, standards organizations do not specify what is meant by or how to determine

---

[1]      My brief summaries of the witnesses are intended for illustrative purposes only, and should not be taken as limiting with respect to their title, qualifications, or the content of their testimony.

a FRAND royalty rate.[2] ███████████████████████████
█████████████████

a.  ████████████████████████████████
    ████████████████████[3]

b.  ████████████████████████████████
    ██████████████.[4]

5.  I explained in Padilla 1 that non-FRAND rates could be too low if the manufacturer engages
    in reverse hold-up by delaying payment or refusing to pay.[5] ██████████████████████
    ████████████████████████████ ████ ██[6]

6.  I also stated that the requirement to offer non-discriminatory terms does not imply that the
    licensor should offer the same terms to all licensees, but rather that the licensor should give
    equal treatment to licensees that are 'similarly situated'.[7] ██████████████████████
    █████████████████████████

_____

[2]  Padilla 1, ¶3.21.

[3]  ████████████████████████████████
     ████████████████████████████████
     ████████████████████████████████
     ████████████████████████████████
     ████████████████████████████████
     ███████████████████████

[4]  ████████████████████████████████
     ████████████████████████████████
     ████████████████████████████████
     ████████████████

[5]  Padilla 1, ¶2.5.

[6]  ████████████████████████████████
     ████████████████████████████████
     ████████████████████████████████
     ████████████████████████████████
     █████████████████████████

[7]  Padilla 1, ¶2.6.

a. ██████████████████████████████████
██████████████████████████████████
████████████[8]

b. ██████████████████████████████████
███████████████████████████████[9]

### 3. On the role of injunctive relief and the characterization of willing/unwilling licensee

7. In section 5 of Padilla 1, I set out my opinion on the appropriate role for injunctive relief. In particular, I concluded that injunctive relief for infringement of SEPs may be appropriate under certain circumstances.[10] ██████████████████████████
████████████

a. ████████████████████████████████████[11]

b. ██████████████████████[12]

---

[8] ██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
████████████████

[9] ██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
█████████████

[10] Padilla 1, ¶5.7

[11] ██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
█████████████████████████

[12] ██████████████████████████████████
███████████████████████████



c. ███████████████████████████████████████
   ███████████████████████████████████████

d. ███████████████████████████████████████
   ███████████████████████████████████████
   ████████████████████████████████[16]

8.    In Padilla 2, while responding to Prof Hausman and Prof Borghetti, I also stated that a patent holder's failure to explain how its offered rate complies with its FRAND obligations cannot be considered an act of bad faith.[17] While Samsung's experts in this litigation are opposed to this view, ███████████ ██████████ ███████████████████████████████

a. ███████████████████████████████████████
   ███████████████████████████████████████
   ███████████████████████████████████████

13    ███████████████████████████████████████
      ███████████████████████████████████████
      ███████████████████████████████████████
      ███████████████████████████████████████
      ███████████████████████████████████████
      ███████████████████████████████████████
      ███████████████████████████████████████
      ███████████████████████████████████████
      ██████████

14    Padilla 1, Footnote 66.

15    ███████████████████████████████████████
      ███████████████████████████████████████
      ███████████████████████████████████████
      ███████████████████████████████████████
      ███████████

16    ███████████████████████████████████████
      ███████████████████████████████████████

17    Padilla 2, ¶5.17

18    ███████████████████████████████████████
      ███████████████████████████████████████
      ███████████████████████████████████████
      ███████████████████████████████████████

b. ██████████████████████████████████████████
███████████████████████████████

c. ██████████████████████████████████████████
███████████████████████████

d. ██████████████████████████████████████████
██████████████████████████████████████████
█████████

9.  In Padilla 1, I concluded that, based on the facts of the case, Samsung was engaged in hold
out and acted as an unwilling licensee.[22] ███████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████

a.  Samsung's head of licensing Dr Ahn stated ████████████████████
████████████████████████████████████████[23]
██████████████████████████████████████████
██████████████████████████████████████████
███████████████████████████████████████[24]

---

██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████

[19] ██████████████████████████████████████████
████████████████████

[20] ██████████████████████████████████████████
██████████████████████████████████████

[21] ██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████

[22] Padilla 1, Section 6.

[23] ██████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████████

[24] ██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████



d. ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████

10.     In Padilla 2, I stated that monetary compensation may be insufficient to compensate the patent holder, especially when – as in this case – the licensee is determined to force the licensor to litigate on a patent-by-patent basis and thereby dramatically increase the licensor's litigation costs.[29] ██████████
████████████

a. ████████████████████████████████████████
████████████████████████████████████████

---

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████

[28] ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████

[29]     Padilla 2, ¶5.8(b) and ¶5.12(c).

[30] ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

b.  These points are particularly relevant given my understanding that Huawei is still open to resolving the dispute via binding arbitration, but Samsung has preferred to litigate a subset of patents which would generate significant litigation costs and only result in a royalty rate for a subset of Huawei's patents. ████████████████████████ ████████████████████████████████████████████████████ ███████ █████████

11.  I also stated in Padilla 2 that there was nothing improper in Huawei having begun negotiations with respect to its publicly stated rate of 1.5%, which Huawei made clear was subject to negotiation.[32] In *Apple v Samsung*, ███████████████████████ █████████████████████████████████████████████████

a.  ███████████████████████████████████████ ██████████████████████████

b.  ████████████████████████████████████████████

c.  ███████████████████████████████████████████ ██████████████████ ███████████████████████████

---

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████

[31] ████████████████████████████████████████████████

[32] Padilla 2, ¶6.5 (a).

[33] ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████ *

[34] ████████████████████████████████████████████
██████████████████████████████

[35] ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████████████



d. ████████████████████████████████████
████████████[37]

Jorge Padilla

27 September 2018

Best Western Premier Hotel Slon, Slovenska 34, Ljubljana



**Annex A**

# Materials considered

A.1     This annex presents a list of materials I have considered for this report. These are:

a.   Deposition of Seungo-Ho Ahn on 15 March 2012;

b.   Deposition of Minhyung Chung on 16 March 2012;

c.   Deposition of James R Kearl on 4 October 2013;

d.   Deposition of Kenneth S Korea on 23 March 2012;

e.   Deposition of Kenneth S Korea on 19 June 2013;

f.   Deposition of Karl Heinz Rosenbrock on 20 April 2012;

g.   Deposition of Eric L Stasik on 27 April 2012;

h.   Expert report of Professor David J Teece dated 22 March 2012; and

i.   Deposition of David J Teece on 19-20 April 2012.