QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and
Samsung Research America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants. | CASE NO. 16-cv-02787-WHO<br><br>**SAMSUNG'S REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OF THE COURT'S SEPT. 25, 2018 DAUBERT ORDER, OR IN THE ALTERNATIVE, LEAVE TO SERVE A LIMITED SUPPLEMENTAL EXPERT REPORT**<br><br>**Hearing Date: December 12, 2018**<br>**Time: 2:00 p.m.**<br>**Place: Courtroom 2, 17th Floor**<br>**Judge: Hon. William H. Orrick** |
| SAMSUNG ELECTRONICS CO., LTD. & SAMSUNG ELECTRONICS AMERICA, INC.<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., HUAWEI TECHNOLOGIES USA, INC., & HISILICON TECHNOLOGIES CO., LTD.<br><br>Counterclaim-Defendants. | |

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ............................................................................................................. 1

II.  ARGUMENT ................................................................................................................... 2

    A.   The Court's Order Permitted Samsung to Serve a Limited Supplemental Expert Report. ............................................................................................................. 2

    B.   Huawei Fails to Establish How a Limited Supplemental Expert Report Would Cause It Any Harm and/or Is Not Substantially Justified. ............................. 3

        1.   Huawei Fails to Demonstrate It Would Suffer Any Harm From a Limited Supplemental Report. ...................................................................... 4

        2.   Samsung's Submission of a Limited Supplemental Expert Report Is Substantially Justified. ............................................................................... 5

        3.   Huawei's Three Recent Supplemental Expert Reports Underscore Why Huawei Would Suffer No Prejudice From Samsung's Submission of a Limited Supplemental Expert Report. ............................... 7

III. CONCLUSION ................................................................................................................ 8

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Apple iPod iTunes Antitrust Litig.*,
  No. 05-CV-0037 YGR, 2014 WL 4809288 (N.D. Cal. Sept. 26, 2014); .............................. 5

*Cross-Fit, Inc. v. Nat'l Strength & Conditioning Ass'n.*,
  Case No. 14-cv-1191-JLS(KSC), 2018 WL 3491854 (S.D. Cal. Jul. 18, 2018) ............... 4, 5

*Galentine v. Holland America Line*,
  333 F. Supp. 2d 991 (W.D. Wash. 2004) ....................................................................... 4, 5

*Muscatell v. John Deere Const. & Forestry Co.*,
  No. C 08-00361 JW, 2009 WL 837502 (N.D. Cal. Mar. 28, 2009) ................................. 5, 6

*Stonefire Grill, Inc. v. FGF Brands, Inc.*,
  No. CV 11-8292-JGB(PJWx), 2013 WL 12126773 (C.D. Cal. June 27, 2013) .................. 6

**Rules and Regulations**

Fed. R. Civ. P. 26(a)(2)(D) ............................................................................................................ 3

Fed. R. Civ. P. 26(e)(2) ................................................................................................................ 4

Fed. R. Civ. P. 37(c)(1) ......................................................................................................... 1, 3, 4

## I. INTRODUCTION

Huawei's contention that the Court's September 25, 2018 *Daubert* Order (Dkt. 418) (the "Order") did not permit Samsung to submit a limited supplemental expert report addressing certain remaining opinions from the deLisle report is without merit. Huawei merely argues that a reply report is not contemplated under the Court's scheduling order. But Samsung's proposed report is *not* a reply report. As this Court found, the deLisle report "does not directly 'contradict' [Samsung expert] Leonard's opinions" and therefore Samsung is not seeking a reply. Order at 81. Rather, Samsung proposes a supplemental report to address the opinions in the deLisle report that allegedly "defuse the impact" of an "inference drawn from" Dr. Leonard's opening report—an *inference drawn from*, not an opinion contained in, Dr. Leonard's opening report. *Id*.

To the extent Samsung is mistaken about the implications of the Court's Order, Samsung requests leave because its proposed limited supplemental report is harmless and substantially justified pursuant to Federal Rule of Civil Procedure 37(c)(1). Huawei cannot credibly argue to the contrary because it earlier agreed to Samsung serving a supplemental report responding to all portions of the original deLisle report. Now that the original deLisle report has been narrowed, any harm threatened to Huawei is even less. And with trial set at the earliest for April 2019, over four months from now, there is plainly no problem of time. Indeed, rather than dispute that point, Huawei identifies the harm it could suffer as that Samsung would have "the final word on issues first raised in Samsung's opening reports." Opp. at 7. But again, Samsung seeks leave to respond to opinions this Court found were not in contradiction to anything contained in the opening Leonard report. Moreover, Huawei does not provide any authority to show that such an alleged harm is sufficient to prohibit a party from submitting an otherwise-out of time expert report, and Huawei tellingly does not attempt to distinguish any of the cases Samsung cited in its Motion in support of its argument.

In addition, Samsung's limited supplemental report is substantially justified and Huawei provides no grounds to the contrary. Huawei argues that Samsung chose not to submit a supplemental report pursuant to a short timeline that the parties set forth to resolve a host of disputes. Samsung, however, has consistently stated that it was not feasible for it to find and retain an expert and submit a report on the entire body of Dr. deLisle's opinions, including his now-excluded

opinions "related to the integrity of the Chinese legal system" (Order at 82) in a matter of a few days. Huawei points to the fact that it was able to submit three supplemental reports according to the parties' agreed-upon timeline, but in contrast those reports were prepared by experts it had already retained in this case, and were therefore already familiar with facts and issues at hand—not reports on the wholly new and rarely addressed topic of the Chinese legal system's adjudication of injunctions for standard essential patents.

Given that Samsung's submission of a proposed supplemental report would not cause Huawei harm and is substantially justified, the Court should grant Samsung's motion.

## II.     ARGUMENT

### A.     The Court's Order Permitted Samsung to Serve a Limited Supplemental Expert Report.

Huawei's arguments regarding why the Court should decline to clarify that its Order permits Samsung to serve a limited supplemental expert report are without merit. Opp. at 3-5. Each is easily rejected.

First, Huawei argues that the Court's Order could not have allowed Samsung to serve a supplemental expert report because a reply report is not permitted under the Court's scheduling order. Opp. at 3-4. Samsung's proposed report, however, is not a "reply" report. As this Court found, the deLisle's report "does not directly 'contradict' [Samsung expert] Leonard's opinions" (Order at 81); and the Court declined to strike opinions in the deLisle report directed to "context" that allegedly "defuse the impact" of an "inference drawn from" Dr. Leonard's opening report. *Id*. By explaining that the opinions it declined to strike address only an *inference drawn from*, not an opinion contained in, Dr. Leonard's opening report, this Court made it clear that the remaining portions of the deLisle report are not directed at issues contained in an opening report. Therefore, a response to the remaining portions of the deLisle report cannot be characterized as a "reply."[1]

---

[1] Huawei claims that its three supplemental reports are different than Samsung's proposed limited supplemental report because theirs addressed "documents that were not available at the time the experts' reports were submitted by virtue of Samsung's unreasonable delay in producing those documents." Opp. at 10. But that is a distinction without a difference. Samsung's proposed

Moreover, as the Court's Order noted, "the parties agreed that Samsung would have the opportunity to submit a supplemental report responding to Dr. deLisle," and acknowledged Samsung's reservation of its rights to object along with its explanation that it "could not reasonably submit a report responding to Dr. deLisle within one week of being surprised by his report." Order at 81-82. Thus, given that the Court's Order contemplated Samsung's potential submission of a supplemental report and Huawei itself has recently served three supplemental reports, there is no reason to prohibit Samsung from providing its proposed limited supplemental report.

Finally, Huawei claims that the Court's Order could not have allowed Samsung to serve a supplemental expert report because the unstricken portions of the deLisle report were timely disclosed, and "the submission of [the deLisle report] pursuant to the Court's schedule was the only disclosure required." Opp. at 5. Had the Court found that the deLisle report contained proper rebuttal and denied entirely Samsung's motion to strike, then Huawei's argument might be relevant. But it did not. As a whole, the deLisle report should therefore have been disclosed on the deadline for exchange of opening expert reports. Fed. R. Civ. P. 26(a)(2)(D); Dkt. 272. Accordingly, the deLisle report was not timely disclosed, and Samsung should be permitted to submit a supplemental report responding to those portions of the deLisle report that the Court declined to exclude.

### B. Huawei Fails to Establish How a Limited Supplemental Expert Report Would Cause It Any Harm and/or Is Not Substantially Justified.

Huawei contends that Federal Rule of Civil Procedure 37(c)(1) is inapplicable here because Samsung's requested report is "neither a 'supplement' nor 'otherwise-tardy' (because it was never justified in the first place)." Opp. at 6. Huawei's contention is misguided. Nowhere in the Rule does it state that a report must be a "supplement" or "otherwise-tardy" in order for it to be allowed. Tellingly, Huawei provides no authority to support its contention. Moreover, its contention is belied by the language of the Federal Rule and relevant case law. As set forth in Samsung's Motion, Rule

---

supplemental report is necessary to address Dr. deLisle's opinions that were unavailable at the time expert reports were submitted by virtue of Huawei's untimely disclosure of the deLisle report. Huawei's supplemental reports are therefore no different than Samsung's proposed supplemental report.

37(c)(1) provides that a party may submit an otherwise-out of time expert report if the Court finds that the delay was either "substantially justified or is harmless." Mot. at 4; Fed. R. Civ. P. 37(c)(1); *Galentine v. Holland America Line*, 333 F. Supp. 2d 991, 993-95 (W.D. Wash. 2004).

Huawei next claims that Samsung's request should instead be governed by Federal Rule of Civil Procedure 26(e)(2), but cites only to the dicta of one opinion in which, as Huawei admits in a footnote, the Court ultimately allowed the submission of the otherwise-out of time expert report. Opp. at 6 n.2 (citing *Cross-Fit, Inc. v. Nat'l Strength & Conditioning Ass'n*, Case No. 14-cv-1191-JLS (KSC), 2018 WL 3491854 (S.D. Cal. Jul. 18, 2018)). Huawei notes that the *Cross-Fit* court allowed this delayed submission in part because the report did "not raise any new damages theories" and was "primarily based on new information that was not available when initial expert reports were prepared." *Id.* That is precisely what Samsung's requested report is seeking to do: solely rebut Dr. deLisle's opinions that Samsung was unaware of, and had no reason to expect were ever forthcoming, when expert reports were prepared.

### 1. Huawei Fails to Demonstrate It Would Suffer Any Harm From a Limited Supplemental Report.

The ***only*** harm Huawei identified it would allegedly suffer is that Samsung would have "the final word on issues first raised in Samsung's opening reports." Opp. at 7. But as set forth above, this Court stated that the opinions it declined to strike address only an ***inference drawn from***, not an opinion contained in, Dr. Leonard's opening report. Thus, contrary to Huawei's contention, this Court has already found the remaining portions of the deLisle report are ***not*** directed to "issues first raised in Samsung's opening reports." *Id.*

In an attempt to negate Samsung's offer of making its proposed expert available for deposition, Huawei cites again to dicta from *Cross-Fit* as its lone support, which states that "no party would consider [the mere availability of another deposition] adequate[.]" *Id.* Huawei, however, omits the key language that follows: "under the circumstances[.]" *Cross-Fit,* 2018 WL 3491854, at *11. In *Cross-Fit*, the proposed report provided a "new estimate of total corrective damages [that] increased so dramatically based on…additional research that any party in receipt of such a report after the close of expert discovery would understandably believe it had been

sandbagged with an untimely expert report." *Id.* Thus, the Court noted that "under the circumstances," no party would consider the availability of another deposition to be adequate because the "new expert report…could so dramatically increase [the] party's exposure in [the] case." *Id.*

Here, Samsung's proposed limited supplemental report would have nowhere near a similar potential impact as the *Cross-Fit* report because Samsung's proposed report will not involve any estimated damages, and therefore will not "dramatically increase" Huawei's exposure in this case. Moreover, Samsung is the party that believes it has been "sandbagged with an untimely expert report." *See generally* Mot. Further, even in such extreme circumstances, the Court in *Cross-Fit still allowed* the submission of the proposed expert report. Huawei has therefore failed to demonstrate it would suffer any harm sufficient enough for the Court to prohibit Samsung from serving its proposed limited supplemental report. Indeed, Huawei did not even attempt to distinguish the multiple cases that Samsung cited in support of its argument. Mot. at 5 (citing *Apple iPod iTunes Antitrust Litig.*, No. 05-CV-0037 YGR, 2014 WL 4809288, at *8 (N.D. Cal. Sept. 26, 2014); *Muscatell v. John Deere Const. & Forestry Co.*, No. C 08-00361 JW, 2009 WL 837502, at *1-2 (N.D. Cal. Mar. 28, 2009); *Galentine*, 333 F. Supp. 2d at 994-95).

As set forth in Samsung's Motion, a party may submit an otherwise-out of time expert report if the Court finds that the delay was *either* substantially justified *or* harmless. Because Huawei has failed to demonstrate any potential harm, the Court should grant Samsung's Motion.[2]

        2.    <u>Samsung's Submission of a Limited Supplemental Expert Report Is Substantially Justified.</u>

Huawei argues that Samsung's delay is unjustified because Samsung decided not to submit a supplemental report during the short timeline the parties agreed to. Opp. at 8. Huawei provides

---

[2] Huawei also seems to suggest that *both parties* would be harmed because the proposed report would be a waste of the parties' time and resources given that Samsung expects to move *in limine* to exclude certain evidence or testimony regarding the substance of the Chinese Court(s) opinions on patent and FRAND issues. Opp. at 11. Huawei's argument, however, assumes that the Court would grant Samsung's motion *in limine*. Otherwise, Samsung would still need its proposed remedy here of a supplemental report. Given that there is no such guarantee, Huawei's argument holds no water.

no authority in support of its position, and makes no attempt to refute the authority Samsung cites to in its Motion.  Mot. at 6 (citing *Stonefire Grill, Inc. v. FGF Brands, Inc.,* No. CV 11-8292-JGB (PJWx), 2013 WL 12126773, at *4-5 (C.D. Cal. June 27, 2013); *Muscatell*, 2009 WL 837502, at *2).  As Samsung has repeatedly emphasized, it was not practically able to submit a supplemental expert report addressing all of Dr. deLisle's opinions—including his now-stricken opinions on the integrity of the Chinese legal system—by the June 8, 2018 deadline.  Mot. at 6.  Huawei points to the fact that it was able to submit three supplemental reports pursuant to the parties' agreed-upon timeline (Opp. at 8), but those reports were prepared by experts who had already submitted opening reports in this action.  Thus, those experts were already retained, and familiar with the complex facts and issues in this case, including their respective subject matters at issue.  In contrast, Samsung had no notice that Huawei intended to serve an expert report targeted at opinions on Chinese law and procedure, which Samsung's opening expert reports undisputedly did not address.  It was not feasible for Samsung to find and retain an expert and submit a report on all these issues—which the Court will recognize are not commonly litigated in patent cases—in a matter of three days.  While Samsung proposed the timing for additional reports, it did so in light of the need to expeditiously resolve the parties' then-disputed expert discovery issues given the other numerous then-existing deadlines—especially the pending close of expert discovery—based on the previous trial date.  *See* Dkt. 347-13 at 98-100.  Moreover, Samsung explicitly "reserve[d] the right to seek to challenge any aspect" of the deLisle report "on any ground."  *Id.* at 100.

Separately, contrary to Huawei's characterization, Samsung is willing to seek an appropriate stipulation that would remove all of Dr. deLisle's opinions and testimony from trial (but to be clear, Samsung believes that Huawei's initial proposal is plainly not adequate).  Samsung is hopeful that such a stipulated resolution can be resolved in the context of further pre-trial meet and confer, as set forth by this Court's sequence for pre-trial disclosures and filings.  However, that pre-trial process has not happened, and out of prudence Samsung seeks to clarify its rights with respect to rebuttal testimony and to complete any further discovery before the applicable pre-trial deadlines.

Huawei also contends that pursuant to "the Court's Order, the unstricken portions of Prof. deLisle's report are neither late nor overly broad," and accordingly, Samsung's delay is unjustified.

Opp. at 7.  As Samsung has consistently stated, it was "not reasonable nor practical for Samsung to obtain and disclose a rebuttal to *all* of the new opinions in the deLisle report 'within one week of being surprised by his report.'"  Mot. at 6.  Had Huawei properly disclosed Dr. deLisle's opinions in a timely manner, and had it not included the additional, now-excluded opinions on the integrity of the Chinese legal system that the Court found to be improper, Samsung could have already submitted its proposed responsive report.  Now that the Court has narrowed the scope of the opinions in the deLisle report, a limited supplemental report responding to the remaining opinions in the deLisle report at this time is substantially justified.

> 3.  <u>Huawei's Three Recent Supplemental Expert Reports Underscore Why Huawei Would Suffer No Prejudice From Samsung's Submission of a Limited Supplemental Expert Report.</u>

Huawei misunderstands why Samsung pointed the Court to the fact that Huawei, without leave or notice, served Samsung with three supplemental expert reports on September 27, 2018.  *See* Opp. at 9.  Contrary to Huawei's suggestion, Samsung did not raise this fact in order to justify the delay of its proposed report but rather, to demonstrate that Huawei will not suffer any prejudice if the Court grants Samsung's request.  Mot. at 5.  Rather than refute Samsung's assertion, Huawei devotes almost two pages in explaining why *Huawei* was justified in recently serving its three supplemental expert reports.  Mot. at 9-10.[3]  But whether Huawei's delay is justified or not has absolutely no bearing on what is at issue here, and is simply a red herring.  The unrefuted point is that Huawei recently served three supplemental expert reports without leave or notice past the close of expert discovery, necessitating at least three additional expert depositions to be arranged.[4]

---

[3] Huawei also fails to explain to the Court that, as the parties discussed repeatedly, a large portion of those materials from other matters contain third-party information that (i) is subject to protective orders in those various other matters generally preserving confidentiality obligations even after resolution of those matters, and (ii) requires a period of notice and opportunity to object for the other parties whose information was produced or used in those matters.  Notably, Huawei has not—and cannot—contend Samsung intentionally sought delay, or that Huawei was harmed by any delay.

[4] To be clear, Samsung intends to take depositions of each of Huawei's three experts, Mr. Lasinski, Dr. Jackson, and Dr. Padilla, as each of the three supplemental reports contain new opinions.  Furthermore, on November 21, 2018 Samsung served a Supplemental Expert Report of

Therefore, Samsung's service now of a limited supplemental expert report targeted solely at Dr. deLisle's already proffered opinions will not prejudice Huawei.

## III. CONCLUSION

For the foregoing reasons, Samsung respectfully requests that this Court issue an Order allowing Samsung to serve a limited supplemental expert report rebutting Dr. deLisle's remaining opinions in his expert report.

DATED: November 21, 2018

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Thomas D. Pease
David A. Perlson

*Attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America, Inc.*

---

Dr. Gregory K. Leonard, responding to the recent supplemental reports of Mr. Lasinski, Dr. Jackson, and Dr. Padilla.