UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUAWEI TECHNOLOGIES, CO, LTD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO, LTD., et al., <br><br> Defendants. | Case No. 3:16-cv-02787-WHO <br><br> **ORDER ON SAMSUNG'S MOTION FOR CLARIFICATION AND REQUEST TO FILE SUPPLEMENTAL EXPERT REPORT** <br><br> Re: Dkt. No. 427 |

## INTRODUCTION

This case is one iteration of the numerous global disputes between plaintiffs Huawei Technologies Co., Ltd., Huawei Device USA, Inc. and Huawei Technologies USA, Inc. (collectively, "Huawei") and defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America, Inc. (collectively, "Samsung").  The present motion concerns one aspect of my September 25, 2018 Order on the parties' motions for summary judgment, Daubert motions, and motions to strike and exclude.  Samsung seeks leave to file a supplemental expert report; for the reasons set forth below, I deny its request.

## BACKGROUND

Given this case's long and complicated history, I will address only the background necessary for resolving the present motion.  On July 4, 2018, Samsung filed a motion to strike reports and testimony from several of Huawei's experts, including Jacques deLisle, whom Huawei presented as a rebuttal expert.  *See* Samsung Mot. to Strike (Dkt. No. 335).  Samsung argued that deLisle's opinions "[did] not respond to *any* of Samsung's experts' opinions or arguments." *Id.* at 21 (emphasis in original).  According to Samsung, because the report "solely introduce[d] new

arguments," Huawei should have disclosed deLisle as an expert witness and filed his report as an opening report. *Id.* Samsung asked me to strike the opinions for failure to comply with Rule 26 of the Federal Rules of Civil Procedure. *Id.* In response, Huawei argued that the report responded to claims by Samsung's experts that Huawei had violated its FRAND obligations and U.S. antitrust law when it pursued Chinese injunctions. Huawei Opp'n to Mot. to Strike at 24.

I granted Samsung's motion in part. Order (Dkt. No. 419 [redacted]) at 80–82. I found that some of the opinions offered by deLisle were in fact new arguments and therefore inadmissible as rebuttal. Others of his opinions served to "defuse the impact" of opinions offered by Samsung's experts and thus were admissible rebuttal. Samsung now asks for clarification of that Order, specifically on the issue of whether it is permitted to file a supplemental expert report.

## DISCUSSION

Samsung seeks leave to file a supplemental expert report "solely focused on rebutting Dr. deLisle's remaining opinions;" in other words, the opinions I did not exclude. Mot. at 4. It renews its argument that it had insufficient time to submit a supplemental expert report by the June 8, 2018 deadline because it "did not receive any notice that Huawei intended to serve an expert report targeted at opinions on Chinese law and procedure that Samsung's opening expert reports did not address." *Id.* at 6.

I decline Samsung's request for three reasons. First, my Order is clear: I allowed the aspects of deLisle's report that were proper rebuttal evidence and struck those that were not. Second, Huawei's disclosure of the deLisle report was timely insofar as it was proper rebuttal evidence. Insofar as it presented new arguments, I struck it. Third, Samsung cannot claim prejudice. Not only are the admissible aspects of the report proper rebuttal evidence, but Samsung declined a prior opportunity to serve a supplemental expert report responding to deLisle's opinions.

Samsung first asks me to clarify that my Order allows it to submit a supplemental report. It clearly does not. I noted that evidence can properly be considered "rebuttal" when it serves to "contradict, impeach or defuse the impact of the evidence offered by an adverse party." *Matthew Enter., Inc. v. Chrysler Grp. LLC*, No. 13- CV-04236-BLF, 2016 WL 4272430, at *1 (N.D. Cal.

Aug. 15, 2016) (quoting another source); *see* Order at 81.  I concluded that portions of deLisle's report "provide[d] important context intended to 'defuse the impact' of a critical inference drawn from Leonard's report—that Huawei improperly sought injunctive relief in China to 'hold-up Samsung for above-FRAND royalties.'"  Order at 81.  I granted Samsung's motion to strike the portions of the report that did not serve that rebuttal function, namely deLisle's "opinions generally related to the integrity of the Chinese legal system."[1]  *Id.* at 82.  Because Samsung had not made specific paragraph requests but rather moved to strike the entire report, I instructed the parties to file motions in limine to iron out the details of what would and would not be admissible at trial.  *Id.* at 82 n. 41.  Now, Samsung essentially requests the opportunity to rebut the rebuttal.  It may not do so.

Second, Samsung argues that a supplemental report is appropriate because Huawei failed to timely disclose Dr. deLisle as an expert witness on Chinese law and procedure.  Mot. at 2, 6.  Under Federal Rule of Civil Procedure 26, a party must disclose expert testimony "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure."  FED. R. CIV. P. 26(a)(2)(D)(ii).  Huawei served deLisle's report on May 25, 2018, the deadline Chief Magistrate Judge Spero had set for doing so.  *See* Declaration of David C. Giardina Ex. 1 (Dkt. No. 429-2) (5/25/18 email notifying Samsung counsel of availability of rebuttal expert reports); 3/30/18 Order by Chief Magistrate Judge Spero (Dkt. No. 272) (setting a May 25, 2018 deadline for rebuttal expert reports).  To the extent that deLisle's report did not properly function as rebuttal evidence, I struck it.  To the extent that it did serve as rebuttal, the report was timely disclosed.

Finally, Samsung argues that it "would be severely prejudiced if Huawei is allowed to present an unrebutted expert opinion on any issues relating to the Chinese proceedings."  Mot. at 6.  This argument is unpersuasive.  Most importantly, as I previously concluded and have reiterated more than once here, the aspects of the deLisle report that will be admissible are proper

---

[1] Samsung acknowledges that I excluded those portions of the report.  *See* Mot. at 6 ("And as the Court has recognized, the deLisle report included improper, and now-excluded [sic], 'opinions generally related to the integrity of the Chinese legal system.'").

1 rebuttal because they serve to "defuse the impact" of opinions proffered by Samsung's own
2 experts. Second, Samsung had—and declined—the opportunity to serve a supplemental report in
3 response to deLisle's opinions. *See* Opp'n 2; Order at 81; Email Exchange re: Improper Rebuttal
4 (Peterson Decl., Ex. 13; Dkt. No. 347-14 at 153– 54[under seal]). It seems Samsung instead made
5 a strategic choice to seek that the entire report be stricken. It cannot reverse course now that its
6 choice was successful only in part.

## CONCLUSION

For all of the forgoing reasons, Samsung's request for leave to file a supplemental expert report is DENIED. The December 12, 2018 hearing on this motion is VACATED.

**IT IS SO ORDERED.**

Dated: December 11, 2018



William H. Orrick
United States District Judge