QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and
Samsung Research America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants.<br><br>———————————————————<br><br>SAMSUNG ELECTRONICS CO., LTD. &<br>SAMSUNG ELECTRONICS AMERICA, INC.<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>HUAWEI TECHNOLOGIES CO., LTD.,<br>HUAWEI DEVICE USA, INC., & HUAWEI<br>TECHNOLOGIES USA, INC., & HISILICON<br>TECHNOLOGIES CO., LTD.<br><br>Counterclaim-Defendants. | CASE NO.  16-cv-02787-WHO<br><br>**SAMSUNG'S OBJECTION TO HUAWEI'S REPLY EVIDENCE OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY TO HUAWEI'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE THE JURY DEMAND FOR SAMSUNG'S BREACH OF CONTRACT COUNTERCLAIM**<br><br>**Hearing Date: February 13, 2019**<br>**Time: 2:00 p.m.**<br>**Place: Courtroom 2, 17th Floor**<br>**Judge: Hon. William H. Orrick** |

# TABLE OF CONTENTS

Page

## CONTENTS

I.      INTRODUCTION..................................................................................................1

II.     BACKGROUND...................................................................................................1

III.    ARGUMENT .......................................................................................................2

        A.      The Court Should Strike Huawei's New Reply Evidence and the Arguments Based On It Because Huawei Could Have, But Chose Not To, Present Them In Support of Its Motion. ................................................................2

        B.      Huawei's New Reply Evidence and Arguments are Improper Rebuttal and Should Be Stricken. ...........................................................................................4

        C.      In The Alternative, Samsung Should Be Permitted to Respond to Huawei's New Reply Evidence and Arguments. ...............................................................5

IV.     CONCLUSION ...................................................................................................5

1

2

## I.  INTRODUCTION

Samsung requests that pursuant to N.D. Cal. Civ. Local Rule 7-3 (D)(1) the Court strike from Huawei's Reply in Support of Its Motion to Strike the Jury Demand for Samsung's Breach of Contract Counterclaim ("Reply") the following improper portions of the brief and supporting materials:

- The third paragraph of § II.A.2 of the Reply (Dkt. 443 at 8:12-9:5);

- § II.B of the Reply (Dkt. 443 at 9:24-11:9);

- Ex. 6 to the Reply Greenblatt Declaration (Dkt. 443-2);

- ¶¶ 4, 6, n.7 of the Raynard Reply Declaration (Dkt. 443-3 at 2:23-3:8, 4:9-20, 5:27-28);

- Exs. A - E to the Raynard Reply Declaration (Dkt. 443-4; 443-5; 443-6; 443-7; 443-8).

In the alternative, Samsung requests that the Court grant leave for Samsung to file its sur-reply (attached hereto as Exhibit 1) addressing these specific portions of Huawei's reply submissions.

## II.  BACKGROUND

On January 7, 2017, Huawei filed a Motion to Strike the Jury Demand for Samsung's Breach of Contract Counterclaim ("Motion"), Dkt. 434, along with a declaration from Professor Raynard ("Raynard Declaration") and supporting exhibits.  On January 22, 2019, Samsung filed an Opposition ("Opposition"), Dkt. 439, and supported its rebuttal arguments with a declaration from Professor Jean-Sebastian Borghetti ("Borghetti Declaration").  On January 29, 2019, Huawei filed a Reply, Dkt. 443, that presented new evidence, raised new arguments, and submitted a further declaration from Professor Raynard ("Raynard Reply Declaration") offering new opinions on the new evidence and arguments.  For example, Huawei's Reply raised the new arguments that "French law requires that breach of contract damages be an 'immediate and direct consequence' of the non-performance' of the contract," *id*. at 8, "U.S. federal procedural law governs an award of expert fees (as opposed to attorneys' fees) as such an award is considered strictly procedural for *Erie* doctrine purposes," *id*. at 2, and that "expert fees can only be reimbursed pursuant to Article 700 of the French Code of Civil Procedure," *id*. at 13 (citing Raynard Reply Decl. ¶ 6).

III.   **ARGUMENT**

The Court should strike the new evidence and arguments that Huawei presented for the first time in its Reply or, in the alternative, grant Samsung leave to file a sur-reply to address the new evidence and arguments.  Civ. L. R. 7-3(D)(1); *see Dutta v. State Farm Mut. Auto. Ins. Co*., 895 F.3d 1166, 1171 (9th Cir. 2018) ("The [Northern] district court's Rule 7-3(d) provides the aggrieved party with the opportunity to object to the district court's consideration of the newly submitted evidence or to request leave to file a sur-reply opposition to it."); *see also Kolker v. VNUS Med. Techs*., No. C 10-00900 SBA, 2012 WL 161266, at *6 (N.D. Cal. Jan. 17, 2012) ("It is improper for a moving party to introduce in a reply brief new facts or different legal arguments than those presented in the moving papers.") (internal citations removed); *see also In re Rains,* 428 F.3d 893, 902 (9th Cir. 2005) (affirming the district court's decision to not address an argument that was only raised in the reply brief).

> **A.   The Court Should Strike Huawei's New Reply Evidence and the Arguments Based On It Because Huawei Could Have, But Chose Not To, Present Them In Support of Its Motion.**

Where, as here, the party bearing the burden (Huawei) fails to support its motion with evidence and argument that it later offers only on reply, the Court should strike the new evidence and argument.  In *Single Touch Interactive, Inc. v. Zoove Corp.,* the Court refused to consider an expert declaration that was "new evidence offered for the first time on reply" in ruling on the motion at issue.  No. 12-CV-831 YGR, 2013 WL 3802805, at *1 (N.D. Cal. July 17, 2013).  Similarly, in *In re Flash Memory Antitrust Litig*., noting that "the Court does not consider new arguments or evidence presented for first time in a reply," the Court refused to consider Plaintiff's expert reply declaration where the new evidence submitted fell within the Plaintiff's initial burden on the issue and the Court concluded "such evidence should have been proffered with Plaintiffs' moving papers in order to afford Defendants a full and fair opportunity to respond."  No. C 07-0086 SBA, 2010 WL 2332081, at *15 (N.D. Cal. June 9, 2010).

The Court should take a similar approach here with respect to Huawei's new evidence and arguments.  First, the Court should strike the new argument in the Reply regarding the alleged consequences of the "immediate and direct" causation requirement of French law.  *See* Reply at 8-

9.  Huawei effectively acknowledges this is a new argument by tying it to a statement in a textbook. *See id*. at 8 (quoting Dkt. 443-2 at 225).  Huawei devoted a significant portion of its Motion and accompanying exhibits to issues of French law, but failed to present this evidence, or even to raise this argument, until its Reply.  *See generally* Mot. at 9-10, Raynard Decl., Dkt. 434-4.  This new evidence and argument should be stricken.

Second, the Court should strike Huawei's new contentions that any and all claims for experts' fees, even when, as here, they are caused by a breach of contract, are nevertheless always and exclusively procedural under the *Erie* doctrine.  See Reply at 9-11.  This is a new legal argument that "should have been proffered" with Huawei's moving papers.  *In re Flash Memory Antitrust Litig*., 2010 WL 2332081, at *15.

Huawei cannot justify its failure to make these arguments in its Motion.  Huawei cannot credibly argue that it was unaware of Samsung's contention that certain expert fees are recoverable as damages caused by Huawei's breach of FRAND, and throughout its Motion, Huawei ***explicitly acknowledged*** that Samsung told Huawei it would claim litigation costs as damages for the breach of contract counterclaim.  *See, e.g.,* Mot. at 3-4 ("Samsung … stated that the damages included 'litigation costs and other business costs'"; "'Samsung has suffered injury including but not limited to substantial litigation costs'"; "'Samsung's injury … is comprised of the cost of multiple litigations, attorneys' fees, and the experts' fees.'").  But Huawei chose to focus the arguments in its opening brief on attorneys' fees.  Huawei does not dispute this exclusive focus on Reply, but instead points to two statements in the original Raynard Declaration addressing both litigation costs and attorney fees, identifying no argument in its brief at all.  *See* Reply at 11.

Huawei cannot have it both ways.  It could have argued in its Motion that breach of contract damages must be immediate and direct under French law or that litigation costs, such as experts' fees, are exclusively covered by federal procedural rules under the *Erie* doctrine.  Instead, it chose to focus on the attorneys' fees argument.  The Court should strike the new arguments.  *See Kolker*, 2012 WL 161266, at *6 (declining to consider a new summary judgment contention raised in a reply brief);  *Nuvo Research Inc. v. McGrath*, No. C 11-4006 SBA, 2012 WL 1965870, at *5 (N.D. Cal. May 31, 2012) (declining to consider a new motion to dismiss argument raised in a reply brief).

For the same reasons, the Court should strike the additional new opinions and evidence raised in the Raynard Reply Declaration and accompanying exhibits. "It is improper for a moving party to introduce in a reply brief new facts." *Kolker*, 2012 WL 161266, at *6; *see also World Lebanese Cultural Union, Inc. v. World Lebanese Cultural Union of New York, Inc.*, No. C 11-01442 SBA, 2011 WL 5118525, at *6 (N.D. Cal. Oct. 28, 2011) ("New evidence or analysis presented for the first time in a reply is improper and will not be considered."). The Raynard Reply Declaration contains new facts that should have been in Huawei's Motion. Specifically, it contains new facts regarding the allegedly exclusive applicability of Article 700 of the French Code of Civil Procedure to recovery of experts' fees (*see* Raynard Reply Decl. ¶ 4, Exs. E & C) and additional case law purportedly addressing Article 700 in the context of witness fees (*see id.* Ex. A, ¶ 6, Exs. B & D, n. 7). Consequently, these opinions and evidence should be stricken.

### B.      Huawei's New Reply Evidence and Arguments are Improper Rebuttal and Should Be Stricken.

The new Reply evidence is not responsive to arguments made in Samsung's Opposition. Huawei's new argument and accompanying treatise regarding "immediate and direct" causation under French law is not a proper rebuttal to the Opposition. Both the Motion and the Opposition focus on the damages disclosure, not on whether the disclosure conformed to the alleged French law "immediate and direct" requirement. Next, Huawei did not present, and therefore Samsung did not proffer in rebuttal, arguments about whether federal procedural laws would exclusively apply to Samsung's contract damages. *See* Opp. at 8-9. Huawei's *Erie* doctrine arguments are not responsive to Samsung's Opposition. Similarly, the new evidence and arguments in the Raynard Reply Declaration are not proper rebuttal to Samsung's Opposition. The Raynard Reply Declaration attempts to introduce new exhibits and sources. *See* Raynard Reply Decl. ¶¶ 4-6, n. 7, and Exs. A-E. This new evidence raises novel issues such as additional French case law, articles of the French Code of Civil Procedure, scholars' books, and legal treatises. *See Docusign, Inc. v. Sertifi, Inc.,* 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) (striking new evidence and arguments on reply, including an expert declaration that "references a host of new evidence and information, and provides ten pages of new expert opinion on claim construction" as these issues "should have been

1    addressed in the opening brief" and are "inappropriate for Reply").   The Court should strike

2    Huawei's new evidence and arguments from its Reply.

3           **C.     In The Alternative, Samsung Should Be Permitted to Respond to Huawei's**
             **New Reply Evidence and Arguments.**

4

5           In the alternative, Samsung requests that the Court grant leave for Samsung to file the sur-

6    reply attached hereto as Exhibit 1, which responds to the new Reply evidence and argument.  Courts

7    in this District regularly grant a sur-reply "[t]o alleviate any possible prejudice to Defendants."

8    *Senne v. Kansas City Royals Baseball Corp.*, No. 14-CV-00608-JCS, 2017 WL 897338, at *13

9    (N.D. Cal. Mar. 7, 2017) (accepting a sur-reply where plaintiffs, on reply, proffered an expert

10   declaration in support, even though this expert declaration did not present new evidence); *Balfour*

11   *Beatty Infrastructure, Inc. v. PB&A, Inc.*, No. 16-CV-01152-WHO, 2017 WL 956650, at *1 (N.D.

12   Cal. Mar. 13, 2017) (denying motion to strike based on Civil L. R. 7-3(d)(3), but accepting sur-reply

13   in response to reply evidence instead);  *see also Dutta*, 895 F.3d at 1171 ("Where the opposing party

14   believes he has been unfairly disadvantaged by a new factual matter included in a reply affidavit or

15   declaration… the aggrieved party" may "request leave to file a sur-reply opposition to it.").

16          Without a sur-reply, Samsung will likely be prejudiced, as it will be deprived of its

17   opportunity to respond in writing to Huawei's new arguments.   "As a general rule, new evidence

18   presented in a reply should not be considered without giving the non-movant an opportunity to

19   respond."  *In re: Lenovo Adware Litig.*, No. 15-MD-02624-RMW, 2016 WL 6277245, at *14 (N.D.

20   Cal. Oct. 27, 2016); *see also Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[W]here new

21   evidence is presented in a reply to a motion for summary judgment, the district court should not

22   consider the new evidence without giving the [non-]movant an opportunity to respond.") (alteration

23   in original) (citation omitted).  If Huawei's new arguments and evidence are not stricken, Samsung

24   should have an opportunity to respond to them in writing.

25   **IV.     CONCLUSION**

26          For the foregoing reasons, Samsung respectfully requests that this Court either strike the new

27   evidence and arguments contained in Huawei's Reply, or grant Samsung leave to file a sur-reply.

28

DATED:  February 5, 2019

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By      */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Thomas D. Pease
David A. Perlson

*Attorneys for Samsung Electronics Co., Ltd.,*
*Samsung Electronics America, Inc., and Samsung*
*Research America, Inc.*