Michael J. Bettinger (SBN 122196)
*mbettinger@sidley.com*
Irene Yang (SBN 245464)
*irene.yang@sidley.com*
SIDLEY AUSTIN LLP
555 California Street, Ste. 2000
San Francisco, California 94104
415-772-1200 – Telephone
415-772-7400 – Facsimile

David T. Pritikin (*pro hac vice*)
*dpritikin@sidley.com*
David C. Giardina (*pro hac vice*)
*dgiardina@sidley.com*
Douglas I. Lewis (*pro hac vice*)
*dilewis@sidley.com*
John W. McBride (*pro hac vice*)
*jwmcbride@sidley.com*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
312-853-7000 – Telephone
312-853-7036 – Facsimile

*Attorneys for Plaintiffs*
*HUAWEI TECHNOLOGIES CO., LTD.*
*HUAWEI DEVICE USA, INC.,*
*HUAWEI TECHNOLOGIES USA, INC., and*
*HISILICON TECHNOLOGIES CO., LTD.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., and HUAWEI TECHNOLOGIES USA, INC.,

Plaintiffs / Counterclaim-Defendants,

v.

SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,

Defendants / Counterclaim-Plaintiffs,

and

SAMSUNG RESEARCH AMERICA,

Defendant,

v.

HISILICON TECHNOLOGIES CO., LTD.,

Counterclaim-Defendant.

Case No. 3:16-cv-02787-WHO

**HUAWEI'S OPPOSITION TO SAMSUNG'S OBJECTION TO REPLY EVIDENCE AND MOTION FOR LEAVE TO SUBMIT A SUR-REPLY [DKT. 448-0]**

Hearing Date: Feb. 13, 2019
Time: 2:00 p.m.
Location: Courtroom 2, 17th Floor
Judge: Hon. William H. Orrick

Pursuant to Civil Local Rule 7-3(a), Plaintiffs Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., and HiSilicon Technologies Co. Ltd. (collectively, "Huawei") hereby oppose the objection to reply evidence and motion for leave to submit a sur-reply filed by Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America (collectively, "Samsung") (Dkt. 448-0).[1]

Samsung urges the Court to strike portions of a Huawei reply brief, as well as two paragraphs of a reply declaration and six exhibits about French law. Mot. at 1. The Court should deny Samsung's motion to strike because (1) Samsung's motion is inconsistent with the civil local rules and (2) each of the arguments and evidence Samsung seeks to strike reasonably respond to arguments and evidence Samsung submitted with its opposition brief.

## I. THE COURT SHOULD DENY SAMSUNG'S MOTION TO STRIKE BECAUSE IT VIOLATES THE CIVIL LOCAL RULES

Samsung characterizes its motion only as an objection to new evidence, but it in fact seeks to do much more. Civil Local Rule 7-3(d)(1) allows a party to object to "new evidence" submitted in a reply. The rule by its plain terms does not permit a party to object to arguments made in a reply brief. *See Emblaze Ltd. v. Apple Inc.*, No. C 11-01079 SBA, 2012 WL 5940782, at *3 (N.D. Cal. Nov. 27, 2012) ("Emblaze has not objected to evidence. Instead, Emblaze objects to an argument Apple made in its reply brief. . . . it is clear that Emblaze's objection to reply evidence violates the Civil Local Rules"). Courts in this district strike motions styled as "objections to reply evidence" if they do not comply with Rule 7-3(d)(1). *See Hiramanek v. Clark*, No. C-13-0228 EMC, 2014 WL 107634, at *1 (N.D. Cal. Jan. 10, 2014) ("The Court strikes Plaintiffs' objection to Defendants' reply brief…Civil Local Rule 7–3(d) permits only an objection to reply *evidence*…"); *Nilsen v. Lunas*, No. 16-CV-03631-EMC, 2018 WL 3659299, at *1 (N.D. Cal. Aug. 2, 2018); *Yung Kim v. Volkswagen Grp. of Am., Inc.*, No. C 12-1156 CW, 2013 WL 1283399, at *4 (N.D. Cal. Mar. 26, 2013); *Cunningham v. Schopp*, No. C 14-3033-JSW, 2015 WL 218800, at *1 (N.D. Cal. Jan. 15, 2015).

Here, despite being styled as an objection to reply evidence, Samsung's motion focuses

[1] Because Samsung's motion includes a motion to strike and motion for leave to submit a sur-reply, and is not simply an objection, Huawei has filed this opposition pursuant to Civil Local Rule 7-3(a).

largely on striking Huawei's allegedly new (but, in fact, directly responsive) arguments. *See* Mot. at 2-5. For example, Samsung seeks to strike Huawei's argument that it has been prejudiced by Samsung's failure to adequately disclose its newfound expert-fees-as-damages theory. Mot. at 2-3. While Samsung's requests are not justified on any basis, these requests are simply improper under Civil Local Rule 7-3(d)(1).

## II. THE COURT SHOULD DENY SAMSUNG'S MOTION TO STRIKE BECAUSE HUAWEI'S REPLY BRIEF AND EVIDENCE REASONABLY RESPOND TO SAMSUNG'S OPPOSITION

Putting aside Samsung's failure to comply with the local rules, Samsung's motion to strike should be denied because the evidence and arguments to which Samsung objects are entirely proper. The Local Rules expressly permit submission of a reply brief, reply declarations, and reply evidence to respond to arguments and evidence submitted in an opposition brief. *See* Civ. L. R. 7-3(c), (d). Indeed, the law is clear that where arguments and evidence included in a reply submission reasonably respond to arguments and evidence presented in an opposition, they are proper. *See Am. Civil Liberties Union of Nev. v. City of Las Vegas*, 333 F.3d 1092, 1106 n. 14 (9th Cir. 2003) (denying motion to strike reply brief where "[t]he 'new' arguments raised in the City's reply brief were a reasonable response to points made in the ACLU's answering brief"); *Terrell v. Contra Costa County*, 232 Fed.Appx. 626, 629 n. 2 (9th Cir. 2007) (Unpub. Disp.) (evidence adduced in reply was not new where "[t]he Reply Brief addressed the same set of facts supplied in Terrell's opposition to the motion but provides the full context"); *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 560 (C.D. Cal. 2014) ("Evidence submitted in direct response to evidence raised in the opposition, however, is not 'new.'"); *Sazerac Co., Inc. v. Fetzer Vineyards, Inc.*, No. 3:15-CV-04618-WHO, 2018 WL 620123, at *3 (N.D. Cal. Jan. 30, 2018) (Orrick, J.) (citing *ConAgra*); *Edwards v. Toys 'R' US*, 527 F.Supp.2d 1197, 1205 n. 31 (C.D. Cal. 2007); *Classical Silk, Inc. v. Dolan Grp., Inc.*, No. CV1409224ABMRWX, 2016 WL 7638113, at *2 (C.D. Cal. Feb. 2, 2016); *Phleger v. Countrywide Home Loans, Inc.*, No. C 07-01686SBA, 2009 WL 225416, at *14 (N.D. Cal. Jan. 29, 2009).

Here, each of the arguments and supporting evidence to which Samsung objects responds specifically to an argument advanced by Samsung in its opposition to Huawei's motion. First,

Huawei's reference to the "immediate and direct" causation requirement of French law directly responds to Samsung's argument in its opposition that Samsung's failure to comply with its discovery requirements was harmless under Rule 37(c), and that Huawei's assertions of prejudice were "conclusory." *Compare* Dkt. 438 at 7 (opp'n) *with* Dkt. 443-0 at 7 (reply). In addition, because Samsung bears the burden of proving harmlessness, *see* Dkt. 434 at 7, Huawei had no obligation to raise this argument in Huawei's opening brief.

Second, Huawei's *Erie* doctrine argument is a direct response to Samsung's claim made for the first time in its opposition that it exclusively seeks "experts' fees," as opposed to attorneys' fees, as damages at trial. Dkt. 438 at 8-9. In addition, Huawei's opening brief raised the argument that the damages Samsung seeks at trial for its breach of contract claim are not recoverable under governing choice of law principles. *See* Dkt. 434 at 9-10 & n. 7-8.

Finally, Prof. Raynard's reply declaration is directed solely to addressing the opinions and case law in Prof. Borghetti's opposition declaration, and identifying French case law that directly rebuts Prof. Borghetti's opinions. *Compare* Dkt. 439-29 (Borghetti opp'n) *with* Dkt. 443-3 (Raynard reply) ¶ 3. In addition, Prof. Raynard squarely addressed Article 700 of the French Code of Civil Procedure and its applicability to litigation costs in his opening declaration, and merely elaborates on that topic in his reply declaration in light of Prof. Borghetti's contrary opinions. *See* Dkt. 434-5 ¶¶ 4-5. Accordingly, the Court should deny Samsung's motion to strike.

## III. HUAWEI DOES NOT OPPOSE SAMSUNG'S MOTION FOR LEAVE TO SUBMIT A SUR-REPLY

Samsung asks, as an alternative to striking Huawei's reply brief and evidence, that it be permitted to submit the sur-reply brief filed at Dkt. 448-1. While there is no good cause for Samsung's request, Huawei does not oppose it on the condition that Huawei is afforded the opportunity to respond as follows:

- **Response to Section A of Samsung's Sur-reply.** Samsung admits in its sur-reply that French law has several requirements before damages can be awarded for breach of contract, including that the damages be foreseeable and a direct consequence of the breach of contract. Dkt. 448-1 at 1. While Samsung asserts that "[i]t is clear" that Samsung's claim for damages meets those requirements, Huawei has been deprived of its ability to challenge that assertion because of

Samsung's failure to disclose its damages claim as mandated by the federal rules.[2] *See* Dkt. 443 at 7-8. Samsung's criticism of the *Marine Power* case cited in Huawei's reply has no merit because the case describes the causation requirements of French law. 2016 WL 7241560 at *3.

- **Response to Section B of Samsung's Sur-reply.** Samsung argues that Article 700 of the French Code of Civil Procedure is not controlling here because it is a French procedural rule. Samsung's argument fundamentally mischaracterizes or misperceives Huawei's argument. Huawei is not asking the Court to apply Article 700 in this case, but, to the extent that French substantive law does apply,[3] the *Cour de cassation* has ruled that attorneys' fees and expert witness fees cannot be awarded as damages for breach of contract and are recoverable, if at all, only under Article 700. Therefore, Samsung has no right to ask a jury to award expert witness fees as damages for breach of contract in this action. Accepting Samsung's argument would lead to the bizarre outcome that attorney fees and costs governed by Article 700—which provides at best for a partial post-trial recovery—would be largely unrecoverable in French courts based on a French contract or tort claim, but *would* be fully recoverable in courts outside of France based on the same French contract or tort claim. Choice of law rules exist in large part to promote uniformity and reduce forum shopping—not increase it.

- **Response to Section C of Samsung's Sur-reply.** Samsung claims that Rule 54 does not govern the recovery of expert witness fees when they are claimed as contract damages. Samsung misreads the Rule. The authorities that Samsung cites relate to Rule 54(d)(2), which governs awards of "attorney's fees and related *nontaxable* expenses." Fed. R. Civ. P. 54(d)(2) (emphasis added). Those authorities do not apply to an award of expert witness fees, which are taxable as costs pursuant to 28 U.S.C. § 1920(3) and § 1821 and are therefore governed exclusively by Rule 54(d)(1). Any departure from Rule 54(d)(1) requires an express contractual or statutory authorization sufficient to override the strong presumption against fee shifting in U.S. courts. *See Good Earth Corp. v. M.D. Horton & Assoc.*, No. C-94-3455-CAL, 1997 WL 702297 at *9 (N.D. Cal. Aug. 4, 1997); *Gray v. Phillips Petroleum Co.*, 971 F.2d 591, 597 (10th Cir. 1992); *Traxys N. Am. LLC v. Concept Min. Inc.*, 510 F. App'x 262, 269 (4th Cir. 2013). Samsung does not and cannot contend that the contract at issue here contains an express authorization for the award of expert fees.

---

[2] Indeed, Samsung's newfound assertion that it can recover as damages expert fees incurred in defending Huawei's infringement claims, which Samsung apparently claims it would have avoided had it obtained a license on FRAND terms from Huawei, flies squarely in the face of its own expert's opinion that damages for breach of a duty to negotiate a contract in good faith cannot be premised on the expectation that the agreement in question would have been entered. Dkt. 439-29 (Borghetti Decl.) at ¶ 7.

[3] *Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.*, 738 F.3d 960, 973 (9th Cir. 2003), makes clear that foreign legal rules governing fee-shifting with respect to attorney's fees can be applied by a federal court sitting in diversity, but the same is not true with respect to expert fees, *Ackerman v. W. Elec. Co.*, 113 F.R.D. 143, 145 (N.D. Cal. 1986). *See* Mot. at 10 n.8 and Reply at 10.

Dated: February 8, 2019

Respectfully submitted,

SIDLEY AUSTIN LLP

*/s/ Michael J. Bettinger*

Michael J. Bettinger (SBN 122196)
*mbettinger@sidley.com*
Irene Yang (SBN 245464)
*irene.yang@sidley.com*
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
(415) 772-1200 – Telephone
(415) 772-7400 – Facsimile

David T. Pritikin (*Pro Hac Vice*)
*dpritikin@sidley.com*
David C. Giardina (*Pro Hac Vice*)
*dgiardina@sidley.com*
Douglas I. Lewis (*Pro Hac Vice*)
*dilewis@sidley.com*
John W. McBride (*Pro Hac Vice*)
*jwmcbride@sidley.com*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000 – Telephone
(312) 853-7036 – Facsimile

*Attorneys for Huawei Technologies Co., Ltd., Huawei Device USA, Inc., Huawei Technologies USA, Inc., and HiSilicon Technologies Co., Ltd.*