UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUAWEI TECHNOLOGIES, CO, LTD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO, LTD., et al., <br><br> Defendants. | Case No. 3:16-cv-02787-WHO <br><br> **ORDER DENYING MOTION TO STRIKE JURY DEMAND** <br><br> Re: Dkt. Nos. 433, 434, 438 |

**INTRODUCTION**

This case between plaintiffs Huawei Technologies Co., Ltd., Huawei Device USA, Inc., and Huawei Technologies USA, Inc. (collectively, "Huawei") and defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America, Inc. (collectively, "Samsung") has narrowed. After my order on the parties' cross-motions for summary judgment, each side has remaining claims for patent infringement and breach of their respective promises to license their declared standard essential patents ("SEPs") on fair, reasonable, and non-discriminatory ("FRAND") terms and conditions. Trial is set to begin on September 3, 2019. Huawei now moves to strike Samsung's jury demand for the breach of contract claim on the grounds that Samsung has not shown sufficient evidence of monetary damages and that the type of damages it seeks are not recoverable under the governing law. For the reasons set forth below, I will deny Huawei's motion.

## BACKGROUND[1]

On May 24, 2016, Huawei filed this action asserting claims for breach of contract, declaratory judgment of FRAND terms and conditions for a cross-license, and patent infringement. *See generally* Complaint [Dkt. No. 1 (redacted), Dkt. No. 59 (unredacted)]. On October 14, 2016, Samsung filed an amended answer asserting counterclaims for breach of contract, antitrust, patent infringement, and declaratory judgment of noninfringement and invalidity of Huawei's patents-in-suit. Answer and Amended Counterclaims [Dkt. Nos. 91 (redacted), 90-2 (sealed)].

Expert discovery ended on June 6, 2018, Dkt. No. 208, and on September 25, 2018 I ruled on the parties' motions for summary judgment, *Daubert* motions, and motions to strike and exclude. *See* Civil Pretrial Order [Dkt. No. 208]; September 25, 2018 Order [Dkt. Nos. 409 (sealed), 418 (redacted)]. The case now involves four Huawei patents and five Samsung patents along with breach of contract claims. *See generally* September 25, 2018 Order. Trial is set to begin on September 9, 2019. 1/29/19 Minute Entry [Dkt. No. 444]. On January 7, 2019, Huawei filed this motion to strike Samsung's jury demand for the breach of contract claim, and both parties filed motions to seal portions of their filings. Motion to Strike Jury Demand ("Mot.") [Dkt. No. 434]; *see* Dkt. Nos. 433, 438.

## LEGAL STANDARD

The Seventh Amendment guarantees that the right to a jury trial in "[s]uits at common law, where the value in controversy shall exceed $20.00." U.S. Const., amend. VII. To determine whether a party is entitled to a jury, courts compare the action and the remedy sought to 18th-century suits at common law and those tried in courts of equity. *Tull v. United States*, 481 U.S. 412, 417 (1987). A party seeking monetary damages is entitled to a jury, *id.* at 418–19, but "[w]here the only requested relief is equitable," there is no right to a jury trial. *Hynix Semiconductor Inc. v. Rambus, Inc.*, 527 F. Supp. 2d 1084, 1101 (N.D. Cal. 2007) (Whyte, J.).

---

[1] I address only the background necessary to understand the pending motions. I summarized the facts of this case in more detail in the Order dated September 25, 2018. Dkt. Nos. 409 (sealed), 418 (redacted).

"The Supreme Court has emphasized, in no uncertain terms, the importance of the right to a civil jury trial and the need for the courts to be vigilant in guarding against the erosion of that right[.]" *Armster v. U.S. Dist. Court for the Cent. Dist. of California*, 792 F.2d 1423, 1428 (9th Cir. 1986) (citing *Jacob v. City of New York*, 315 U.S. 752, 753 (1942)).

## DISCUSSION

### I. MOTION TO STRIKE

Huawei first argues that I should strike the jury demand because Federal Rule of Civil Procedure 37(c) precludes Samsung from presenting evidence of damages at trial due to its failure to disclose under Rule 26(a) and (e). Mot. 6–9. Second, it argues that even if Samsung could present such evidence, it would not be entitled to a jury because litigation fees, including expert fees, are not recoverable as damages for breach of contract under French law. Mot. 9–10. I conclude that a Rule 37(c) sanction is not appropriate and that Samsung is entitled to a jury on its breach of contract claim.[2]

#### A. Whether to Impose a Rule 37(c) Sanction

Huawei asserts that Federal Rule of Civil Procedure 37(c) precludes Samsung from using evidence of litigation costs at trial because it has not made sufficient disclosures as required by Rule 26(a) and (e). Mot. 6–9. Samsung counters that Huawei knows the experts' fee rates and that any discovery failures were substantially justified or harmless. Opposition ("Oppo.") [Dkt. No. 439] 4–5, 5–8.

Federal Rule of Civil Procedure 37(c) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

---

[2] Samsung also filed an objection under Civil Local Rule 7-3(d)(1) on the grounds that Huawei's reply improperly included new evidence. Dkt. No. 448. On one hand, Samsung improperly objected to some arguments rather than evidence. *See* Civ. L. R. 7-3(d)(1) (noting that objections to evidence "may not include further argument on the motion"). On the other hand, Huawei submitted new exhibits regarding an "immediate and direct" requirement for damages under French law. Huawei indicated that it did not oppose Samsung's request to file a sur-reply and offered its own response. Dkt. No. 450. Samsung's request to file a sur-reply is GRANTED.

3

FED. R. CIV. P. 37(c). Rule 26(a) requires a party to provide information about the damages it seeks, including computations of those damages, so the other side can "understand the contours of its potential exposure and make informed decisions as to settlement and discovery." FED. R. CIV. P. 26(a)(1)(A)(iii); *City and County of San Francisco v. Tutor-Saliba Corporation*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) (noting that a claim for lost wages should include the number of hours and rate of pay). A court has discretion to impose a Rule 37 sanction and need not find bad faith before doing so. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008), *as amended* (Sept. 16, 2008). Two exceptions serve to "ameliorate the harshness" of Rule 37(c). *Yeti*, 259 F.3d at 1106–07. The sanction does not apply if the party seeking to introduce the evidence can show that its failure was "substantially justified or harmless." FED. R. CIV. P. 37(c)(1).

Huawei argues that Samsung failed to provide any evidence of damages for its breach of contract claim in its initial disclosures, responses to interrogatories and document requests, or expert reports. Mot. 3–4. It says that the failure was not substantially justified or harmless because Huawei has not had the chance to depose Samsung's experts about the reasonableness of their fees or the allocation of their work between the various causes of action. *See* Reply 7. Samsung counters that Huawei has been on notice that it seeks damages for litigation costs, including expert fees, and Huawei learned the rates of those fees during depositions.[3] Oppo. 7. Samsung lacks a final number of hours or total amount of fees because that work is ongoing. *Id.*

Samsung is right. Its disclosures could have been better, but the deficiencies are harmless. Both sides initially disclosed litigation and business costs as their damages for breach of contract. At the outset of a lawsuit, there is no way to specify those damages with any accuracy. The totals are not ascertainable until the end of litigation. Further, these costs require no complex calculations.

Trial is not set to begin until September 3, 2019. I will require Samsung within thirty days

---

[3] Samsung stated in opposition that it "does not seek attorneys' fees as contract damages; Samsung seeks experts' fees." Oppo. 1.

4

1  of this Order to disclose its expert invoices through January 31, 2019, and to supplement that

2  disclosure as of July 31, 2019. To the extent that Huawei still seeks damages for its breach of

3  contract claim, it must do the same. I will allow depositions of those experts, limited to questions

4  about the reasonableness of their fees and their hours expended specifically on work related to the

5  breach of contract claims, for no more than two hours each.

### B. Whether Expert Fees are Recoverable as Contract Damages

The parties dispute whether expert fees are recoverable for Samsung's breach of contract claim and whether French or United States law decides the question. Where a breach of contract claim is based on non-federal substantive law, that law also determines the recovery available. *See Hynix*, 527 F. Supp. 2d at 1102 (applying California law to determine the damages available for breach of contract). In federal courts, federal law governs whether the available remedies entitle a party to a jury trial. *Simler v. Conner*, 372 U.S. 221, 222 (1963) ("[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions."). This rule ensures the uniform application of the Seventh Amendment and protects the federal policy in favor of jury trials.[4] *Id.* "In diversity cases, of course, the substantive dimension of the claim asserted finds its source in state law, but the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law." *Id.* (internal quotation marks omitted).

The parties agree that French law governs the breach of contract claim, and so it also governs the available remedies.[5] *See Hynix*, 527 F. Supp. 2d at 1102. Both Huawei and Samsung

---

[4] In the context of a contract clause waiving a jury trial, courts in this district have applied state law where it would be more protective of the Seventh Amendment right. *See AMEC Env't & Infrastructure, Inc. v. Spectrum Servs. Grp., Inc.*, No. 13-CV-04059-WHO, 2013 WL 6405811, at *5 (N.D. Cal. Dec. 6, 2013) (citing other cases from this district).

[5] The parties agree that French law governs Samsung's breach of contract counterclaim, and they initially agreed that French law should determine whether or not the type of damages Samsung seeks are in fact recoverable for breach of contract. *See* Mot. 9–10; Oppo. 8–9. But in its opposition, Samsung narrowed its damages request from "litigation costs and other business costs" to only expert fees. *See* Oppo. 1 ("Samsung does not seek attorneys' fees as contract damages; Samsung seeks experts' fees."). Huawei then asserted that expert witness fees are procedural under *Erie*, and under Federal Rule of Civil Procedure 54(d) only the Clerk determines such fees. Reply 10. But as Samsung points out, Rule 54(d) governs the award of costs after a party has won judgment in its favor, not what damages are recoverable for breach of a contract governed by

5

submitted expert declarations from professors of French contract law who disagree over whether expert fees are available as damages for breach of contract. *See* Declaration of Jacques Raynard ("1/7/19 Raynard Decl.") [Dkt. No. 434-5]; Reply Declaration of Jacques Raynard ("1/29/19 Raynard Decl.") [Dkt. No. 443-3]; Declaration of Jean-Sebastian Borghetti ("Borghetti Decl.") [Dkt. No. 439-29]. The two agree that France's general rules of civil liability and policy of compensation apply in the absence of a ruling that the France Code of Civil Procedure instead applies. *See* 1/29/19 Raynard Decl. ¶ 7; Borghetti Decl. ¶ 13. But they disagree over whether France's highest court gave such a directive when it comes to breach of contract or whether that decision was limited to the tort context. *See* 1/7/19 Raynard Decl. ¶ 5; 1/29/19 Raynard Decl. ¶ 7; Borghetti Decl. ¶¶ 7, 12. Huawei's expert asserts that the decision does apply; accordingly, attorney fees are recoverable only as an equitable remedy awarded by the judge under the French Code of Civil Procedure. 1/7/19 Raynard Decl. ¶¶ 4–5. Samsung's expert asserts that the decision does not apply; accordingly, France's policy of compensation for foreseeable harms governs breach of contract, and such harms can include attorney and expert fees. Borghetti Decl. ¶¶ 6, 8.

Given these conflicting declarations, I see no clear answer on this question of French law. I analyze this dispute against the backdrop of the federal policy favoring trial by jury and my obligation to "jealously guard[]" the Seventh Amendment right. *See Jacob*, 315 U.S. at 753; *Simler*, 372 U.S. at 222; *see also Armster*, 792 F.2d at 1429 ("We must vigilantly protect the right to civil jury trials, and we must scrutinize in the most rigorous manner possible any action that appears to limit in any way the availability of that right."). Only with a clear directive from a French statute or France's high court would it be appropriate to deprive Samsung of its right to a jury trial in United States federal court. For purposes of this motion, I conclude that expert fees are recoverable as contract damages under French law. Samsung seeks a legal remedy, and it is entitled to a jury under the Seventh Amendment.

## II. MOTIONS TO SEAL

Huawei filed an administrative motion to seal portions of the exhibits filed in support of its

---

French law. Sur-Reply [Dkt. No. 448-1] 4.

6

motion to strike the jury demand. Dkt. No. 433. Later Huawei gave notice that the motion to seal was moot because Samsung had removed the confidentiality designation from those exhibits. Dkt. No. 436. With its opposition to the motion to strike, Samsung filed an administrative motion to seal on behalf of Huawei. Dkt. No. 438. Huawei gave notice that it does not request sealing of exhibit one or the highlighting on pages 2 and 5 of the opposition. Declaration of Xiaowu Zhang [Dkt. No. 441] ¶ 4. Huawei does seek sealing of the highlighted portions of page 10 of Samsung's opposition at lines 17–18 and 22–24, which contain confidential licensing information and specific royalty rates. *Id.* ¶ 5. Disclosure of this information would cause Huawei competitive injury. *Id.* Finding good cause, Huawei's requests are GRANTED.

The motion at docket number 433 is DENIED as moot. The motion to seal docket number 438-6 is DENIED as moot. Samsung shall resubmit a public version of its opposition with only the redactions granted above within 10 days of the date of this Order.

## CONCLUSION

For the foregoing reasons, Huawei's motion to strike Samsung's jury demand is DENIED.

**IT IS SO ORDERED.**

Dated: February 17, 2019



William H. Orrick
United States District Judge