# DKT. 371-11
# PUBLIC REDACTED VERSION

```
 1                UNITED STATES DISTRICT COURT
 2               NORTHERN DISTRICT OF CALIFORNIA
 3                    SAN FRANCISCO DIVISION
 4    - - - - - - - - - - - - - - - - - - X
 5    HUAWEI TECHNOLOGIES CO., LTD.,          :
 6    HUAWEI DEVICE USA, INC., and HUAWEI     :
 7    TECHNOLOGIES USA, INC.,                 :
 8              Plaintiffs/Counterclaim       :
 9              Defendants,                   :
10    v.                                      :   Case No.
11    SAMSUNG ELECTRONICS CO., LTD.,          :   16-cv-02787-WHO
12    SAMSUNG ELECTRONICS AMERICA INC.,       :
13              Defendants/Counterclaim       :
14              Plaintiffs.                   :
15    - - - - - - - - - - - - - - - - - - X
16
17      HIGHLY CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY
18          Videotaped Deposition of Gregory Leonard
19                    Palo Alto, California
20                  Wednesday, June 20, 2018
21                         9:05 A.M.
22
23    Job No.:  193655
24    Pages:  1 - 266
25    Reported By:  Michael P. Hensley, CSR No. 14114, RMR
```

HIGHLY CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY

Transcript of Gregory Leonard
Conducted on June 20, 2018          9

| | | |
|---|---|---|
| 1 | GREGORY LEONARD, | |
| 2 | having been first duly sworn, was examined and testified | |
| 3 | as follows: | |
| 4 | EXAMINATION BY | |
| 5 | COUNSEL FOR THE PLAINTIFFS/COUNTERCLAIM DEFENDANTS | |
| 6 | BY MR. GIARDINA: | |
| 7 | Q.    Good morning. | 09:06:21 |
| 8 | A.    Good morning. | 09:06:21 |
| 9 | Q.    Could you say and spell your name for the record | 09:06:22 |
| 10 | please? | 09:06:25 |
| 11 | A.    Sure.  Gregory Leonard, G-r-e-g-o-r-y | 09:06:25 |
| 12 | L-e-o-n-a-r-d. | 09:06:30 |
| 13 | Q.    Dr. Leonard, I know you've been through this | 09:06:30 |
| 14 | drill many, many times.  If I ask you a question today | 09:06:36 |
| 15 | that you don't understand, will you let me know? | 09:06:38 |
| 16 | A.    Sure. | 09:06:39 |
| 17 | Q.    If you need a break at any point, just let us | 09:06:40 |
| 18 | know.  Okay? | 09:06:43 |
| 19 | A.    Okay. | 09:06:44 |
| 20 | Q.    You are an economist and a partner with | 09:06:44 |
| 21 | Edgeworth Economics? | 09:06:49 |
| 22 | A.    That's correct. | 09:06:49 |
| 23 | Q.    How would you describe Edgeworth's line of | 09:06:50 |
| 24 | business? | 09:06:53 |
| 25 | A.    It's an economic consulting firm. | 09:06:53 |

HIGHLY CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY

Transcript of Gregory Leonard
Conducted on June 20, 2018

70

| | | |
|---|---|---|
| 1 | know, my view, as I said there and I still agree with, | 10:38:07 |
| 2 | is that, you know, an opening offer is just that.  It's | 10:38:13 |
| 3 | not really that big of a deal. | 10:38:16 |
| 4 | You know, the other agreements that he would | 10:38:24 |
| 5 | have had were the result of a bunch of negotiations in | 10:38:27 |
| 6 | which they learned all sorts of things from the | 10:38:31 |
| 7 | counterparty.  And my understanding was they had always | 10:38:34 |
| 8 | started at the same rate as an opening offer with | 10:38:37 |
| 9 | everybody.  So from that perspective, they're acting the | 10:38:40 |
| 10 | same way towards Apple that they've acted towards | 10:38:45 |
| 11 | everyone else -- | 10:38:49 |
| 12 | Q.     Okay. | 10:38:49 |
| 13 | A.     -- up -- you know, at that point.  And so, to | 10:38:51 |
| 14 | me, that's not problematic. | 10:38:52 |
| 15 | Q.     Okay.  So I take it, then, that you would agree | 10:38:54 |
| 16 | with me that it wouldn't have been problematic if Huawei | 10:38:56 |
| 17 | would have started with an opening offer of 1.5 percent, | 10:39:00 |
| 18 | if that was the rate at which it began negotiations with | 10:39:03 |
| 19 | other parties? | 10:39:06 |
| 20 | A.     Again, I think I am clear about this.  I don't | 10:39:07 |
| 21 | think that standing by itself, which is really what the | 10:39:11 |
| 22 | claims in the Apple and Microsoft litigations were about | 10:39:14 |
| 23 | and Motorola, that, by itself, is not necessarily | 10:39:18 |
| 24 | problematic. | 10:39:22 |
| 25 | So I don't have a problem with an opening offer. | 10:39:23 |

HIGHLY CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY

Transcript of Gregory Leonard

Conducted on June 20, 2018

71

| | | |
|---|---|---|
| 1 | I mean, it's true nonetheless that the opening offer had | 10:39:26 |
| 2 | no basis and that the opening offer isn't a final FRAND | 10:39:29 |
| 3 | rate. | 10:39:34 |
| 4 | So, I mean, that's all certainly true.  You | 10:39:34 |
| 5 | know, do I, as an economist, have a problem with them | 10:39:36 |
| 6 | just making it by itself?  No, not really. | 10:39:40 |
| 7 | Q.      Okay. | 10:39:43 |
| 8 | A.      But, you know, then there's a bunch of things | 10:39:43 |
| 9 | that followed upon that. | 10:39:46 |
| 10 | Q.      Now, after having made demand for a royalty of | 10:39:48 |
| 11 | 2.25 percent on Apple, Motorola sought injunctions | 10:39:55 |
| 12 | against Apple; correct? | 10:40:00 |
| 13 | A.      Sorry.  Say that again. | 10:40:01 |
| 14 | Q.      After having demanded that Apple pay a royalty | 10:40:02 |
| 15 | of 2.25 percent, Motorola sought injunctions against | 10:40:04 |
| 16 | Apple for infringement of its SEPs? | 10:40:09 |
| 17 | MS. MAROULIS:  Objection.  Form. | 10:40:14 |
| 18 | A.      I don't remember the full sequence of events in | 10:40:15 |
| 19 | that case.  But, you know, there's obviously a bunch of | 10:40:20 |
| 20 | litigation of various types going both ways. | 10:40:23 |
| 21 | And as I mentioned before, I think once you get | 10:40:26 |
| 22 | into litigation, it's a lot harder to make judgments | 10:40:29 |
| 23 | about, you know, somebody offering or seeking an | 10:40:33 |
| 24 | injunction because of, there could be things going on -- | 10:40:37 |
| 25 | on the other side that -- you know, injunction -- in | 10:40:41 |

| | | |
|---|---|---|
| 1 | Q. Okay. Well, if we continue to look at this | 13:19:24 |
| 2 | section of your report, at page 63, in the next | 13:19:27 |
| 3 | paragraph, you describe that Huawei revised its proposal | 13:19:31 |
| 4 | in May of 2015 and then followed that revision with a | 13:19:36 |
| 5 | July 2015 term sheet. | 13:19:44 |
| 6 | Do you see that? | 13:19:46 |
| 7 | A. Yes. | 13:19:47 |
| 8 | Q. And Huawei then reduced its royalty on LTE units | 13:19:47 |
| 9 | from the ▮▮▮ we've just been discussing to a ▮▮▮ | 13:19:55 |
| 10 | correct? | 13:20:03 |
| 11 | A. That is correct. | 13:20:03 |
| 12 | Q. And that's the nonambiguous reduction? | 13:20:03 |
| 13 | A. Yes. | 13:20:08 |
| 14 | Q. Okay. And have you assessed what the effective | 13:20:08 |
| 15 | rate would be at a royalty of a ▮▮▮ a unit for | 13:20:19 |
| 16 | Samsung's LTE sales? | 13:20:26 |
| 17 | A. I don't think I calculated an effective rate for | 13:20:30 |
| 18 | that proposal. | 13:20:42 |
| 19 | Q. Okay. | 13:20:42 |
| 20 | A. That I can recall. | 13:20:44 |
| 21 | Q. Now, Mr. Lasinski presented an effective rate | 13:20:44 |
| 22 | calculation for that proposal. I -- I don't observe | 13:20:52 |
| 23 | in -- in your rebuttal report any effort to dispute that | 13:20:54 |
| 24 | calculation. Do you have any disagreement with it? | 13:20:56 |
| 25 | MS. MAROULIS: Objection. Form. | 13:21:01 |

HIGHLY CONFIDENTIAL - OUTSIDE COUNSELS' EYES ONLY

Transcript of Gregory Leonard
Conducted on June 20, 2018                                            266

```
 1              CERTIFICATE OF SHORTHAND REPORTER
 2
 3        I, Michael P. Hensley, Registered Merit Reporter
 4   for the State of California, CSR No. 14114, the officer
 5   before whom the foregoing deposition was taken, do
 6   hereby certify that the foregoing transcript is a true
 7   and correct record of the testimony given; that said
 8   testimony was taken by me stenographically and
 9   thereafter reduced to typewriting under my direction;
10   that reading and signing was requested; and that I am
11   neither counsel for, related to, nor employed by any of
12   the parties to this case and have no interest, financial
13   or otherwise, in its outcome.
14
15                       [signature: Michael Hensley]
16
17
18                       Michael P. Hensley, CSR, RMR
19
20
21
22
23
24
25
```