QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and
Samsung Research America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants.<br><hr>SAMSUNG ELECTRONICS CO., LTD. & SAMSUNG ELECTRONICS AMERICA, INC.<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA, INC., HUAWEI TECHNOLOGIES USA, INC., & HISILICON TECHNOLOGIES CO., LTD.<br><br>Counterclaim-Defendants. | CASE NO. 16-cv-02787-WHO<br><br>**SAMSUNG'S OPPOSITION TO HUAWEI'S MOTION TO STRIKE THE JURY DEMAND FOR SAMSUNG'S BREACH OF CONTRACT COUNTERCLAIM**<br><br>**Hearing Date: February 13, 2019**<br>**Time: 2:00 p.m.**<br>**Place: Courtroom 2, 17th Floor**<br>**Judge: Hon. William H. Orrick** |

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ................................................................................................................. 1

II.  FACTUAL BACKGROUND ............................................................................................... 2

III. ARGUMENT ........................................................................................................................ 4

    A.   Samsung's Experts' Testimony Regarding Fees Established That The Value in Controversy Here Easily Exceeds $20.00. ............................................................. 4

    B.   Information On Samsung's Experts' Billed Hours Will Not Cause Huawei Any Harm and/or Is Substantially Justified .............................................................. 7

    C.   Samsung's Experts' Fees Are Recoverable as Damages. ......................................... 8

    D.   Huawei's Wholly Speculative Contention That a Bench Trial Will Be More Efficient Is Legally Irrelevant. ............................................................................... 10

IV.  CONCLUSION ................................................................................................................... 11

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Abdallah v. International Lease Finance Corp.*,
    No. CV 14-06769, 2015 WL 1263141 (C.D. Cal. Mar. 9, 2015) .......................................... 8

*Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.*,
    738 F.3d 960 (9th Cir. 2013) ............................................................................................... 8

*Animal Science Prods., Inc. v. Hebei Welcome Pharm. Co., Ltd.*,
    138 S. Ct. 1865 (2018) ......................................................................................................... 8

*Apple Inc. v. Samsung Electronics Co., Ltd.*
    No. 11-CV-01846-LHK, 2012 WL 2571719 (N.D. Cal. June 30, 2012)........................... 6, 8

*Apple, Inc. v. Motorola Mobility, Inc.*,
    886 F. Supp. 2d 1061 (W.D. Wis. 2012) .............................................................................. 9

*Armster v. U.S. Dist. Court*
    792 F.2d 1423 (9th Cir. 1986) ............................................................................................. 4

*Dannenberg v. Valadez*,
    338 F.3d 1070 (9th Cir. 2003) ............................................................................................. 8

*de Fontbrune v. Wofsy*,
    838 F.3d 992 (9th Cir. 2016) ............................................................................................... 8

*Hynix Semiconductor Inc. v. Rambus, Inc.*,
    No. CV-00-20905 RMW, Dkt. 2268 (N.D. Cal. Aug. 2, 2006) ................................... 5, 6, 9

*Jacob v. City of New York*,
    315 U.S. 752 (1942) ............................................................................................................ 4

*Lytle v. Household Mfg., Inc.*,
    494 U.S. 545 (1990) .......................................................................................................... 10

*Microsoft Corp. v. Motorola, Inc.*,
    795 F.3d 1024 (9th Cir. 2015) ............................................................................................. 9

*Paramount Farms Int'l LLC v. Keenan Farms Inc*,
    No. 2:12-CV-01463-SVW-E, 2012 WL 12892420 (C.D. Cal. Dec. 6, 2012) ..................... 7

**Rules and Regulations**

Fed. R. Civ. P. 37(c)(1) ............................................................................................................ 4, 7

**Constitutional Provisions**

U.S. Const. amend. VII ................................................................................................................ 4

## I.  INTRODUCTION

Huawei's motion to deprive Samsung of its Seventh Amendment right to a jury trial and instead hold a jury trial on patent infringement claims and a bench trial on breach of contract claims is without merit and should be denied.  Throughout this case Huawei has been on notice of Samsung's contention that its breach of contract damages include expert fees incurred in this litigation.  During discovery, Samsung provided Huawei with the hourly fees of several of its testifying experts, including four experts who are prepared to testify at trial regarding (1) Huawei's breach of its FRAND contract obligations, (2) French contract law and Huawei's commitments to ETSI thereunder, which Huawei breached, (3) the invalidity and Samsung's non-infringement of Huawei's asserted U.S. Patent Nos. 8,644,239 and 8,416,892, and (4) the invalidity and Samsung's non-infringement of Huawei's asserted U.S. Patent Nos. 8,724,613 and 8,885,587.  Each expert testified to rates of several hundred dollars per hour.  As Huawei is well-aware, the fees Samsung has incurred for the expert reports and depositions of each expert, as well as the additional fees from these experts that will accrue as this case proceeds to trial, will be many multiples of these hourly rates.  Notably, Huawei never requested Samsung provide further details on the total amount of Samsung's experts' fees.  Nor did Huawei ever raise any alleged deficiency in Samsung's discovery responses or move to compel further responses.  Because the Seventh Amendment preserves Samsung's right to a jury trial on its breach of contract counterclaims so long as the value in controversy exceeds $20.00, there can be no serious question that Samsung's claimed damages for breach of contract at the time of trial will be sufficient.

Much of Huawei's motion relies on contesting Samsung's right to seek attorneys' fees, rather than experts' fees, as breach of contract damages.  But those arguments miss the mark, because Samsung does not seek attorneys' fees as contract damages; Samsung seeks experts' fees.  For this reason, the cases from this Court on which Huawei seeks to rely do not provide support for Huawei's motion, but in fact support Samsung's right to present experts' fees as breach of contract damages.  As demonstrated in the accompanying declaration of Professor Jean-Sébastian Borghetti Regarding French Law, litigation costs such as experts' fees are recoverable as damages for breach of contract under French law.

Finally, Huawei argues without any support that a bifurcated jury patent trial and a bench trial on breach of contract claims will be "more efficient." But, as the Supreme Court has recognized, such concerns are not sufficient to trump the Seventh Amendment right to a jury trial. Moreover, Samsung is confident it will present a concise and compelling breach of contract case to the jury. This Court should reject Huawei's latest attempt to evade a jury trial on the disputed issues in this case.

## II.   FACTUAL BACKGROUND

Huawei's Complaint demanded "a jury trial on all claims and issues so triable," Dkt. 1 at 47, including its First Cause of Action for "breach of contract." *Id*. at 15-16. Samsung's counterclaims likewise demanded a jury trial, Dkt. 90-2 at 115, including for Samsung's own breach of contract counterclaim against Huawei. *Id*. at 111-113 ("Samsung has been harmed by Huawei's breaches of its contractual commitments because Huawei has forced Samsung to incur substantial expense defending itself against infringement allegations …"). Samsung's prayer for relief specified that Samsung was seeking to obtain all "experts' fees[.]" *Id*. at 115. Samsung made clear from its Initial Disclosures through its Fourth Amended Initial Disclosures that it intended to seeks its costs (including its experts' fees for its breach of contract counterclaim) as part of its damages, but of course while expert discovery is ongoing, the total amount of expert fees remains "not yet ascertainable." *See, e.g.,* Dkt. 434-2 at 10-11. In response to an interrogatory from Huawei regarding Samsung's claimed damages, Samsung stated that its breach of contract damages included "litigation costs and other business costs," such as its experts' fees. Dkt. 433-1 at 22-23. Huawei likewise responded to Samsung's damages interrogatory on Huawei's breach of contract claim by referring to "litigation costs" and "[b]usiness costs." Ex. 1 at 14-15.

On April 27, 2018, Samsung served opening expert reports. In particular, Dr. Gregory K. Leonard's expert report set forth his detailed analysis explaining why Huawei's proposed rates for a cross-license are not FRAND, despite Huawei's long-standing admission that it is subject to an obligation to license on FRAND terms. *See* Dkt. 331-20. On June 20, 2018, Huawei deposed Dr. Leonard and presented to him its assumption that Dr. Leonard's consulting firm was "being compensated for [his] work in this matter[.]" Ex. 2 at 11:3-4. Dr. Leonard confirmed that Huawei's

assumption was correct, and in response to Huawei's questioning, stated that he believed his hourly rate in this matter was likely "$950 an hour[.]" *Id.* at 11:7-15.  Dr. Leonard further confirmed that his staff was assisting him in this litigation, and that they are being paid on an hourly basis as well. *Id.* at 11:19-24.  Although Dr. Leonard was not able to recall the number of hours billed during his deposition, Huawei did not request that he find that information or that he provide it to Huawei. *Id.* at 11:25-12:4.  Dr. Leonard's work (and therefore his fees to Samsung) in this litigation is ongoing, and will continue through at least trial.

Samsung also served an opening expert report by Professor Jean-Sébastien Borghetti regarding French contract law and Huawei's commitments to ETSI (which Samsung contends Huawei breached).  Ex. 3.  Professor Borghetti stated "I am being compensated for the time spent preparing this report and testifying at the rate of 600 € per hour." *Id*. at 2.  Huawei took Professor Borghetti's deposition on June 28, 2018, where he confirmed this hourly rate and estimated he had billed approximately €15,000 by that time.   Ex. 4 at 18:23-19-10.

Samsung also served opening expert reports by David Lyon, Ph.D., and Vijay K. Madisetti, Ph.D., regarding the invalidity of the four remaining Huawei patents in this case.  Dr. Lyon and Dr. Madisetti each stated they were receiving an hourly fee of $500 per hour.  Ex. 5 at 1 ("I am being compensated for my time spent on the present matter at a rate of $500 per hour."); Ex. 6 at 1 (same); Ex. 7 at 1 (same).  On May 25, 2018, Dr. Lyon and Dr. Madisetti also submitted rebuttal expert reports regarding Samsung's non-infringement of the four remaining Huawei patents in this case, stating again the same hourly fee.  Ex. 8 at 1;  Ex. 9 at 1; Ex. 10 at 1.  Huawei deposed Dr. Lyon and Dr. Madisetti, but chose not to ask either about his number of hours billed or cumulative fees.

Huawei fails to inform the Court that, before filing its motion, Huawei never made any specific request to Samsung for its experts' invoices and/or a calculation of expert fees to date. Notably, over the course of this litigation, Huawei sent various requests to meet and confer regarding Samsung's discovery responses.  But Huawei has not identified any correspondence explicitly requesting further detail on the total amount of  Samsung's experts' fees.  Nor did Huawei ever raise with this Court any alleged deficiency in Samsung's discovery responses concerning breach of contract damages, let alone file a motion to compel.

## III. ARGUMENT

### A. Samsung's Experts' Testimony Regarding Fees Established That The Value in Controversy Here Easily Exceeds $20.00.

Huawei cannot seriously dispute that Samsung's experts' fees already total well over the required $20 and thus entitle Samsung to a jury trial on its breach of contract counterclaim. The Seventh Amendment mandates that "the right of trial by jury shall be preserved" so long as the "value in controversy [exceeds] $20.00[.]" U.S. Const., amend. VII; *see also Jacob v. City of New York*, 315 U.S. 752, 752–53 (1942) ("The right of jury trial in civil cases at common law is a basic and fundamental feature of our system of federal jurisprudence which is protected by the Seventh Amendment. A right so fundamental and sacred to the citizen, whether guaranteed by the Constitution or provided by statute, should be jealously guarded by the courts."); *Armster v. U.S. Dist. Court for the Cent. Dist. of California*, 792 F.2d 1423, 1429 (9th Cir. 1986) ("[O]ur duty is clear. We must vigilantly protect the right to civil jury trials, and we must scrutinize in the most rigorous manner possible any action that appears to limit in any way the availability of that right."). Huawei has been on notice of Samsung's contention that its breach of contract damages include fees incurred, *e.g.,* Dkt. 434-2 at 10-11; Dkt. 433-1 at 22-23. Huawei has also been informed of several experts' hourly fees. *See* Ex 2 at 11:6-15; Ex. 3 at 1; Ex. 4 at 18:23-19:4; Ex. 5 at 1; Ex. 6 at 1; Ex. 7 at 1; Ex. 8 at 1; Ex. 9 at 1; Ex. 10 at 1. Samsung is entitled to a jury trial on damages for its breach of contract claim.

Huawei's attempt to deprive Samsung of its fundamental right to a jury trial rests on Samsung having not yet specified the total number of hours of expert work that it will present at trial as damages in regards to its breach of contract claim, even though the work of Samsung's experts is obviously ongoing, as is almost certainly the case for the Huawei experts. *See* Dkt. 434 at 3-4. In support of its request, Huawei cites five cases that it claims "fall[] squarely within the ambit of cases in which courts have enforced Rule 37(c)'s automatic sanction." *Id.* at 7. Yet none of the cases involve a plaintiff solely seeking its litigation costs, specifically expert fees, as monetary damages. Indeed, each case involves the failure to disclose either (1) the damages theories themselves and/ or (2) complex calculations. Here, Huawei admits that it is well-aware that

Samsung is seeking "litigation costs" as damages for its breach of contract claim. Dkt. 434 at 3-4. Moreover, the calculation of Samsung's experts' fees here is rudimentary math: the expert's hourly rate multiplied by the hours worked. Of course, Samsung's experts' work in this litigation has yet to be complete given that the testifying experts will be continuing to work for Samsung through at least trial. Thus, even the invoices Samsung has received to date remain incomplete. Accordingly, there would no prejudice from any delay in an expert providing a total number of expert billed hours to multiply by his hourly rate (which Samsung already disclosed). In any event, there is clearly no doubt that the work to date exceeds the mere $20 required by the Seventh Amendment.

As definitive proof that there has been no harm to Huawei from not yet knowing the total hours billed by Samsung's experts, the Court need only consider Huawei's failure to even request that Samsung supply that information before filing this surprise motion. Huawei does not argue it ever requested that Samsung provide any explicit computation or specification of its total claimed litigation-cost-damages for Huawei's breach of contract after Samsung served its interrogatory responses. And tellingly, Huawei's own interrogatory responses on Huawei's breach of contract damages contention are materially identical, referring generally to "litigation costs" and "[b]usiness costs." Ex. 1 at 14-15. Instead, Huawei strategically chose to raise this issue to both Samsung and this Court **for the first time** with its Motion.[1] Thus, contrary to Huawei's assertions, *Hynix Semiconductor Inc. v. Rambus, Inc.*, is analogous. No. CV-00-20905 RMW, Dkt. 2268 at 3 (N.D. Cal. Aug. 2, 2006). In *Hynix*, it was "undisputed" that plaintiff had stated on various occasions its intent to claim "litigation costs and expenses" as damages. *Id.* Before moving to exclude plaintiff's evidence of its litigation costs, defendant "did not raise with the court any of its complaints regarding the disclosure of [plaintiff's] litigation expenses" nor did it "object that it had not been able to calculate damages from [plaintiff's] disclosures." *Id.* In *Hynix* this Court also noted that it was "unclear what efforts the parties made to resolve the alleged inadequacies of [plaintiff's] disclosures prior to the [motion to exclude]." *Id.* This Court thereby held that it was not "appropriate" to

---

[1] Samsung is prepared to exchange with Huawei updated expert fee totals to be presented at trial on a mutually agreeable date.

1  exclude any evidence of plaintiff's litigation expenses. *Id.* Just as in *Hynix*, the Court here should
2  decline to exclude evidence of Samsung's litigation expenses.

3  Huawei's attempt to distinguish *Hynix* is unavailing. Dkt. 434 at 7-8. While the plaintiff in
4  *Hynix* did indeed produce "boxes of bills" two weeks prior to the close of discovery, the bills were
5  "heavily redacted" such that the defendant "could not calculate the purported damages." *Hynix,* No.
6  CV-00-20905 RMW, Dkt. 2268 at 3. Here, Samsung's experts have testified that they are being
7  paid on an hourly basis and also provided their hourly rates. Similar to the defendant in *Hynix*,
8  Huawei may not yet be able to "calculate the purported damages" to the exact dollar with the
9  information provided so far in discovery, but in *Hynix* this Court correctly held that alone would not
10 be enough to apply the remedy of evidence exclusion. The Court here should follow the same
11 reasoning.

12 Huawei's attempt to distinguish *Apple Inc. v. Samsung Electronics Co., Ltd.* similarly misses
13 the mark. No. 11-CV-01846-LHK, 2012 WL 2571719 at *27-28 (N.D. Cal. June 30, 2012); Dkt.
14 434 at 8. In *Apple*, Samsung argued to this Court that Apple could not establish damages at trial
15 because it had not produced any evidence regarding the amount of damages on its antitrust theory.
16 2012 WL 2571719 at *28; Case No. 11-CV-01846-LHK, Dkt. 930-1 at 23-25 (Samsung's motion).
17 But this Court rejected Samsung's argument because Apple submitted deposition testimony
18 regarding expert fees as evidence of litigation expenses. 2012 WL 2571719 at *28 ("Apple has
19 provided some evidence of specific litigation expenses that it has incurred in defending itself …
20 Apple points to fees paid to certain experts in the course of litigation."). Then, Apple's experts were
21 permitted to testify at trial as to "their hourly rate and number of hours," which Apple successfully
22 argued established a claim for damages for the jury to decide. *See* Case No. 11-CV-01846-LHK,
23 Dkt. 1843 at 3684:13-3685:10 (8/17/2012 Trial Tr.). In its verdict, the jury found that Apple failed
24 to prove that Samsung breached its FRAND obligation and failed to prove that Samsung violated
25 the Sherman Antitrust Act, and consequently awarded no damages for either claim. Case No. 11-
26 CV-01846-LHK, Dkt. 1931 at 19. Accordingly, the Court here should also find that Samsung's
27 expert deposition testimony regarding fees is sufficient evidence to establish more than the required
28

$20.00 of damages for Samsung's breach of contract counterclaim, and thereby deny Huawei's Motion.

### B. Information On Samsung's Experts' Billed Hours Will Not Cause Huawei Any Harm and/or Is Substantially Justified

Huawei contends that pursuant to Federal Rule of Civil Procedure 37(c)(1), Samsung should be precluded from introducing at trial "previously undisclosed evidence of its claimed damages" because the alleged shortcoming is not "substantially justified or is harmless[.]"  Dkt. 434 at 7. Huawei's arguments are without merit.

Samsung's experts testified in reports and depositions as to the hourly rates for their work in this litigation.  *See supra* at § II (citing Exs. 2-10).  Huawei declined to further investigate the specifics of Samsung's experts' fees in deposition and thereafter, and Samsung was unaware until Huawei filed its present Motion that Huawei considered this specific information about total hours to be so important as to justify the extraordinary remedy of depriving Samsung of its Seventh Amendment right to a jury.  Samsung does not yet have a final summation of the relevant hours because its experts are continuing to work in this litigation.  Thus, any summary of hours and/or calculation would be incomplete.  Samsung's ability to present updated total billings is thereby substantially justified because the number of hours billed will necessarily increase.  *See Paramount Farms Int'l LLC v. Keenan Farms Inc*, No. 2:12-CV-01463-SVW-E, 2012 WL 12892420, at *3 (C.D. Cal. Dec. 6, 2012) (finding that "the failure to supply a computation [of its damages], and its supporting evidence, is substantially justified" where the party did not have all the information necessary to calculate its damages).

Huawei next claims that allowing Samsung to introduce new evidence in support of its breach of contract damages at trial would harm Huawei because Huawei "would be deprived [] of addressing Samsung's damages claim in fact and expert discovery and dispositive motion practice." Dkt. 434 at 7.  Huawei's assertion is wholly conclusory and meritless.  Samsung's operative counterclaims specifically stated in its prayer for relief that it was seeking its "experts' fees," and Huawei admits that Samsung specified in an interrogatory response that its breach of contract damages included "litigation costs[.]"  Dkt. 90-2 at 114-15; Dkt. 433-1 at 22; Dkt. 434 at 2-3.

1  Huawei provided a materially identical interrogatory response regarding its own contentions for its
2  parallel breach of contract damages. Ex. 1 at 14-17. Huawei at any point could have either requested
3  further specifics from Samsung or raised for this Court the issue of Samsung's yet-to-be total hours
4  billed for its experts' fees in motion practice, but failed to do either before filing its present surprise
5  Motion. Moreover, contrary to Huawei's suggestion, Huawei did obtain the hourly rates of
6  Samsung's experts' fees in expert discovery, but chose not to raise any issue of calculation of total
7  fees in the dispositive motion practice thereafter. *See, e.g.,* Dkt. 328.

8  Huawei has failed to demonstrate any cognizable harm that would occur through Samsung's
9  eliciting at trial its experts' total of billed hours and/or a calculation of billed fees. Indeed, Huawei
10 is already aware of the experts' respective hourly rate, and cannot show any material impact, let
11 alone any harm, from the fact that their work is, like Huawei's own experts, ongoing. Accordingly,
12 Huawei's Motion should be denied.

13 **C.    Samsung's Experts' Fees Are Recoverable as Damages.**

14 Huawei argues that this Court should strip Samsung of its fundamental right to a jury trial
15 because "***attorney fees*** are not recoverable as damages under the substantive provisions of the
16 applicable contract law." Dkt. 434 at 9 (emphasis added). Huawei cites to a declaration from its
17 French law expert, a treatise on attorneys' fees, and a number of irrelevant cases[2] as support for its
18 contention that Samsung cannot recover ***attorneys' fees*** here. *Id*. But Huawei ignores that Samsung
19 can seek its ***experts' fees*** as damages, just as Apple did in *Apple Inc. v. Samsung Electronics Co.,*
20 *Ltd.*—an issue that Samsung is entitled to have determined by a jury. Tellingly, Huawei has not
21 cited a single case establishing that ***experts' fees*** are not recoverable as damages for a breach of
22 contract claim.

---

[2]  *Animal Science Prods., Inc. v. Hebei Welcome Pharm. Co., Ltd.*, 138 S. Ct. 1865 (2018), *de Fontbrune v. Wofsy*, 838 F.3d 992, 999 (9th Cir. 2016), *Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.*, 738 F.3d 960, 973 (9th Cir. 2013), *Dannenberg v. Valadez*, 338 F.3d 1070, 1071 (9th Cir. 2003), and *Abdallah v. International Lease Finance Corp.*, No. CV 14-06769, 2015 WL 1263141 at *11 (C.D. Cal. Mar. 9, 2015) are all inapposite here, because none of the cases involve the issue of whether or not experts' fees are recoverable as damages for a breach of contract claim under French law. Dkt. 434 at 9-10.

1    Huawei's argument about French law is limited to the recovery of "attorney's fees" and does not mention experts' fees at all.  *See* Dkt. 434 at 9-10.  In particular, Huawei's expert relies on a 2004 *Cour de cassation* decision reviewing an award of attorney's fees in a tort case, not a contract case, which therefore does not apply to Samsung's claim for experts' fees incurred as damages for breach of contract.  Borghetti Decl. ¶¶ 12-13.  Indeed, French law allows for recovery of experts' fees as damages for breach of contract in the circumstances here.  *See id*. at ¶¶ 3-13.

Huawei's attempt to distinguish *Apple, Inc. v. Motorola Mobility, Inc*. is also unconvincing. 886 F. Supp. 2d 1061, 1081-82 (W.D. Wis. 2012); Dkt. 434 at 9 n.6.  In that case, the court applied French law to a party's ETSI-based breach of contract claims, specifically ruling there was a triable issue of damages even though the only damages sought were litigation costs, "incurred because of [the defendant's] alleged breach of contract." *Apple*, 886 F. Supp.2d at 1082.  Samsung is likewise appropriately seeking expert fees "incurred because of" Huawei's breach of contract.

Further, Huawei's suggestion that the "American rule" supports its motion, Dkt. 434 at 8, fails.  Samsung seeks specific experts' fees incurred because of Huawei's breach, which has forced Samsung to defend itself against Huawei's patent claims in this action.  The Ninth Circuit held such fees "are best characterized as recoverable consequential contract damages—the kind of damages ordinarily recoverable in breach of contract suits." *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1049 (9th Cir. 2015) (reviewing application of Washington law to a breach of IEEE obligations).  Indeed, after explaining the policy rationale for awarding fees, in part because "[t]he very purpose of the RAND agreement is to promote adoption of a standard by decreasing the risk of holdup," the Ninth Circuit affirmed the district court ruling allowing defense costs to be awarded as damages. *Id*. at 1052.[3]

Because Huawei has failed to establish that Samsung's experts' fees are not recoverable as damages for a breach of contract claim and they are in fact recoverable, Huawei's Motion should be denied.

---

[3] In any event, Huawei's reliance on *Hynix* is misplaced.  In *Hynix,* the court struck a jury demand with respect to a breach of contract claim because the sole damages to be determined by the jury was attorneys' fees.  Dkt. 434 at 9.

### D. Huawei's Wholly Speculative Contention That a Bench Trial Will Be More Efficient Is Legally Irrelevant.

Huawei's final argument, that a jury trial on patent infringement claims and a bench trial on breach of contract claims will be "more efficient," Dkt. 434 at 10-11, has zero legal relevance to Samsung's Seventh Amendment right to a jury trial.  As the Supreme Court of the United States has explained, "concern about judicial economy…remains an insufficient basis for departing from our longstanding commitment to preserving a litigant's right to a jury trial."  *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 553–54 (1990).  Huawei provides no authority to the contrary; thus whatever Huawei contends about "efficiency," the Constitution of the United States protects Samsung's right to a jury.[4]

Furthermore, Huawei's argument that its proposal for a bifurcated jury and bench trial would be more efficient is speculative.  It is unsupported by any explanation of why the evidence and testimony on breach of contract liability and damages would be different, whether tried to the Court or the jury, or why having two trials, rather than one, would somehow be more efficient.  While the evidence of Huawei's breach of its FRAND obligation is extensive, by way of example, Samsung intends to elicit simple and compelling evidence that Huawei has breached the non-discrimination ("ND") prong of the FRAND commitment.  Huawei's own expert, Michael Lasinski, concluded that ▮▮▮▮ would be paying a ▮▮▮ rate for rights to Huawei's SEPs portfolio.  *See* Dkt. 331-6 at 81 n.342; Dkt. 331-37 at 6-9.  Evidence of Huawei's royalty demands to Samsung will show Huawei's demanded rates to be ▮▮▮ higher—a clear violation of Huawei's commitment to non-discrimination.  Again by way of example, Mr. Lasinki opines in the same report that Huawei implied it would offer Samsung a portfolio rate of about ▮▮▮, Dkt. 331-6 at 102, which is more than ▮▮▮ the rate Huawei offered ▮▮▮.  Huawei provides no argument or purported explanation of why it would be "more efficient" to present this simple and clear evidence to the Court, rather than to the jury.  To the

---

[4] Samsung also presented Huawei with a proposal regarding payment of patent royalties that would substantially narrow the disputes in this case and seeks to continue those negotiations.  *Cf.* Dkt. 434 at 1 n. 1.

contrary, it is more reasonable to expect that largely the same evidence and testimony would be presented, whether to the jury or to the Court.

Nor can Huawei be heard to complain about a jury being "confused, distracted, or overwhelmed" in a two-week trial. Dkt. 434 at 11. As this Court has previously noted, Dkt. 143 at 2-3, Huawei itself represented to this Court that a similar amount of time is sufficient for both parties to present their patent infringement and FRAND cases (as well as the rate-setting and anti-trust claims no longer set for trial).

Indeed, Huawei's argument appears to be yet another attempt to bifurcate this case so that a jury will not hear the complete story of Huawei's failure to fulfill its binding commitment to license its SEPs on fair, reasonable, and non-discriminatory terms. As before, Dkt. 129 at 23:17-22 (denying Huawei's request to bifurcate trial) and Dkt. 143 at 2-3 (denying Huawei's further request for bifurcation), the Court should reject Huawei's latest attempt to evade a jury hearing and deciding all the issues presented in this case.

## IV. CONCLUSION

For the foregoing reasons, Samsung respectfully requests that this Court deny Huawei's Motion.

DATED: February 21, 2019   Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Thomas D. Pease
David A. Perlson

*Attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America, Inc.*